UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHENG XIA WANG, CHUNLIN ZHANG, JUN QING ZHAO, BAO GUO ZHANG, ZE JUN ZHANG A/K/A ZEJUN ZHANG, GUOYI WANG, TONG WEI WU, AND ZHI QIANG LU, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> v. <br><br> SHUN LEE PALACE RESTAURANT, INC. D/B/A SHUN LEE PALACE; T&W RESTAURANT, INC. D/B/A SHUN LEE WEST; JOHN HWANG; MICHAEL TONG; BIN HU; AND WILLIAM HWANG <br><br> Defendants. | Case No. 17-cv-00840 <br><br> **ANSWER TO COMPLAINT** |

Defendants, Shun Lee Palace Restaurant, Inc. ("SLPR" or "Shun Lee Palace"), T&W Restaurant, Inc. ("TWRI" or "Shun Lee West"), John Hwang, Michael Tong, Bin Hu and William Hwang (collectively "Defendants"), by and through their attorneys, Littler Mendelson, P.C., hereby answer the 29 U.S.C. §216(b) Collective Action & F.R.C.P. 23 Class Action Complaint ("Complaint") as follows:

In response to all non-numbered paragraphs, and each and every substantive allegation of the Complaint, Defendants deny that they violated any law and/or that they harmed Plaintiffs in any way. In addition, Defendants do not dispute that Plaintiffs purport to bring this action on behalf of other persons who Plaintiffs allege are similarly situated. Defendants, however, deny that Plaintiffs are entitled to certify the action as a collective or class and further deny that Plaintiffs are entitled to any of the requested procedural or substantive relief.

**INTRODUCTION**

1.      Defendants do not dispute that Plaintiffs purport to bring this action on behalf of themselves and other similarly situated employees for alleged violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), "), but deny that Plaintiffs are entitled to the relief requested.  Defendants deny the remaining allegations in Paragraph 1.

2.      Defendants do not dispute that Plaintiffs claim that they are entitled to recovery under the FLSA as set forth in Paragraph 2, but deny that Plaintiffs are entitled to the relief requested.  Defendants deny the remaining allegations in Paragraph 2.

3.      Defendants do not dispute that Plaintiffs claim that they are entitled to recovery under New York law, including the NYLL, as set forth in Paragraph 3, but deny that Plaintiffs are entitled to the relief requested.  Defendants deny the remaining allegations in Paragraph 3.

## JURISDICTION AND VENUE

4.      The allegations set forth in Paragraph 4 of the Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 4 of the Complaint.

5.      The allegations set forth in Paragraph 5 of the Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 5 of the Complaint.

6.      The allegations set forth in Paragraph 6 of the Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 6 of the Complaint, except that they admit that the restaurants are located in this district.

## PLAINTIFFS

7.      Defendants admit that Plaintiff Cheng Xia Wang worked at Shun Lee Palace, located at 155 East 55th Street, New York, New York 10022.  Defendants deny the remaining allegations in Paragraph 7.

8.      Defendants admit that Plaintiff Chunlin Zhang worked at Shun Lee Palace, located at 155 East 55th Street, New York, New York 10022.  Defendants deny the remaining allegations in Paragraph 8.

9.      Defendants admit that Plaintiff Jun Qing Zhao worked at Shun Lee Palace, located at 155 East 55th Street, New York, New York 10022.  Defendants deny the remaining allegations in Paragraph 9.

10.      Defendants admit that Plaintiff Bao Guo Zhao worked at Shun Lee Palace, located at 155 East 55th Street, New York, New York 10022.  Defendants deny the remaining allegations in Paragraph 10.

11.      Defendants admit that Plaintiff Ze Jun Zhang worked at Shun Lee Palace, located at 155 East 55th Street, New York, New York 10022.   Defendants deny the remaining allegations in Paragraph 11.

12.      Defendants deny the allegations in Paragraph 12.

13.      Defendants admit that Plaintiff Tong Wei Wu  worked at Shun Lee West, located at 43 West 65th Street, New York, New York 10023.  Defendants deny the remaining allegations in Paragraph 13.

14.      Defendants admit that Plaintiff Zhi Qiang Lu worked at Shun Lee Palace, located at 155 East 55th Street, New York, New York 10022 and worked at Shun Lee West, located at 43 West 65th Street, New York, New York 10023.  Defendants deny the remaining allegations in Paragraph 14.

## DEFENDANTS

*Corporate Defendants*

15.     Defendants admit the allegations in Paragraph 15.

16.     Defendants admit that during the relevant period, Shun Lee Palace had gross sales in excess of $500,000 per year. Defendants deny the remaining allegations in Paragraph 16.

17.     The allegations set forth in Paragraph 17 of the Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 17 of the Complaint.

18.     Defendants admit the allegations in Paragraph 18.

19.     Defendants admit that during the relevant period, Shun Lee West had gross sales in excess of $500,000 per year. Defendants deny the remaining allegations in Paragraph 19.

20.     The allegations set forth in Paragraph 20 of the Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 20 of the Complaint.

21.     Defendants deny the allegations in Paragraph 21.

*Owner/Operator Defendants*

22.     Defendants deny the allegations in Paragraph 22.

23.     Defendants deny the allegations in Paragraph 23.

24.     Defendants deny the allegations in Paragraph 24.

25.     Defendants deny the allegations in Paragraph 25.

26.     Defendants deny the allegations in Paragraph 26.

27.     Defendants deny the allegations in Paragraph 27.

28.     Defendants deny the allegations in Paragraph 28.

29.     Defendants deny the allegations in Paragraph 29.

30.     Defendants deny the allegations in Paragraph 30.

## STATEMENT OF FACTS

*Plaintiff CHENG XIA WANG*

31.     Defendants admit that Plaintiff Cheng Xia Wang worked as a delivery worker at Shun Lee Palace from approximately 2008 to May 2014.   Defendants deny the remaining allegations in Paragraph 31.

32.     Defendants deny knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 32 of the Complaint, except they admit that they were told that he could not work because of an injury.

33.     Defendants deny the allegations in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations in Paragraph 35 of the Complaint.

36.     Defendants deny the allegations in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations in Paragraph 38 of the Complaint.

39.     Defendants deny the allegations in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations in Paragraph 45 of the Complaint.

46.     The allegations set forth in Paragraph 46 of the Complaint constitute a legal conclusion to which no response is required..

47.     Defendants deny the allegations in Paragraph 47 of the Complaint.

48.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 48 of the Complaint and therefore deny them.

49.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 49 of the Complaint and therefore deny them.

50.     Defendants deny the allegations in Paragraph 50.

51.     Defendants deny the allegations in Paragraph 51.

52.     Defendants deny the allegations in Paragraph 52.

*Plaintiff CHUNLIN ZHANG*

53.     Defendants admit that Plaintiff Chunlin Zhang worked as a delivery worker at Shun Lee Palace from approximately 2006 to January 2013.  Defendants deny the remaining allegations in Paragraph 53 of the Complaint.

54.     Defendants deny the allegations in Paragraph 54 of the Complaint.

55.     Defendants deny the allegations in Paragraph 55 of the Complaint.

56.     Defendants deny the allegations in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations in Paragraph 59 of the Complaint.

60.     Defendants deny the allegations in Paragraph 60 of the Complaint.

61.     Defendants deny the allegations in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations in Paragraph 62 of the Complaint.

63.     The allegations set forth in Paragraph 46 of the Complaint constitute a legal conclusion to which no response is required.

64.     Defendants deny the allegations in Paragraph 64 of the Complaint.

65.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 65 of the Complaint and therefore deny them.

66.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 66 of the Complaint and therefore deny them.

67.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 67 of the Complaint and therefore deny them.

68.     Defendants deny the allegations in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations in Paragraph 69 of the Complaint.

*Plaintiff JUN QIN ZHAO*

70.     Defendants admit the allegations in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations in Paragraph 74 of the Complaint.

75.     Defendants deny the allegations in Paragraph 75 of the Complaint.

76.     Defendants deny the allegations in Paragraph 76 of the Complaint.

77.     Defendants admit that during the relevant period, Plaintiff Jun Qing Zhao was paid at least the minimum wage in accordance with applicable law.   Defendants deny the remaining allegations in Paragraph 77.

78.     Defendants deny the allegations in Paragraph 78 of the Complaint.

79.     Defendants deny the allegations in Paragraph 79 of the Complaint.

80.     Defendants deny the allegations in Paragraph 80 of the Complaint.

81.     The allegations set forth in Paragraph 81 of the Complaint constitute a legal conclusion to which no response is required.

82.     Defendants deny the allegations in Paragraph 82.

83.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 83 of the Complaint and therefore deny them.

84.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 84 of the Complaint and therefore deny them.

85.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 85 of the Complaint and therefore deny them.

86.     Defendants deny the allegations in Paragraph 86.

87.     Defendants deny the allegations in Paragraph 87.

**Plaintiff BAO GUO ZHANG**

88.     Defendants admit that Plaintiff Bao Guo Zhang was employed by SLPR to work as a delivery worker at Shun Lee Palace from approximately June 2011 to July 2012. Defendants deny the remaining allegations in Paragraph 88.

89.     Defendants deny knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 89 of the Complaint, except they admit that they were told that Plaintiff Bao Guo Zhang could not work because of an injury.  Defendants deny the remaining allegations in Paragraph 89.

90.     Defendants deny the allegations in Paragraph 90.

91.     Defendants deny the allegations in Paragraph 91.

92.     Defendants deny the allegations in Paragraph 92.

93.     Defendants deny the allegations in Paragraph 93.

8

94.     Defendants admit that during the relevant period, Plaintiff Bao Guo Zhang was paid at least the minimum wage in accordance with applicable law.   Defendants deny the remaining allegations in Paragraph 94.

95.     Defendants deny the allegations in Paragraph 95.

96.     Defendants deny the allegations in Paragraph 96.

97.     The allegations set forth in Paragraph 97 of the Complaint constitute a legal conclusion to which no response is required.

98.     Defendants deny the allegations in Paragraph 98.

99.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 99 of the Complaint and therefore deny them.

100.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 100 of the Complaint and therefore deny them.

101.     Defendants deny the allegations in Paragraph 101.

102.     Defendants deny the allegations in Paragraph 102.

**Plaintiff ZE JUN ZHANG**

103.     Defendants admit that Plaintiff Ze Jun Zhang worked as a delivery worker at Shun Lee Palace, from approximately 2011 to the present.   Defendants deny the remaining allegations in Paragraph 103.

104.     Defendants deny the allegations in Paragraph 104.

105.     Defendants deny the allegations in Paragraph 105.

106.     Defendants deny the allegations in Paragraph 106.

107.     Defendants deny the allegations in Paragraph 107.

108.     Defendants deny the allegations in Paragraph 108.

109.     Defendants deny the allegations in Paragraph 109.

110.     Defendants deny the allegations in Paragraph 110.

111.     Defendants deny the allegations in Paragraph 111.

112.     Defendants deny the allegations in Paragraph 112.

113.     Defendants admit that during the relevant period, Plaintiff Ze Jun Zhang was paid at least the minimum wage in accordance with applicable law.  Defendants deny the remaining allegations in Paragraph 113.

114.     Defendants deny the allegations in Paragraph 114.

115.     Defendants deny the allegations in Paragraph 115.

116.     Defendants deny the allegations in Paragraph 116.

117.     The allegations set forth in Paragraph 117 of the Complaint constitute a legal conclusion to which no response is required.

118.     Defendants deny the allegations in Paragraph 118.

119.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 119 of the Complaint and therefore deny them.

120.     Defendants deny the allegations in Paragraph 120.

121.     Defendants deny the allegations in Paragraph 121.

*Plaintiff GUOYI WANG*

122.     Defendants deny the allegations in Paragraph 122.

123.     Defendants deny the allegations in Paragraph 123.

124.     Defendants deny the allegations in Paragraph 124.

125.     Defendants deny the allegations in Paragraph 125.

126.     Defendants deny the allegations in Paragraph 126.

127.    Defendants deny the allegations in Paragraph 127.

128.    Defendants deny the allegations in Paragraph 128.

129.    Defendants deny the allegations in Paragraph 129.

130.    Defendants deny the allegations in Paragraph 130.

131.    Defendants deny the allegations in Paragraph 131.

132.    Defendants deny the allegations in Paragraph 132.

133.    Defendants deny the allegations in Paragraph 133.

134.    Defendants deny the allegations in Paragraph 134.

135.    Defendants deny the allegations in Paragraph 135.

***Plaintiff TONG WEI WU***

136.    Defendants admit that Plaintiff Tong Wei Wu worked as a delivery worker at Shun Lee West from approximately 2010 to September 2014.  Defendants deny the remaining allegations in Paragraph 136.

137.    Defendants deny the allegations in Paragraph 137.

138.    Defendants deny the allegations in Paragraph 138.

139.    Defendants deny the allegations in Paragraph 139.

140.    Defendants admit that during the relevant period, Plaintiff Tong Wei Wu was paid at least the minimum wage  in accordance with  applicable law.  Defendants deny the remaining allegations in Paragraph 140.

141.    Defendants deny the allegations in Paragraph 141.

142.    Defendants deny the allegations in Paragraph 142.

143.    Defendants deny the allegations in Paragraph 143.

144.    The allegations set forth in Paragraph 144 of the Complaint constitute a legal conclusion to which no response is required.

145.    Defendants deny the allegations in Paragraph 145.

146.    Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 146 of the Complaint and therefore deny them.

147.    Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 147 of the Complaint and therefore deny them.

148.    Defendants deny the allegations in Paragraph 148.

149.    Defendants deny the allegations in Paragraph 149.

*Plaintiff ZHI QIANG LU*

150.    Defendants admit that Plaintiff Zhi Qiang Lu worked as a delivery worker at Shun Lee Palace from approximately April 2012 to December 2012.  Defendants deny the remaining allegations in Paragraph 150.

151.    Defendants admit that Plaintiffs Zhi Qiang Lu worked at Shun Lee West as a delivery worker from approximately December 2014 to August 2016.  Defendants deny the remaining allegations in Paragraph 151.

152.    Defendants deny the allegations in Paragraph 152.

153.    Defendants deny the allegations in Paragraph 153.

154.    Defendants deny the allegations in Paragraph 154.

155.    Defendants deny the allegations in Paragraph 155.

156.    Defendants deny the allegations in Paragraph 156.

157.    Defendants deny the allegations in Paragraph 157.

158.    Defendants deny the allegations in Paragraph 158.

159.   Defendants admit that during the relevant period, Plaintiff Zhi Qiang Lu was paid at least the minimum wage in accordance with applicable law.  Defendants deny the remaining allegations in Paragraph 159.

160.   Defendants deny the allegations in Paragraph 160.

161.   Defendants deny the allegations in Paragraph 161.

162.   Defendants deny the allegations in Paragraph 162.

163.   The allegations set forth in Paragraph 163 of the Complaint constitute a legal conclusion to which no response is required.

164.   Defendants deny the allegations in Paragraph 164.

165.   Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 165 of the Complaint and therefore deny them.

166.   Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 166 of the Complaint and therefore deny them.

167.   Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 167 of the Complaint and therefore deny them.

168.   Defendants admit that Shun Lee West compensated Plaintiff Zhi Qiang Lu $500 in or around 2016.  Defendants deny the remaining allegations in Paragraph 168.

169.   Defendants deny the allegations in Paragraph 169.

170.   Defendants deny the allegations in Paragraph 170.

## COLLECTIVE ACTION ALLEGATIONS

171.   Defendants do not dispute that Plaintiffs purport to bring this matter individually and as a putative collective action as set forth in Paragraph 171.  Defendants deny this matter is suitable for collective action treatment and otherwise deny the allegations in Paragraph 171.

## CLASS ACTION ALLEGATIONS

172.    Defendants do not dispute that Plaintiffs purport to bring this matter as a putative class action as set forth in Paragraph 172.  Defendants deny this matter is suitable for class action treatment and otherwise deny the allegations in Paragraph 172.

173.    Defendants do not ~~disputethat~~dispute that Plaintiffs purport to define the "Class" as set forth in Paragraph 173.

174.    Defendants admit that certain information regarding the putative Rule 23 class action members is within their possession, custody, or control.  Defendants deny the remaining allegations in Paragraph 174.

***Numerosity***

175.    Defendants admit that certain information regarding the putative Rule 23 class action members is within their possession, custody, or control.  Defendants deny the remaining allegations in Paragraph 85.

***Commonality***

176.    The allegations set forth in Paragraph 176 of the Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 176.

***Typicality***

177.    The allegations set forth in Paragraph 177 of the Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 177.

***Adequacy***

178.    The allegations set forth in Paragraph 178 of the Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 178.

*Superiority*

179.    The allegations set forth in Paragraph 179 of the Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 179.

180.    The allegations set forth in Paragraph 190 of the Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 180.

## STATEMENT OF CLAIM

### COUNT I
### Violations of the Fair Labor Standards Act --
### Minimum Wage Brought on behalf of the Plaintiffs and the FLSA Collective

181.    Defendants incorporate their responses to the allegations in Paragraphs 1 to 180 as if fully set forth herein.

182.    Defendants deny the allegations in Paragraph 182.

183.    Defendants state that the law cited by Plaintiffs in Paragraph 183 speaks for itself. Defendants object to, and therefore deny as inaccurate, any mischaracterization of that law.

184.    Defendants deny the allegations in Paragraph 184.

### COUNT II
### Violation of New York Labor Law --
### Minimum Wage Brought on behalf of Plaintiffs and Potential Rule 23 Class

185.    Defendants incorporate their responses to the allegations in Paragraphs 1 to 184 as if fully set forth herein.

186.    Defendants admit that Shun Lee Palace and/or Shun Lee West employed Plaintiffs within the meaning of the NYLL, including N.Y. Lab. Law §§ 2 and 651.  Defendants deny the remaining allegations in Paragraph 186.

187.    Defendants deny the allegations in Paragraph 187.

188.    Defendants deny the allegations in Paragraph 188.

189.    Defendants state that the law cited by Plaintiffs in Paragraph 189 speaks for itself. Defendants object to, and therefore deny as inaccurate, any mischaracterization of that law.

**COUNT III**
**Violations of the Fair Labor Standards Act --**
**Overtime Wage Brought on behalf of the Plaintiffs and the FLSA Collective**

190.    Defendants incorporate their responses to the allegations in Paragraphs 1 to 189 as if fully set forth herein.

191.    Defendants state that the law cited by Plaintiffs in Paragraph 191 speaks for itself. Defendants object to, and therefore deny as inaccurate, any mischaracterization of that law.

192.    Defendants state that the law cited by Plaintiffs in Paragraph 192 speaks for itself. Defendants object to, and therefore deny as inaccurate, any mischaracterization of that law.

193.    Defendants deny the allegations in Paragraph 193.

194.    Defendants deny the allegations in Paragraph 194.

195.    Defendants state that the law cited by Plaintiffs in Paragraph 195 speaks for itself. Defendants object to, and therefore deny as inaccurate, any mischaracterization of that law.

196.    Defendants deny the allegations in Paragraph 196.

197.    Defendants deny the allegations in Paragraph 197.

**COUNT IV**
**Violation of New York Labor Law --**
**Overtime Pay Brought on behalf of Plaintiffs and Potential Rule 23 Class**

198.     Defendants incorporate their responses to the allegations in Paragraphs 1 to 197 as if fully set forth herein.

199.     Defendants state that the law cited by Plaintiffs in Paragraph 199 speaks for itself. Defendants object to, and therefore deny as inaccurate, any mischaracterization of that law.

200.     Defendants deny the allegations in Paragraph 200.

201.     Defendants deny the allegations in Paragraph 201.

202.     Defendants deny the allegations in Paragraph 202.

**COUNT V**
**Violation of New York Labor Law ---**
**Spread of Time Pay Brought on behalf of Plaintiffs**

203.     Defendants incorporate their responses to the allegations in Paragraphs 1 to 202 as if fully set forth herein.

204.     Defendants state that the law cited by Plaintiffs in Paragraph 204 speaks for itself. Defendants object to, and therefore deny as inaccurate, any mischaracterization of that law.

205.     Defendants deny the allegations in Paragraph 205.

**COUNT VI**
**Breach of Implied Contract**
**for Reimbursement of all Costs and Expenses of Bicycle/Electric Delivery Vehicle, including**
**Depreciation, Insurance, Maintenance and Repairs**

206.     Defendants incorporate their responses to the allegations in Paragraphs 1 to 205 as if fully set forth herein.

207.     Defendants deny the allegations in Paragraph 207.

208.     Defendants admit that Plaintiffs purport to have maintained records of actual "out-of-pocket" vehicle related expenses of their personal bicycles.  Defendants deny the remaining allegations in Paragraph 208.

209.     Defendants deny the allegations in Paragraph 209.

210.    Defendants deny the allegations in Paragraph 210.

211.    Defendants deny the allegations in Paragraph 211.

212.    Defendants deny the allegations in Paragraph 212.

213.    Defendants deny the allegations in Paragraph 213.

214.    Defendants deny the allegations in Paragraph 214.

215.    Defendants deny the allegations in Paragraph 215.

### COUNT VII
**Breach of Implied Contract
for Reimbursement of all Costs and Expenses of Motor Vehicle,
including Depreciation, Insurance, Maintenance and Repairs**

216.    Defendants incorporate their responses to the allegations in Paragraphs 1 to 215 as if fully set forth herein.

217.    Defendants deny the allegations in Paragraph 217.

218.    Defendants admit that Plaintiffs purport to have maintained records of actual "out-of-pocket" vehicle related expenses of their motor vehicles.  Defendants deny the remaining allegations in Paragraph 218.

219.    Defendants deny the allegations in Paragraph 219.

220.    Defendants deny the allegations in Paragraph 220.

221.    Defendants deny the allegations in Paragraph 221.

222.    Defendants deny the allegations in Paragraph 222.

223.    Defendants state that the Federal Vehicle Standards cited by Plaintiffs in Paragraph 223 speak for itself.  Defendants object to, and therefore deny as inaccurate, any mischaracterization of those standards.

224.    Defendants state that the Federal Vehicle Standards cited by Plaintiffs in Paragraph 224 speak for itself.   Defendants object to, and therefore deny as inaccurate, any mischaracterization of those standards.

225.    Defendants state that the Federal Vehicle Standards cited by Plaintiffs in Paragraph 225 speak for itself.   Defendants object to, and therefore deny as inaccurate, any mischaracterization of those standards.

226.    Defendants state that the Federal Vehicle Standards cited by Plaintiffs in Paragraph 226 speak for itself.   Defendants object to, and therefore deny as inaccurate, any mischaracterization of those standards.

227.    Defendants state that the Federal Vehicle Standards cited by Plaintiffs in Paragraph 227 speak for itself.   Defendants object to, and therefore deny as inaccurate, any mischaracterization of those standards.

228.    Defendants deny the allegations in Paragraph 228.

229.    Defendants deny the allegations in Paragraph 229.

**COUNT VIII**
**Violation of New York Labor Law ---**
**Failure to Provide Meal Periods**
**Brought on behalf of Plaintiff and Potential Rule 23 Class**

230.    Defendants incorporate their responses to the allegations in Paragraphs 1 to 229 as if fully set forth herein.

231.    Defendants state that the law cited by Plaintiffs in Paragraph 231 speaks for itself. Defendants object to, and therefore deny as inaccurate, any mischaracterization of that law.

232.    Defendants deny the allegations in Paragraph 232.

233.    Defendants state that the Department of Labor regulation cited by Plaintiffs in Paragraph 233 speaks for itself.   Defendants object to, and therefore deny as inaccurate, any

mischaracterization of that regulation. Defendants deny the remaining allegations in Paragraph 233.

234.    Defendants deny the allegations in Paragraph 234.

## COUNT IX
### Violation of New York Labor Law ---
### Record-Keeping Requirements
### Brought on behalf of Plaintiff and Potential Rule 23 Class

235.    Defendants incorporate their responses to the allegations in Paragraphs 1 to 234 as if fully set forth herein.

236.    Defendants deny the allegations in Paragraph 236.

237.    Defendants deny the allegations in Paragraph 237.

238.    Defendants deny the allegations in Paragraph 238.

239.    Defendants deny the allegations in Paragraph 239.

## COUNT VI
### Violation of New York Labor Law --
### Time of Hire Wage Notice Requirement
### Brought on behalf of Plaintiff and Potential Rule 23 Class

240.    Defendants incorporate their responses to the allegations in Paragraphs 1 to 239 as if fully set forth herein.

241.    Defendants state that the law cited by Plaintiffs in Paragraph 241 speaks for itself. Defendants object to, and therefore deny as inaccurate, any mischaracterization of that law.

242.    Defendants state that the law cited by Plaintiffs in Paragraph 242 speaks for itself. Defendants object to, and therefore deny as inaccurate, any mischaracterization of that law. Defendants state that Shun Lee Palace and Shun Lee West provided wages notices in accordance with New York law.  Defendants deny the remaining allegations in Paragraph 242.

243.    Defendants state that Shun Lee Palace and Shun Lee West provided wages notices in accordance with New York law.  Defendants deny the remaining allegations in Paragraph 243.

244.     Defendants state that Shun Lee Palace and Shun Lee West provided wages notices in accordance with New York law.  Defendants deny the remaining allegations in Paragraph 244.

## COUNT XI
### Violation of New York Labor Law --
### New York Pay Stub Requirement
### Brought on behalf of Plaintiff and Potential Rule 23 Class

245.     Defendants incorporate their responses to the allegations in Paragraphs 1 to 244 as if fully set forth herein.

246.     Defendants state that the law cited by Plaintiffs in Paragraph 246 speaks for itself. Defendants object to, and therefore deny as inaccurate, any mischaracterization of that law.

247.     Defendants deny the allegations in Paragraph 247.

248.     Defendants deny the allegations in Paragraph 248.

## COUNT XII
### Civil Damages for Fraudulent Filing of IRS Returns, Violations of 26 USC §7434
### Brought on behalf of the Plaintiff

249.     Defendants incorporate their responses to the allegations in Paragraphs 1 to 248 as if fully set forth herein.

250.     Defendants state that the law cited by Plaintiffs in Paragraph 250 speaks for itself. Defendants object to, and therefore deny as inaccurate, any mischaracterization of that law.

251.     Defendants deny the allegations in Paragraph 251.

## COUNT XIII
### Civil Damages for Deceptive Acts and Practices. Violations of New York General
### Business Law §349
### Brought on Behalf of the Plaintiff

252.     Defendants incorporate their responses to the allegations in Paragraphs 1 to 251 as if fully set forth herein.

253.     Defendants state that the law cited by Plaintiffs in Paragraph 253 speaks for itself. Defendants object to, and therefore deny as inaccurate, any mischaracterization of that law.

254.     Defendants deny the allegations in Paragraph 254.

255.     Defendants admit that Plaintiffs demand the examination set forth in Paragraph 255.  Defendants deny the remaining allegations in Paragraph 255.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to the relief demanded in the Prayer for Relief.

* * *

Except as expressly admitted herein, all remaining allegations in the Complaint are hereby denied.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses to Plaintiffs' claims, without assuming any burden of proof that otherwise does not exist as a matter of law:

1.     The Complaint fails to state a claim upon which relief may be granted.

2.     The claims of Plaintiffs and/or the putative collective and/or the putative class are barred, in whole or in part, by the doctrine of accord and satisfaction, waiver, laches, estoppel, comparative fault, contributory fault, and/or the applicable statute of limitations.

3.     Michael Tong, Bin Hu, Jon Hwang, and William Hwang are not proper Defendants in this action because they were not, and are not, Plaintiffs' "employer" as defined by the FLSA or New York wage-and-hour law.

4.     Defendants acted with a lack of willfulness or intent to violate the FLSA or New York wage-and-hour law, and thus Plaintiffs cannot establish a willful violation under Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), or New York wage-and-hour law.

5.      To the extent the periods of time alluded to in the Complaint predate the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), or New York wage-and-hour law, Plaintiffs' claims are time-barred.

6.      Plaintiffs' damages claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, and other similar New York wage-and-hour law, as to all hours during which Plaintiffs were engaged in activities which were preliminary or postliminary to Plaintiffs' principal activities, and are barred to the extent that Plaintiffs otherwise rely on disputed time that is not compensable.

7.      Even if Plaintiffs allege facts constituting compensable activity, those activities are *de minimis* in nature such that compensation is not required under the FLSA, as amended by the Portal-to-Portal Act, or New York wage-and-hour law, and therefore, the claims must fail.

8.      Plaintiffs are precluded from recovering any unpaid wages other than unpaid minimum wage or unpaid overtime wages because such relief is not available under the FLSA or New York wage-and-hour law.

9.      If Plaintiffs succeed in establishing any violation under the FLSA or New York wage-and-hour law, and to the extent any sums are found due and owing to Plaintiffs, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, or released prior to the adjudication herein, including, but not limited to, those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiffs over and above Plaintiffs' wages.

10.     The Court must reduce any damages awarded to Plaintiffs, if any, by the amount compensation already paid to them for periods not compensable under the FLSA and/or New York wage-and-hour law.

11.     Plaintiffs' claims are barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, and other similar New York laws, because any actions taken in connection with Plaintiffs' compensation were done in good faith, in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, or written or unwritten administrative practices or enforcement policies of the Administrator of the Wage-and-Hour Division of the United States Department of Labor.

12.     Plaintiffs' claims are barred, in whole or in part, by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, and similar New York wage-and-hour law, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing the actions or omissions were not a violation of the FLSA or New York wage-and-hour law.

13.     Plaintiffs are not entitled to liquidated damages and/or attorneys' fees for amounts purportedly owed that are neither wages nor wage supplements.

14.     To the extent Plaintiffs seek multiple penalties for the same alleged violations such claims are barred by the prohibition on double recovery as such duplicative recovery constitutes unjust enrichment.

15.     The Complaint fails to state a claim upon which prejudgment interest may be granted.

16.     If Plaintiffs filed for bankruptcy and failed to list the claims against Defendants as a potential asset in the Plaintiffs' bankruptcy filings, Plaintiffs are barred from pursuing these claims for lack of standing, or under the doctrines of judicial estoppel and/or unclean hands.

17.     Plaintiffs cannot establish or satisfy the requirements for a collective action pursuant to Section 216(b) of the FLSA or as a class action pursuant to Fed. R. Civ. P. 23 and, therefore, the collective action and class action  allegations of the Complaint should be stricken and dismissed.

18.     Plaintiffs cannot offer a model of damages that is amendable to collective or class treatment.

19.     Certification of a collective or class, as applied to the facts and circumstances of this case, would constitute a denial of Defendants' procedural rights and right to a trial by jury and to substantive and procedural due process, in violation of the Fourteenth Amendment of the United States Constitution.

20.     Plaintiffs' and/or the putative collective members' and/or the putative class members' claims are barred to the extent that Plaintiffs or the collective members or the putative class members lack standing to bring then.  In particular, Plaintiffs, as former employees, lacks standing to represent the putative collective of current employees. For these and other reasons, Plaintiff is inadequate as a representative of the collective.

21.     Plaintiffs and/or the putative collective members' and/or the putative class members' claims are barred to the extent Plaintiffs and/or the putative collective or class failed, refused, and/or neglected to mitigate or avoid the damages complained of the in the Complaint, if any.

22.     Plaintiffs and/or the putative collective members' and/or the putative class

members' claims are barred, in whole or in part, because, to the extent any violations are establishes, they constitute *de minimis* violations.

23.     At all times, Defendants made complete and timely payments of all wages due to Plaintiffs and/or the putative collective members' and/or the putative class members' under Article 6 or Article 19 or Article 19 of the NYLL or under the FLSA.

24.     At all times, all of the affirmative defenses set forth in NYLL Section 195 apply, including but not limited to, Defendants reasonably believed in good faith that they provided Plaintiffs and/or the putative collective members and/or the putative class members with adequate notice of wage information pursuant to New York Labor Law Section 195.

25.     To the extent discovery reveals that Plaintiffs and/or the putative collective members and/or the putative class members falsely reported their hours, and there is no evidence their employer knew or should have known that they were providing false information regarding their hours, Defendants hereby invoke the doctrines of estoppel and unclean hands to bar the claims asserted by Plaintiff and/or the putative collective members.

26.     Plaintiffs and/or the putative collective members' and/or the putative class members' common law claims are pre-empted.

27.     Plaintiffs and/or the putative collective members' and/or the putative class members' claims are barred in whole or in part to the extent that the work that they performed falls within the exclusions, exceptions, offsets, or credits provided by the FLSA, NYLL, and their respective implementing regulations, including but not limited to the motor carrier exemption.

28.     The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under the NYLL.

29.

In addition to the foregoing defenses, Defendants reserve the right to amend this answer to raise any and all additional affirmative and other defenses that may become evident during any other proceeding in this matter or pursue any available counterclaims against Plaintiffs as those claims become known during the litigation.

Date:   April 21, 2017
        New York, New York

/s/ A. Michael Weber
A. Michael Weber
Eli Z. Freedberg
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022.3298
212.583.9600

Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 21, 2017, I caused an electronically filed copy of the foregoing to be filed with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

John Troy
johntroy@troypllc.com
TROY LAW, PLLC
Attorneys for Plaintiffs

*/s/ A. Michael Weber*
A. Michael Weber