USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/28/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
CHENG XIA WANG, CHUNIN ZHANG, :
JUN QING ZHAO, BAO GUO ZHANG, :
ZE JUN ZHANG, GUOYI WANG, TONG :
WEI WU, and ZHI QIANG LU, On Behalf of :  17-CV-00840 (VSB)
Themselves and Others Similarly Situated, :
: **OPINION & ORDER**
                           Plaintiffs,    :
:
              - against -                 :
:
:
SHUN LEE PALACE RESTAURANT, INC., :
d/b/a SHUN LEE PALACE, T&W              :
RESTAURANT, INC. d/b/a SHUN LEE         :
WEST, JOHN HWANG, MICHAEL TONG, :
BIN HU, and WILLIAM HWANG,              :
:
                           Defendants    :
:
-----------------------------------------------------------X

Appearances:

Kibum Byun
John Troy
Troy Law, PLLC
Flushing, New York
*Counsel for Plaintiffs*

A Michael Weber
Eli Zev Freedberg
Huan Xiong
Kevin K. Yam
Maayan Deker
Littler Mendelson, P.C.
New York, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

Plaintiffs Cheng Xia Wang, Chunlin Zhang, Jun Qing Zhao, Bao Guo Zhang, Ze Jun

Zhang, Guoyi Wang, Tong Wei Wu, and Zhi Qiang Lu (the "Named Plaintiffs") commenced the

1

instant action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 *et seq.*, against Defendants Shun Lee Palace Restaurant, Inc. ("Shun Lee Palace"), T&W Restaurant, Inc. ("Shun Lee West"), John Hwang, Michael Tong, Bin Hu, and William Hwang (the "Individual Defendants," and collectively with Shun Lee Palace and Shun Lee West, "Defendants"). Before me is Named Plaintiffs' motion seeking an order: (1) granting conditional certification of their FLSA claim as a collective action pursuant 29 U.S.C. § 216(b); (2) requiring Defendants to turn over contact information for potential members of the collective; (3) approving their notice and consent forms and ordering that the notice and consent be posted in Shun Lee Palace and Shun Lee West; and (4) authorizing equitable tolling of the statute of limitations for potential members pending the expiration of the opt-in period. Because I find that the Named Plaintiffs have met their modest burden of demonstrating that potential collective members are similarly situated only with respect to the delivery persons and waitstaff at Shun Lee Palace and Shun Lee West, I grant in part and deny in part the Named Plaintiffs' motion for conditional collective certification.

### I.     **Background**[1]

Shun Lee Palace and Shun Lee West are both domestic businesses, specifically restaurants, organized under the laws of New York with principal addresses at 155 East 55th Street, New York, New York 10022 and 43 West 65th Street, New York, New York 10023, respectively. (*See* Compl. ¶¶ 15, 18.)[2] The businesses are owned and controlled by Tong, Hu, and John and William Hwang. (*Id.* ¶ 21.)

---

[1] The facts in this section are recounted to provide background for this conditional certification decision, and are not intended to and should not be viewed as findings of fact. They are based on the facts contained in the Named Plaintiffs' complaint as well as the memoranda of law, declarations, and affidavits filed by Named Plaintiffs and Defendants.

[2] "Compl." refers to the Named Plaintiffs' complaint, filed February 3, 2017. (Doc. 1.)

The Named Plaintiffs are current or past employees of either Shun Lee Palace or Shun Lee West. (*See id.* ¶¶ 31, 53, 70, 88, 103, 122, 136, 150.) Cheng Xia Wang, Chunlin Zhang, Bao Guo Zhang, Guoyi Wang, and Zhi Qiang Lu are former delivery persons for Shun Lee Palace—Cheng Xia Wang worked there from 2008 to 2014, Chunlin Zhang worked there from 2006 to 2013, Bao Guo Zhang worked there from 2011 to 2012, Guoyi Wang worked there from 2008 to 2009 and again from 2010 to 2011, and Zhi Quiang Lu worked there in 2012. (*See id.* ¶¶ 31, 53, 88, 122, 150.) Jun Qing Zhao and Ze Jun Zhang are current employees of Shun Lee Palace who have been working as delivery persons there since 2008. (*Id.* ¶¶ 70, 103.) Tong Wei Wu worked as a delivery person at Shun Lee West from 2009 to 2014, (*id.* ¶ 136), and Zhi Qiang Lu worked as a delivery person for Shun Lee West from 2014 to 2016 after working at Shun Lee Palace in 2012, (*id.* ¶¶ 150–51). Quek Yeow Yap, the only non-delivery person who provided an affidavit, has been a waiter at Shun Lee Palace from 1998 to 2002, from 2006 to 2008, and from 2011 to the present day.[3] (*See* Yap Aff. ¶ 2.) The Individual Defendants controlled the businesses and managed the Named Plaintiffs. (*See* Compl. ¶¶ 22–30.)

The Named Plaintiffs were paid on an hourly basis and should have been compensated one-and-a-half times their hourly pay rate for any overtime in excess of forty hours per workweek as required by the FLSA, as they were non-exempt employees. (*See id.* ¶¶ 46, 63, 81, 97, 117, 131, 144, 163.) Cheng Xia Wang, Chunlin Zhang, Jun Qing Zhao, Ze Jun Zhang, and Guoyi Wang allege that they were regularly required to work overtime—typically between sixty and seventy hours per week—without overtime pay. (*See id.* ¶¶ 33–45, 55–58, 72–75, 104–12,

---

[3] Although only deliverymen are named in the Complaint, Named Plaintiffs filed a sworn affidavit by Quek Yeow Yap in support of their motion for conditional certification. (*See* Yap Aff.) "Yap Aff." refers to the Affidavit of Quek Yeow Yap in Support of Plaintiffs' Motion for Conditional Collective Certification, filed February 8, 2018, as Exhibit 8 to the Declaration of John Troy in Support of Plaintiffs' Motion for Conditional Collective Certification. (Doc. 59 Ex. 8.)

3

123–26; *see also* Wang Aff. ¶ 18.)[4]  Yap alleges that he was regularly required to work between forty and fifty hours per week without overtime pay.  (Yap Aff. ¶¶ 4–15, 20.)  Zhi Qiang Lu also alleges that he was required to work between forty and forty-five hours per week without overtime pay and without breaks while he was working at Shun Lee Palace.  (*See* Compl. ¶¶ 153–55; *see also* Lu Aff. 2, ¶¶ 1–2.)[5]  Cheng Xia Wang, Chunlin Zhang, Jun Qing Zhao, Bao Guo Zhang, Ze Jun Zhang, and Guoyi Wang state that they frequently stayed approximately thirty minutes to one hour after their regular hours and were not provided with breaks.  (*See, e.g.*, Compl. ¶¶ 39–40, 56–57, 73–74, 91–92, 105–06, 124–25.)

The Named Plaintiffs also allege that Defendants failed to compensate them and other delivery persons, as well as non-managerial employees in general, at the minimum wage as required under the FLSA.  (*See* Pls.' Mem. 5; Wang Aff. ¶¶ 13–14, 18; Wu Aff. ¶ 7; Lu Aff. ¶ 5; Yap Aff. ¶¶ 15–17.)[6]  They further allege that Defendants failed to inform the Named Plaintiffs and other non-managerial employees of their hourly pay rates, provide information as to tip deductions towards the minimum wage, or keep records of their overtime.  (*See* Pls.' Mem. 5–6; *see also* Wang Aff. ¶¶ 16–20; Wu Aff. ¶¶ 8, 10–12; Lu Aff. ¶¶ 7–8; Yap Aff. ¶¶ 18–20.)  Additionally, the Named Plaintiffs were required to purchase, use, and maintain a delivery vehicle without compensation for its purchase, repair, or maintenance.  (*See* Compl. ¶¶ 47–51,

---

[4] "Wang Aff." refers to the Affidavit of Chengxia Wang in Support of Plaintiffs' Motion for Conditional Collective Certification, filed February 8, 2018, as Exhibit 5 to the Declaration of John Troy in Support of Plaintiffs' Motion for Conditional Collective Certification.  (Doc. 59 Ex. 5.)

[5] "Lu Aff." refers to the Affidavit of Zhiqiang Lu in Support of Plaintiffs' Motion for Conditional Collective Certification, filed February 8, 2018, as Exhibit 7 to the Declaration of John Troy in Support of Plaintiffs' Motion for Conditional Collective Certification.  (Doc. 59 Ex. 7.)

[6] "Pls.' Mem." refers to the Memorandum of Law in Support of Plaintiffs' Motion for Conditional Certification and Court Authorized Notice, filed February 8, 2018, as Exhibit 1 to Plaintiffs' Notice of Motion for Conditional Collective Certification.  (Doc. 58 Ex. 1.)  "Wu Aff." Refers to the Affidavit of Tongwei Wu in Support of Plaintiffs' Motion for Conditional Collective Certification, filed February 8, 2018, as Exhibit 6 to the Declaration of John Troy in Support of Plaintiffs' Motion for Conditional Collective Certification.  (Doc. 59 Ex. 6.)

64–69, 82–87, 98–102, 118–21, 132–35, 145–49, 164–70.)

II. **Procedural History**

The Named Plaintiffs filed their complaint (the "Complaint") against Defendants for violations of FLSA and the NYLL on February 3, 2017. (Doc. 1.) Defendants filed their answer on April 21, 2017. (Doc. 21.) Between February 3, 2017 and December 19, 2017, twenty-four parties filed consents to become a party plaintiff under the FLSA.[7] (*See* Docs. 4–11, 13, 28–31, 32–39, 48, 51, 52.) On February 8, 2018, the Named Plaintiffs filed their motion to conditionally certify the class, along with a memorandum of law, a declaration, and affidavits in support of the motion. (Docs. 58–59.) On March 22, 2018, Defendants filed their memorandum of law and declarations in opposition to the motion. (Docs. 71–76.) The Named Plaintiffs filed their reply memorandum on April 5, 2018. (Doc. 77.)

III. **Legal Standard**

Under the FLSA, employees may pursue collective actions to recover unpaid wages where the employees are "similarly situated" and give consent to become a party in a writing filed with the court. *See* 29 U.S.C. § 216(b). A district court may implement § 216(b) by "facilitating notice to potential plaintiffs of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (internal quotation marks omitted). The court may also direct a defendant employer to disclose the names and addresses of potential class members. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169–70 (1989).

---

[7] These opt-in consents were filed without me first deciding whether conditional certification was warranted, and thus when Defendants filed a letter motion for leave to file a motion to strike the opt-in notices, I denied the request and directed the Named Plaintiffs to move for conditional certification of the collective action, which is required as the first step of conditional certification before any party may move to strike the opt-in notices. *See Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007).

In the Second Circuit there is a two-step certification process for opt-in collective actions under the FLSA. *Myers*, 624 F.3d at 554–55. At the first stage, the district court must make "an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Id.* at 555. In order to achieve conditional certification, plaintiffs must make only a "'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Id.* (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). At this stage, the key element is that a plaintiff is able to demonstrate that employees were subject to a shared unlawful policy. *See Korenblum v. Citigroup, Inc.*, 195 F. Supp. 3d 475, 479 (S.D.N.Y. 2016). "Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members." *Hallissey v. Am. Online, Inc.*, No. 99-CIV-3785 (KTD), 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008). If the court finds that the plaintiffs have satisfied their burden, it may exercise its discretionary power to conditionally certify the collective action—facilitating notice to the potential class members. *See Guillen v. Marshalls of MA, Inc.*, 750 F. Supp. 2d 469, 475 (S.D.N.Y. 2010).

Although "unsupported assertions" are not sufficient to certify a collective action, the Second Circuit has emphasized that the standard of proof at this initial stage should remain "low" because "the purpose of this . . . stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Myers*, 624 F.3d at 555. The court "does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations" at this stage. *Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14-cv-2625 (RJS), 2015 WL 4240985, at *3 (S.D.N.Y. July 13, 2015) (quoting *Lynch*, 491 F. Supp. 2d at 368). In fact, a court may

6

conditionally certify a collective action based upon the facts asserted in one affidavit. *See, e.g.*, *id.* at *3–4. Because the standard at the first stage is "fairly lenient," courts typically grant motions to conditionally certify a collective action. *Malloy v. Richard Fleischman & Assocs. Inc.*, No. 09 Civ. 322(CM), 2009 WL 1585979, at *2 (S.D.N.Y. June 3, 2009).

After completing discovery, a defendant may move to challenge certification, initiating the second stage of conditional certification. *See Myers*, 624 F.3d at 555. At this stage, "the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs," and "[t]he action may be 'de-certified' if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice." *Id.*; *see also Viriri v. White Plains Hospital Med. Ctr.*, 320 F.R.D. 344, 348 (S.D.N.Y. 2017) ("After discovery is completed, if it appears that some or all members of a conditionally certified class are not similarly situated, a defendant may move to challenge certification, at which point a court will conduct a more searching factual inquiry as to whether the class members are truly similarly situated." (internal quotation marks omitted)).

## IV. Discussion

### A. *Conditional Certification*

The Named Plaintiffs move for conditional certification of a collective consisting of all "non-managerial personnel employed by the Defendants at Shun Lee Palace and Shun Lee West" since February 3, 2014. (Pls.' Mem. 1.) Defendants argue that the Named Plaintiffs' motion should be denied because the Named Plaintiffs are not similarly situated to other non-managerial personnel employed by Defendants as they have "failed to present any evidence at all that non-exempt employees such as dishwashers, prep cooks, fry cooks, cashiers, porters, bartenders,

7

busboys, runners, and captains were subject to an unlawful policy to willfully deny them minimum and overtime wages." (Defs.' Opp. 1.)[8] Defendants further claim that the Named Plaintiffs fail to allege that they are similarly situated to other non-managerial employees because the Named Plaintiffs only describe alleged conversations with other delivery persons to support their claims. (*See id.* at 9–10.)

I find that the Named Plaintiffs have sufficiently demonstrated that delivery persons employed by Shun Lee Palace and Shun Lee West were subject to a common policy and thus are similarly situated for the purpose of conditional certification. The Complaint and the Named Plaintiffs' affidavits contain allegations supporting the notion that delivery persons at Shun Lee Palace and Shun Lee West were subject to similar policies and practices—they were not paid the minimum wage, (*see* Pls.' Mem. 5; Wang Aff. ¶¶ 13–14, 18; Wu Aff. ¶ 7; Lu Aff. ¶ 5), not informed of their hourly pay rates or tip deductions, (*see* Pls.' Mem. 5–6; *see also* Wang Aff. ¶¶ 16–20; Wu Aff. ¶¶ 8, 10–12; Lu Aff. ¶¶ 7–8), and often required to work overtime, (*see* Compl. ¶¶ 33–45, 55–58, 72–75, 104–12, 123–26; 153–55; *see also* Wang Aff. ¶ 18; Yap Aff. ¶ 20; Lu Aff. 2, ¶¶ 1–2). Based on the experience of the Named Plaintiffs, who are all delivery persons, "[t]he Court can fairly infer that other deliverymen worked similar shifts for comparable pay, thereby suffering the same violations of the FLSA and NYLL." *See She Jian Guo v. Tommy's Sushi Inc.*, No. 14 Civ. 3964(PAE), 2014 WL 5314822, at *3 (S.D.N.Y. Oct. 16, 2014); *see also Lianhua Weng v. Kung Fu Little Steamed Buns Ramen Inc.*, 17 civ. 273 (LAP), 2018 WL 1737726, at *3 (S.D.N.Y. Mar. 26, 2018) (holding that the named plaintiffs had made the required showing and granting conditional certification with respect to the delivery persons at

---

[8] "Defs.' Opp." refers to Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Conditional Certification, filed March 22, 2018. (Doc. 71.)

8

two restaurants by inferring from their affidavits that other delivery persons were in a similar circumstance). Further, the Named Plaintiffs' affidavits point to conversations that the Named Plaintiffs had with other delivery persons working for both Shun Lee Palace and Shun Lee West who were treated similarly. (*See, e.g.*, Wang Aff. ¶¶ 24–27; Lu Aff. ¶¶ 10–12.)

In addition, with respect to waiters and waitresses employed by Defendants, the Named Plaintiffs submitted an affidavit from Quek Yeow Yap, an opt-in Plaintiff who was not initially named in the action. (*See* Yap Aff.) Because Quek Yeow Yap alleges that he frequently worked between forty to fifty hours a week without overtime compensation, (*see id.* ¶¶ 4–7), that he was not compensated at the minimum wage, (*id.* ¶ 15), that he was not provided with wage statements, (*id.* ¶ 18), and that he has spoken to other waiters and waitresses in a similar situation, (*see id.* ¶¶ 20–31), I find that the Named Plaintiffs have made a sufficient factual showing to certify a collective including waitstaff at Shun Lee Palace and Shun Lee West. Quek Yeow Yap's affidavit sufficiently alleges that waiters and waitresses at both locations were similarly situated to the Named Plaintiffs, and this affidavit is enough to satisfy the burden of conditional certification. *See Kew Sing Yap v. Mooncake Foods, Inc.*, 146 F. Supp. 3d 552, 563–64 (S.D.N.Y. 2015); *Khamsiri v. George & Frank's Japanese Noodle Rest. Inc.*, No. 12 Civ. 265(PAE), 2012 WL 1981507, at *1 & n.1 (S.D.N.Y. June 1, 2012). Although Defendants claim that waiters and waitresses at Shun Lee Palace are not similarly situated because they are subject to a collective bargaining agreement, (*see* Defs.' Opp. 4; Tam Decl. ¶¶ 25, 27; Weber Decl. ¶ 3),[9] this fact is "not a difference that makes a difference—non-exempt employees, whether union members or not, are entitled to be paid at overtime rates for hours worked in excess of 40 per

---

[9] "Tam Decl." refers to the Declaration of Sai Tam in Opposition to Plaintiff's Motion for Conditional Certification, filed March 22, 2018. (Doc. 75.) "Weber Decl." refers to the Declaration of Michael Weber in Opposition to Plaintiff's Motion for Conditional Certification, filed March 22, 2018. (Doc. 72.)

9

week," *Gani v. Guardian Serv. Indus. Inc.*, No. 10 Civ. 4433(CM)(JCF), 2011 WL 167844, at *1 (S.D.N.Y. Jan. 13, 2011).

With regard to the broader class of non-managerial employees that the Named Plaintiffs wish to certify, however, Named Plaintiffs have not met their burden because they have only made conclusory allegations. The materials provided by Named Plaintiffs in support of their motion for conditional certification only include affidavits from several delivery persons and one waiter, and thus any allegations with respect to employees in other positions are conclusory and unsupported. *See Lianhua Weng*, 2018 WL 1737726, at *4 ("Despite speaking with 'various other employees,' Plaintiffs' factual allegations are void of the detail required to show that employees in other positions are similarly situated."); *Morales v. Plantworks, Inc.*, No. 05 Civ. 2349(DC), 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006) ("[P]laintiffs have offered only a conclusory allegation in their complaint; they have offered nothing of evidentiary value."). "For Plaintiffs to meet their burden, they are 'obligated to provide some probative information regarding similarly situated employees such as their names, their duties and their hours worked.'" *Lianhua Weng*, 2018 WL 1737726, at *4 (quoting *Lianyuan Feng v. Hampshire Times*, No. 14-CV-7102 (SHS)(JLC), 2015 WL 1061973, at *3 (S.D.N.Y. Mar. 11, 2015)).

Under the FLSA, plaintiffs are generally afforded two years to file a claim from the time the cause of action accrued unless the violation is "willful," in which case plaintiffs are afforded three years. *See* 29 U.S.C. § 255(a); *see also Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013). Where parties dispute the willfulness of the violations, courts typically apply the three-year, rather than two-year, statute of limitations. *See Kew Sing Yap*, 146 F. Supp. 3d at 565; *see also Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 369 (S.D.N.Y. 2007). Because here, the Named Plaintiffs allege that the violations were willful, (*see* Compl. ¶¶ 1, 45,

62, 80, 116, 130, 143, 162; Pls.' Mem. 8–9), I will apply the three year statute of limitations, as specified above, without making a determination as to the merits of the claim at this time. *See Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007) ("Out of an abundance of caution, and seeking to avoid any merit-based determinations at this time, the Court will conditionally certify class members employed by [Defendant] over the past three years pursuant to possible decertification at a later time."); *see also Kew Sing Yap*, 146 F. Supp. 3d at 565 ("In FLSA cases, where the willfulness of the alleged violations is disputed, as it is here, the court applies the three-year statute of limitations for purposes of certifying a representative action" (citations and internal quotation marks omitted)).

Accordingly, I grant the Named Plaintiffs' motion for conditional certification solely with respect to delivery persons and waitstaff employed by Shun Lee Palace and Shun Lee West from February 3, 2014 to present.

### B. *Equitable Tolling*

The Named Plaintiffs request equitable tolling of the statute of limitations for all potential members of the collective pending the expiration of the ninety-day opt-in period. (*See* Pls.' Mem. 8–9.) In the context of conditional certification, "courts have discretion to equitably toll the limitations period . . . in order to avoid inequitable circumstances." *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012) (internal quotation marks omitted). Although the courts have discretion to equitably toll, "[t]he Second Circuit has repeatedly cautioned that 'equitable tolling is considered a drastic remedy applicable only in rare and exceptional circumstances.'" *Contrera v. Langer*, 278 F. Supp. 3d 702, 723 (S.D.N.Y. 2017) (quoting *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011)); *see also Lianhua Weng*, 2018 WL 1737726, at *5. Further, challenges to timeliness of any of the opt-in

plaintiffs' actions can be entertained at a later date. *See Kew Sing Yap*, 146 F. Supp. 3d at 566 ("Where, as here, the Court permits notice to be effectuated upon a large class of Plaintiffs, the determination as to the timeliness of each future plaintiff's action is better reserved for a future proceeding." (quoting *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 450 (S.D.N.Y. 2011))). Because Plaintiff has not established any "rare and exceptional circumstances" warranting tolling, *Castillo*, 656 F.3d at 144, and because I can entertain any challenges to timeliness at a later date if necessary, *see Kew Sing Yap*, 146 F. Supp. 3d at 566, I deny the Named Plaintiffs' request for equitable tolling.

### C. *Contact Information*

The Named Plaintiffs request that Defendants provide them with contact information for prospective opt-in members. (*See* Pls.' Mem. 16.) In particular, the Named Plaintiffs request that I order Defendants to produce a Microsoft Excel file containing contact information "including but not limited to last known mailing addresses, last known telephone numbers, last known email addresses, and dates of employment for all those individuals who have worked for the Defendants as a non-managerial employee between August 16, 2014 and the date [of the Opinion and Order regarding conditional certification]."[10] (*Id.*) Because courts typically allow turnover of contact information to "effectuate the FLSA's remedial purpose," I grant Named Plaintiffs' request for contact information with respect to delivery persons and waitstaff working at Shun Lee Palace and Shun Lee West. *Lianhua Weng*, 2018 WL 1737726, at *5; s*ee also Costello v. Kohl's Ill., Inc.*, No. 1:13-CV-1359-GHW, 2014 WL 4377931, at *8 (S.D.N.Y. Sept.

---

[10] Although Named Plaintiffs request contact information for employees who worked at Shun Lee Palace and Shun Lee West between August 16, 2014 and the date of this Opinion and Order, it is unclear what the basis of the August 16, 2014 date is, as the Complaint was filed on February 3, 2017, (Doc. 1), and this is the date that is the basis for the statute of limitations, *see, e.g.*, *Kew Sing Yap*, 146 F. Supp. 3d at 565 ("[T]he Court is conditionally certifying a collective that dates back to three years before the filing of the original complaint . . . .").

12

4, 2014) (finding that "courts routinely approve" requests that defendants produce an electronic list including names, addresses, telephone numbers, dates of employment, locations of employment, and e-mail addresses of potential plaintiffs once conditional certification has been granted). Because the statute of limitations would bar any workers who worked at Shun Lee Palace or Shun Lee West prior to February 3, 2014 from bringing any claims, I order Defendants to produce contact information for delivery persons and waitstaff who have worked at Shun Lee Palace and Shun Lee West between February 3, 2014 and the date of issuance of this Opinion and Order.

### D. *Notice and Consent Form*

At the conditional certification stage, the district court monitors both the drafting and the distribution of the Notice of Pendency to ensure timeliness and correctness, and courts have "broad discretion" over the details of the Notice. *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 106 (S.D.N.Y. 2003); *see also Hoffmann-La Roche*, 493 U.S. at 170 (declining to examine the terms of a notice pursuant to § 216(b) based on the trial court's broad discretion).

Defendants oppose Named Plaintiffs' proposed Notice of Pendency for several reasons, including (1) the proposed notice period is overbroad, (2) the notice period extends from the date on which the case was initiated rather than on which it is mailed, (3) the description of the collective is too broad, (4) it does not provide Defendants' counsel's contact information, and (5) it does not name a neutral third-party administrator. (*See* Defs.' Opp. 21–23.) Defendants also state that the above is a non-exhaustive list of their objections, and request that I "require the parties to confer in an attempt to agree upon the content, form and distribution of the notice." (*Id.* at 21.)

13

Because the Notice of Pendency will need to be narrowed based on my findings—including narrowing the scope of the Notice based on my determination that conditional certification is only warranted for employees who work as delivery persons and waitstaff at Shun Lee Palace and Shun Lee West—and because Defendants have explicitly stated that they have only listed "some" of their objections to the Notice, (*see* Defs.' Opp. 21), I grant Defendants' request. The parties are directed to meet and confer regarding the Notice and attempt to agree upon the content and method of distribution of the notice, and to submit a revised Notice, as well as a joint letter updating me as to the parties' discussions, by July 20, 2018. To the extent that the parties are unable to agree on the content and dissemination, the letter shall identify the specific items upon which the parties could not agree so I can rule on such issues. *See Kew Sing Yap*, 146 F. Supp. 3d at 568 ("Plaintiffs and Defendants are hereby ordered to meet and confer on a newly-revised notice that incorporates the Court's rulings above.").

V. **Conclusion**

Because I find that conditional certification is only warranted with respect to delivery persons and waitstaff working at Shun Lee Palace and Shun Lee West, Named Plaintiffs' motion for conditional certification is GRANTED IN PART AND DENIED IN PART. I hereby (1) conditionally certify a class of delivery persons and waitstaff employed by Shun Lee Palace and Shun Lee West from February 3, 2014 to present; (2) order Defendants to produce contact

information for these employees to the Named Plaintiffs; and (3) direct the parties to meet and confer with respect to the content and method of distribution of the proposed Notice of Pendency and submit a revised Notice, as well as descriptions of any objections, to me on or before July 20, 2018.

SO ORDERED.

Dated: June 28, 2018
     New York, New York

_____
Vernon S. Broderick
United States District Judge