UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHENG XIA WANG, CHUNLIN ZHANG, JUN QING ZHAO, BAO GUO ZHANG, ZE JUN ZHANG A/K/A ZEJUN ZHANG, GUOYI WANG, TONG WEI WU, AND ZHI QIANG LU, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED,<br><br>                      Plaintiffs,<br><br>        v.<br><br>SHUN LEE PALACE RESTAURANT, INC. D/B/A SHUN LEE PALACE; T&W RESTAURANT, INC. D/B/A SHUN LEE WEST; JOHN HWANG; MICHAEL TONG; BIN HU; AND WILLIAM HWANG<br><br>                      Defendants. | **INDEX NO. 17-CV-00840 (VSB)** |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION FOR RECONSIDERATION**

A. Michael Weber
Eli Z. Freedberg
Maayan Deker
Kevin K. Yam
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, New York 10022
Tel:  212.583.9600
*Attorneys for Defendants*

# TABLE OF CONTENTS

PAGE

I. PRELIMINARY STATEMENT .......... 1

II. RELEVANT FACTS .......... 1

III. STANDARD OF REVIEW .......... 2

IV. LEGAL ARGUMENT .......... 4

A. THE COURT MISTAKENLY TOLLED THE STATUTE OF LIMITATIONS EVEN AFTER RULING EQUITABLE TOLLING WAS NOT WARRANTED AND AS A RESULT SHOULD RECONSIDER THE APPROPRIATE NOTICE DATE .......... 4

B. WAITSTAFF AT THE WEST RESTAURANT SHOULD NOT HAVE BEEN INCLUDED IN THE FLSA COLLECTIVE BECAUSE PLAINTIFFS HAVE NOT MADE A SUFFICIENT SHOWING THAT THEY ARE SIMILARLY SITUATED TO THE NAMED PLAINTIFFS AND OPT-IN PLAINTIFF QUEK YEOW YAP .......... 7

C. THE EAST RESTAURANT'S WAITERS ARE OBLIGATED TO GRIEVE OVERTIME DISPUTES AND ARE THEREFORE NOT SIMILARLY SITUATED TO THE REST OF THE COLLECTIVE .......... 9

V. CONCLUSION .......... 11

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*14 Penn Plaza LLC v. Pyett*,
   129 S. Ct. 1456 (2009)...........................................................................................................10

*Contrera v. Langer*,
   278 F. Supp. 3d 702 (S.D.N.Y. 2017).....................................................................................5

*Cordova v. SCCF, Inc.*,
   2014 WL 3512820 (S.D.N.Y. July 16, 2014) .........................................................................5

*Epic Sys. Corp. v. Lewis*,
   138 S. Ct. 1612 (2018)...........................................................................................................10

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
   43 F. Supp.3d 369 (S.D.N.Y. 2014)........................................................................................3

*Gonzalez v. El Acajutla Rest., Inc.*,
   2007 WL 869583 (E.D.N.Y. Mar. 20, 2007)...........................................................................5

*Hoffmann v. Sbarro, Inc.*,
   982 F. Supp. 249 (S.D.N.Y. 1997)..........................................................................................4

*Kew Sing Yap v. Mooncake Foods, Inc.*,
   146 F. Supp. 3d 552 (S.D.N.Y. 2015).....................................................................................6

*Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*,
   729 F.3d 99 (2d Cir. 2013)......................................................................................................2

*Lee v. ABC Carpet & Home*,
   236 F.R.D. 193 (S.D.N.Y. 2006) ............................................................................................4

*Ouedraogo v. A-1 Int'l Courier Serv., Inc.*,
   2013 WL 3466810 (S.D.N.Y. July 8, 2013) ...........................................................................6

*Shrader v. CSX Transp., Inc.*,
   70 F.3d 255 (2d Cir. 1995)......................................................................................................2

*U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd.*,
   182 F.R.D. 97 (S.D.N.Y. 1998) ..............................................................................................2

*Zhang v. Wen Mei, Inc.*,
   2015 WL 6442545 (E.D.N.Y. Oct. 23, 2015).........................................................................5

**Statutes**

29 U.S.C. § 216(b) ............................................................................................................1, 2

Fair Labor Standards Act (FLSA)............................................................................... *passim*

FLSA Section 256 ..................................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 59(e) ..............................................................................................................3

Fed. R. Civ. P. 60(b) ..............................................................................................................3

Local Civil Rule 6.3 ...........................................................................................................2, 3

**I.     PRELIMINARY STATEMENT**

On June 28, 2018 the Court denied in part, and granted in part, Plaintiff's motion for conditional collective action certification pursuant to 29 U.S.C. § 216(b) and ordered that notice of a pending Fair Labor Standards Act ("FLSA") lawsuit be disseminated to individuals who worked as waiters, waitresses, and delivery employees between February 3, 2014 and the present at Defendants' two restaurants, Shun Lee Palace or Shun Lee West.[1]  Defendants respectfully ask this Court to reconsider several aspects of this decision which they humbly maintain the Court may have overlooked.  Specifically, Defendants ask the Court to reconsider its decision by: (1) re-setting the beginning date of the collective from February 3, 2014 (three years prior to the filing of the Complaint) to June 28, 2015 (three years prior to the Court's decision) because absent tolling (which the Court agreed is not warranted in this Action), the FLSA's statute of limitations is not tolled by the filing of a Complaint and instead continues to run until the filing of an opt-in notice; (2) excluding waiters who worked at the West Restaurant from the collective; and (3) removing the East Restaurant's waiters from the collective because they are prohibited from raising wage and hour issues like ones presented in this Action in a judicial forum.  Rather, they are required to grieve and arbitrate wage and hour issues in accordance with a collective bargaining agreement ("CBA").

**II.    RELEVANT FACTS**

On February 3, 2017, several Plaintiffs who worked as delivery employees for Defendants' two restaurants filed this action alleging that Defendants violated the FLSA, and the New York Labor Law ("NYLL").  After this lawsuit commenced, waiters, captains and a bartender from the East location opted-into the lawsuit.  (*see e.g.* Dkt. Nos. 28-39).

---

[1] The two Restaurant Defendants in this lawsuit will hereinafter be referred to as the "East Restaurant" and the "West Restaurant" and collectively as the "Restaurants."

In January 2018, Defendants filed a pre-motion conference letter seeking to exclude the waiters, captain, and bartender opt-in Plaintiffs. (Dkt. No. 53).  The Court denied this request and instead ordered Plaintiffs to file a motion for conditional collective action certification pursuant to 29 U.S.C. § 216(b). (Dkt. No. 54).  Plaintiffs filed their motion and sought to conditionally certify a collective consisting of all of Defendants' non-exempt workers and sought to toll the statute of limitations as to this putative collective. Defendants opposed the motion and on June 28, 2018, this Court issued an order that substantially narrowed the scope of Plaintiff's proposed collective to include **only** delivery persons and waiters who worked at the East Restaurant and the West Restaurant. (Dkt. No. 79, "Order").  The Court also denied the part of Plaintiffs' motion that sought an order providing that the statute of limitations for the putative collective had been equitably tolled. (*Id.*).  In its Order, the Court required the parties to issue notice to the delivery persons and waiters who worked at Defendants' two restaurants "between February 3, 2014 and the date of the issuance of this Opinion and Order." (*Id.*)

### III.   STANDARD OF REVIEW

Whether to grant a motion for reconsideration or reargument is committed to the court's "sound discretion."  *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd.*, 182 F.R.D. 97, 100 (S.D.N.Y. 1998).

To warrant reconsideration, under Local Civil Rule 6.3, the moving party must "point to controlling decisions or data that the court overlooked  - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court" *See* Local Civil Rule 6.3; *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

It is also well established that reconsideration is appropriate and "should be granted [] when the defendant identifies an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel*

*Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.,* 729 F.3d 99, 104 (2d Cir. 2013) (internal citation and quotation marks omitted). Courts may also reconsider an order or judgment where there was "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 43 F. Supp.3d 369, 373 (S.D.N.Y. 2014) ("The standards governing motions under Local Rule 6.3 along with Fed. R. Civ. P. 59(e) and 60(b) are the same.").

As discussed in more detail below, Defendants respectfully request that the Court correct a clear error regarding the scope of the notice period. Defendants humbly maintain that the Court mistakenly expanded the notice period by approximately one year and four months. The Court held that notice should go to all of Defendants' waiters and delivery persons who worked from February 3, 2014 - three years prior to the filing of the Complaint - rather than three years preceding the issuance of the decision - June 28, 2015.[2] It is clear black letter law the statute of limitations of FLSA claims continues to run, unless and until an employee files an opt-in notice to join a lawsuit. Accordingly, for those members of the conditional collective who have not yet joined the lawsuit, the applicable statute of limitations should be from June 28, 2015 to the present, not the earlier date set by the Court.

Defendants also respectfully believe that the Court may have misread the declaration of Plaintiff Quek Yeow Yap, which the Court relied upon to include the West Restaurant's waiters into the conditional collective. In actuality, this opt-in Plaintiff provided absolutely no information whatsoever regarding the West Restaurant's waiters. Defendants respectfully ask the Court to revisit this declaration and correct the suspected error and find that Plaintiffs have

---

[2] Specifically, Defendants maintain that the limitations period is not appropriately pegged to the Complaint. In actuality, the limitations period continues to run even during the pendency of this motion and throughout the litigation until an opt-in files his or her consent to join opt-in form. For purposes of notice distribution and ease of reference, Defendants have selected a June 28, 2015 date because it correlates to a three year period prior to the Court's order on Plaintiffs' motion for conditional certification.

provided no basis to include the West Restaurant's waiters in the collective.

Finally, Defendants also suspect that the Court may have overlooked its argument that the East Restaurant's waiters should be excluded from the conditional collective because they are parties to a valid CBA that requires them to arbitrate workplace issues like the ones raised in this Action. This CBA precludes these waiters from participating in this proceeding.

## IV.  LEGAL ARGUMENT

### A. THE COURT MISTAKENLY TOLLED THE STATUTE OF LIMITATIONS EVEN AFTER RULING EQUITABLE TOLLING WAS NOT WARRANTED AND AS A RESULT SHOULD RECONSIDER THE APPROPRIATE NOTICE DATE

Section 256 of the FLSA specifically addresses the running of the statute of limitations for claims brought under the statute and provides that a claim is deemed commenced by an individual claimant:

> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the Court in which the action is brought; or
>
> (b) if such written consent was not so filed or if his name did not so appear on the subsequent date on which such written consent is filed in the Court in which the action was commenced.

29 U.S.C. § 256.  In other words, the FLSA explicitly mandates that the statute of limitations period continues to run with respect to each employee's claim until that employee files a written consent form. *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997) ("[O]nly by 'opting in' will the statute of limitations on potential plaintiff's claims be tolled.").  As such, each employee's claim does not get tolled by the filing of a complaint by a co-employee, even if that employee seeks collective action certification of the FLSA claims asserted within the Complaint. *See e.g., Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 199 (S.D.N.Y. 2006) (holding that the statute of limitations period continues to run with respect to each *potential* plaintiff's collective

action claim until that plaintiff files the written consent form and that the statute of limitations for unnamed members of the collective members does not relate back to the original filing date of the named plaintiffs' complaint); *see also Zhang v. Wen Mei, Inc.*, 2015 WL 6442545, at *13-14 (E.D.N.Y. Oct. 23, 2015) ("The act of filing a complaint does not, by itself, toll the statute of limitations . . . ."); *Gonzalez v. El Acajutla Rest., Inc.*, 2007 WL 869583, at *4 (E.D.N.Y. Mar. 20, 2007) ("[A]n employee who does decide to join an FLSA lawsuit cannot rely upon the filing of the complaint to toll the applicable statute of limitations.").

Here, the Court seems to have overlooked this law by setting the notice period to begin on February 3, 2014, which is three years prior to the filing of the Complaint. In other words, contrary to the Court's decision, individuals who worked between February 3, 2014 and June 28, 2015 are not eligible to assert FLSA claims and should not receive notice of a pendency of the FLSA lawsuit.

Reconsideration of the appropriate notice period is particularly warranted here because the Court considered Plaintiffs' request for equitable tolling and found that the circumstances in this case did not warrant tolling of the statute of limitations. Without a basis to toll the statute of limitations, the FLSA statute of limitations period for the members of the collective who have not yet filed opt-in notices is undeniably three years prior to the present date, *not* February 3, 2014 to the present. *See e.g.*, *Contrera v. Langer*, 278 F. Supp. 3d 702, 727 (S.D.N.Y. 2017) ("[w]here, however, plaintiffs have made no showing of the potential for equitable tolling, expanding the notice period is unjustified."); *Cordova v. SCCF, Inc.*, 2014 WL 3512820, at *6 (S.D.N.Y. July 16, 2014) (holding that when the court declines to toll the statute of limitations, "***notice will be limited to individuals who were delivery persons within three years from the date the Court issues an order approving the proposed notice***.") (emphasis added); *Ouedraogo*

*v. A-1 Int'l Courier Serv., Inc.*, 2013 WL 3466810, at *4 (S.D.N.Y. July 8, 2013) ("because Plaintiff has failed to provide any grounds to support his argument that equitable tolling is or may be appropriate in this case, ***the notice period will be for the three year period prior to the filing of the notice, not the complaint***.") (emphasis added).

Based on the foregoing, it appears that the Court may have overlooked the statute and this important controlling case law and erroneously found that the notice period is "between February 3, 2014 and the date of the issuance of this Opinion and Order." (Order, p. 13).

The Court cites to *Kew Sing Yap v. Mooncake Foods, Inc.*, 146 F. Supp. 3d 552, 565 (S.D.N.Y. 2015) in support of its holding that the notice period for the conditional collective "dates back to three years before the filing of the complaint…." *See* Order, p.12, n 10. However, that case, aside from presenting a minority opinion, is not analogous to the circumstances presented in the current Action. In *Mooncake Foods*, Judge Edgardo Ramos delayed issuing a decision on the Plaintiffs' motion for conditional collective action certification for a year and half and found that the delay, coupled with the plaintiffs' diligence, warranted tolling of the statute of limitations in order to avoid prejudice to potential plaintiffs. In our case, there was not an inordinate delay, and the Court has ruled that Plaintiffs failed to demonstrate an entitlement to equitable tolling. Accordingly, this case is inapposite and the Court should adopt the holding in the majority of cases that peg the notice date to the date of the decision on the collective action decision, and not peg the notice date to the date the Complaint was filed.

Here, *Mooncake Foods* is distinguishable from the instant case because this Court, four-and-a-half months after Plaintiffs filed their motion for conditional certification, has already ruled that Plaintiffs have "not established any rare and exceptional circumstances warranting tolling" pursuant to Second Circuit guidance. *See* Order, pp. 11-12. Accordingly, this Court

must reconsider and amend the notice period to be for the three year period prior to the filing of the approved notice instead of the complaint.

As such, Defendants respectfully seek reconsideration on this issue and respectfully ask the Court to amend the order and revise the actual notice period to be the three year period prior to the filing of the notice, not three years prior to the filing of the complaint.

> **B.    WAITSTAFF AT THE WEST RESTAURANT SHOULD NOT HAVE BEEN INCLUDED IN THE FLSA COLLECTIVE BECAUSE PLAINTIFFS HAVE NOT MADE A SUFFICIENT SHOWING THAT THEY ARE SIMILARLY SITUATED TO THE NAMED PLAINTIFFS AND OPT-IN PLAINTIFF QUEK YEOW YAP**

Defendants also ask the Court reconsider its decision to include the West Restaurant's waiters in the collective. The reason this aspect of the decision warrants reconsideration is that it appears that the Court based its decision to include the West Restaurant's waiters into the collective based on a misreading of a declaration submitted by opt-in Plaintiff Quek Yeow Yap. Specifically, the Court found that:

> In addition, with respect to waiters and waitresses employed by Defendants, the Named Plaintiffs submitted an affidavit from Quek Yeow Yap, an opt-in Plaintiff who was not initially named in the action. (*See* Yap Aff.) Because Quek Yeow Yap alleges that he frequently worked between forty to fifty hours a week without overtime compensation, (*see id.* ¶¶ 4–7), that he was not compensated at the minimum wage, (*id.* ¶ 15), that he was not provided with wage statements, (*id.* ¶ 18), and that he has spoken to other waiters and waitresses in a similar situation, (*see id.* ¶¶ 20–31), ***I find that the Named Plaintiffs have made a sufficient factual showing to certify a collective including waitstaff at Shun Lee Palace and Shun Lee West. Quek Yeow Yap's affidavit sufficiently alleges that waiters and waitresses at both locations were similarly situated to the Named Plaintiffs, and this affidavit is enough to satisfy the burden of conditional certification.***

(Order, p. 9) (emphasis added). However, contrary to the Court's decision and reasoning, it is undisputed that opt-in Plaintiff Yap submitted a declaration that merely provided as follows:

7

> From 1998 to 2002, from 2006 to 2008, and from on or about March 26, 2011 to the present, I was employed by Defendant to work as a waiter for Shun Lee Palace Restaurant, Inc. d/b/a Shun Lee Palace located at 155 East 55th Street, New York, NY 10022.

(*see* Dkt. 59-8, Affidavit of Quek Yeow Yap Filed February 8, 2018 ("Yap Aff."), ¶ 2).  Opt-in Plaintiff Yap mentions only working at the East Restaurant location. His declaration also only refers to several waiters who worked exclusively at the East Restaurant location including "Steven Cheung," "Tony Yue," "Zhang," "Fong," "Man Sung Chan," "David," "Kent," and "Monalisa Wong." (*Id*., ¶¶ 24-31). Plaintiff Yap makes no mention about the wait staff who worked at the West Restaurant location in his affidavit, and has not provided any testimony regarding the working conditions or pay rates of the wait staff at the West Restaurant. (*Id*., ¶¶ 2, 24-31).  Likewise, none of the other affidavits or declarations that Plaintiffs submitted in support of their motion for conditional collective action certification discussed any aspect of the West Restaurant's wait staff's working conditions or rates of pay.[3]

As such, Defendants respectfully maintain that the Court was mistaken when it held that, "I find that the Named Plaintiffs have made a sufficient factual showing to certify a collective including wait staff at Shun Lee Palace and ***Shun Lee West"*** because Plaintiffs have objectively failed to provide any factual knowledge (let alone any allegation) concerning the West Restaurant's waiters and "have offered nothing of evidentiary value" that could support inclusion of the West Restaurant's workers in the collective.  (Order, p. 10).

---

[3] For instance, the declarations of the deliverymen Tong Wei Wu (who alleges that he worked at the West Restaurant from September 20, 2009 to September 11, 2014) and Zhiqiang Lu (who alleges that he worked at the West Restaurant from November 2014 to August 31, 2016) do not state or discuss any aspect of the hours worked, the duties, or rates of pay of the wait staff at the West Restaurant. (*see* Dkt. 59-6, Affidavit of Tong Wei Wu Filed February 8, 2018 ("Tong Aff.") and Dkt. 59-7, Affidavit of Zhiqiang Lu Filed February 8, 2018 ("Lu Aff.")).

### C. THE EAST RESTAURANT'S WAITERS ARE OBLIGATED TO GRIEVE OVERTIME DISPUTES AND ARE THEREFORE NOT SIMILARLY SITUATED TO THE REST OF THE COLLECTIVE

Defendants also respectfully seek reconsideration of the Court's ruling that the collective should include the East Restaurant's waiters. Defendants believe that the Court may have overlooked a significant part of their argument in opposing Plaintiffs' motion, namely that the East Restaurants are not eligible to raise FLSA or other wage and hour claims in court because they are required to abide by the grievance and arbitration process set forth in the CBA. Specifically, in deciding to include the East Restaurant's waiters in the collective, the Court did not address the waiters' requirement to raise issues through grievance and arbitration and only stated:

> Although Defendants claim that waiters and waitresses at Shun Lee Palace are not similarly situated because they are subject to a collective bargaining agreement, this fact is 'not a difference that makes a difference – non-exempt employees, whether union members or not, are entitled to be paid at overtime rates for hours worked in excess of 40 per week.'

(Order, pp. 9-10).

While the Court is undoubtedly correct that non-exempt employees, even those who are union members, are entitled to be paid overtime if they work more than forty hours in a workweek, that is not the primary issue that Defendants presented in their opposition to Plaintiffs' motion for conditional collective action certification. Defendants' opposition instead focused on the fact that provisions within the CBA require employees to grieve and raise those disputes in arbitration, not in Court. Indeed, as Defendants argued in their opposition papers,

> Claims based "squarely on the terms of the collective bargaining agreement" are "preempted by the Labor Management Relations Act and the National Labor Relations Act." *Ellis v. Harpercollins Publishers, Inc.*, 2000 WL 802900, at *2 (S.D.N.Y. Jun. 21, 2000) (dismissing the complaint and stating "[b]ecause the reported violation is based on a failure to pay union employees in

9

> accordance with the terms of a CBA, however, this violation is preempted by Section 301 of the Labor Management Relations Act ("LMRA")"); *Hoops v. Keyspan Energy*, 794 F. Supp. 2d 371, 379 (E.D.N.Y. 2011) ("Where, as here, 'the alleged violations hinges on the collective bargaining agreements' definition of the terms of employment, they must be brought under the LMRA and in accordance with the agreement's grievance and arbitration provisions…[b]ecause the instant case would require the Court to interpret the CBA to determine whether it embodied an agreement between the parties to pay the Plaintiff contractual shift differentials for certain shifts and work, the [p]laintiff's claim is preempted by the LMRA.").

In other words, since the CBA at issue here specifically addresses tip pooling, the guarantee of a full-week's work, and overtime -- the exact claims that the East Restaurant's waiters are theoretically asserting in this Action, these claims **must** be heard before an arbitrator not before this Court. *See 14 Penn Plaza LLC v. Pyett*, 129 S. Ct. 1456 (2009) (holding that a CBA that "clearly and unmistakably requires union members to arbitrate… is enforceable").

It is also worth noting that the United States Supreme Court recently issued a decision re-emphasizing the deference that Courts should apply towards arbitration agreements. In *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612 (2018) the Supreme Court noted that "Congress has instructed that arbitration agreements like those before us must be enforced as written." *Id*. at 1632. In *Epic* the Supreme Court determined that Plaintiff was bound by the arbitration agreement that he signed. Similarly, those unionized waiter employees in the instant matter, should be bound by the CBA's provisions setting forth the grievance and arbitration procedures, that they as unionized employees collectively bargained for.

However, in its Order the Court did not address the issue of whether the East Restaurant's waiters were properly before the Court or whether their claims should proceed in arbitration in

accordance with the CBA.[4]

Because the Court's Order overlooked Defendants' primary argument supporting exclusion of the East Restaurant's waiters, and intervening controlling law, Defendants request that the Court reconsider its decision and exclude the East Restaurant's waiters from the collective.

## V.  CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court grant Defendants' motion for reconsideration.

              Respectfully submitted,

Date: July 12, 2018
    New York, New York

            */s/ A. Michael Weber*
            A. Michael Weber
            Eli Z. Freedberg
            Maayan Deker
            Kevin K. Yam
            LITTLER MENDELSON
            A Professional Corporation
            900 Third Avenue
            New York, NY  10022.3298
            212.583.9600

            *Attorneys for Defendants*

---

[4] Defendants originally sought permission to move to strike the opt-ins from this case. (Dkt. No. 53).  This Court, in denying Defendants' request, ruled that Defendants had to wait until after the Court determined whether conditional certification was appropriate before any opt-in notices could be stricken. (Dkt. No. 54).   Now if the Court is not inclined to reconsider its decision allowing the East Restaurant's waiter to participate in the collective, then Defendants respectfully seek permission to brief a motion to strike them from the collective and dismiss them from the case entirely.