

Littler Mendelson, PC
900 Third Avenue
New York, NY  10022.3298

Eli Z. Freedberg
212.583.2685 direct
212.583.9600 main
212.954.5011 fax
efreedberg@littler.com

July 12, 2018

**VIA ECF**

The Honorable Vernon S. Broderick
United States District Judge
United States District Court for the Southern District of New York
40 Foley Square
New York, New York 10007

**Re:    Wang et al. v. Shun Lee Palace Restaurant, Inc. et al., 17-cv-840 (VSB)**

Dear Judge Broderick:

We are counsel for Shun Lee Palace Restaurant, Inc. ("Shun Lee Palace"), T&W Restaurant, Inc. ("Shun Lee West"), John Hwang, Michael Tong, Bin Hu, and William Hwang (collectively "Defendants") in the above-referenced action.

On June 28, 2018 the Court denied in part, and granted in part, Plaintiff's motion for conditional collective action certification pursuant to 29 U.S.C. § 216(b) (the "Order"). *See* Dkt. 79. Pursuant to the Order, the Court: (1) ordered Defendants "to produce contact information for delivery persons and waitstaff who have worked at Shun Lee Palace and Shun Lee West between February 3, 2014 and the date of issuance of this [Order]," *see* Order, p.13; and (2) directed the parties "to meet and confer regarding the Notice [of Pendency] and attempt to agree upon the content and method of distribution of the [N]otice, and to submit a revised Notice, as well as a joint letter updating me as to the parties' discussions, by July 20, 2018." *See* Order, p. 14.

On July 12, 2018, Defendants filed a motion for reconsideration. *See* Dkts. 81-82. Since the outcome of the motion for reconsideration may limit the scope of the collective, Defendants respectfully request that the Court enter an order briefly staying the deadline to submit the form notice to the collective. Staying this deadline will not prejudice the collective because even if the Court denies Defendants' motion, notice will eventually go out to the entire collective as defined by the Court. On the other hand, if the Court agrees with Defendants, and finds that the collective was too broadly defined, and declines to stay the deadline to disseminate notice, notice may go out to employees who are not entitled to such notice.

littler.com

The Honorable Vernon S. Broderick
July 12, 2018
Page 2

We appreciate Your Honor's consideration of Defendants' request.

Respectfully submitted,

Littler Mendelson, P.C.

/s/ *Eli Z. Freedberg*

Eli Z. Freedberg

cc:   John Troy (via ECF)