UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                                    :

CHENG XIA WANG, CHUNIN ZHANG,       :
JUN QING ZHAO, BAO GUO ZHANG,       :
ZE JUN ZHANG, GUOYI WANG, TONG    :
WEI WU, and ZHI QIANG LU, On Behalf of :     17-CV-00840 (VSB)
Themselves and Others Similarly Situated,  :
                                                                 :      **OPINION & ORDER**
                                                      Plaintiffs,  :
                                                                        :

                            - against -                     :

SHUN LEE PALACE RESTAURANT, INC., :
d/b/a SHUN LEE PALACE, T&W               :
RESTAURANT, INC. d/b/a SHUN LEE      :
WEST, JOHN HWANG, MICHAEL TONG,  :
BIN HU, and WILLIAM HWANG,           :
                                                                       :
                                                    Defendants  :
-------------------------------------------------------------X

Appearances:

Kibum Byun
John Troy
Troy Law, PLLC
Flushing, New York
*Counsel for Plaintiffs*

A. Michael Weber
Eli Zev Freedberg
Huan Xiong
Kevin K. Yam
Maayan Deker
Littler Mendelson, P.C.
New York, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

      Plaintiffs Cheng Xia Wang, Chunlin Zhang, Jun Qing Zhao, Bao Guo Zhang, Ze Jun Zhang, Guoyi Wang, Tong Wei Wu, and Zhi Qiang Lu (the "Named Plaintiffs") commenced the

1

instant action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 et seq., against Defendants Shun Lee Palace Restaurant, Inc. ("Shun Lee Palace"), T&W Restaurant, Inc. ("Shun Lee West"), John Hwang, Michael Tong, Bin Hu, and William Hwang (the "Individual Defendants," and collectively with Shun Lee Palace and Shun Lee West, "Defendants"). Before me is Defendants' motion for reconsideration, filed pursuant to Local Civil Rule 6.3. (Doc. 80.) Defendants request that I reconsider certain elements of the June 28, 2018 Opinion & Order ("June Order"), in which I granted in part and denied in part Plaintiffs' motion for conditional certification pursuant to § 216(b) of the FLSA. (Doc. 79.) Because Defendants have failed to identify controlling law or data that I overlooked, or intervening law or new evidence, Defendants' motion for reconsideration is DENIED.

## I. **Procedural History**[1]

The Named Plaintiffs filed their complaint (the "Complaint") against Defendants for violations of the FLSA and the NYLL on February 3, 2017. (Doc. 1.) Defendants filed their answer on April 21, 2017. (Doc. 21.) Between February 3, 2017 and December 19, 2017, twenty-four parties filed consents to become a party plaintiff under the FLSA.[2] (*See* Docs. 4–11, 13, 28–31, 32–39, 48, 51, 52.) On February 8, 2018, the Named Plaintiffs filed their motion to conditionally certify the class. (Doc. 58.) I granted in part and denied in part the motion on June 28, 2018. (Doc. 79.) On July 12, 2018, Defendants filed a motion for reconsideration and a

---

[1] For purposes of this Opinion & Order, I assume familiarity with the factual and procedural background of the action, and incorporate by reference the background detailed in my June Order. (Doc. 79.)

[2] These opt-in consents were filed without me first deciding whether conditional certification was warranted, and thus when Defendants filed a letter motion for leave to file a motion to strike the opt-in notices, I denied the request and directed the Named Plaintiffs to move for conditional certification of the collective action, which is required as the first step of conditional certification before any party may move to strike the opt-in notices. *See Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007).

2

memorandum of law in support. (Docs. 80–81.) The Named Plaintiffs filed their opposition on July 26, 2018, (Doc. 84), and Defendants filed their reply on August 2, 2018, (Doc. 85).

## II.    **Applicable Law**

Local Civil Rule 6.3 allows reconsideration or reargument of a court's order in certain limited circumstances.[3] The standard for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). Nor is a motion for reconsideration a time to "advance new facts, issues or arguments not previously presented to the Court." *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690(MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (internal quotation marks omitted).

The decision of whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753(KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)). Generally, a party seeking reconsideration must show either "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 702–03 (S.D.N.Y.

---

[3] Local Rule 6.3 provides that "[u]nless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment." Defendants timely filed their motion for reconsideration.

3

2011) (quoting *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001)).

### III. Discussion

Defendants request that I reconsider three elements of my June Order by: (1) re-setting the beginning date of the collective from February 3, 2014 to June 28, 2015; (2) excluding waiters who worked at Shun Lee West from the collective; and (3) excluding waiters who worked at Shun Lee Palace from the collective because they are subject to a collective bargaining agreement. Defendants do not point to an "intervening change of controlling law" since my June Order, and they do not call my attention to "the availability of new evidence." *Id.* Therefore, Defendants' motion may only be granted if there is a "need to correct a clear error." *Id.*

#### A. *Notice Period*

Defendants request that I reconsider my decision to begin the notice period for the collective as of February 3, 2014, which is three years prior to the filing of the Complaint. (Defs.' Mem. 1, 4–7.)[4] They argue that courts typically begin the notice period on the date three years prior to the entry of an order granting conditional certification to the collective. *See, e.g.*, *Cordova v. SCCF, Inc.*, No. 13CV05665-LTS-HBP, 2014 WL 3512820, at *6 (S.D.N.Y. July 16, 2014). Defendants cannot identify any "controlling decisions" that I "overlooked" in the June Order, *see Shrader*, 70 F.3d at 257, because "district courts have discretion, in appropriate cases, to implement § 216(b) by facilitating notice to potential plaintiffs," *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (internal quotation marks omitted). Even in cases where courts

---

[4] "Defs.' Mem." refers to Defendants' Memorandum of Law in Support of Their Motion for Reconsideration, dated July 12, 2018. (Doc. 81.)

4

have not found that exceptional circumstances warrant tolling, district courts may—and often do—in their discretion, begin the notice period three years before the complaint is filed "[b]ecause equitable tolling issues often arise as to individual opt-in plaintiffs [and] challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date." *Yap v. Mooncake Foods, Inc.*, 146 F. Supp. 3d 552, 565 (S.D.N.Y. 2015) (internal quotation marks omitted); *see also, e.g.*, *Valerio v. RNC Indus., LLC*, 314 F.R.D. 61, 74 (E.D.N.Y. 2016); *Fa Ting Wang v. Empire State Auto Corp.*, No. 14-CV-1491 (WFK)(VMS), 2015 WL 4603117, at *13 (E.D.N.Y. July 29, 2015) (finding that in light of the possibility that certain potential collective members "may have good faith arguments for the application of equitable tolling . . . the remedial purposes of the FLSA are best served by setting the time for both discovery and notice using the date of the filing of the Complaint," even though the "Court offer[ed] no opinion as to the merits of any such future argument").

Accordingly, I find that I did not err when I set the notice period as three years before the filing of the Complaint, and Defendants' motion for reconsideration on the notice period is denied.

### B. *Waiters at Shun Lee West*

Defendants argue that my decision to include the waiters from Shun Lee West in the conditional collective was based on a misreading of the only affidavit submitted by a waiter, the affidavit of Named Plaintiff Quek Yeow Yap.[5] (Defs.' Mem. 8; *see also* Quek Yao Yap Aff.)[6] Defendants point out that "Quek Yao Yap mentions only working at [Shun Lee Palace]" and

---

[5] As discussed in the June Order, the other affidavits were submitted by delivery people. (*See* June Order 10.)

[6] "Defs.' Mem." refers to Defendants' Memorandum of Law in Support of Their Motion for Reconsideration, dated July 12, 2018. (Doc. 81.) "Quek Yao Yap Aff." refers to the Affidavit of Quek Yeow Yap in Support of Plaintiffs' Motion for Conditional Collective Certification, dated February 2, 2018. (Doc. 59-8.)

5

"only refers to several waiters who worked exclusively at [Shun Lee Palace]." (Defs.' Mem. 8.) Defendants are merely "repeating [an] old argument[]" that I "previously rejected," *see Associated Press*, 395 F. Supp. 2d at 19, having offered the same interpretation of Quek Yao Yap's affidavit in their memorandum opposing the Named Plaintiffs' motion for conditional certification, (Doc. 71, at 10–11 ("Opt-in Yap was only employed at the East Restaurant . . . . He also does not describe that he was similarly situated to any other category of employees other than waiters at the East Restaurant.")).[7]

Defendants' interpretation overlooks Paragraphs 20–31, which I cited in the June Order, (*see* June Order 9), in which Quek Yeow Yap states that he knew other waiters employed by Defendants were subject to the same unlawful policy because "Defendants told us that all waiters were paid at the same rate, the subminimum wage for waiters." (Quek Yao Yap Aff. ¶¶ 20–21.) Quek Yao Yap did not distinguish between Shun Lee Palace and Shun Palace West when he stated that Defendants had an unlawful policy, and he stated that he spoke with several waiters supporting his statement that Defendants did indeed have such a policy. (Quek Yao Yap ¶¶ 24–31.) Even without a specific reference to Shun Lee West, I found that Quek Yao Yap's statements regarding policies held by all Defendants satisfied the Named Plaintiffs' burden of making a "modest factual showing" that the waiters at both locations were similarly situated. *See Myers*, 624 F.3d at 554 (internal quotation marks omitted). Therefore, Defendants have failed to meet their burden to demonstrate the need to "correct a clear error" in my June Order,

---

[7] The Named Plaintiffs submitted a second affidavit from Quek Yao Yap with their reply brief in support of their motion for conditional certification, in which he states that he worked at Shun Lee West. (Doc. 77-20.) Defendants argue that the introduction of new evidence with a reply brief was improper, and that I therefore should not consider Quek Yao Yap's second affidavit. (Defendants' Reply Memorandum of Law in Support of Their Motion for Reconsideration at 5–6 (Doc. 85).) Because I find that Quek Yao Yap's original affidavit makes a modest factual showing that the waiters at both locations are similarly situated, I need not consider whether the second affidavit was appropriately submitted.

6

and their motion for reconsideration on the inclusion of waiters at Shun Lee West in the collective is denied. *See Beacon Assocs.*, 818 F. Supp. 2d at 702–03.

### C. *Waiters at Shun Lee Palace*

Defendants ask that I reconsider my decision to include waiters at Shun Lee Palace in the collective because I "may have overlooked" a part of their argument in their original brief, which stated that the waiters at Shun Lee Palace "are not eligible to raise FLSA or other wage and hour claims in court because they are required to abide by the grievance and arbitration process set forth in the CBA." (Defs.' Mem. 9.) In their memorandum opposing the Named Plaintiffs' motion for conditional certification, Defendants argued that the "waiters . . . at [Shun Lee Palace] are not similarly situated to anyone else in the putative collective because they are members of a union and are subject to a CBA." (Doc. 71, at 14.) Once again, Defendants are impermissibly repeating old arguments that I have already rejected. *See Associated Press*, 395 F. Supp. 2d at 19. Even before the Named Plaintiffs filed their motion for conditional certification, Defendants requested permission to file a motion to strike certain Plaintiffs from the case because they were subject to a collective bargaining agreement. (Doc. 53.) I instructed Defendants then—and my view has not changed—that such a motion would not be appropriate until *after* a collective action has been certified. (Doc. 54.) Accordingly, Defendants' motion for reconsideration on the inclusion of waiters at Shun Lee Palace in the collective is denied.

## IV. <u>Conclusion</u>

For the reasons stated above, Defendants' motion for reconsideration is DENIED. The Clerk of Court is directed to terminate the open motion at Document 80.

SO ORDERED.

Dated: March 13, 2019
       New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge