UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BAO GUO ZHANG, GUOYI WANG,
TONG WEI WU,  ZHI QIANG LU,
CHENG XIA WANG,  CHUNLIN ZHANG,
JUN QING ZHAO, and ZE JUN ZHANG a/k/a
Zejun Zhang,  *on behalf of themselves and others
similarly situated*, and

YA QIANG ZHANG,  JUN LING ZHAO,
HUI MIN ZHAO,  JING GUAN,  HUI LIANG
ZHAO, and  LI WENG, *on behalf of themselves and
others similarly situated,*
Plaintiffs,

Plaintiffs,

v.

SHUN LEE PALACE RESTAURANT, INC. D/B/A
SHUN LEE PALACE; T&W RESTAURANT, INC.
D/B/A SHUN LEE WEST; T&W PAYROLL
SERVICES, INC., JOHN HWANG; MICHAEL
TONG; BIN HU; AND WILLIAM HWANG

Defendants.

Civil Case No. 17-cv-00840

*Date of Service – February 14, 2020*


**MEMORANDUM OF LAW IN SUPPORT OF
<u>DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT</u>**


Eli Z. Freedberg
Kevin K. Yam
**LITTLER MENDELSON, P.C.**

*Attorneys for Defendants*

# TABLE OF CONTENTS

**PAGE**

I.  PRELIMINARY STATEMENT CONCERNING THE AMENDED COMPLAINT ................................................................................................ 1

II.  RELEVANT PLEADED FACTS ................................................................................ 2

III.  LEGAL STANDARD .............................................................................................. 4

IV.  LEGAL ARGUMENT ............................................................................................. 6

    A.  Plaintiffs Fail to Plead That the Individual Defendants and T & W Payroll Employed Them ................................................................................... 6

        1.  Plaintiffs Fail to Plead That Individual Defendants Bin Hu, John Hwang, and William Hwang Had Formal Control Over Them ................ 7

        2.  Plaintiffs Also Fail To Plead That Individual Defendants Bin Hu, John Hwang and William Hwang Had Functional Control Over Them ................................................................................................... 11

        3.  Plaintiffs Fail to Plausibly Plead That T & W Payroll Was a "Joint-Employer" ................................................................................. 12

        4.  Plaintiffs Have Failed To Plead Facts To Assert A Claim That Michael Tong Is Jointly And Severally Liable For The Period After He Sold The Restaurants And That Bin Hu Is Jointly And Severally Liable For The Period Prior To His Purchase Of The Restaurants ................................................................................... 13

    B.  Plaintiffs' Eighth Cause of Action Against Defendants For Allegedly Failing to Provide Proper Meal Periods Must Be Dismissed Because There Is No Such Private Right of Action ........................................................... 14

    C.  Plaintiffs' Twelfth Cause of Action Against Defendants Must Be Dismissed For Failure to State a Claim ........................................................... 15

    D.  Plaintiffs' Thirteenth Cause of Action Against Defendants Must Be Dismissed For Failure to State a Claim ........................................................... 16

    E.  Plaintiffs Bao Guo Zhang, Guoyi Wang, and Chunlin Zhang's FLSA Claims Are Time-Barred, and The Court Should Decline Supplemental Jurisdiction Over Their NYLL and New York Common Law Claims ................ 18

V.  CONCLUSION ....................................................................................................... 20

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)....................................................................................................4, 5

*Bai v. Zhuo*,
    No. 13-CV-05790, 2014 WL 2645119 (E.D.N.Y. June 13, 2014) .....................................6, 12

*Bell Atlantic v. Twombly*,
    550 U.S. 544 (2007)........................................................................................................5

*Bravo v. Eastpoint Int'l*,
    No. 99-CV-9474, 2001 WL 314622 (S.D.N.Y. Mar. 30, 2001) .........................................9

*Bravo v. Established Burger One, LLC*,
    No. 12-CV-9044, 2013 WL 5549495 (S.D.N.Y. Oct. 8, 2013).....................................7, 8, 12

*Camara v. Kenner*,
    No. 16-CV-7078 (JGK), 2018 WL 1596195 (S.D.N.Y. Mar. 29, 2018) ....................18, 19, 20

*Carter v. Dutchess County Community College*,
    735 F. 2d 8 (2d Cir. 1984).......................................................................................7, 10, 11, 12

*Gisomme v. Healthex Corp.*,
    No. 13-CV-2541, 2014 WL 2041824 (E.D.N.Y. May 15, 2014) .......................................9, 12

*Godlewska v. HDA*,
    916 F. Supp. 2d 246 ........................................................................................................13

*Harris v. Mills*,
    572 F.3d 66 (2d Cir. 2009)................................................................................................5

*Heard v. MTA Metro-N. Commuter R.R. Co.*,
    No. 02-cv-7565, 2003 WL 22176008 (S.D.N.Y. Sept. 22, 2003) ...........................................18

*Heng Chan v. Sung Yue Tung Corp. d/b/a/ 88 Palace*,
    No. 03-CV-6048, 2007 WL 313483 (S.D.N.Y. Feb 1,2007)......................................................8

*Herman v. RSR Sec. Servs. Ltd.*,
    172 F.3d 132 (2d Cir. 1999)..............................................................................................6

*Hernandez v. Habana Room, Inc.*,
    No. 11-CV-1264, 2012 WL 423355 (S.D.N.Y. Feb. 9, 2012)...................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Hill v. City of New York*,
    136 F. Supp. 3d 304, 350–51 (E.D.N.Y. 2015 .......................................................15

*Hsieh Liang Yeh v. Han Dynasty, Inc.*,
    No. 18-CV-6018, 2019 WL 633355 (S.D.N.Y. Feb. 14, 2019) ...................9, 11, 12

*Irizarry v. Catsimatidis*,
    722 F.3d 99 (2d Cir. 2013) .............................................................................6

*Jankowski v. Castaldi*,
    No. 01-CV-0164, 2006 WL 118973 (E.D.N.Y. Jan. 13, 2006) ...........................8, 12

*Katzman v. Essex Waterfront Owners LLC*,
    660 F.3d 565 (2d Cir. 2011) (per curiam) ..........................................................15

*Katzman v. Essex Waterfront Owners LLC*,
    No. 09 Civ. 7541(DAB), 2010 WL 3958819 (S.D.N.Y. Sept. 29, 2010), *aff'd*,
    660 F.3d 565 (2d Cir. 2011) ............................................................................15

*Lundy v. Catholic Health Sys. of Long Island Inc.*,
    711 F.3d 106 (2d Cir. 2013) ...........................................................................18

*Matson v. Board of Educ. of the City Sch. Dist. of N.Y.*,
    631 F.3d 57 (2d Cir. 2011) ..............................................................................5

*Maurizio v. Goldsmith*,
    230 F.3d 518 (2d Cir. 2000) ...........................................................................16

*Mazzone v. Daily Press LLC*,
    No. 16-CV-3271, 2017 WL 4466861 (E.D.N.Y. Sept. 30, 2017) (Irizarry, J.) ........5

*Olvera v. Bareburger Grp. LLC*,
    73 F. Supp. 3d 201 (S.D.N.Y. 2014) ..................................................................6

*Ruixuan Cui v. E. Palace One, Inc.*,
    No. 17-CV-6713, 2019 WL 4573226 (S.D.N.Y. Sept. 20, 2019) .................8, 11, 12

*Ruston v. Town Bd. for the Town of Skaneateles*,
    610 F.3d 55 (2d Cir. 2010) ..............................................................................5

*Sklodowska-Grezak v. Stein*,
    236 F. Supp. 3d 805 (S.D.N.Y. 2017) ...............................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Spagnola v. Chubb Corp.*,
 574 F.3d 64 (2d Cir. 2009)...........................................................................................16

*Torres Ibarra v. W&L Group Construction, Inc. et al.*,
 No. 19-CV-01582, 2019 WL 5863951 (E.D.N.Y. Nov. 8, 2019) ............................................5

*Tracy v. NVR, Inc.*,
 No. 04-CV-6541, 2009 WL 3153150 (W.D.N.Y. Sept. 30, 2009) ................................8, 11, 12

*Vasto v. Credico (USA) LLC*,
 No. 15-CV-9298, 2016 WL 4147241 (S.D.N.Y. Aug. 3, 2016)................................................9

*Yahui Zhang v. Akami Inc.*,
 No. 15-CV-4946 (VSB), 2017 WL 4329723 (S.D.N.Y. Sept. 26, 2017) ...................15, 16, 17

*Zheng v. Liberty Apparel Co.*,
 355 F.3d 61 (2d Cir. 2003)..................................................................................7, 11, 13

**Statutes**

26 U.S.C. § 6724(d)(1)(A)(vii) ............................................................................................15

26 U.S.C. § 7434................................................................................................1, 2, 15, 16

26 U.S.C. § 7434(a) ............................................................................................15, 16

28 U.S.C. § 1367(c)(3)................................................................................................18

29 U.S.C. § 203(d) ................................................................................................6

29 U.S.C. § 255(a) ................................................................................................19

N.Y. Gen. Bus. Law § 349...............................................................................................*passim*

N.Y. Gen. Bus. Law § 349(a) ................................................................................................16

**Other Authorities**

Federal Rules of Civil Procedure Rule 12(b)(6) .......................................................................1, 4

iv.

Defendants Shun Lee Palace Restaurant, Inc. ("Shun Lee Palace"), T & W Restaurant, Inc. ("Shun Lee West"), T & W Payroll Services, Inc. ("T & W Payroll"), John Hwang, William Hwang, Michael Tong, and Bin Hu (collectively, "Defendants") submit this memorandum of law in support of Defendants' Motion to Dismiss the Amended Complaint of Plaintiffs Bao Guo Zhang, Guoyi Wang, Tong Wei Wu, Zhi Qiang Lu, Cheng Xia Wang, Chunlin Zhang, Jun Qing Zhao, Ze Jun Zhang, Ya Qiang Zhang, Jun Ling Zhao, Hui Min Zhao, Jing Guan, Hui Liang Zhao, and Li Weng (collectively, "Plaintiffs") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I.    PRELIMINARY STATEMENT CONCERNING THE AMENDED COMPLAINT

Plaintiffs filed an Amended Complaint on December 17, 2019. *See* Declaration of Eli Z. Freedberg, dated February 14, 2020, at ¶ 2, Ex. A (the "Complaint"). In their Complaint, Plaintiffs assert thirteen federal and state wage-and-hour claims and related statutory and common law claims against Defendants including that:

- Defendants failed to pay minimum wage and overtime in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") (**Counts 1–4**);

- Defendants violated the NYLL and its accompanying regulations when they failed to pay Plaintiffs spread-of-hours pay (**Count 5**), failed to pay and/or reimburse Plaintiffs for tools of the trade (**Counts 6-7**), failed to provide proper meal periods (**Count 8**), failed to meet record-keeping requirements and failed to issue pay rate notices and wage statements (**Counts 9-11**); and

- Plaintiffs further assert claims against Defendants for civil damages for fraudulent filing of returns pursuant to 26 U.S.C. § 7434 (**Count 12**) and for civil damages for deceptive acts and practices in violation of New York General Business Law § 349 (**Count 13**).

Plaintiffs' Complaint must be dismissed because they have failed to plead specific facts to establish that the individual Defendants John Hwang, William Hwang, Michael Tong, and Bin Hu (collectively, the "Individual Defendants") and the corporate Defendant T & W Payroll were their

employers. At very least Plaintiffs have failed to plead sufficient facts to establish that Bin Hu and Michael Tong should be considered their employers for the entire statute of limitations period in which Plaintiffs seek recovery.  Without pleading facts to support their allegations that the Individual Defendants and T & W Payroll were their employers, Plaintiffs' minimum wage and overtime claims (Counts 1–4) and accompanying state law wage-and-hour claims (Counts 5-7 and 9–11) against the Individual Defendants and T & W Payroll must be dismissed.

Further, Plaintiffs' claim for the purported denial of meal breaks (Count 8) must be dismissed because there is no private cause of action for such claim.  Plaintiffs have also failed to assert any facts at all to state a claim against Defendants for the alleged fraudulent filing of IRS returns pursuant to 26 U.S.C. § 7434 (Count 12).  Likewise, Plaintiffs have not identified any facts to support their claim that Defendants perpetrated any deceptive acts and practices which is necessary to support a claim asserting a violation of New York General Business Law § 349 (Count 13).

Finally, the FLSA claims of Plaintiffs Bao Guo Zhang, Guoyi Wang, and Chunlin Zhang are time-barred, and as such, the Court should decline supplemental jurisdiction over their remaining NYLL and New York common law claims.

## II.    RELEVANT PLEADED FACTS

Plaintiffs allege that they worked at either Shun Lee Palace or Shun Lee West. *See generally* Compl., ¶¶ 54-318.  Plaintiffs assert a variety of wage-and-hour, statutory, and common law claims against Defendants. *See* Compl. ¶¶ 335-409. Plaintiffs admit that Individual Defendant Tong only owned and operated Shun Lee Palace and Shun Lee West until October 2015.  *See* Compl. ¶ 38.  Plaintiffs do not allege that Mr. Tong owned or operated either restaurant after this time period. Likewise, Plaintiffs concede that Individual Defendant Hu only owned and operated Shun Lee Palace and Shun Lee West after October 2015 when he purchased the restaurant from

2

Individual Defendant Tong.  *See* Compl. ¶ 48. Plaintiffs do not allege that Mr. Hu owned or operated either restaurant before this time period. Despite acknowledging that Mr. Tong was not involved with the restaurants after he sold his shares of the restaurants and that Mr. Hu had no involvement with the restaurants prior to his purchase of the shares of the restaurants, Plaintiffs seek to hold each Individual Defendant jointly and severally liable for all of the alleged violations during the entire relevant statute of limitations period.  *See* Compl. ¶¶ 42, 44, 46, 50, 398, 402, 405, and 408.

Plaintiffs do not provide a lot of information about the actual roles and responsibilities of T&W Payroll and of the Individual Defendants Bin Hu, John Hwang and William Hwang.  The following allegations constitute Plaintiffs' entire reference to the Individual Defendants and T & W Payroll:

33.   "Upon information and belief, T & W PAYROLL SERVICES, INC. issues checks and paystubs to the employees of T & W RESTAURANT, INC. d/b/a Shun Lee West." *See* Compl. ¶ 33

43.   "Upon information and belief, JOHN HWANG was a general manager at Shun Lee West and as such (1) had the power to hire and fire T & W RESTAURANT, INC. d/b/a Shun Lee West employees, (2) supervised and controlled employee work schedules or conditions of employment at T & W RESTAURANT, INC. d/b/a Shun Lee West, (3) determined the rate and method of payment of employees of T & W RESTAURANT, INC. d/b/a Shun Lee West, and (4) maintained employee records for T & W RESTAURANT, INC. d/b/a Shun Lee West." *See* Compl. ¶ 43.

45.   "Upon information and belief, WILLIAM HWANG (1) had the power to hire and fire SHUN LEE PALACE RESTAURANT, INC. d/b/a Shun Lee Palace employees and T & W RESTAURANT, INC. d/b/a Shun Lee West employees, (2) supervised and controlled employee work schedules or conditions of employment at SHUN LEE PALACE RESTAURANT, INC. d/b/a Shun Lee Palace and T & W RESTAURANT, INC. d/b/a Shun Lee West, (3) determined the rate and method of payment of employees of SHUN LEE PALACE RESTAURANT, INC. d/b/a Shun Lee Palace employees and T & W RESTAURANT, INC. d/b/a Shun Lee West, and (4) maintained employee records for SHUN LEE PALACE RESTAURANT, INC. d/b/a Shun Lee Palace employees and T & W RESTAURANT, INC. d/b/a Shun Lee West." *See* Compl. ¶ 45.

48.     "Upon information and belief, BIN HU a/k/a Bin Wu purchased shares in SHUN LEE PALACE RESTAURANT, INC. d/b/a Shun Lee Palace and T & W RESTAURANT, INC. d/b/a Shun Lee West from MICHAEL TONG in about October 2015." *See* Compl. ¶ 48.

49.     "Upon information and belief, after about October 2015, BIN HU a/k/a Bin Wu, as a shareholder and officer of SHUN LEE PALACE RESTAURANT, INC. d/b/a Shun Lee Palace and T & W RESTAURANT, INC. d/b/a Shun Lee West (1) had the power to hire and fire SHUN LEE PALACE RESTAURANT, INC. d/b/a Shun Lee Palace employees and T & W RESTAURANT, INC. d/b/a Shun Lee West employees, including Plaintiffs, (2) supervised and controlled employee work schedules or conditions of employment at SHUN LEE PALACE RESTAURANT, INC. d/b/a Shun Lee Palace and T & W RESTAURANT, INC. d/b/a Shun Lee West, (3) determined the rate and method of payment of employees of SHUN LEE PALACE RESTAURANT, INC. d/b/a Shun Lee Palace and T & W RESTAURANT, INC. d/b/a Shun Lee West, and (4) maintained employee records for SHUN LEE PALACE RESTAURANT, INC. d/b/a Shun Lee Palace and T & W RESTAURANT, INC. d/b/a Shun Lee West." *See* Compl. ¶ 49.

*See* Compl. ¶¶ 33, 38-41, 43, 45, 48-49. With respect to Individual Defendant Hu, Plaintiffs also claim that:

Upon information and belief, Defendant Bin Wu, known as "Big Boss" to Plaintiff, is the owner/shareholder of T & W Restaurant, Inc. trading as Shun Lee West and maintains active operational control over T & W Restaurant, Inc. trading as Shun Lee West, including but not limited to hiring and firing employees, supervising and controlling the managers and employees, determining their rates of compensation and methods of payment, handling payrolls, and maintaining employee records

Defendant Bin Wu hired Long Fa Yu (hereafter "Manager Yu") as a manager, who controlled and determined the work schedule of Plaintiff Ya Qiang Zhang

Defendant Bin Wu, as the shareholder determined the rates of compensation of Plaintiff Ya Qiang Zhang and methods of payment.

*See* Compl. ¶¶ 195-198, 223-226, 241-244, 266-269, 285-288, and 302-305.

## III.   LEGAL STANDARD

In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007));

*see also Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Therefore, the complaint must contain "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Matson v. Board of Educ. of the City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011).

While the Court on a motion to dismiss must accept all factual allegations in the Complaint as true and draw all reasonable inferences in favor of the Plaintiffs (*Ruston v. Town Bd. for the Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010)), the same is not true of the legal conclusions derived from those factual allegations. *See Iqbal*, 556 U.S. at 678. In addition, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. The *Iqbal* pleading standard applies to claims brought pursuant to the FLSA. In fact, where a complaint does not contain factual allegations sufficient to demonstrate the liability of a defendant as an employer of the plaintiffs, dismissal of the complaint is warranted. *See Torres Ibarra v. W&L Group Construction, Inc. et al.,* No. 19-CV-01582, 2019 WL 5863951 (E.D.N.Y. Nov. 8, 2019) (dismissing complaint because the court was not required to accept named plaintiffs' conclusory allegation that defendants were their employer and the court could not infer employer-employee relationship because allegations lacked any factual detail and were too vague and conclusory); *Mazzone v. Daily Press LLC*, No. 16-CV-3271, 2017 WL 4466861, at *2 (E.D.N.Y.

Sept. 30, 2017) (Irizarry, J.) ("threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice to insulate a claim against dismissal.") (internal citations and quotations omitted); *Bai v. Zhuo,* No. 13-CV-05790, 2014 WL 2645119, at *5 (E.D.N.Y. June 13, 2014) (collecting cases demonstrating that a mere recitation of the economic reality test with no supporting details is insufficient to survive a motion to dismiss); *Olvera v. Barebuger Grp. LLC*, 73 F. Supp. 3d 201, 204 (S.D.N.Y. 2014) ("The facts pled must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.") (internal quotation marks omitted). Application of these well-established standards to the case at bar compels granting Defendants' motion to dismiss Plaintiffs' Complaint.

## IV.   LEGAL ARGUMENT

### A.   Plaintiffs Fail to Plead That the Individual Defendants and T & W Payroll Employed Them

Only an "employer" can be liable for violations of the FLSA and the NYLL. The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to the employee." 29 U.S.C. § 203(d).  An employment relationship exists under the FLSA when the "economic reality" is such that the "alleged employer possessed the power to control the workers in question." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999); *see also Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013) (noting that the determination of whether an employer-employee relationship exists for purposes of the FLSA should be grounded in economic reality rather than technical concept).

To determine whether a particular defendant was an "employer" under the FLSA and NYLL, the Second Circuit has set forth four factors describing "formal control" by an employer. These factors are "whether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined

the rate and method of payment, and (4) maintained employment records." *Carter v. Dutchess County Community College*, 735 F. 2d 8, 12 & n.3 (2d Cir. 1984) (internal citations omitted) (recognizing the need for case-by-case analysis because "the statute's definitions are stated only in the broadest terms"). "[N]o one of the four factors standing alone is dispositive. Instead, the 'economic reality' test encompasses the totality of circumstances, no one of which is exclusive." Id. (citations omitted.); *see also Bravo v. Established Burger One, LLC*, No. 12-CV-9044, 2013 WL 5549495, at *6–7 (S.D.N.Y. Oct. 8, 2013) (stating that the four factors are not exclusive, nor is any factor standing alone dispositive).

In the absence of "formal control" under the *Carter* factors, a defendant may alternatively be characterized as an "employer" for FLSA purposes if it exercises "functional control" over the workers in question. To assess whether a putative employer exercised functional control over a worker, courts will consider "(1) whether the alleged employer's premises and equipment were used for the [p]laintiffs' work; (2) whether [p]laintiffs shifted from one putative joint employer's premises to that of another; (3) the extent to which the work performed by [p]laintiffs was integral to the overall business operation; (4) whether [p]laintiffs' work responsibilities remained the same regardless of where they worked; (5) the degree to which the alleged employer or its agents supervised [p]laintiffs' work, and (6) whether [p]laintiffs worked exclusively or predominantly for one [d]efendant." *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 71–72 (2d Cir. 2003).

### 1.     Plaintiffs Fail to Plead That Individual Defendants Bin Hu, John Hwang, and William Hwang Had Formal Control Over Them

Other than alleging in a conclusory manner that they were employed by Individual Defendants Bin Hu, John Hwang, and William Hwang, Plaintiffs have not set forth any concrete factual details to establish the existence of any employment relationship with them. Specfically, Plaintiffs cannot simply confer "employer" status on Bin Hu simply because they allege that he

purchased the shares of Shun Lee Palace and Shun Lee West.  , Plaintiffs also cannot turn John Hwang and William Hwang into "employers" simply by calling them managers or executives.

Courts in this Circuit have held that where plaintiffs have not *factually* alleged that a shareholder exercises the requisite day-to-day operational control, the complaint must be dismissed because plaintiffs have not pled that he is an "employer" under the FLSA or New York law. *See Jankowski v. Castaldi*, No. 01-CV-0164, 2006 WL 118973, at *8 (E.D.N.Y. Jan. 13, 2006) (dismissing claims against individual defendant who did not participate in operating the business); *Ruixuan Cui v. E. Palace One, Inc*., No. 17-CV-6713, 2019 WL 4573226, at *7–8 (S.D.N.Y. Sept. 20, 2019) (noting no descriptions of interactions of plaintiff with individual defendants or observations of their conducts as examples of the absence of "specific facts" to support to demonstrate that the individual defendants were employers); *Bravo,* 2013 WL 5549495, at *6 (holding that though individual defendants were alleged to have "exercised control over the terms and conditions of [p]laintiffs' employment by exercising power to fire and hire, determining rate and method of pay, determining employee work schedules, maintaining employee records, and otherwise affecting the quality of employment," there were no specific facts, aside from the elements of the economic reality test, that satisfied plaintiff's burden); *Tracy v. NVR, Inc.*, No. 04-CV-6541, 2009 WL 3153150, at *4 (W.D.N.Y. Sept. 30, 2009) (finding that "generally, corporate officers and owners [are] held to be employers under the FLSA" only if they have "some direct contact with the plaintiff employee, such as personally supervising the employee's work schedules or tasks, signing the employee's paycheck or directly hiring the employees."); *Heng Chan v. Sung Yue Tung Corp. d/b/a/ 88 Palace*, No. 03-CV-6048, 2007 WL 313483, at *13 (S.D.N.Y. Feb. 1, 2007) (dismissing wage claim against one of the shareholders finding that "his investment did not carry with it managerial responsibility.")

Moreover, conclusory allegations that an individual defendant has general operational control over plaintiffs, and nothing more, are inadequate to establish that the individual defendant was their employer. *See Gisomme v. Healthex Corp.,* No. 13-CV-2541, 2014 WL 2041824, at *4 (E.D.N.Y. May 15, 2014) ("[P]laintiffs' conclusory allegations of Kearney's operational involvement and control of HealthEx and Courier and his alleged general power over various employment decisions are not sufficient to establish Kearney's status as plaintiffs' employer."); *Hsieh Liang Yeh v. Han Dynasty, Inc*., No. 18-CV-6018, 2019 WL 633355, at *7 (S.D.N.Y. Feb. 14, 2019) (where defendants argued that plaintiff's allegations do little more than recite the elements of the formal control test, the court found that the critique was valid and "a complaint's bare recitation of the legal standard, unsupported by concrete factual allegations, is inadequate to plead that a given individual was an 'employer' of a plaintiff.").

While Plaintiffs assert that Bin Hu became a successor shareholder of Shun Lee Palace and Shun Lee West "in about October 2015" (Compl. ¶ 48), this allegation, without more, does not render Mr. Hu personally liable as a matter of law. *Bravo v. Eastpoint Int'l*, No. 99-CV-9474, 2001 WL 314622, at *2 (S.D.N.Y. Mar. 30, 2001) ("Plaintiffs claim that Ms. Karan is the principal owner and chairperson of the Donna Karan Defendants. However, they allege no fact which would tend to establish her power to control the plaintiff workers. This conclusory statement by itself is insufficient."); *Vasto v. Credico (USA) LLC*, No. 15-CV-9298, 2016 WL 4147241, at *9 (S.D.N.Y. Aug. 3, 2016) (defendant's "executive status," without more, does not make him an "employer" under the FLSA); *Hernandez v. Habana Room, Inc.*, No. 11-CV-1264, 2012 WL 423355, at *3 (S.D.N.Y. Feb. 9, 2012) ("[M]erely having an ownership interest in the employer entity is insufficient to establish individual liability…").  Plaintiffs' Complaint simply lacks the requisite specificity needed to confer "employer" status on Mr. Hu.  Had Mr. Hu hired, fired, scheduled,

disciplined, interviewed, paid, or set pay rates for any employee who worked at Shun Lee Palace or Shun Lee West, Plaintiffs, who worked for Defendants throughout the entire statute of limitations period, should be able to identify those individuals.  Plaintiffs have not pled this level of specificity, which is necessary to sustain a claim that an individual is a plaintiff's employer; therefore Plaintiffs' claims against Mr. Hu should be dismissed.

Likewise, simply claiming that John Hwang was a "general manager" of Shun Lee West (Compl. ¶ 43)[1] is not sufficient to plead an adequate level of formal control over Plaintiffs that would make him an "employer." To meet this burden, Plaintiffs would to allege more concrete facts to establish that John Hwang had the requisite control over Plaintiffs to render them their employers, which Plaintiffs have not done.  Importantly, Plaintiffs' Complaint merely tracks the formulaic recitation of the economic reality factors with no specific supporting facts whatsoever. Plaintiffs assert threadbare allegations that the Individual Plaintiffs:

- "had the power to hire and fire" Shun Lee Palace and Shun Lee West employees (a verbatim recitation of the first *Carter* factor);

- "supervised and controlled employee work schedules or conditions of employment" at Shun Lee Palace and Shun Lee West (a verbatim recitation of the second *Carter* factor);

- "determined the rate and method of payment of employees" of Shun Lee Palace and Shun Lee West (a verbatim recitation of the third *Carter* factor); and

- "maintained employment records" (a verbatim recitation of the fourth *Carter* factor).

*See* Compl. ¶ 43. Plaintiffs' claims against William Hwang are weaker because they do not even identify his title or allege that William Hwang held a managerial position, although they do recite

---

[1]  Plaintiffs do not even allege what position William Hwang held at Shun Lee Palace and/or Shun Lee West besides tracking the formulaic recitation of the economic realities test. See Compl. ¶ 45.

the same elements of the employer test. This lack of specificity is fatal to Plaintiffs' claim and as such these claims must be dismissed.

All told, Plaintiffs' allegations merely mirror the four *Carter* factors without providing any individualized description of interactions between Bin Hu, John Hwang, and William Hwang on one hand, and Plaintiffs on the other hand. *See Ruixuan Cui*, 2019 WL 4573226, at *7–8 (noting no descriptions of interactions of plaintiff with individual defendants or observations of their conducts as examples of the absence of "specific facts" to support to demonstrate that the individual defendants were employers). Further, Plaintiffs do not set forth any factual allegations to establish that Bin Hu, John Hwang, and William Hwang had direct contact with those employees and exercised day-to-day control over them. *See Tracy*, 2009 WL 3153150, at *4 (finding that "generally, corporate officers and owners [are] held to be employers under the FLSA" only if they have "some direct contact with the plaintiff employee, such as personally supervising the employee's work schedules or tasks."). Thus, Plaintiffs' general contention that the Individual Defendants Bin Hu, John Hwang, and William Hwang are their employers fails as a matter of law under the formal control test in the Second Circuit.

> **2.      Plaintiffs Also Fail To Plead That Individual Defendants Bin Hu, John Hwang and William Hwang Had Functional Control Over Them**

Plaintiffs' allegations in the Complaint "contain[] so little detail as to effectively disable the Court from applying the *Zheng* or other functional factors" in order to determine whether the Individual Defendants Bin Hu, John Hwang, and William Hwang had functional control over Plaintiffs. *See Yeh*, 2019 WL 633355 at *8. Because the Complaint does not allege facts to address any of the six *Zheng* factors as to these Individual Defendants, Plaintiffs also fail to plead that these Individual Defendants was an employer under the functional control test. *See* Compl. ¶¶ 33, 38-41, 43, 45, 48-49.

Thus, as in *Jankowski*, *Gisomme*, *Bravo*, *Bai*, *Cui*, *Chan*, *Tracy*, and *Yeh*, as well as the abundance of other cases addressing individual-as-employer liability, the Complaint must be dismissed as to the Individual Defendants Bin Hu, John Hwang, and William Hwang. Plaintiffs are only able to allege conclusory and formulaic allegations against these Individual Defendants that are insufficient as a matter of law.

### 3.    Plaintiffs Fail to Plausibly Plead That T & W Payroll Was a "Joint-Employer"

Plaintiffs do not allege they worked for T & W Payroll.  Rather, Plaintiffs only assert that they were generally employed by "Defendants", or specifically, by Shun Lee Palace or Shun Lee West. Other than pleading that T&W Payroll issues checks to Plaintiffs (*See* Compl. ¶ 33). Plaintiffs do not allege that T&W Payroll played any other role in their employment history. Specifically, Plaintiffs have not alleged that T & W Payroll, or anyone affiliated with this entity, scheduled, interviewed, hired or fired them.  Plaintiffs have also not alleged that anyone affiliated with T&W Payroll supervised their daily activities or any other performed any other activity  that would convert T&W Payroll into their employer. Here, unlike the allegations made against the Individual Defendants Bin Hu, John Hwang, and William Hwang, Plaintiffs do not even attempt to reiterate the *Carter* formal control factors.  Plaintiffs merely allege as follows regarding T & W Payroll:

> T & W PAYROLL SERVICES, INC. is a domestic business corporation organized under the laws of the State of New York with a principal address at 97 Tennyson Drive, Nanuet, NY 10950. *See* Compl. ¶ 32.

> Upon information and belief, T & W PAYROLL SERVICES, INC. issues checks and paystubs to the employees of T & W RESTAURANT, INC. d/b/a Shun Lee West. *See* Compl. ¶ 33.

> Upon information and belief, T & W PAYROLL SERVICES, INC. is a business engaged in interstate commerce that has gross sales in excess

of five hundred thousand dollars ($500,000.00) per year. *See* Compl. ¶ 34.

Upon information and belief, T & W PAYROLL SERVICES, INC. purchased and handled goods moved in interstate commerce. *See* Compl. ¶ 35.

At all relevant times, T & W PAYROLL SERVICES, INC. was, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA. *See* Compl. ¶ 36.

Therefore, Plaintiffs do not allege that T & W Payroll exercised any sort of "formal control" over Plaintiffs' employment. Furthermore, Plaintiffs' 68-Page, 409 Paragraph boilerplate Complaint is also devoid of any discrete, fact-laden allegations lending themselves to demonstrating that T & W Payroll is a joint employer under the "functional control" test.  More specifically, Plaintiffs have made no allegations: (1) whether they used any of T & W Payroll's supplies or equipment; (2) that they were shifted amongst and between T & W Payroll and the other corporate Defendants; (3) that they somehow performed integral work for T & W Payroll; (4) that their responsibilities remained the same regardless of whether they worked for T & W Payroll and the other corporate Defendants; (5) that T & W Payroll supervised Plaintiffs' work; and (6) about working for T & W Payroll exclusively or predominantly. *See Godlewska v. HDA*, 916 F. Supp. 2d 246, 257 (E.D.N.Y. 2013 (citing *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 68 (2d Cir. 2003)). Accordingly, the Complaint must be dismissed as to T & W Payroll.

    **4.**    **Plaintiffs Have Failed To Plead Facts To Assert A Claim That Michael Tong Is Jointly And Severally Liable For The Period After He Sold The Restaurants And That Bin Hu Is Jointly And Severally Liable For The Period Prior To His Purchase Of The Restaurants**

The Court should enter an order dismissing claims against Individual Defendant Michael Tong that allegedly arose after October 2015, and dismissing all claims against Individual Defendant Bin Hu that allegedly arose prior to October 2015. As discussed in detail above, only "employers" can be held personally liable for violations of the FLSA and NYLL.  Plaintiffs'

Complaint makes it abundantly clear that Mr. Tong cannot be considered an employer after he sold his shares in the restaurants in October 2015 and that Mr. Hu had no role with the restaurants prior to his alleged purchase of the shares of the restaurants in October 2015, and thus cannot be considered to be Plaintiffs' employer prior to his purchase of the shares of the restaurants.

By Plaintiffs' own admission, Michael Tong sold all of his shares in the two restaurants to Bin Hu in October of 2015. *See* Compl. ¶¶ 38, 48. Moreover, Plaintiffs concede that prior to October 2015, Mr. Tong hired his own managers to manage the restaurants (*See* Compl. ¶¶ 215, 219, 259, 261), while after this date, Mr. Hu decided to hire his own management teams to manage the restaurants (*See* Compl. ¶¶ 224, 242, 267, 286, 303). The Complaint, however, contains no allegations that Mr. Tong continued to be present at the restaurants or more importantly continued to manage the restaurants after his sale of his shares in the restaurants. Accordingly, Plaintiffs have failed to state a claim that would allow Mr. Tong to be considered an "employer" for the time period after October 2015, and the Court must dismiss the claims that seek to impose joint and several liability on Mr. Tong after this date. Also, since the Complaint contains no allegations that Mr. Hu had any involvement with the restaurants prior to October 2015, the Court must dismiss the claims that seek to impose joint and several liability on Mr. Hu prior to this date.

**B.** **Plaintiffs' Eighth Cause of Action Against Defendants For Allegedly Failing to Provide Proper Meal Periods Must Be Dismissed Because There Is No Such Private Right of Action**

Plaintiffs' Eighth Cause of Action (Compl. ¶¶ 384-388) asserts that Defendants did not provide statutorily mandated meal periods to Plaintiffs. However, this cause of action must be dismissed since there is no private right of action against employers under New York law (or otherwise) to recover for missed meal periods. *See e.g., Ellis v. Common Wealth Worldwide Chaueffuered Transp. of NY, LLC*, No. 10-CV-1741, 2012 WL 1004848, at *10 (E.D.N.Y. Mar.

14

23, 2012) *Hill v. City of New York*, 136 F. Supp. 3d 304, 350–51 (E.D.N.Y. 2015) (collecting

cases). Accordingly, Plaintiffs' Eighth Cause of Action must be dismissed as to all Defendants.

### C.      Plaintiffs' Twelfth Cause of Action Against Defendants Must Be Dismissed For Failure to State a Claim

Plaintiffs' Twelfth Cause of Action (Compl. ¶¶ 403-405) must be dismissed because the

Second Circuit has expressly foreclosed the claim that Plaintiffs seek to bring under 26 U.S.C.

7434(a). The text of Section 7434(a) of the Internal Revenue Code provides that, "[i]f any person

willfully files a fraudulent information return with respect to payments purported to be made to

any other person, such other person may bring a civil action for damages against the person so

filing such return." 26 U.S.C. § 7434(a); *see also Katzman v. Essex Waterfront Owners LLC*, 660

F.3d 565, 566 (2d Cir. 2011) (per curiam) (§ 7434 is a "provision that creates a civil damages

remedy for the willful filing of fraudulent 'information return[s]' ") (alteration in original). An

"information return" is defined as "any statement described in section 6724(d)(1)(A)," which

includes, among other things, statements related to information returns "with respect to income tax

withheld." 26 U.S.C. § 6724(d)(1)(A)(vii).

The plain language of the statute requires that a person "willfully files" a fraudulent

information return. *See Katzman*, 660 F.3d at 568. "[A]n allegation that a person intentionally

failed to file a required information return does not state a claim under § 7434." *Id.* "An actionable

claim only arises ... when 'the information return itself' is fraudulent." *Katzman v. Essex*

*Waterfront Owners LLC*, No. 09 Civ. 7541(DAB), 2010 WL 3958819, at *3 (S.D.N.Y. Sept. 29,

2010) (citation omitted), *aff'd,* 660 F.3d 565 (2d Cir. 2011).

This Court has recently dismissed a virtually identical claim brought by Plaintiff's counsel,

Troy Law. *See Yahui Zhang v. Akami Inc.*, No. 15-CV-4946 (VSB), 2017 WL 4329723, at *5

(S.D.N.Y. Sept. 26, 2017) (the "Complaint does not allege that Defendants willfully filed a

fraudulent information return. Rather, the [Complaint] merely parrots the statutory requirements and outlines its claim for relief."); *see also* Compl. ¶¶ 403-405. In *Yahui Zhang*, this Court specifically explained that such formulaic recitation of 26 U.S.C. § 7434(a) is "insufficient to plead a plausible claim, much less a 'willful' filing of information returns." *See Id.* Despite the Court's explicit warning to Plaintiffs' counsel that a formulaic recitation of 26 U.S.C. § 7434(a) cannot withstand a motion to dismiss Plaintiffs have filed virtually identical claims here and have added no details to their Complaint to support and give credence to their allegations. Accordingly, Plaintiffs fail to state a claim under 26 U.S.C. § 7434 and their Twelfth Cause of Action must be dismissed in its entirety.

**D.    Plaintiffs' Thirteenth Cause of Action Against Defendants Must Be Dismissed For Failure to State a Claim**

New York General Business Law Section 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. Gen. Bus. Law § 349(a). To state a § 349 claim, a plaintiff must allege that "(1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured as a result." *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009); *see also Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000). Plaintiffs' § 349 claim must be dismissed because they have not identified a single consumer oriented practice, nor identified a single misleading act committed by Defendants.

In the same *Yahui Zhang* case discussed in Section IV.C above, this Court dismissed a § 349 claim that was asserted by Troy Law, counsel for the plaintiffs in both cases. The Court's reasoning in the *Yahui Zhang* case should be applied here. Specifically, this Court reasoned that:

> I find that Defendants' alleged conduct does not amount to "consumer oriented" conduct. The only allegation asserted by Zhang in support of his claim under section 349 is that it "provides that if any person willfully files a fraudulent

information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return." (Am. Compl. ¶ 121.) As an initial matter, section 349 contains no such language, and Plaintiff has not cited case law applying section 349 to the filing of fraudulent information returns under similar factual circumstances to this case.

In addition, the alleged filing of fraudulent tax returns—itself based on speculative and conclusory assertion  . . .is not consumer-oriented conduct. *See City of N.Y. v. Cyco.Net, Inc.*, 383 F. Supp. 2d 526, 562–63 (S.D.N.Y. 2005) ("The act of not filing reports understandably results in the City not knowing which consumers to tax, but the Court finds there is no basis for the City to claim that the act of not filing the reports misleads consumers in any way, as required under the statute."); *cf. Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 405–06 (S.D.N.Y. 2010) (permitting a § 349 claim to survive a motion to dismiss where the claim was based on the defendant Hotels.com charging *consumers* more taxes than it pays the hotels, and also where the specific wording of an agreement allowed the claim to proceed). None of the allegations in the Amended Complaint support an assertion that Defendants participated in consumer-oriented conduct. Rather, the Amended Complaint describes conduct of a private employer-employee dispute with no perceived impact on consumers.

Here, Plaintiffs' Thirteenth Cause of Action exactly mirrors the cause of action in *Yahui Zhang*. *See Id.*; Compl. ¶ 407.  As in *Yahui Zhang*, the only allegation that Plaintiffs provide in support of their claim that Defendants violated General Business Law 349 is "***that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.***" *See Id.*; Compl. ¶ 407.  As the Court correctly noted in *Yahui Zhang*, General Business Law § 349 does not even contain "such language" and Plaintiffs here have not "cited case law applying section 349 to the filing of fraudulent information returns." *See Id.* Further, the Complaint contains <u>no other</u> allegations that Defendants participated in "consumer-oriented conduct." *See Id.*  Finally, as Your Honor illustrated in *Yahui Zhang*, the Complaint solely focuses on "the conduct of a private employer-employee dispute with no perceived impact on consumers." *See Id.*  Accordingly, Plaintiffs' Thirteenth Cause of Action, alleging Defendants' violation of

New York General Business Law Section 349, should be dismissed in its entirety for failure to state a claim.

    **E.**    **Plaintiffs Bao Guo Zhang, Guoyi Wang, and Chunlin Zhang's FLSA Claims Are Time-Barred, and The Court Should Decline Supplemental Jurisdiction Over Their NYLL and New York Common Law Claims**

The federal FLSA claims of Plaintiffs Bao Guo Zhang, Guoyi Wang, and Chunlin Zhang are time barred; accordingly, the Court should dismiss these Named Plaintiffs' claims from the lawsuit and decline to exercise supplemental jurisdiction over their state law claims.  Courts have substantial discretion to determine whether to exercise supplemental jurisdiction under § 1367. *See Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 117 (2d Cir. 2013) (*citing Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349-50 (1988)). Courts "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity" to decide whether to exercise supplemental jurisdiction. *Lundy*, 711 F.3d at 117-18. These factors counsel against hearing state law claims when the federal claims against a party are dismissed at an early stage in the litigation. *See* 28 U.S.C. § 1367(c)(3); *Heard v. MTA Metro-N. Commuter R.R. Co.*, No. 02-cv-7565, 2003 WL 22176008, at *3 (S.D.N.Y. Sept. 22, 2003); *see also Sklodowska-Grezak v. Stein*, 236 F. Supp. 3d 805, 810 (S.D.N.Y. 2017).

In *Camara v. Kenner*, No. 16-CV-7078 (JGK), 2018 WL 1596195, at *5-6 (S.D.N.Y. Mar. 29, 2018), District Judge John G. Koeltl declined to exercise supplemental jurisdiction over several plaintiffs' NYLL claims when the Court lacked FLSA subject matter jurisdiction over them. Specifically, in *Camara*, the Court concluded that it would not exercise supplemental jurisdiction because (i) the case was in its early stages, (ii) the plaintiffs were paid hourly rates that differed from each other and from all other plaintiffs, (iii)  the paystubs for each plaintiff were kept and maintained separately, (iv) each plaintiff had different tenures, and (v) each plaintiff had different work schedules.  *Id.*

Here, it is undisputed that Plaintiffs Bao Guo Zhang, Guoyi Wang, and Chunlin Zhang's FLSA claims are all time-barred.  Plaintiff Bao Guo Zhang's last day of employment for the corporate Defendants was allegedly July 1, 2012 (*see* Compl. ¶ 54), and was thus required to bring any FLSA claim arising out of employment with the corporate Defendants by July 1, 2015 (29 U.S.C. § 255(a)).  Bao Guo Zhang filed his consent to sue on February 3, 2017. *See* Dkt. 7.  As a result, Bao Guo Zhang's FLSA claims are time-barred. Plaintiff Guoyi Wang's last day of employment for the corporate Defendants was allegedly sometime in February 2011 (see Compl. ¶ 69), and was thus required to bring any FLSA claim arising out of employment with the corporate Defendants by February 2014 (29 U.S.C. § 255(a)).  Guoyi Wang filed his consent to sue on February 3, 2017. *See* Dkt. 9.  As a result, Guoyi Wang's FLSA claims are time-barred. Plaintiff Chunlin Zhang's last day of employment for the corporate Defendants was allegedly sometime in June 2013 (see Compl. ¶ 140), and was thus required to bring any FLSA claim arising out of employment with the corporate Defendants by June 2016 (29 U.S.C. § 255(a)).  Chunlin Zhang filed his consent to sue on February 3, 2017. *See* Dkt. 5.  As a result, Chunlin Zhang's FLSA claims are time-barred.

The Court should not exercise supplemental jurisdiction over Plaintiffs Bao Guo Zhang, Guoyi Wang, and Chunlin Zhang's NYLL and New York common law claims. Any concerns about judicial economy, convenience, and fairness are limited because this case is still at an early stage of litigation, as discovery has not even concluded, depositions have not been taken, and the consolidated Complaint was just filed on December 17, 2019. *See Camara*, 2018 WL 1596195, at *5-6; Dkt. 152.  Moreover, "[w]hile there may be some overlap at a high level of generality" between Plaintiffs Bao Guo Zhang, Guoyi Wang, and Chunlin Zhang's NYLL and New York common law claims on one hand and the remaining Plaintiffs' FLSA, NYLL, and New York

common law claims on the other, the proof that would support Bao Guo Zhang, Guoyi Wang, and Chunlin Zhang's claims is sufficiently distinct from the proof of the remaining Plaintiffs' claims that it would not be unfair or inconvenient to dismiss Bao Guo Zhang, Guoyi Wang, and Chunlin Zhang's NYLL and New York common law claims without prejudice. *See Camara*, 2018 WL 1596195, at *6; *see generally* Compl., ¶¶ 54-82, 140-156.

Accordingly, because Plaintiffs Bao Guo Zhang, Guoyi Wang, and Chunlin Zhang's FLSA claims are time-barred, this Court should decline to exercise supplemental jurisdiction over their NYLL and New York common law claims.

## V.   CONCLUSION

WHEREFORE, based upon the foregoing, Defendants respectfully request that their Motion to Dismiss the Amended Complaint be granted in its entirety together with such other and further relief as the Court deems just and proper.

Dated:  February 14, 2020
         New York, New York

/s/ Eli Z. Freedberg
Eli Z. Freedberg
Kevin K. Yam
LITTLER MENDELSON, P.C.
900 Third Avenue, 8th Floor
212.583.9600
efreedberg@littler.com
kyam@littler.com

*Attorneys for Defendants*
