# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 103, Flushing, NY 11355

January 29, 2020

<u>*Via*</u> **ECF**
Hon. Vernon S. Broderick, U.S.D.J.
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 10601

**Re:     First Letter Motion to Compel Defendants to Disclose Notice Mailing List & to Authorize Publication of the Notice *via* Social Media and Publication of the Notice through newspaper at the Defendants' Expenses and to allow Plaintiffs to send out the Notices to the Collective List**

17-cv-00840 *Cheng Xia Wang et al v. Shun Lee Palace Restaurant, Inc et al.*

Dear Honorable Judge Broderick:

This office represents all Plaintiffs Guoyi Wang, Tong Wei Wu, and Zhi Qiang Lu. We write respectfully to request the Court to (i) compel Defendants to disclose the FLSA collective notice mailing list, (ii) to remove Simpluris as third party administrator for the dissemination and administration of the Notices of Pendency; (iii) to allow Troy Law, PLLC to resend out all the notice of pendency and consent to join form to all the opt in Plaintiffs; and (iv) to authorize the publication of the Notices of Pendency through Troy Law, PLLC Website  and  (v) to authorize publication of the notice *via* email, social media chat, and up to ten (10) social media sites of Plaintiff's choosing, or alternatively conspicuous posting; and newspaper publication of the notice at the Defendants' Expenses.

## I. Background

On February 8, 2018, Plaintiffs filed a "Notice of Motion for Conditional Collective Certification under 29 U.S.C. § 216(b) of the FLSA (Dkt. No. 58). The motion sought an order from the Court:

"(1) for collective action status certification and to implement a court supervised notification to the putative class member under 29 U.S.C § 216(b).

(2) ordering the Defendants to produce a Microsoft Excel data file containing contact information, including but not limited to last known mailing addresses, last known telephone numbers, last known email addresses, and dates of employment for all those individuals who have worked for the Defendants as a non-managerial employee between February 3, 2014 and the date this Court decides this Motion.

Hon. Vernon S Broderick, U.S.D.J.
January 29, 2020
17-cv-00840 *Cheng Xia Wang et al v. Shun Lee Palace Restaurant, Inc et al.*
Page 2 of 6

(3) authorizing that notice of this matter be sent to members of the putative class."

On June 28, 2018, Your Honor issued a Text Order granting in part this motion. *See Dkt. No.* 79) As such, Plaintiff understands that the Order requires Defendants to produce to Plaintiff "contact information" with respect to delivery persons and wait staff working at Shun Lee Palace and Shun Lee West of the FLSA collective from February 3, 2014 to June 28, 2018 and that the parties meet and confer with respect to the content and distribution of the proposed Notice of Pendency including the third party administrator.

On September 16, 2019 the parties filed a joint letter with both the Chinese and English versions of the Notice of Pendency and mutually agreeing that Simpluris would be the third party administrator that would handle the dissemination and administration of the notices. *See Dkt. No.* 132.

## II. Defendants' Failure to Comply with the Order

According to the Text Order, the Defendants were ordered to produce to the Named Plaintiffs "contact information" of the FLSA Collective, delivery persons and waitstaff, employed from February 3, 2014 to June 28, 2018.

To date, Defendants have only provided a deficient mailing list of current and former employees. According to Simpluris' report of November 8, 2019 the total number of class members they have on their record is 83 names and they have mailed out 80 Notices. However, Plaintiffs contest that Defendants name list is complete, because as per the named Plaintiffs, at any one time Defendants had a minimum of 70 employees working at Shun Lee Palace and at any one time Defendants had a minimum of 100 employees working for them at Shun Lee West. Even assuming this is minimum number of employees working for all the categories working for both the locations; that's about 170 employees working for the Defendants and Defendants namelist only consists of 83 names with 3 peoples address missing- the namelist is still deficient for both the positions of wait staff and delivery positions for a period of 4 years is definitely not complete.

## III. Third Party Administrator's Failure to Properly Handle the Dissemination and Administration of the Notices of Pendency

Simpluris' report that 80 Notices of Pendency have been mailed out to the class members and the opt-in deadline was December 31, 2019. To date, none of the Named Plaintiffs have received such any notice of pendency and consent to join form, even though their names and addresses were on the list/provided. As of November 8, 2019 Simpluris report that there has been no response. Given the number of mailings that have been sent out a percentage return of zero does is surprising.

Hon. Vernon S Broderick, U.S.D.J.
January 29, 2020
17-cv-00840 *Cheng Xia Wang et al v. Shun Lee Palace Restaurant, Inc et al.*
Page 3 of 6

Plaintiffs' are confused as to how from February 3, 2014 to June 28, 2018 Defendants only employed about 83 employees for both the positions in two locations; when named plaintiffs contend that there are more than 100 employees at the "Shun Lee Palace" and "Shun Lee West". Even if Plaintiffs' were to believe the name list was complete, it is impossible that for both the locations only 83 employees were employed for the entire period of four years. Additionally, the undersigned even questioned the Third Party administrator to explain why only 83 names where received and why only 80 mails were sent out to the collective class members. To date the undersigned has not yet received any response to our email.

It is doubtful as to whether the produced employee name list by the Defendants was accurate or complete or whether the administration of the Notice of Pendency and Consent to Join Form by Simpluris was somehow deficient. According to our prior experience by consenting to appointment of a third party administrator with the Defense Counsel's office in a different matter the result was that 1) defendant in that case twice held back names and contact information from the administrator and 2) defendant inappropriately communicated with the putative collective members and discouraged them from opting into the lawsuit. *See Yang v. Everyday Beauty Amore Inc. et al.*, 18-cv-00729-BMC (E.D.N.Y. 2019).

Courts routinely in this circuit usually denies appointment of the third party administration. "Denying defendant's request that a third-party administrator send the notice and noting that "[t]he bulk of the district courts in this Circuit do not impose such a requirement." *See Hernandez v. Merrill Lynch & Co.,* No. 11-cv-08472 (KBF), 2012 WL 1193836, at *7 (S.D.N.Y. 2012) (Denying defendant's request that a third-party administrator send notice and noting that "[t]he bulk of the district courts in this Circuit do not impose such a requirement."); *Lopez v. JVA Indus., Inc.,* No. 14-cv-09988 (KPF), 2015 WL 5052575, at *4 (S.D.N.Y. 2015) (Denying plaintiffs request to appoint a third-party administrator to mail notices where plaintiffs did not explain why an administrator was necessary). *Hart v. Crab Addison, Inc.,* No. 13-cv-06458 (CJS), 2015 WL 365785, at *4 (W.D.N.Y., 2015); *see also Rojas v. Garda CL Se., Inc.*, 297 F.R.D. 669 (S.D. Fla. 2013) ("While notice of collective action could be posted in employer's work locations, plaintiffs were not to send "reminder" notice, and employer was to provide potential opt-ins' contact information directly to plaintiffs rather than third party administrator.").

Additionally, out of 83 employees, not even single person returned a signed consent to join form to Simpluris. Due to this doubt and curiosity, we emailed Simpluris to ask, why only 80 mails were sent out to employees among the 83 names provided names in the list and hoped to get an answer or figure out any deficiency to be cured in a timely manner. However, we haven't received any response from Simpluris with regards to this issue.

For the foregoing reason, Plaintiffs now wishes to mail out the notice of pendency and consent to join form through Troy Law, PLLC, which would allow the potential opt-in Plaintiffs an opportunity to join the action.

Hon. Vernon S Broderick, U.S.D.J.
January 29, 2020
17-cv-00840 *Cheng Xia Wang et al v. Shun Lee Palace Restaurant, Inc et al.*
Page 4 of 6

Therefore, Plaintiffs requests that, third party administrators be removed from the case and allow Plaintiffs to publish the notice of pendency and mail out the class notice.

### IV. Plaintiffs' Proposed Remedies

Plaintiffs respectfully request that the Court order compliance with its order issued on June 28, 2018, including the Defendants providing a complete mailing list of contact information of the FLSA collective class. Furthermore, to advert additional difficulties, Plaintiffs further requests additional actions be ordered, namely:

(1) Defendants to produce a *Microsoft Excel* data file containing contact information, including but not limited to

- first and last name,
- last known address with apartment number (if applicable),
- the last known telephone numbers,
- last known e-mail addresses,
- WhatsApp, WeChat ID and/or Face[b]ook usernames (if applicable),
- work location,
- dates of employment and
- position

(2) The removal of Simpluris as third party administrator for the dissemination and administration of the Notice of Pendency.

(3) The authorization of Troy Law, PLLC to publish the Notices of Pendency in place of the third party administrator.

(4) Plaintiff respectfully requests a publication of an abbreviated notice *via* social media, and up to ten (10) social media sites of Plaintiff's Choosing, and newspaper publication of the notice at the Defendants' Expenses.

Courts have frequently granted the newspaper publication of collective notices where Defendants have been unable to unwilling to produce collective lists for mailing. *See Chen v. Shanghai Café Deluxe Inc. et al*, No. 16-cv-04790- (S.D.N.Y. May 11, 2017 and June 13, 2017) ("Defendant is directed to either produce the employee list to Plaintiff or to publish a notice of pendency in a Chinese language newspaper, in a form acceptable to Plaintiff and at Defendant's expense"); *Lin v. Joe Japanese Buffet Restaurant Inc. et al*, No. 17-cv-03435-WFK-SMG (E.D.N.Y. Jan. 26, 2018) ("In light of defendants' failure to maintain books and records identifying their employees and containing contact information for them, plaintiff may publish an abbreviated

Hon. Vernon S Broderick, U.S.D.J.
January 29, 2020
17-cv-00840 *Cheng Xia Wang et al v. Shun Lee Palace Restaurant, Inc et al.*
Page 5 of 6

Section 216(b) notice at defendant's [sic.] expense."); *Wang v. Happy Hot Hunan Restaurant, Inc. et al*, No. 17-cv-0201-RA-JLC (S.D.N.Y. Apr. 23, 2018) (where "defendants have made an effort to produce the names and addresses and have not been able to provide information with respect to the vast majority of the collective," Court directed notice to be posted at Defendants' business as well as newspaper publication at defendants' expense "[b]ecause the posting alone will not adequately notify collective members who have left defendants' employment.").

| Targeted Audience | Newspaper | Price / Unit | Estimated Price |
|---|---|---|---|
| Chinese-American immigrant community | *World Journal* | $750/ weekday for 1/4 page

$900/ weekend day for 1/4 page | =$750 per day * 2 days + $900 per day * 2 days = $3,300 |
| Mainstream, New Yorkers | *New York Times* | $65.00 per agent line, in Business Section x 70 lines | =$4,550 per day * 4 days = $18,200 |
| Mainstream, New Yorkers | *New York Post* | $1,993.93 for 1/4 page | =$1,993.93 * 4 = $7,975.72 |

Courts have also grown more and are willing to publish collective notices online *via* social media because such publication is both more likely to reach the putative collective members and less costly than traditional newspaper publication. *See, e.g.*, *Sarikaputar et al v. Veratip Corp. et al*, No. 17-cv-00814-ALC-SDA (S.D.N.Y. Oct. 31, 2018) and *Sarikaputar et al v. Veratip Corp. et al*, No. 17-cv-00814-ALC-SDA (S.D.N.Y. June 24, 2019) (first compelling production of collective list, second granting both newspaper and social media notice publication).

| Targeted Audience | Social Media Outlet | Group |
|---|---|---|
| Chinese-American community in the Northeast | Website | Dadi360.com |

Hon. Vernon S Broderick, U.S.D.J.
January 29, 2020
17-cv-00840 *Cheng Xia Wang et al v. Shun Lee Palace Restaurant, Inc et al.*
Page 6 of 6


### V. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that this Court order immediate compliance with the Court's order issued on June 28, 2018 and grant Plaintiffs' Proposed Remedies in order to facilitate meaningful corrective action in this FLSA case.

We thank this Court for its time and attention to and consideration of this matter.

Respectfully submitted,
TROY LAW, PLLC

 /s/ John Troy
John Troy
*Attorney for Plaintiffs*

cc: *via* ECF
    all counsel of record

For the reasons set forth in Defendants' letter filed April 24, 2020, (Doc. 184), Plaintiffs' letter motion to compel, (Doc. 159), is DENIED.  However, because Defendants concede that "[a]ny supplemental mailings in this Action should be limited to [] circumstances" in which there are "putative members of the conditionally certified collective whose addresses were wrong or were left off the initial class list," (Doc. 184, at 2), the parties are directed to meet and confer to obtain addresses for the three class members who were not sent notice of pendency mailings.  A supplemental mailing shall then be sent to these three individuals by the third party administrator, and any statute of limitations or opt-in deadlines shall be tolled for these individuals for a period of ninety (90) days. The parties are directed to file a joint status update regarding their compliance with this order no later than June 1, 2020.  The Clerk of Court is directed to terminate the open motion at Document 159.

SO ORDERED:

HON. VERNON S. BRODERICK  4/27/2020
UNITED STATES DISTRICT JUDGE