UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

BAO GUO ZHANG, GUOYI WANG, TONG WEI
WU, ZHI QIANG LU, CHENG XIA WANG,
CHUNLIN ZHANG, JUN QING ZHAO, ZEJUN
ZHANG a/k/a Zejun Zhang, *on behalf*
*of themselves and other similarly situated, and*

YA QIANG ZHANG, JUN LING ZHAO, HUI MIN
ZHAO, JING GUAN, HUI LIANG ZHAO, and LI
WENG, *on behalf of themselves and others similarly*
*situated,*

                Plaintiffs,

      -against-

SHUN LEE PALACE RESTAURANT, INC. D/B/A
SHUN LEE PALACE; T&W RESTAURANT, INC.
D/B/A/ SHUN LEE WEST; T&W PAYROLL
SERVICES, INC., JOHN HWANG; MICHAEL
TONG; BIN HU; AND WILLIAM HWANG

            Defendants.

**INDEX NO. 17-CV-00840 (VSB)**

 

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION FOR RECONSIDERATION AND IN SUPPORT OF
THEIR CROSS-MOTION FOR SANCTIONS AND ATTORNEYS' FEES
AGAINST TROY LAW PLLC AND JOHN TROY**

Eli Z. Freedberg
Maayan Deker
Kevin K. Yam
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, New York 10022
Tel:  212.583.9600
*Attorneys for Defendants*

# TABLE OF CONTENTS

**Page**

I.     PRELIMINARY STATEMENT AND RELEVANT PROCEDURAL HISTORY.......... 1

II.    STANDARD OF REVIEW UNDER LOCAL CIVIL RULE 6.3 ON A MOTION
       FOR RECONSIDERATION ............................................................. 3

III.   LEGAL ARGUMENT ....................................................................... 4

       A.     Troy Law Does Not Have Standing To Object To The Settlement
              Agreement Between Defendants and Plaintiffs Chunlin Zhang and Bao
              Guo Zhang ........................................................................ 4

       B.     The Court Need Not Exercise It Discretion To Review Plaintiffs'
              Settlement Of Their NYLL Claims Under Cheeks ................................. 7

IV.    SANCTIONS AGAINST TROY LAW AND JOHN TROY ............................. 9

V.     CONCLUSION................................................................................ 12

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aczel v. Labonia*,
    584 F.3d 52 (2d Cir. 2009)....................................................................................3

*Associated Press v. U.S. Dep't of Def.*,
    395 F. Supp. 2d 17 (S.D.N.Y. 2005)...............................................................3, 4, 6

*Bazile v. Asset Prot. Grp. LLC*,
    No. 18-cv-06820, 2019 U.S. Dist. LEXIS 207508 (E.D.N.Y. Nov. 27, 2019) ........8

*In re Beacon Assocs. Litig.*,
    818 F. Supp. 2d 697 (S.D.N.Y. 2011)....................................................................3

*In re Beacon Assocs. Litig.*,
    818 F. Supp. 2d at 702–03 .....................................................................................4

*Catskill Dev., L.L.C. v. Park Place Entm't Corp.*,
    154 F. Supp. 2d 696 (S.D.N.Y. 2001)....................................................................4

*Chambers v. NASCO, Inc.*,
    501 U.S. 32 (1991)...............................................................................................10

*Cheeks v. Freeport Pancake House, Inc.*,
    796 F. 3d 199 (2d Cir. 2015)........................................................................1, 4, 7, 8

*City of Livonia Emples. Ret. Sys. v. Wyeth*,
    Index No. 07-cv-10329, 2013 U.S. Dist. LEXIS 113658 (S.D.N.Y. Aug. 7,
    2013) ......................................................................................................................6

*Fisher v. SD Prot. Inc.*,
    948 F.3d 593 (2d Cir. 2020)...................................................................................9

*Fortunata Liana Ie v. Ageha Japanese Fusion, Inc.*,
    No. 15-CV-63 (JGK)(SN), 2018 WL 1635029 (S.D.N.Y. Apr. 2, 2018),
    reconsideration denied, No. 15-CV-63 (JGK)(SN), 2018 WL 4935785
    (S.D.N.Y. Oct. 11, 2018) .......................................................................................5

*Gallardo v. PS Chicken Inc.*,
    285 F. Supp. 3d 549 (E.D.N.Y. 2018) ...................................................................9

*Jianjun Chen v. 2425 Broadway Chao Rest., LLC*,
    No. 1:16-CV-5735-GHW, 2019 WL 2250336 (S.D.N.Y. May 24, 2019) ...............2

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Li v. New Ichiro Sushi, Inc.*,
    14-cv-10242 (S.D.N.Y. 2020)..................................................................................2

*Peoples v. Fischer*,
    898 F. Supp. 2d 618 (S.D.N.Y. 2012).....................................................................7

*Polsby v. St. Martin's Press, Inc.*,
    No. 97 Civ. 690 (MBM), 2000 WL 98057 (S.D.N.Y. Jan. 18, 2000) ......................3

*Premium Sports Inc. v. Connell*,
    No. 10 Civ. 3753 (KBF), 2012 WL 2878085 (S.D.N.Y. July 11, 2012) ................3

*Qiu v. Shanghai Cuisine Inc.*,
    18-cv-5448 (S.D.N.Y.)............................................................................................2

*Ransmeier v. Mariani*,
    718 F.3d 64 (2d Cir. 2013)....................................................................................10

*Revson v. Cinque & Cinque, P.C.*,
    221 F.3d 71 (2d Cir. 2000)....................................................................................10

*Rodriguez v. Disner*,
    688 F.3d 645 (9th Cir. 2012) ..................................................................................6

*In re Shirley Duke Assocs.*,
    611 F.2d 15 (2d Cir. 1979)......................................................................................5

*Shrader v. CSX Transp., Inc.*,
    70 F.3d 255 (2d Cir. 1995)......................................................................................3

*Simel v. JP Morgan Chase*,
    Index No. 05-cv-9750, 2007 U.S. Dist. LEXIS 18693 (S.D.N.Y. March 19,
    2007) ....................................................................................................................1, 7

*United States v. Seltzer*,
    227 F.3d 36 (2d Cir. 2000)....................................................................................10

*In re WorldCom, Inc. Sec. Litig.*,
    388 F. Supp. 2d 319 (S.D.N.Y. 2005).....................................................................6

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Statutes**

28 U.S.C. § 1927 .................................................................................................9, 10, 11

Fair Labor Standards Act ("FLSA") ....................................................................1, 7, 8, 9

New York Labor Law ("NYLL") ........................................................................ *passim*

**Other Authorities**

LOCAL CIVIL RULE 6.3 ............................................................................................3

N.Y. Jud. L. § 475 L. § 475 .........................................................................................5

## I.      PRELIMINARY STATEMENT AND RELEVANT PROCEDURAL HISTORY

On August 3, 2020, Defendants and Plaintiffs Chunlin Zhang and Bao Guo Zhang filed a joint status report informing this Court that they reached a settlement-in-principle to resolve Chunlin Zhang's and Bao Guo Zhang's claims, which were brought _only_ under the New York Labor Law ("NYLL") and not the Fair Labor Standards Act ("FLSA"). (_See_ Dkt. 192).  Chunlin Zhang last worked for Defendants in or around June 2013 and Bao Guo Zhang last worked for Defendants in or around July 2012. (_See_ Dkt. 152, the "Amended Complaint", ¶¶ 54, 140).[1] Accordingly, it is undisputed that the three-year statute of limitations for Plaintiffs Chunlin Zhang's and Bao Guo Zhang's FLSA claims expired before this action was filed on or about February 3, 2017 (_See_ Dkt. 1).  The parties' settlement agreement and release, therefore, will only include a waiver of Chunlin Zhang's and Bao Guo Zhang's NYLL claims.  Because settlements that only resolve NYLL claims do not require court approval, the Court did not require the parties to submit a letter seeking approval of the settlement pursuant to _Cheeks v. Freeport Pancake House, Inc._, 796 F. 3d 199 (2d Cir. 2015). _See also Simel v. JP Morgan Chase_, Index No. 05-cv-9750, 2007 U.S. Dist. LEXIS 18693, *15-16, (S.D.N.Y. March 19, 2007) (holding that private agreements to settle New York State wage claims are valid and enforceable and do not violate public policy).

Despite the straightforward nature of this transaction, Troy Law, PLLC ("Troy Law") filed a letter with the Court raising objections to Chunlin Zhang's and Bao Guo Zhang's settlement.  Specifically, Troy Law asked the Court to require Defendants, Chunlin Zhang, and Bao Guo Zhang submit their settlement agreement for approval pursuant to _Cheeks_, 796 F.3d at

---

[1] Defendants filed a motion to dismiss Chunlin Zhang's and Bao Guo Zhang's federal wage and hour claims on the grounds that the court lacks jurisdiction to adjudicate these claims because the federal statute of limitations has expired.  Hang & Associates, PLLC, the law firm that currently represents Chunlin Zhang and Bao Guo Zhang, agreed that no federal wage claim exists and did not oppose Defendants' motion to dismiss. The Court has not yet issued a decision on this motion.

199. (*See* Dkt. 199). On September 11, 2020, Defendants responded to Troy Law's objection, stating that Troy Law has no standing to raise any objections to the settlement agreement because, as the Court has reminded Troy Law on multiple occasions, Hang & Associates, PLLC ("Hang Law"), and not Troy Law, represents Chunlin Zhang and Bao Guo Zhang.  Defendants also asserted that court approval of the settlement was not required because, as discussed above, Chunlin Zhang and Bao Guo Zhang only released NYLL claims, and that those limited settlements are not subject to court approval.  This Court agreed with Defendants and summarily denied Troy Law's application on September 14, 2020. (*See* Dkt. 201).  On September 28, 2020, Troy Law filed the instant motion for reconsideration of the Court's Order denying Troy Law's objection. (*See* Dkts. 202-204).

Troy Law's motion for reconsideration should be denied because they merely repeat old, senseless, and ill-advised arguments that the Court previously rejected.  Troy Law also does not point to an intervening change of controlling law since Your Honor's September 14, 2020 Order (*see* Dkt. 201), and they do not call this Court's attention to the availability of new evidence or a clear and unmistakable error, which they are required to do in order to prevail on a motion for reconsideration.

Finally, this filing is the latest in a litany of meritless and sanctionable filings that Troy Law filed in connection with this litigation.[2] Troy Law has continuously engaged in vexatious and dilatory tactics that have not only delayed the processing of the case but which has forced Defendants to incur unnecessary attorneys' fees and costs just to respond to Troy Law's

---

[2] Troy Law has also been sanctioned on a number of occasions for their vexatious litigation tactics. *See e.g. Li v. New Ichiro Sushi, Inc.*, 14-cv-10242 (S.D.N.Y. 2020) (sanctioning Troy Law for continuing to pursue frivolous claims against a sub-group of defendants); *Qiu v. Shanghai Cuisine Inc.*, 18-cv-5448 (S.D.N.Y.) (seeking sanctions against Troy Law); *Jianjun Chen v. 2425 Broadway Chao Rest., LLC*, No. 1:16-CV-5735-GHW, 2019 WL 2250336, at *5–6 (S.D.N.Y. May 24, 2019) (sanctioning Troy Law for significant discovery violations and awarding 50% of the reasonable fees and costs associated with their motion for summary judgment, and 100% of the reasonable fees and costs associated with their motion for sanctions).  Unfortunately, their behavior is well-known in this Circuit and should not be countenanced by this Court or by any other Court.

2

frivolous filings.  As such, Defendants respectfully request that this Court: (1) sanction Troy Law and John Troy for their frivolous and bad-faith conduct and (2) award Defendants attorneys' fees and costs incurred through the drafting and filing of responses to Troy Law's prior objection letter and the instant motion for reconsideration.

## II.    STANDARD OF REVIEW UNDER LOCAL CIVIL RULE 6.3 ON A MOTION FOR RECONSIDERATION

Local Civil Rule 6.3 allows reconsideration or reargument of a court's order in certain limited circumstances. The standard for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). Nor is a motion for reconsideration a time to "advance new facts, issues or arguments not previously presented to the Court." *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (internal quotation marks omitted).

The decision to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)). Generally, a party seeking reconsideration must show either "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 702–03 (S.D.N.Y.  2011)

(quoting *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001)).

## III.   LEGAL ARGUMENT

Troy Law requests that this Court reconsider Your Honor's September 14, 2020 Order by arguing that: (1) they have "standing to raise objections to the settlement agreement" and (2) that this Court "should exercise its discretion" to review Plaintiffs' settlement of their NYLL claims under *Cheeks*.  Troy Law does not point to an "intervening change of controlling law" since Your Honor's September 14, 2020 Order, to any case law that this Court overlooked, and they do not call Your Honor's attention to "the availability of new evidence." *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d at 702–03. Therefore, Troy Law's motion may only be granted if there is a "need to correct a clear error." *Id.*  Troy Law has failed to establish that this Court made a "clear error", and accordingly, Troy Law's motion for reconsideration must be denied.

### A.   Troy Law Does Not Have Standing To Object To The Settlement Agreement Between Defendants and Plaintiffs Chunlin Zhang and Bao Guo Zhang

Troy Law cannot identify any "controlling decisions" that the Court "overlooked" in the September 14, 2020 Order.  Instead, Troy Law uses the instant motion for reconsideration as "an occasion for repeating old arguments previously rejected" by the Court and "an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).  Courts in this Circuit have made clear that Plaintiffs cannot engage in such conduct on a motion for reconsideration. *Id.*

In their motion for reconsideration, Troy Law appears to argue that they have standing to raise an objection to Chunlin Zhang and Bao Guo Zhang's settlement with Defendants because they have a charging lien on their former clients, Chunlin Zhang and Bao Guo Zhang. Defendants take no position on the issue of whether a charging lien exists.  But even assuming,

*arguendo*, that a charging lien does exist, it does not impact the standing analysis in any way, shape, or form and does not provide a basis for Troy Law to object to their former client's settlement.

The primary case that Troy Law cite to support their standing argument, *Fortunata Liana Ie v. Ageha Japanese Fusion, Inc.*, No. 15-CV-63 (JGK)(SN), 2018 WL 1635029, at *1 (S.D.N.Y. Apr. 2, 2018), reconsideration denied, No. 15-CV-63 (JGK)(SN), 2018 WL 4935785 (S.D.N.Y. Oct. 11, 2018), is easily distinguishable and completely inapposite from the instant case. In *Ageha Japanese Fusion*, a plaintiff who was represented by counsel entered into a settlement with the defendant without his attorney's knowledge. The *Ageha Japanese Fusion* court merely held that plaintiff's counsel was entitled to a charging lien against both plaintiff and defendant. This holding has nothing to do with the issues we are confronted with here where the salient question is whether a former attorney can object to a settlement entered into by its former client who is represented by different counsel. The remaining cases that Troy Law cite to discuss the circumstances in which a discharged attorney can maintain a charging lien pursuant to N.Y. Jud. L. § 475 and do not address the issue of whether a former attorney (even one with a charging lien) can object to his or her former client's settlement.[3] Therefore, Troy Law, has not only failed to point to controlling decisions or data that the Court overlooked in its initial decision, but has failed to identify any case law that is applicable to the instant dispute.

Furthermore, Troy Law is simply raising the issue of the charging lien a second time without introducing any new or overlooked evidence or case law that provides that the existence of a charging lien provides a replaced attorney with standing to object to a settlement that the attorney's

---

[3] Ironically, it appears from the case law that a charging lien can only be implemented by the former attorney when the attorney's former client's "cause of action [is] extinguished by the settlement." *In re Shirley Duke Assocs.*, 611 F.2d 15, 18 (2d Cir. 1979). In other words, if there is no settlement and no dismissal of claims, then there is no charging lien. It is odd, then, that Troy Law, is arguing *against* the settlement, because without the settlement, no charging lien exists.

former client entered into. *See Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005) ("A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced."). Troy Law raised the issue of the charging lien in their initial objection to the settlement between Defendants and Chunlin Zhang and Bao Guo Zhang (*See* Dkt. No. 199, at p. 3-4) and have done nothing but rehash this rejected argument in their motion for reconsideration. Under these circumstances, where a party duplicates a prior argument that has been rejected, a motion for reconsideration should be denied.

Finally, as set forth in Defendants' response letter to Troy Law's objection to the settlement (*see* Dkt. 200), it is well settled that individuals, or parties, who do not participate in a settlement, lack Article III standing to raise objections to that settlement. *See e.g.*, *City of Livonia Emples. Ret. Sys. v. Wyeth*, Index No. 07-cv-10329, 2013 U.S. Dist. LEXIS 113658, *4-5, (S.D.N.Y. Aug. 7, 2013) (holding that class members who decline to participate in a settlement fund lack standing to pursue objections to a settlement, such as the amount of requested fees, if the class member cannot establish an interest in the objection); *In re WorldCom, Inc. Sec. Litig.*, 388 F. Supp. 2d 319, 340 (S.D.N.Y. 2005) (finding that the class member lacked standing to challenge the sufficiency of class notice where the class member failed to file a proof of claim); *Rodriguez v. Disner*, 688 F.3d 645, 660 (9th Cir. 2012) ("objectors who do not participate in a settlement lack standing to challenge class counsel's . . . fee award because, without a stake in the common fund pot, a favorable outcome would not redress their injury."). Accordingly, since Troy Law does not represent any of the parties to the settlement agreement, they lack any basis upon which to raise concern about the settlement agreement to the Court and Troy Law's motion for reconsideration on the notice period must be denied.

Accordingly, Your Honor did not err in the Court's prior ruling to deny Troy Law's objection to the settlement agreement between Defendants and Plaintiffs Chunlin Zhang and Bao Guo Zhang.

**B.      The Court Need Not Exercise It Discretion To Review Plaintiffs' Settlement Of Their NYLL Claims Under *Cheeks***

As Troy Law admits in their own objection letter (*see* Dkt. 199) and the Amended Complaint (*see* Dkt. 152, ¶¶ 54, 140), Defendants last employed the settling Plaintiffs Chunlin Zhang and Bao Guo Zhang many years ago, well beyond the FLSA statute of limitations period. This fact is not disputed.  Troy Law, Plaintiffs Chunlin Zhang and Bao Guo Zhang, and their current counsel Hang Law all admit that the Chunlin Zhang and Bao Guo Zhang are not asserting any FLSA claims against Defendants. Despite this admission, Troy Law, *without* Chunlin Zhang's and Bao Guo Zhang's authorizations, have asked the Court to "exercise its discretion" to review the settlement of NYLL claims for fairness.  Aside from the well-established fact that settlements of NYLL claims, unlike FLSA claims, do not require Court approval (*See Simel*, 2007 U.S. Dist. LEXIS 18693, at *15-16 (holding that private agreements to settle New York State wage claims are valid and enforceable and do not violate public policy), Troy Law asks the Court to exercise its "discretion" to review this settlement.  The Court should deny this argument because Troy Law did not raise this argument in their initial objection to the settlement, and parties are not allowed to raise a new, unasserted argument for the first time in a motion for reconsideration. *See Peoples v. Fischer*, 898 F. Supp. 2d 618, 623–24 (S.D.N.Y. 2012) "Courts have repeatedly been forced to warn litigants that such motions [for reconsideration] should not be made reflexively to reargue 'those issues already considered when a party does not like the way the original motion was resolved,'" and therefore, a "motion for reconsideration is not an 'opportunity for making new arguments that could have been previously advanced…'").

Moreover, even if the Court does have "discretion" to review the NYLL settlement for fairness pursuant to *Cheeks*, Troy Law has not established that the Court should exercise its discretion here. Troy Law maintains that the Court should scrutinize the NYLL settlement in order to protect "the public policy interests at the case at hand, ***where it is known that the Plaintiffs are inadequately protected by their attorneys***, who failed to oppose the dismissal of their clients' claims though the court has the power to exercise supplemental jurisdiction over the Plaintiff's New York Labor Law claims." (*See* Dkt. No. 204, p. 6) (emphasis added).   This unconvincing argument reflects Troy Law's persistent refusal to abide by the Court's decision that allowed Hang Law to be substituted as counsel in the place of Troy Law to represent Chunlin Zhang, Bao Guo Zhang, and other Plaintiffs who willingly chose to terminate their relationship with Troy Law and use Hang Law as their counsel instead.  In any event, Troy Law has introduced no evidence to demonstrate that Hang Law is providing ineffective counsel or to counter the fact that the settlement was reached during arms' length negotiation between experienced wage and hour counsel.  In the absence of these factors, there is simply no reason for the Court to exercise discretion (it may or may not have) to review the NYLL settlement.

Finally, the case law that Troy Law cites to in support of their motion for reconsideration are the same cases they identified in their initial letter motion seeking Court review and approval of the NYLL settlement. As Defendants previously explained in their initial response to Troy Law's objection to the NYLL settlement, these cases do not, in any way, support Troy Law's position.  In *Bazile v. Asset Prot. Grp. LLC*, No. 18-cv-06820, 2019 U.S. Dist. LEXIS 207508, at *6 (E.D.N.Y. Nov. 27, 2019), the parties settled both FLSA and NYLL through two separate agreements, one of which resolved the FLSA claims, the other resolved the NYLL claims. The parties in *Bazile* argued that the NYLL-only settlement agreement did not require court approval.

This case is distinguishable because here the parties have not entered into a "bifurcated settlement agreement." Rather, there is only one settlement agreement, and that settlement resolves these Plaintiffs' only claims -- the NYLL claims, which again do not require court approval. Likewise, *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 607 n.12 (2d Cir. 2020) does not help Troy Law. In fact, the footnote that Troy Law cites to actually supports the proposition that courts have allowed parties to bifurcate settlement agreements in hybrid NYLL and FLSA claims, and when that is done, the NYLL settlement is not subject to court approval. In any event, in *Fisher* the parties settled FLSA and NYLL claims in one agreement. Presently, the settling plaintiffs do not have any viable FLSA claims and do not even assert any FLSA claims. As a result, this case is also inapplicable. Finally, the remaining decision that Troy Law cites to, *Gallardo v. PS Chicken Inc*., 285 F. Supp. 3d 549, 553 (E.D.N.Y. 2018) does not support their motion. In *Gallardo*, Magistrate Judge Levy acknowledged that settlements of NYLL claims are not subject to court approval ("The fact that there may be provisions in the NYLL settlement agreement that could not be included in the FLSA settlement is immaterial because the NYLL settlement agreement does not require judicial approval.").

In sum, Troy Law have failed to meet their burden to demonstrate the need to "correct a clear error" in Your Honor's September 14, 2020 Order. Instead, it is clear that Troy Law merely repeats old arguments already rejected by this Court. Accordingly, Troy Law's motion for reconsideration must be denied.

## IV.    SANCTIONS AGAINST TROY LAW AND JOHN TROY

"Under § 1927, '[a]ny attorney [or other person] . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.'"

*Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 79 (2d Cir. 2000) (first and third alteration in original) (quoting 28 U.S.C. § 1927). A court also maintains "inherent powers" to impose sanctions. *See United States v. Seltzer*, 227 F.3d 36, 39 (2d Cir. 2000); *see also Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013) (noting that "a federal court . . . may exercise its inherent power to sanction a party or an attorney who has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991)). To impose sanctions under either 28 U.S.C. § 1927, or the Court's inherent powers, the Court "must find clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." *Revson*, 221 F.3d at 79 (quoting *Agee v. Paramount Communications Inc.*, 114 F.3d 395, 398 (2d Cir. 1997)). The attorney or party's "bad faith" is a key inquiry when determining whether to award sanctions. *Id*.

Troy Law and John Troy should be sanctioned by this Court because they persisted in pursuing their objection to Chunlin Zhang's and Bao Guo Zhang's settlement even though they do not represent these individuals and have been previously admonished by the Court for acting as if they continue to represent Chunlin Zhang and Bao Guo Zhang. To remind the Court, Troy Law previously filed an opposition to Defendants' motion to dismiss on behalf of a party (Bao Guo Zhang) that they do not represent. (*See* Dkts. 174, 178, 180).  In fact, on March 17, 2020, the Court admonished Troy Law by entering this Order: "As clearly stated in the Court's January 22, 2020 order, (Doc. 158), Aaron Schweitzer and John Troy have been terminated from their representation of Bao Guo Zhang. Jiajing Fan has been substituted as counsel for this plaintiff. ***The Court admonishes Aaron Schweitzer and John Troy again after repeatedly warning about the need to cooperate with Jiajing Fan. No later than March 24, 2020, Aaron Schweitzer and John Troy shall submit a letter clarifying that the consolidated complaint they filed on***

10

*December 17, 2019, and the opposition memorandum they filed on March 3, 2020, are inaccurate to the extent these documents state that Aaron Schweitzer and John Troy represent Bao Guo Zhang.*" (*See* Dkt. 180).

In addition, on January 29, 2020, Troy Law requested that notice of pendency be resent to collective members it believed did not originally receive notice. (*See* Dkt. No. 159.)  Troy Law could have simply reached out to Defendants to attempt to resolve the dispute but instead of requesting a meet and confer with Defendants' counsel, filed a motion with the Court that caused Defendants to incur unnecessary legal fees and expenses and that further delayed this litigation. Their bad-faith tactic required Defendants, over the course of the next three months, to spend time preparing letter briefs in response outlining the steps taken by the jointly-selected case administrator for issuance of notice (which Troy Law was fully aware of) and to secure a declaration from the case administrator attesting to the various steps it took to issue notice to the collective. (*See* Dkt. Nos. 165, 173, 176, 184.)  On April 27, 2020, the Court ultimately denied Troy Law's motion to compel. (*See* Dkt. No. 185.)

Similarly, here, Troy Law has failed to provide any explanation for why they continued to press forward with their entirely meritless arguments in their objection letter and the motion for reconsideration. (*See* Dkts. 199; 202-204.)  Accordingly, Defendants respectfully request that the Court sanction Troy Law and John Troy under 28 U.S.C. § 1927 and the Court's inherent powers for the reasons set forth above.

Should the Court grant Defendants' motion for sanction, Defendants respectfully ask the Court to allow them to submit time records for in camera review, to establish the damages incurred by requiring Defendants to submit responses to Troy Law's prior objection letter to

Chunlin Zhang's and Bao Guo Zhang Zang's settlement and this frivolous motion for reconsideration.

## V.    CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court deny Troy Law's motion for reconsideration and grant Defendants' cross-motion for sanctions and attorneys' fees and costs against Troy Law and John Troy.


Respectfully submitted,

Date:   October 12, 2020
        New York, New York

                                        */s/ Eli Z. Freedberg*
                                        Eli Z. Freedberg
                                        Maayan Deker
                                        Kevin K. Yam
                                        LITTLER MENDELSON
                                        A Professional Corporation
                                        900 Third Avenue
                                        New York, NY  10022.3298
                                        212.583.9600

                                        *Attorneys for Defendants*