```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  2/16/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
                                                           :
BAO GUO ZHANG, GUOYI WANG,                                 :
TONG WEI WU, ZHI QIANG LU,                                 :
CHENG XIA WANG, CHUNLIN ZHANG,                             :
JUN QING ZHAO, and ZE JUN ZHANG a/k/a:
Zejun Zhang, *on behalf of themselves and*                 :
*others similarly situated*, and                           :
                                                           :
YA QIANG ZHANG, JUN LING ZHAO,                             :
HUI MIN ZHAO, JING GUAN, HUI LIANG                         :
ZHAO, and LI WENG, *on behalf of themselves*:
*and others similarly situated*,                           :
                                                           :
                                    Plaintiffs,            :
                                                           :
                  - against -                              :
                                                           :
                                                           :
SHUN LEE PALACE RESTAURANT, INC.                           :
D/B/A SHUN LEE PALACE, T&W                                 :
RESTAURANT, INC. D/B/A SHUN LEE                            :
WEST, T&W PAYROLL SERVICES, INC.,                          :
JOHN HWANG, MICHAEL TONG, BIN                              :
HU, and WILLIAM HWANG,                                     :
                                                           :
                                    Defendants.            :
                                                           :
-----------------------------------------------------------X

17-CV-00840 (VSB)

**OPINION & ORDER**

Appearances:

John Troy
Aaron B Schweitzer
TROY LAW, PLLC
Flushing, NY
*Counsel for Plaintiffs Guoyi Wang, Tong Wei Wu, Zhi Qiang Lu a/k/a Zhiqiang Lu, Steven Cheung, Quekyeow Yap, Haiping Wu, Weijun Zhen, Shude Zhang, Keeyew Foo, Tsunming Fong, Terry Wong, Mingsung Chan, Leungtack Choi, Fong Yue, Guoliang Xu, Billy Qin, Monaliza Wong, and Weiting Zhao*

Jian Hang
Jiajing Fan
HANG & ASSOCIATES, PLLC
Flushing, NY
*Counsel for Plaintiffs Cheng Xia Wang, Chunlin Zhang, Jun Qing Zhao, Bao Guo Zhang, Ze Jun
Zhang a/k/a Zejun Zhang, Ya Qiang Zhang, Jun Ling Zhao, Hui Min Zhao, Jing Guan, Hui
Liang Zhao, and Li Weng*

Eli Z. Freedberg
Kevin K. Yam
LITTLER MENDELSON, P.C.
New York City, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

Before me is the motion of Defendants Shun Lee Palace Restaurant, Inc. ("Shun Lee

Palace"), T & W Restaurant, Inc. ("Shun Lee West"), T & W Payroll Services, Inc. ("T & W

Payroll"), John Hwang, William Hwang, Michael Tong, and Bin Hu a/k/a Bin Wu (collectively,

"Defendants") to dismiss the Amended Complaint of Plaintiffs Bao Guo Zhang, Guoyi Wang,

Tong Wei Wu, Zhi Qiang Lu, Cheng Xia Wang, Chunlin Zhang, Jun Qing Zhao, Ze Jun Zhang,

Ya Qiang Zhang, Jun Ling Zhao, Hui Min Zhao, Jing Guan, Hui Liang Zhao, and Li Weng

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. 169.)

Also before me are the motion of Plaintiffs Guoyi Wang, Tong Wei Wu, Zhi Qiang Lu,

Steven Cheung, Quekyeow Yap, Haiping Wu, Weijun Zhen, Shude Zhang, Keeyew Foo,

Tsunming Fong, Terry Wong, Mingsung Chan, Leungtack Choi, Fong Yue, Guoliang Xu, Billy

Qin, Monaliza Wong, and Weiting Zhao (collectively, the "Troy Plaintiffs") for reconsideration

of my denial of their request for judicial review over the settlements between Plaintiffs Chunlin

Zhang and Bao Guo Zhang and Defendants pursuant to Rule 59(e) of the Federal Rules of Civil

Procedure and Local Civil Rule 6.3, (Doc. 202), and Defendants' cross-motion for sanctions and

attorneys' fees against Troy Law, PLLC ("Troy Law") and John Troy pursuant to 28 U.S.C. § 1927, (Doc. 205).

For the following reasons, Defendants' motion to dismiss is GRANTED in part and DENIED in part.  The Troy Plaintiffs' motion for reconsideration is DENIED.  Troy Law and John Troy are ORDERED to show cause in writing within 30 days from the date of entry of this order as to why sanctions against them are not warranted in light of the conduct discussed below.

## I.      **Factual Background**

Plaintiffs brought this action against Defendants for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (**Counts I and III**), alleged violations of the New York Labor Law ("NYLL"), § 190 *et seq.* (**Counts II, IV, V, VIII, IX, X, XI, XII**), breach of implied contract (**Counts VI and VII**), fraudulent filing of Internal Revenue Service ("IRS") returns (**Count XII**), and deceptive acts and practices in violation of the New York General Business Law ("GBL") § 349 (**Count XIII**).  Plaintiffs assert that Defendants have engaged in a pattern of failing to pay compensation for all hours worked, minimum wage, overtime compensation for all hours worked over forty (40) each work-week, and spread-of-hours compensation for all days where the interval between starting and quitting time was greater than ten (10) hours.  (Doc. 152, Am. Compl. at ¶ 2.)[1]  Plaintiffs further allege that Defendants failed to provide employees with wage statements and wage notice at the time of hiring.  (*Id.* ¶ 2.)

Counts I, II, VI, X, and XI are brought by Plaintiffs Bao Guo Zhang, Guoyi Wang, Tong Wei Hu, Zhi Qiang Lu, Cheng Xia Wang, Chunlin Zhang, Jun Qing Zhao, and Zejun Zhang (the "Shun Lee I Plaintiffs") against Defendants Shun Lee Palace, Shun Lee West, John Hwang,

---

[1] "Am. Compl." refers to Plaintiffs' Amended Complaint, filed December 17, 2019.  (Doc. 152.)

William Hwang, Michael Tong, and Bin Hu (the "Shun Lee I Defendants"), as well as by

Plaintiffs Ya Qiang Zhang, Jun Ling Zhao, Hui Min Zhao, Jing Guan, Hui Liang Zhao, and Li

Weng (the "Shun Lee II Plaintiffs") against Defendants T & W Shun Lee West, T & W Payroll,

and Bin Hu (the "Shun Lee II Defendants").   Counts VII, VIII, IX, XII, and XIII are brought by

the Shun Lee I Plaintiffs against the Shun Lee I Defendants only.   Count III is brought by the

Shun Lee I Plaintiffs against the Shun Lee I Defendants, and Shun Lee II Plaintiff Li Weng

against the Shun Lee II Defendants.   Count IV is brought by the Shun Lee I Plaintiffs against the

Shun Lee I Defendants, and Shun Lee II Plaintiffs Li Weng and Jun Ling Zhao against the Shun

Lee II Defendants.   Count V is brought by the Shun Lee I Plaintiffs against the Shun Lee I

Defendants, and Shun Lee II Plaintiffs Jun Ling Zhao, Jing Guan, and Ya Qiang Zhang against

the Shun Lee II Defendants.

## II.   **Procedural History**

The Shun Lee I Plaintiffs commenced this action by filing a putative collective and class

action complaint against the Shun Lee I Defendants on February 3, 2017.  (Doc. 1.)  The Shun

Lee I Defendants answered on April 21, 2017.  (Doc. 21.)  On April 8, 2019, the Shun Lee II

Plaintiffs filed a complaint with similar claims against T & W Payroll, Shun Lee West, Michael

Tong, and Bin Wu in a separate action.  (No. 1:19-cv-03094, Doc. 4.)  On May 31, 2019, the

Shun Lee II Plaintiffs filed an amended complaint.  (No. 1:19-cv-03094, Doc. 14.)  On October

10, 2019, upon application by Hang Law to consolidate the two actions, I directed the parties in

both matters to submit a joint status letter regarding the parties' respective positions as to

consolidation.  (Doc. 135; No. 1:19-cv-03094, Doc. 17.)  On November 7, 2019, I directed the

Clerk of Court to consolidate the action brought by the Shun Lee I Plaintiffs with the action

brought by the Shun Lee II Plaintiffs.  (Doc. 142.)  The Plaintiffs accordingly filed an Amended

Complaint incorporating the claims of both sets of Plaintiffs on December 17, 2019.  (Am. Compl.)

On February 14, 2020, Defendants moved to dismiss in part the Amended Complaint. (Docs. 169, 171, and 172.)  On March 2, 2020, the Plaintiffs represented by Troy Law, Guoyi Wang, Tong Wei Wu, Zhi Qiang Lu, Steven Cheung, Quekyeow Yap, Haiping Wu, Weijun Zhen, Shude Zhang, Keeyew Foo, Tsunming Fong, Terry Wong, Mingsung Chan, Leungtack Choi, Fong Yue, Guoliang Xu, Billy Qin, Monaliza Wong, and Weiting Zhao (the "Troy Plaintiffs"), filed a memorandum of law in opposition to Defendants' motion to dismiss.  (Doc. 174, Pls.' Opp'n Mem.)[2]  The Plaintiffs represented by Hang & Associates, PLLC ("Hang Law"), Cheng Xia Wang, Chunlin Zhang, Jun Qing Zhao, Ze Jun Zhang, Ya Qiang Zhang, Jun Ling Zhao, Hui Min Zhao, Jing Guan, Hui Liang Zhao, and Li Weng (the "Hang Plaintiffs"), did not oppose Defendants' motion to dismiss.  On March 9, 2020, Defendants filed their reply. (Doc. 175.)

On September 3, 2020, Hang Law and Defendants' counsel filed a joint letter update that they had reached an agreement to settle the claims of Plaintiffs Chunlin Zhang and Bao Guo Zhang.  (Doc. 192.)  The Hang Plaintiffs stated that they agreed that Chunlin Zhang and Bao Guo Zhang had no viable federal wage claims against Defendants, so the settlement and release would comprise only of a waiver of the two Plaintiffs' state claims. (*Id.* at 1.)  Accordingly, the settling parties asserted that they were not required to submit a letter seeking approval of the settlement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199 (2d Cir. 2015). (*Id.*)  On September 6, Troy Law filed an opposition to the settlement between Chunlin Zhang

---

[2] "Pls.' Opp'n Mem." refers to the Troy Plaintiffs' memorandum of law in opposition to Defendants' motion to dismiss, filed March 2, 2020.  (Doc. 174.)

and Bao Guo Zhang and Defendants, and asked that I require the parties to submit their settlement agreement for judicial review. (Doc. 199.) On September 11, 2020, Defendants filed a letter requesting that I deny Troy Law's opposition to the joint report of Defendants and Chunlin Zhang and Bao Guo Zhang settling those Plaintiffs' NYLL claims without judicial review. (Doc. 200.) On September 14, 2020, I denied Troy Law's request to subject the settlement agreement to judicial review. (Doc. 201.)

On September 28, 2020, Troy Law filed the instant motion for reconsideration of the denial of their application. (Docs. 202–204.) On October 12, 2020, Defendants filed their opposition to the Troy Plaintiffs' motion for reconsideration and the instant cross-motion for sanctions and attorneys' fees against Troy Law and John Troy. (Doc. 205.) On October 19, 2020, the Troy Plaintiffs filed a reply in support of their motion for reconsideration and opposition to Defendants' cross-motion for sanctions and attorneys' fees. (Doc. 207.) On November 2, 2020, Defendants filed a reply in support of their cross-motion for sanctions and attorneys' fees. (Doc. 208.)[3]

### III.    Legal Standards

#### A.    *Rule 12(b)(6)*

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

[3] Defendants' reply memorandum was untimely filed. *See* Local Civil Rules 6.1(b)(3) ("[A]ny reply affidavits and memoranda of law shall be served within seven days after service of the answering papers."); 6.3 (providing that the time periods for reply memoranda shall be governed by Rule 6.1). Accordingly, I will not consider Defendants' reply in determining their cross-motion for sanctions and attorneys' fees.

liable for the misconduct alleged." *Id.* This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy*, LLC, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner v. 2nd Ave. Delicatessen Inc*., 496 F.3d 229, 237 (2d Cir. 2007). A complaint need not make "detailed factual allegations," but it must contain more than mere "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id*.

### B. *Rule 59(e) and Local Civil Rule 6.3*

Local Civil Rule 6.3 allows reconsideration or reargument of a court's order in certain limited circumstances.[4] The decision of whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

The standard for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—

---

[4] Local Rule 6.3 provides that "[u]nless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment." The Troy Plaintiffs timely filed their motion for reconsideration.

matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Generally, a party seeking reconsideration must show either "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (quoting *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001)) (internal quotation marks omitted); *see also Lichtenberg v. Besicorp Grp. Inc.*, 28 F. App'x 73, 75 (2d Cir. 2002) (stating that the movant "must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion" in order to prevail on a motion for reconsideration) (citation omitted).  A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).  Nor is a motion for reconsideration a time to "advance new facts, issues or arguments not previously presented to the Court." *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (citation omitted).

### C.  *28 U.S.C. § 1927 and the Court's Inherent Power to Impose Sanctions*

A court has the inherent power to sanction an attorney who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) (citation omitted); *Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013).  On top of this inherent power, title 28 of U.S.C. § 1927 authorizes a court to require an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the

excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.

To impose sanctions under either authority, the trial court must find "clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes." *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009); *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 56 (2d Cir. 2018), *cert. denied sub nom. Huebner v. Midland Credit Mgmt.*, 139 S. Ct. 1282 (2019).  Regarding the first prong, "[c]onduct is entirely without color when it lacks any legal or factual basis; it is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the attorney whose conduct is at issue." *Scivantage*, 564 F.3d at 114.  The second prong requires the district court to make a "clear showing of bad faith" with a high degree of factual specificity in most cases.  *United States v. Seltzer*, 227 F.3d 36, 41–42 (2d Cir. 2000); *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986) (citation omitted).  Under this requirement, sanctions are appropriate only "when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay."  *Oliveri*, 803 F.2d at 1273; *see also Colucci v. New York Times Co*., 533 F. Supp. 1011, 1014 (S.D.N.Y. 1982) ("To justify the imposition of excess costs of litigation upon an attorney his conduct must be of an egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation. [Section 1927] is directed against attorneys who willfully abuse judicial processes.").

However, this Circuit has carved out a narrow exception to the requirement of bad faith in cases of inherent-power sanctions.  "[W]hen the district court invokes its inherent power to sanction misconduct by an attorney that involves that attorney's violation of a court order or other misconduct that is not undertaken for the client's benefit, the district court need not find

bad faith before imposing a sanction under its inherent power." *Seltzer*, 227 F.3d at 42; *see also, e.g.*, *Williams v. Lutheran Med. Ctr.*, 776 F. App'x 730, 731 (2d Cir. 2019) (holding that no showing of bad faith was required before finding an attorney in contempt where the conduct at issue was not inherent to client representation).   Under this exception, a court has the inherent power "to police the conduct of attorneys as officers of the court, and to sanction attorneys for conduct not inherent to client representation, such as, violations of court orders or other conduct which interferes with the court's power to manage its calendar and the courtroom without a finding of bad faith." *Seltzer*, 227 F.3d at 42.

## IV.   Discussion

### A. *Defendants' Motion to Dismiss the Amended Complaint*

Defendants move pursuant to Rule 12(b)(6) to dismiss Plaintiffs' FLSA claims (Counts I and III) and NYLL claims (Counts II, IV, V, VIII, IX, X, XI, and XII) against T&W Payroll, Michael Tong, John Hwang, William Hwang, and Bin Hu for failure to state a claim that they were Plaintiffs' "employers" during the relevant statute of limitations period.  (Doc. 172, Defs.' Mem. 6.)[5]  Defendants also move pursuant to Rule 12(b)(6) to dismiss Counts VIII, XII and XIII of the Amended Complaint for failure to state a claim.  (*Id*. at 14–16.)  Finally, Defendants move to dismiss Plaintiffs Bao Guo Zhang, Guoyi Wang, and Chunlin Zhang's FLSA claims as time-barred and to decline supplemental jurisdiction over their NYLL and state common law claims.  (*Id*. at 18.)  As the Hang Plaintiffs did not contest Defendants' motion to dismiss, Defendants also urge dismissal of those claims brought only by the Hang Plaintiffs against Defendants.  (Doc. 175, Defs.' Reply 3.)[6]

---

[5] "Defs.' Mem." refers to Defendants' memorandum in support of their motion to dismiss, filed February 14, 2020. (Doc. 172.)

[6] "Defs.' Reply" refers to Defendants' reply in support of their motion to dismiss, filed March 9, 2020.  (Doc. 175.)

As a threshold matter, I will not dismiss the Hang Plaintiffs' claims simply because they have not opposed Defendants' motion.  "If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal."  *McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000); *see also, e.g.*, *Haas v. Commerce Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007) (noting that failure to oppose a 12(b)(6) motion does not, by itself, justify dismissal of a complaint).  In deciding an unopposed motion to dismiss, a court must "assume the truth of a pleading's factual allegations and test only its legal sufficiency.  Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law."  *Id*. at 322–323 (citation omitted).  Accordingly, I will review each of the claims in the Amended Complaint that Defendants seek to dismiss to determine whether Plaintiffs have carried their burden.

### 1.  Whether Defendants Waived Their Rule 12(b)(6) Objections

Before turning to each of Defendants' arguments, I will address the Troy Plaintiffs' argument that Defendants' present motion to dismiss for failure to state a claim is untimely. Plaintiffs submit that Defendants waived their Rule 12(b)(6) objections by not raising them in their Answer to Plaintiff's original Complaint, and aver that their present motion should be designated a post-answer motion for judgment on the pleadings pursuant to Rule 12(c).  (Pls.' Opp'n Mem. 3–4.)

In general, the amended complaint is the "legally effective pleading for Rule 12(b)(6) purposes."  *Harris v. City of New York*, 186 F.3d 243, 249 (2d Cir. 1999).  "It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect."

11

*International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied*, 434 U.S. 1014 (1978); *see also, e.g.*, *Rodriguez v. It's Just Lunch Int'l*, No. 07CIV9227SJSLMF, 2009 WL 399728, at *3 (S.D.N.Y. Feb. 17, 2009) (treating defendants' motion to dismiss the amended complaint as a motion pursuant to Fed. R. Civ. P. 12(b)(6) after defendants had answered the original complaint).  As Defendants have yet to answer the Amended Complaint, Defendants have not waived their right to move to dismiss.  *Cf. Moore v. Shahine*, No. 18CIV463ATKNF, 2019 WL 948349, at *2 (S.D.N.Y. Feb. 27, 2019) (finding defendant's motion to dismiss untimely after the defendant had answered the plaintiff's second amended complaint).

The Troy Plaintiffs' reliance on *Gilmore v. Shearson/American Express, Inc.* for the proposition that an amended complaint "does not automatically revive all of the defenses and objections that a defendant has waived in response to the original complaint" is inapposite.  811 F.2d 108, 112 (2d Cir. 1987).  The waiver in question in that case was of a motion to compel arbitration of a claim, and the *Gilmore* court in fact explicitly noted that, in other instances, "Rule 15 of the Federal Rules of Civil Procedure does not expressly limit the defenses that can be alleged in response to an amended pleading." *Id*. at 112.  Rather, "the defenses and objections that are irrevocably waived by answering an original complaint are those that 'involve the core issue of a party's willingness to submit a dispute to judicial resolution,' such as objections to 'lack of personal jurisdiction, improper venue, insufficiency of process and insufficiency of service.'" *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (citing *id*.).  Defendants' present motion pursuant to Fed. R. Civ. P. 12(b)(6) does not attempt to raise any of the aforementioned defenses.  Therefore, Defendants' objections have not been waived under *Gilmore*.

Accordingly, I will analyze Defendants' present motion as a motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).

### 2. Failure to State a Claim Against T & W Payroll and the Individual Defendants

Defendants argue that Plaintiffs fail to plead that Defendant T & W Payroll and the individual Defendants were their "employers" for all or part of the relevant claims period. Accordingly, Defendants move to dismiss (1) Plaintiffs' FLSA and NYLL claims against T & W Payroll, John Hwang, William Hwang in full; (2) Plaintiffs' FLSA and NYLL claims against Defendant Bin Hu in full or, in the alternative, to the extent they arose prior to October 2015; and (3) Plaintiffs' FLSA and NYLL claims against Michael Tong to the extent that they arose after October 2015.

Only an "employer" may be held liable for violations of the FLSA and NYLL. The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to the employee." 29 U.S.C. § 203(d). An employment relationship exists under the FLSA when the "economic reality" is such that the "alleged employer possessed the power to control the workers in question." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999); *see also Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013) (noting that the existence of an employment relationship for FLSA purposes is "a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances").

The NYLL defines "employer" as "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service." N.Y. Lab. Law § 190(3) (McKinney 2020). Due to the resemblance between the statutory standards of the FLSA and NYLL, courts in this district have regularly applied the same tests to determine whether entities were joint employers under both statutes. *See Hart v. Rick's Cabaret*

*Int'l, Inc.*, 967 F. Supp. 2d 901, 940 (S.D.N.Y. 2013) (noting that while "the New York Court of Appeals has not yet resolved whether the NYLL's standard for employer status is coextensive with the FLSA's, . . . there is no case law to the contrary"); *Olvera v. Bareburger Grp. LLC*, 73 F. Supp. 3d 201, 206 (S.D.N.Y. 2014) (applying the same economic reality test to both statutes). I will similarly apply the economic reality test to both Plaintiffs' FLSA and NYLL claims.

To determine whether a particular defendant was an "employer" for purposes of the FLSA and NYLL, this Circuit has set forth four factors describing "formal control" by an employer: "whether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter v. Dutchess Cnty. Cmty. Coll.*, 735 F. 2d 8, 12 (2d Cir. 1984) (citations omitted). "No one of the four factors standing alone is dispositive." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999); *see also Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 69 (2d Cir. 2003) (explaining that *Herman* does not mandate a "rigid four-part test," nor is "a positive finding on those four factors . . . necessary to establish an employment relationship"). Rather, "the 'economic reality' test encompasses the totality of circumstances, no one of which is exclusive." *Herman*, 172 F.3d at 139.

Absent "formal control" under the *Carter* factors, a defendant may alternatively be characterized as an "employer" if it exercises "functional control" over the workers in question. To assess whether a putative employer exercised functional control over a worker, courts consider:

> (1) whether [the defendants'] premises and equipment were used for the plaintiffs' work; (2) whether the [defendants] had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete line-job that was integral to [the defendants'] process of production; (4) whether

responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which the [defendants] or their agents supervised plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominantly for the [defendants].

*Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 72 (2d Cir. 2003).

a. <u>Dismissal of the Claims Against Defendant T & W Payroll</u>

Defendants move to dismiss the claims by the Shun Lee II Plaintiffs against T & W Payroll as Plaintiffs failed to plead sufficient facts that T & W Payroll was their "employer." (Defs.' Mem. 12.)  The Troy Plaintiffs do not pursue claims against T & W Payroll, and thus do not contest Defendants' motion to dismiss with respect to T & W Payroll.  (Pls.' Opp'n Mem. 8.) Nor have the Shun Lee II Plaintiffs, represented by Hang Law, contested the motion to dismiss T & W Payroll as a Defendant.

Other than alleging that T & W Payroll issues checks and paystubs to Plaintiffs, (*see* Am. Compl. ¶ 33), Plaintiffs do not plead facts indicating that T & W Payroll played any role in their employment conditions.  This bare assertion, taken as true, is insufficient to satisfy any of the four *Carter* factors for formal control or the six *Zheng* factors for functional control.  *See Irizarry*, 722 F.3d at 109 ("Evidence that an individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function, is insufficient to demonstrate 'employer' status.").  The Amended Complaint raises no evidence that T & W Payroll has the power to hire and fire employees, supervises and controls employees' work schedules or employment conditions, determines the rate and method of employee compensation, or maintains employment records.  Although T & W Payroll's issuance of paychecks is potentially relevant to the third *Carter* factor, Plaintiffs raise no facts showing that T & W Payroll actually "determined the rate and method of payment" or otherwise exercised any "financial control" over the company that might satisfy this factor.  *See Irizarry*, 722 F.3d at 115

(citing *Herman*, 172 F.3d at 140) (noting that with regard to the third *Carter* factor, the fact the putative employer's signature appears on paychecks is not dispositive and that "the key question is whether the defendant had the authority to sign paychecks throughout the relevant period").  In any event, this factor alone is not dispositive.  Plaintiffs thus fail to establish that T & W Payroll exercised formal or functional control over them amounting to an employment relationship.

As Plaintiffs have not raised a claim that they were employed by T & W Payroll under the FLSA or NYLL, the Shun Lee II Plaintiffs' claims against T & W Payroll are DISMISSED.

b.  <u>Dismissal of the Claims Against Individual Defendant Bin Hu</u>

Next I turn to the allegations in the Amended Complaint against Defendant Bin Hu to determine if they are sufficient under the formal or functional control test.

Defendant Bin Hu was a shareholder and officer of Shun Lee Palace and Shun Lee West from around October 2015.  (Am. Compl. ¶¶ 48, 49.)  Bin Hu was known as "Big Boss" or "Boss" to Plaintiffs.  (*Id.* ¶¶ 195, 223, 241, 266, 285, 302.)  Plaintiffs recite the four elements of the *Carter* test, alleging that Bin Hu had the power to hire and fire Shun Lee West and Shun Lee Palace employees, supervised and controlled employee work schedules or conditions, determined the rate and method of payment of employees, and maintained employee records for both restaurants.  (*Id.* ¶¶ 49, 195, 223, 241, 266, 285, 302.)  Plaintiffs further state that Bin Hu hired and retained Long Fa Yu (hereinafter "Manager Yu") as a manager of Plaintiffs Ya Qiang Zhang, Jun Ling Zhao, Ming Hui Zhao, Jing Guan, Hui Liang Zhao, Li Weng, and assert the second, third, and fourth *Carter* factors as to Manager Yu.  (*Id.* ¶¶ 196–98, 224–26, 242–44, 267–69, 286–88, 303–05.)  Specifically, the Amended Complaint alleges that Manager Yu controlled and determined the aforementioned Plaintiffs' work schedules, determined their rates of compensation and methods of payment, handled their wage payments, and maintained their

employment records.  (*Id.*)  Apart from a conclusory statement in the Troy Plaintiffs' opposition that Defendant Bin Hu had functional control over them, Plaintiffs do not otherwise plead functional control under the *Zheng* test.  (Pls.' Opp'n Mem. 12.)

Plaintiffs' assertion that Bin Hu was a shareholder and owner of Shun Lee Palace and Shun Lee West, by itself, does not establish employer status.  "Ownership, or a stake in a company, is insufficient to establish that an individual is an 'employer' without some involvement in the company's employment of the employees."  *Irizarry,* 722 F.3d at 111; *see, e.g.*, *Tapia v. Blch 3rd Ave. LLC*, No. 14-CV-8529 (AJN), 2016 WL 4581341, at *8 (S.D.N.Y. Sept. 1, 2016) (finding that a defendant shareholder of a company who did not exercise operational control over plaintiffs was not their employer), *aff'd sub nom. Tapia v. Blch 3rd Ave LLC*, 906 F.3d 58 (2d Cir. 2018).

Neither does Plaintiffs' belief that Bin Hu was a "boss" transform him into an employer. *See, e.g.*, *Salinas v. Starjem Rest. Corp*., 123 F. Supp. 3d 442, 464 (S.D.N.Y. 2015) (noting that plaintiffs' perception that defendant was a "boss" did not make her an employer under the FLSA); *Copantitla v. Fiskardo Estiatorio, Inc.,* 788 F.Supp.2d 253, 314 (S.D.N.Y. 2011) (explaining that "[plaintiff's] perception that [defendant] is an 'owner' does not make him an employer"); *Chao v. Vidtape, Inc.,* 196 F. Supp. 2d 281, 291 (E.D.N.Y. 2002), *aff'd as modified*, 66 Fed. App'x 261 (2d Cir. 2003) (summary order) (finding testimony that "most [employees] thought [defendant] was a 'boss' when asked" to be "insufficient to support a definition of employer under the economic realities test").

Other than paraphrasing the four *Carter* factors, the Amended Complaint raises no additional factual grounds for Plaintiffs' assertion that Bin Hu "maintain[ed] active operational control" over restaurant employees.  (Am. Compl. ¶¶ 195, 223, 241, 266, 285, 302).  "Courts in

this circuit have held that 'mere boilerplate allegations that an individual meets the various prongs of the economic reality test' are insufficient to survive a motion to dismiss." *Bravo v. Established Burger One, LLC*, No. 12 CIV. 9044 CM, 2013 WL 5549495, at *7 (S.D.N.Y. Oct. 8, 2013) (quoting *Diaz v. Consortium for Worker Educ, Inc.*, No. 10 Civ. 01848 (LAP), 2010 WL 3910280, at *2 (S.D.N.Y. Sept. 28, 2010), and dismissing FLSA and NYLL claims where plaintiffs did not plead specific facts aside from the elements of the "economic reality test").  I accordingly find Plaintiffs' bare recital of the *Carter* elements insufficient to raise a claim that Bin Hu employed Plaintiffs within the meaning of the FLSA and NYLL.

For the same reasons, the Amended Complaint's mere conclusory statements that Bin Hu hired Manager Yu, and that Manager Yu controlled several of the Plaintiffs' work schedules, determined their rates of compensation and methods of payment, handled their wage payments, and maintained their employment records also fail to rise to a claim that Bin Hu was Plaintiffs' employer.  (Am. Compl. ¶¶ 195–98, 223–26, 241–44, 266–69, 285–88, 302–05.)  Although Plaintiffs plead that Bin Hu hired Manager Yu, this only establishes the first *Carter* factor with regard to Bin Hu's employment relationship with Manager Yu, rather than with the Plaintiffs at issue.  However, "the overarching concern is whether the alleged employer possessed the power to control the workers in question." *Herman*, 172 F.3d at 139.  While Bin Hu's authority to hire the manager in charge of the Plaintiffs in question may indicate control under the first *Carter* factor, *see id.* at 140 (stating that the hiring of managerial staff in charge of the plaintiffs is a strong indication of control), Plaintiffs do not articulate any facts showing that Manager Yu did actually manage Plaintiffs, let alone that Bin Hu secondarily exercised control over the Plaintiffs through Manager Yu.  Again, Plaintiffs do not point to specific allegations supporting their recapitulation of the second, third, and fourth *Carter* factors as against Manager Yu.  Nor is there

further proof in the Amended Complaint that Bin Hu otherwise played a role in directing and controlling the Plaintiffs in question through Manager Yu.  As stated above, such threadbare recitations of the *Carter* factors, without accompanying specific facts, do not demonstrate an employment relationship under the economic reality test.

I find that Bin Hu is not Plaintiffs' employer under the FLSA or the NYLL.  Accordingly, Defendants' motion to dismiss the claims against Defendant Bin Hu is GRANTED.

c.  <u>Dismissal of the Claims Against Individual Defendants John Hwang and William Hwang</u>

Next I turn to the allegations against Defendants John Hwang and William Hwang in the Amended Complaint under both the formal and functional control tests.

The Amended Complaint provides that Defendant John Hwang was a general manager at Shun Lee West for an unstipulated period of time.  (Am. Compl. ¶ 43.)  The Amended Complaint does not provide William Hwang's title, but the Troy Plaintiffs claim in their opposition that William Hwang was a manager at Shun Lee Palace.  (Pls.' Opp'n Mem. 11.)  Plaintiffs further state that both John Hwang and William Hwang "had the power to hire and fire" employees, "supervised and controlled employee work schedules or conditions of employment," "determined the rate and method of payment of employees," and "maintained employee records" at Shun Lee West and Shun Lee Palace respectively.  (Am. Compl. ¶¶ 43, 45.)  Beyond this near-verbatim recital of the *Carter* test, the Amended Complaint points to no other specific facts establishing operational control thereunder.  Apart from a conclusory statement in the Troy Plaintiffs' opposition that John Hwang and William Hwang had functional control over them, Plaintiffs do not otherwise plead functional control under the *Zheng* test. (Pls.' Opp'n Mem. 12.)

Taking Plaintiffs' factual allegations as true, the titular status of "manager" alone does not bestow employer status upon John Hwang or William Hwang.  "Evidence that an individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function, is insufficient to demonstrate 'employer' status." *Irizarry*, 722 F.3d at 109.  Rather, "an individual defendant must possess control over a company's actual 'operations' in a manner that relates to a plaintiff's employment." *Id.*

Neither are Plaintiffs' "mere boilerplate allegations" that John Hwang and William Hwang "meet[] the various prongs of the economic reality test" sufficient to establish formal control under *Carter*.  *Bravo*, 2013 WL 5549495, at *7 (internal quotation marks omitted).  As stated above, without supporting factual allegations, a bare recital of the *Carter* factors is insufficient to state a claim of employment.  As Plaintiffs do not even attempt to recite the *Zheng* factors as to John Hwang and William Hwang, they also do not establish that either Defendant exercises functional control over them.

I find that Plaintiffs have not stated a claim that John Hwang and William Hwang are Plaintiffs' employer under the FLSA or the NYLL.  Accordingly, Defendants' motion to dismiss the claims against Defendants John Hwang and William Hwang is GRANTED.

### d.  Claims Against Individual Defendant Michael Tong

The Amended Complaint alleges that Michael Tong was the sole shareholder and owner of Shun Lee West and maintained operational control over Shun Lee West from in or around July 2014 to in or around October 2015.  (Am. Compl. ¶¶ 38, 214, 258.)  Michael Tong sold all of his shares in the two restaurants to Bin Hu in October of 2015.  (*See id.* ¶¶ 38, 48.)  Plaintiffs state that Michael Tong hired employees of Shun Lee Palace and Shun Lee West, including Plaintiffs Jun Qing Zhao around 2008 and Zhi Qiang Lu around March 2012, and fired

employees of Shun Lee Palace and Shun Lee West, including Plaintiff Chun Lin Zhang around June 2013.  (*Id.* ¶¶ 39, 158–59, 99–100, 141–42.)  Michael Tong also hired Long Fa Yu as a manager, who Plaintiffs allege in turn "controlled and determined the work schedule" and "determined the rates of compensation" of Plaintiffs Jing Guan and Jun Lin Zhao, and "handled wage payments to [Plaintiffs Guan and Zhao] and maintained [their] employment records."  (*Id.* ¶¶ 215, 216, 217, 259, 260, 261.)  Michael Tong distributed pay to employees of Shun Lee Palace and Shun Lee Restaurant.  (*Id.* ¶ 40.)  Tong was allegedly known as "Boss" to Plaintiffs. (*Id.* ¶ 214, 258.)  The Amended Complaint also alleges that Michael Tong partially reimbursed Plaintiff Zhi Qiang Lu for the costs of a delivery bicycle that Plaintiff purchased out of pocket with a check in the amount of five hundred dollars.  (*Id.* ¶¶ 114–15.)

Plaintiffs have raised specific factual allegations relevant to at least two out of four of the *Carter* factors.  They have shown that Michael Tong had the authority to hire and fire employees, as evidenced by his hiring and firing of Plaintiffs Jun Wing Zhao, Zhi Qiang Lu, and Chun Lin Zhang.  They have also described facts showing that Michael Tong has at least, on one occasion, exercised control over the rates and method of payment to employees by determining Plaintiff Zhi Qiang Lu's reimbursement.

Defendants do not dispute Plaintiffs' assertion that Michael Tong was Plaintiff's employer before October 2015, but request that I dismiss the claims against Defendant Michael Tong that allegedly arose after he sold his shares in the restaurants in October 2015.  (Defs.' Mem. 13.)  As noted above, the mere fact of ownership or stakeholder status is not determinative as to whether an individual is an employer under the FLSA and NYLL.  *See supra* Part IV.2.B; *Irizarry,* 722 F.3d at 111.  As such, I do not find the sale of Michael Tong's shares conclusive as to whether he ceased to be Plaintiffs' employer, and will assess whether Plaintiffs plead that

Michael Tong nonetheless exercised formal or functional control after he sold his interest in October 2015.

Plaintiffs' allegations that Michael Tong exercised control over them sufficient to make him their employer are not limited to the period before October 2015.  Contrary to Defendants' contention that Plaintiffs did not allege that Michael Tong was involved in either of the restaurants after he sold his shares, (*see* Defs'. Mem. 19), Plaintiffs have raised facts showing that Michael Tong continued to play a role in the operation of Shun Lee West and Shun Lee Palace after October 2015.  Namely, Plaintiffs allege that Michael Tong partially reimbursed Plaintiff Zhi Qiang Lu for the costs of a delivery bicycle that the Plaintiff purchased out of pocket in 2016.  (*Id.* ¶¶ 114–15.)  This factual allegation is relevant to establishing that Michael Tong exercised control under the third *Carter* factor, as Plaintiffs raise facts that demonstrate that he "determined the rate and method of payment" of Plaintiffs.  735 F. 2d at 12.  As Plaintiffs have raised a claim that Michael Tong exercised control under the *Carter* test after October 2015, I decline to limit the claims against Michael Tong to the period before October 2015.

Defendants' motion to dismiss the claims against Michael Tong arising after October 2015 is hereby DENIED.

### 3.   Dismissal of Plaintiff's Eighth Cause of Action against Defendants for Failing to Provide Proper Meal Periods as there is No Such Private Right of Action

Plaintiffs' Eighth Cause of Action (Am. Compl. ¶¶ 384–88) asserts that Defendants did not provide statutorily mandated meal periods to Plaintiffs.  Defendants contend, (Defs.' Mem. 14), and Plaintiffs concede, (Pls.' Opp'n Mem. 5), that this cause of action must be dismissed since there is no private right of action under Section 162.  Indeed, as Section 162 claims may only be enforced by the New York Commissioner of Labor pursuant to the administrative

procedure codified at Section 218, N.Y. Lab. Law § 218, courts have found that there is no private right of action to enforce Section 162. *See Romero v. DHL Express, Inc.*, 2015 U.S. Dist. LEXIS 36974, *18 (S.D.N.Y. Mar. 24, 2015) (collecting cases). Accordingly, Count XIII is DISMISSED for failure to state a claim upon which relief can be granted.

### 4. Dismissal of Plaintiffs' Twelfth Cause of Action against Defendants under Section 7434 of the Internal Revenue Code for Failure to State a Claim

Defendants submit that Plaintiffs' Twelfth Cause of Action (Am. Compl. ¶¶ 403–05) should be dismissed because Plaintiffs have failed to plead sufficient facts showing that Defendants willfully filed a fraudulent tax return entitling them to recovery under 26 U.S.C. 7434(a).

Section 7434(a) of the Internal Revenue Code provides that, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a); *see also Katzman v. Essex Waterfront Owners LLC*, 660 F.3d 565, 566 (2d Cir. 2011) (per curiam) (§ 7434 is a "provision that creates a civil damages remedy for the willful filing of fraudulent 'information returns'"). As I have previously stated, the plain language of the statute requires that a person "willfully files" a fraudulent information return. *See Yahui Zhang v. Akami Inc.*, No. 15-CV-4946 (VSB), 2017 WL 4329723, at *5 (S.D.N.Y. Sept. 26, 2017) (citing *Katzman*, 660 F.3d at 568). "An allegation that a person intentionally failed to file a required information return does not state a claim under § 7434." *Id.* "An actionable claim only arises . . . when 'the information return itself' is fraudulent." *Katzman v. Essex Waterfront Owners LLC*, No. 09 Civ. 7541 (DAB), 2010 WL 3958819, at *3 (S.D.N.Y. Sept. 29, 2010), *aff'd,* 660 F.3d 565 (2d Cir. 2011) (citation omitted).

Other than reciting the statutory requirements of 26 U.S.C. § 7434(a) and asserting a claim for relief thereunder, the Amended Complaint does not allege that Defendants willfully filed a fraudulent information return.  (*See* Am. Compl. ¶¶ 403–05).  Although the Troy Plaintiffs in their opposition identify facts related to their claims under the FLSA and NYLL as support for their § 7434 claim, the only relationship between these claims is that Defendants are required to report wage compensation on their information returns with respect to income tax withheld and given to Plaintiffs.  The Troy Plaintiffs now assert that because Defendants failed to keep full records of wage compensation paid to their employees and did not properly compensate Plaintiffs, "[i]t is highly unlikely that Defendants reported accurate information on their federal and state income tax returns."  (Pls.'s Opp'n Mem. 8.)  These assertions do not appear in the Amended Complaint, and even if they did, I have previously stated that so tenuous an assertion is "insufficient to plead a plausible claim, much less a 'willful' filing of information returns."  *Yahui Zhang*, 2017 WL 4329723, at *5.

Therefore, Defendants' motion to dismiss Count XII is GRANTED.

### 5. Dismissal of Plaintiff's Thirteenth Cause of Action against Defendants Under New York General Business Law Section 349 for Failure to State a Claim

New York General Business Law Section 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. Gen. Bus. Law § 349(a) (McKinney 2020).  To state a § 349 claim, a plaintiff must allege that "(1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured as a result."  *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009); *see also Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000).

With regard to the first element, Plaintiffs must plead "consumer-oriented" conduct. *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank N.A*., 647 N.E.2d 741, 744 (N.Y. 1995). "The 'consumer-oriented' requirement may be satisfied by showing that the conduct at issue 'potentially affects similarly situated consumers.'" *Wilson v. Northwestern Mutual Ins. Co*., 625 F.3d 54, 64 (2d Cir. 2010) (quoting *Oswego Laborers'*, 647 N.E.2d at 741). "Although consumer-oriented conduct does not require a repetition or pattern of deceptive conduct, a plaintiff must demonstrate that the acts or practices have a broader impact on consumers at large." *Id*. (internal quotation marks omitted). In light of this broader-impact requirement, New York courts have recognized that various activities do not fall within the reach of this statute, including "[p]rivate contract disputes, unique to the parties." *Oswego Laborers'*, 647 N.E.2d at 744.

Defendants move to dismiss Plaintiffs' § 349 claim for failure to identify a single consumer-oriented practice or a single misleading act committed by Defendants. (Defs.' Mem. 16.)

Defendants are correct; the Amended Complaint contains no allegations that Defendants participated in "consumer-oriented conduct." In support of Count XIII, Amended Complaint merely asserts that "New York General Business Law §349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return." (Am. Compl. ¶ 407). As I previously admonished Troy Law in *Yahui Zhang*, General Business Law § 349 contains no such language. *See Yahui* Zhang, 2017 WL 4329723, at *4. Nor have Plaintiffs cited case law applying section 349 to the filing of fraudulent information returns under similar factual circumstances to this case.

In their opposition, the Troy Plaintiffs do not address Defendants' motion to dismiss Count XIII other than to assert that "[i]t is highly unlikely that Defendants reported accurate information on their federal and state income tax returns."  (Pls.'s Opp'n Mem. 8.)  As I stated in *Yahui Zhang*, the alleged filing of fraudulent tax returns does not amount to consumer-oriented conduct.  *See Yahui* Zhang, 2017 WL 4329723, at *4 (citing *City of N.Y. v. Cyco.Net, Inc*., 383 F. Supp. 2d 526, 562–63 (S.D.N.Y. 2005) ("The act of not filing reports understandably results in the City not knowing which consumers to tax, but the Court finds there is no basis for the City to claim that the act of not filing the reports misleads consumers in any way, as required under the statute.")).

As Plaintiffs have failed to plead a plausible claim under § 349, Defendants' motion to dismiss Count XIII is GRANTED.

### 6. Dismissal of Plaintiffs Bao Guo Zhang, Guoyi Wang, and Chunlin Zhang's FLSA Claims and Supplemental Jurisdiction Over Their NYLL and New York Common Law Claims

Defendants move for the dismissal of the federal FLSA claims of Plaintiffs Bao Guo Zhang, Guoyi Wang, and Chunlin Zhang as time-barred.  (Defs.' Mem. 18.)  Defendants also argue that I should decline to exercise supplemental jurisdiction over their NYLL and New York common law claims.  (*Id*.)

Claims arising out of willful violations of the FLSA must be commenced within three years after the cause of action accrued.  29 U.S.C. § 255(a).  Claims alleging violations of the NYLL are subject to a six-year statute of limitations.  N.Y. Lab. Law § 198(3) (McKinney 2020).

Plaintiff Bao Guo Zhang's last day of employment for the corporate Defendants was allegedly July 1, 2012.  (*See* Am. Compl. ¶ 54).  Bao Guo Zhang was thus required to bring any

FLSA claim arising out of employment with the corporate Defendants by July 1, 2015. 29 U.S.C. § 255(a). Bao Guo Zhang filed his consent to sue on February 3, 2017. (*See* Doc. 7.) As a result, Bao Guo Zhang's FLSA claims are time-barred.

Plaintiff Guoyi Wang's last day of employment for the corporate Defendants was allegedly sometime in February 2011. (*See* Am. Compl. ¶ 69). Guoyi Wang was thus required to bring any FLSA claim arising out of employment with the corporate Defendants by February 2014. 29 U.S.C. § 255(a). Guoyi Wang filed his consent to sue on February 3, 2017. (*See* Doc. 9.) As a result, Guoyi Wang's FLSA claims are time-barred.

Plaintiff Chunlin Zhang's last day of employment for the corporate Defendants was allegedly sometime in June 2013. (*See* Am. Compl. ¶ 140). Chunlin Zhang was thus required to bring any FLSA claim arising out of employment with the corporate Defendants by June 2016. 29 U.S.C. § 255(a). Chunlin Zhang filed his consent to sue on February 3, 2017. (*See* Doc. 5.) As a result, Chunlin Zhang's FLSA claims are time-barred.

Both the Troy Plaintiffs and the Hang Plaintiffs do not contest Defendants' motion to dismiss the FLSA claims of Bao Guo Zhang, Guoyi Wang, and Chunlin Zhang. (Pls.' Opp'n Mem. 12; Doc. 192, at 1.) The Troy Plaintiffs nonetheless ask that I retain supplemental jurisdiction over the NYLL and state common law claims of Guoyi Wang. (Pls.' Opp'n Mem. 12.)[7] On August 3, 2020, the Hang Plaintiffs advised me that they have reached an agreement with Defendants to settle the New York State claims of Chunlin Zhang and Bao Guo Zhang. (Doc. 192, at 1.)

Section 1367(c)(3) of title 28 provides that district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if "the district court has dismissed all

---

[7] The Troy Law Firm also mistakenly contested the motion on behalf of Bao Guo Zhang, who it does not represent.

claims over which it has original jurisdiction."  28 U.S.C. § 1367.  Whether to exercise

supplemental jurisdiction "is within the sound discretion of the district court."  *Lundy v. Catholic*

*Health Sys. of Long Island Inc*., 711 F.3d 106, 117 (2d Cir. 2013) (citing *Carnegie-Mellon Univ.*

*v. Cohill*, 484 U.S. 343, 349–50 (1988)).  Courts "consider and weigh in each case, and at every

stage of the litigation, the values of judicial economy, convenience, fairness, and comity" to

decide whether to exercise supplemental jurisdiction.  *Lundy*, 711 F.3d at 117–18 (internal

quotation marks omitted).  "[I]n the usual case in which all federal-law claims are eliminated

before trial, the balance of factors will point toward declining to exercise jurisdiction over the

remaining state-law claims."  *Kolari v. New York-Presbyterian Hosp*., 455 F.3d 118, 122 (2d Cir.

2006) (quoting *Cohill*, 484 U.S. at 350 n.7); *see also, e.g.*, *Marcus v. AT&T Corp.*, 138 F.3d 46,

57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state

claims should be dismissed as well."); *Camara v. Kenner*, No. 16-CV-7078 (JGK), 2018 WL

1596195, at *5–6 (S.D.N.Y. Mar. 29, 2018) (declining to exercise supplemental jurisdiction over

several plaintiffs' NYLL claims where the court had dismissed the same plaintiffs' FLSA claims

as time-barred).

In line with the weight of authority in this Circuit, I decline to exercise supplemental

jurisdiction over the NYLL and state common law claims of Bao Guo Zhang, Guoyi Wang, and

Chunlin Zhang.  Concerns about judicial economy, convenience, and fairness are limited because

this case is still at a relatively early stage of pre-trial litigation, discovery has not concluded,

depositions have not been taken, and the consolidated Amended Complaint was just filed on

December 17, 2019.  I also consider the fact that two of the three Plaintiffs whose FLSA claims

are dismissed, Chunlin Zhang and Bao Guo Zhang, have reached an agreement to settle their

New York State claims against Defendants and do not oppose Defendants' motion to dismiss

28

their claims in whole.[8]  (*See* Doc. 192, at 1.)  This being the case, any apprehensions regarding the Plaintiffs' ability to litigate their state law claims are, practically speaking, limited to Guoyi Wang alone.

Even absent a waiver of Plaintiff Guoyi Wang's state law claims against Defendants, I find that there is sufficient distinction between Bao Guo Zhang's, Guoyi Wang's, and Chunlin Zhang's NYLL and New York common law claims on one hand and the remaining Plaintiffs' FLSA, NYLL and New York common law claims on the other to warrant declining supplemental jurisdiction over the former.  Bao Guo Zhang (employed by Shun Lee Palace from around February 2011 to around July 2012), Guoyi Wang (employed by Shun Lee Palace from around November 2008 to around July 2009), and Chunlin Zhang (employed by Shun Lee Palace from around 2006 to around June 2013) were employed by Defendants during time periods distinct from each other and the remaining Plaintiffs, (Am. Compl. ¶¶ 8, 9, 140), each Plaintiff had different work schedules, (*id*. at ¶¶ 56, 70, 142), and each Plaintiff maintains different claims for reimbursement against Defendants for delivery vehicle maintenance and repair costs, (*id*. at ¶¶ 65–66, 80, 152–54).  As such, the proof that would support Bao Guo Zhang, Guoyi Wang, and Chunlin Zhang's claims is sufficiently distinct from the proof of the remaining Plaintiffs' claims that it would not be unfair or inconvenient to try their claims separately.  *See, e.g.*, *Camara*, 2018 WL 1596195, at \*6 (declining to exercise supplemental jurisdiction over the state law claims of plaintiffs whose FLSA claims were time-barred, where "[m]uch of the plaintiffs' evidence is unique to each plaintiff").

---

[8] In addition, judicial economy militates against extending jurisdiction over the state law claims of Chunlin Zhang and Bao Guo Zhang that have already been settled.

Accordingly, the FLSA claims of Bao Guo Zhang, Guoyi Wang, and Chunlin Zhang are DISMISSED with prejudice as time-barred, and the NYLL and New York common law claims of Bao Guo Zhang, Guoyi Wang, and Chunlin Zhang are DISMISSED without prejudice for want of subject-matter jurisdiction.

### B.   *The Troy Plaintiffs' Motion for Reconsideration*

The Troy Plaintiffs move pursuant to Rule 59(e) and Local Rule 6.3 for reconsideration of my denial of their request for judicial review over the settlements between Defendants and Plaintiffs Chunlin Zhang and Bao Guo Zhang.  (Doc. 202; Doc. 204, Troy Pls.' Recons. Mem.)[9]

The Troy Plaintiffs initially objected to the settlements on the basis of concerns that (1) the settlement amount was too low, (2) that the settling parties were attempting to evade *Cheeks* review of Chunlin Zhang's and Bao Guo Zhang's FLSA claims, and (3) that the settlement did not account for Troy Law's charging lien on any recovery accruing to its former clients, Chunlin Zhang and Bao Guo Zhang.  (Doc. 199, at 2–3.)  In response, Defendants argued that Troy Law had no standing to raise objections to the settlement agreement as they no longer represent Chunlin Zhang and Bao Guo Zhang.  (Doc. 200, at 1.)  In any case, Defendants maintained that the settling Plaintiffs' FLSA claims had expired and that I did not need to approve NYLL-only settlement agreements.  (*Id.* at 2.)  On September 14, 2020, I denied the Troy Plaintiffs' request to subject the settlements to judicial review.  (Doc. 201.)

In the instant motion for reconsideration, Troy Law reasserts that the Troy Plaintiffs have standing to challenge the settlement agreements due to Troy Law's charging lien on the settlements of its former clients.  (Troy Pls.' Recons. Mem. 1.)  Troy Law also avers that I

---

[9] "Troy. Pls.' Recons. Mem." refers to the Troy Plaintiffs' motion for reconsideration of my denial of the opposition to the settlements of Chunlin Zhang and Bao Guo Zhang without judicial review, filed September 28, 2020.  (Doc. 204.)

should exercise discretion to review the settlement of Plaintiffs' state law claims.  (*Id.* at 3.)  The Troy Plaintiffs do not point to an "intervening change of controlling law" since my September 14 Order, and they do not call my attention to "the availability of new evidence."  *Beacon*, 818 F. Supp. at 701.  Therefore, the Troy Plaintiffs' motion may only be granted if there is a "need to correct a clear error."  *Id*.

### 1.  The Troy Plaintiffs' Standing to Challenge the Settlement Agreements

In support of its argument that the Troy Plaintiffs have standing to challenge the settlement agreements, Troy Law again points to its interest in the settlements pursuant to its charging lien on its former clients under Section 475 of the New York Judiciary Law.  (Troy Pls.' Recons. Mem. 1; *see* Doc. 199, at 2–3.)  Troy Law does not point to the availability of new law or new evidence relating to the issue of standing, but merely lumps its previous standing argument in its opposition letter with more citations to existing caselaw.  As such, I review the previous decision only for "clear error."

As a preliminary matter, Troy Law challenges the settlements on behalf of the Troy Plaintiffs, not their law firm itself, and asserts that the Troy Plaintiffs have standing to raise objections to the settlement agreement.  (Troy Pls.' Recons. Mem. 1.)  However, the only standing argument that Troy Law advances pertains to Troy Law's position as former counsel for Chunlin Zhang and Bao Guo Zhang, (*id.*), and Troy Law has not demonstrated how, even if it had standing in its own capacity to challenge the settlement agreements as holder of a charging lien, this would thereby confer standing on the Troy Plaintiffs.  In short, Troy Law fails to identify any arguments in its initial opposition or in its motion for reconsideration as to why the Troy Plaintiffs have standing in their own capacity.

In any event, whether I apply the standing analysis to Troy Law or the Troy Plaintiffs, the result is unchanged.  Article III standing requires that a litigant "must have sustained a palpable injury that is likely to be redressed by a favorable decision."  *State of N.Y. v. Reebok Int'l Ltd*., 96 F.3d 44, 47 (2d Cir. 1996).  Parties who do not participate in a settlement lack standing to raise objections to that settlement.  *See, e.g*., *City of Livonia Emples. Ret. Sys. v. Wyeth*, No. 07-cv-10329, 2013 U.S. Dist. LEXIS 113658, *4–5, (S.D.N.Y. Aug. 7, 2013) (holding that class members who decline to participate in a settlement fund lack standing to pursue objections to a settlement if they cannot establish an interest in the objection).  As discussed in further detail below, Troy Law has failed to show how the possession of a charging lien in the settlement funds of its former clients constitutes an exception to the above rule, entitling it to challenge the ability of these former clients to settle.  Nor has Troy Law raised "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error" in its motion for reconsideration.  *Beacon*, 818 F. Supp. at 701.

Troy Law's assertion that it has an enforceable charging lien that has attached to the settlement funds of Chunlin Zhang and Bao Guo Zhang does not suffice to grant it Article III standing.  Nor, for that matter, has Troy Law filed a motion to enforce a charging lien for counsel fees in this action or stated that it has done so in a plenary action; since I have not had the opportunity to determine whether an attachable charging lien exists, such lien remains, as yet, hypothetical.[10]  Assuming arguendo that Troy Law possesses an enforceable Section 475 lien in

---

[10] In fact, Troy Law's claim that it has standing to enforce a charging lien in the settlement funds is at odds with its argument against the settlements.  "[T]he lien created by section 475, which attaches by its terms in an action or proceeding 'in any court or before any . . . federal department,' is enforceable in federal courts in accordance with its interpretation by New York courts."  *Chesley v. Union Carbide Corp*., 927 F.2d 60, 67 (2d Cir. 1991).  However, as noted in the very cases that Troy Law itself cites, a Section 475 lien only attaches "to the fund representing the cause of action extinguished by the settlement."  *In re Shirley Duke Associates*, 611 F.2d 15, 18 (2d Cir. 1979); *Ie v. Ageha Japanese Fusion, Inc*., No. 15-CV-63 (JGK)(SN), 2018 WL 1635029, at *2 (S.D.N.Y. Apr. 2, 2018); *see also In re Baxter & Co*., 154 F. 22, 24 (2d Cir. 1907) (stating that while an attorney has a lien upon a fund he has recovered on behalf of his client, "he has no lien upon the naked cause of action of his client").  "While this

the settlements, Troy Law has not shown that this gives Troy Law standing to challenge the

settlements.  "[T]he existence of such a lien in favor of the attorneys does not confer a right on

them to stand in the way of a settlement of an action which is desired by the parties, and which

does not prejudice any right of the attorneys."  *Lee v. Vacuum Oil Co*., 126 N.Y. 579, 587 (N.Y.

1891); *see also Fischer-Hansen v. Brooklyn Heights R. Co*., 173 N.Y. 492, 500–01 (N.Y. 1903)

("[T]he lien is subject to the right of the client to settle in good faith, without regard to the wish

of the attorney . . . the existence of the lien does not permit the plaintiff's attorney to stand in the

way of a settlement.") (internal quotation marks omitted).   An attorney's lien does not

"deprive[] a party of the right to control the management of his own cause, and to determine

when the litigation shall cease and how far it shall be extended."  *Lee*, 126 N.Y. at 587.  Troy

Law's memorandum in support of its motion for reconsideration merely lists cases concerning

whether an attorney possesses a charging lien in the settlement funds of former clients.

However, Troy Law does not raise caselaw relevant to the instant issue of whether it has

standing to challenge the right of Chunlin Zhang and Bao Guo Zhang to settle their claims with

Defendants without judicial review.

     Accordingly, Troy Law has failed to demonstrate, on its own behalf or on behalf of the

Troy Plaintiffs, any palpable injury caused by the settlement or other interest in their objection

that would confer standing on either.  Because Troy Law cannot identify any "controlling

decisions" that my September 14 Order "overlooked," *see Shrader*, 70 F.3d at 257, I find that I

---

statutory charging lien comes into existence upon commencement of an action or proceeding, the lien attaches only
when proceeds in an identifiable fund are created by the attorney's efforts in that action or proceeding."  *DeCastro v.
Kavadia*, No. 12-CV-1386 (JMF), 2018 WL 4771528, at \*3 (S.D.N.Y. Oct. 3, 2018) (citing *City of Troy v. Capital
Dist. Sports, Inc*., 759 N.Y.S.2d 795, 797 (3rd Dep't 2003).  Troy Law's challenge to the settlements runs up against
its claim to possess an attachable charging lien in the settlements.  Furthermore, insofar as Troy Law is arguing
against the settlements, this would belie a claim by Troy Law that the settlement funds arose as a result of its efforts
in the litigation.

did not err in denying Troy Law's opposition to the settlements between Defendants and

Plaintiffs Chunlin Zhang and Bao Guo Zhang outside of judicial review.

> **2.   The Troy Plaintiffs' Request that I Exercise Discretion to Review Chunlin Zhang's and Bao Guo Zhang's Settlement of their NYLL Claims**

The Troy Plaintiffs raise for the first time in the instant motion the request that I exercise

my discretion to review the settlements of Plaintiffs Chunlin Zhang's and Bao Guo Zhang's state

law claims, on the theory that the settlement is an attempt to evade judicial review of these

Plaintiffs' FLSA claims.   I first note that this is an inappropriate use of the present motion.   To

reiterate, a motion for reconsideration is not an opportunity to advance "arguments not

previously presented to the Court."   *Polsby*, 2000 WL 98057, at *1.

In any case, Plaintiffs have conceded that Chunlin Zhang's and Bao Guo Zhang's FLSA

claims are time-barred, (Pls.' Opp'n Mem. 12; Doc. 192, at 1), and I have accordingly ruled,

*supra* Part IV.A.6.   As such, the settlements in question only pertain to Chunlin Zhang's and Bao

Guo Zhang's NYLL claims.   Assuming for purposes of this decision that Chunlin Zhang and Bao

Guo Zhang continue to have outstanding FLSA claims against Defendants, *Cheeks* does not

mandate the judicial review of settlements of NYLL.   *See Fisher v. SD Prot. Inc*., 948 F.3d 593,

607 n.12 (2d Cir. 2020) (noting that some district courts have allowed parties to settle the non-

FLSA state claims separately from the FLSA claims without judicial review); *see also, e.g.*,

*Yunda v. SAFI-G, Inc*., No. 15 CIV. 8861 (HBP), 2017 WL 1608898, at *2 (S.D.N.Y. Apr. 28,

2017) (noting that *Cheeks* is silent on whether a NYLL claim asserted in conjunction with a

FLSA claim must be judicially approved, and concluding that the parties' NYLL settlement

agreement did not require judicial review); *Simel v. JP Morgan Chase*, No. 05 CV 9750 GBD,

2007 WL 809689, at *4 (S.D.N.Y. Mar. 19, 2007) (declining to extend FLSA's requirement of

judicial supervision over settlements to the plaintiff's state law claims).  The Troy Plaintiffs do not identify an "intervening change of controlling law" or "the availability of new evidence" that would alter this conclusion.  *Beacon*, 818 F. Supp. 2d at 701.

Nor do the Troy Plaintiffs assert that I made a "clear error" in declining judicial review over Chunlin Zhang's and Bao Guo Zhang's settlements of their NYLL claims.  *Id.*  As the settling Plaintiffs do not pursue any FLSA claims against Defendants, the public policy issues implicated in the cases cited by the Troy Plaintiffs do not exist or apply here.  Those cases involved contemporaneous settlements of both FLSA and NYLL claims, and thus raised concerns that reviewing the plaintiffs' FLSA settlements without also reviewing the terms of their NYLL settlements would be unfair.  *See Fisher*, 948 F.3d at 607 (noting that the settlement under review resolved both the plaintiffs' FLSA claims and state law claims); *Bazile v. Asset Prot. Grp. LLC*, No. 18-CV-6820-DLI-SJB, 2019 WL 7985168, at *3 (E.D.N.Y. Nov. 27, 2019) (stating that review of a FLSA settlement without concurrent review of a NYLL settlement is "untenable"); *Gallardo v. PS Chicken Inc.*, 285 F. Supp. 3d 549, 553 (E.D.N.Y. 2018) (remarking that the concern is that, "absent an opportunity to review the NYLL settlement agreement in this case, the court has no way of knowing whether or not this is a true dismissal [of the FLSA claims] without prejudice").[11]  Here, where no FLSA claims by Chunlin Zhang and Bao Guo Zhang remain against Defendants, there is no bifurcated settlement to speak of that would compel me to review the Plaintiffs' NYLL settlements.  Troy Law has presented no other reasons that persuade me to require the settling parties to submit their NYLL-only settlements for

---

[11] In fact, the *Gallardo* court explicitly stated that "separate settlement agreements of non-FLSA claims in a combined FLSA/non-FLSA action would not generally be subject to court approval, insofar as their terms concerned only the non-FLSA claims."  285 F. Supp. 3d at 553.

review.  As such, I find that I did not err in denying Troy Law's opposition to the settlements

without judicial review of Chunlin Zhang's and Bao Guo Zhang's state law claims.

Accordingly, the Troy Plaintiffs' motion for reconsideration of my September 14 Order is

DENIED.

## C.  *Defendants' Cross-Motion for Sanctions and Attorneys' Fees Against Troy Law and John Troy*

Defendants seek the imposition of sanctions under 28 U.S.C. § 1927 or my inherent

powers.  (Doc. 206, Defs.' Sanctions Mem. 11.)[12]  Defendants argue that Troy Law and John

Troy should be sanctioned because they persisted in prosecuting their objection to the

settlements of Chunlin Zhang and Bao Guo Zhang with Defendants, even though they do not

represent those individuals.  (*Id*. at 10.)  As evidence that Troy Law was on notice that I would

not entertain such behavior, Defendants point to my previous admonishment of Troy Law for

filing an opposition to Defendants' motion to dismiss on behalf of Plaintiff Bao Guo Zhang, who

it does not represent.  (Doc. 180.)[13]  Defendants further argue that Troy Law's present motion for

reconsideration is frivolous and thus sanctionable as a determination to "press forward with . . .

entirely meritless arguments."  (Defs.' Sanctions Mem. 11.)  Troy Law's actions throughout this

---

[12] "Defs.' Sanctions Mem." refers to Defendants' memorandum in support of their cross-motion for sanctions and attorneys' fees and costs against Troy Law and John Troy, filed October 12, 2020.  (Doc. 206.)

[13] In response to a request by the Hang Plaintiffs to clarify counsel on this case, I issued the following Order:

> As clearly stated in the Court's January 22, 2020 order, (Doc. 158), Aaron Schweitzer and John Troy have been terminated from their representation of Bao Guo Zhang.  Jiajing Fan has been substituted as counsel for this plaintiff.  The Court admonishes Aaron Schweitzer and John Troy again after repeatedly warning about the need to cooperate with Jiajing Fan.  No later than March 24, 2020, Aaron Schweitzer and John Troy shall submit a letter clarifying that the consolidated complaint they filed on December 17, 2019, and the opposition memorandum they filed on March 3, 2020, are inaccurate to the extent these documents state that Aaron Schweitzer and John Troy represent Bao Guo Zhang.

(Doc. 180.)  I have also previously warned Troy Law not to "directly solicit or contact plaintiffs represented by Jiajing Fan."  (Doc. 188.)

case, Defendants argue, have needlessly delayed this litigation and caused Defendants to incur unnecessary legal fees.[14]  Defendants thus request that I sanction Troy Law and award Defendants attorneys' fees and costs incurred in the filing of responses to Troy Law's prior objection letter and the instant motion for reconsideration.  (*Id.* at 3.)

In order to impose sanctions under 28 U.S.C. § 1927 or my equitable power, I must either make a "clear showing of bad faith," *Oliveri*, 803 F.2d at 1273, or find that such a showing is not needed because the alleged misconduct was "not undertaken for the client's benefit," *Seltzer*, 227 F.3d at 42.

I find that Troy Law's assertion and continuation of meritless claims through its opposition to the settlements of Chunlin Zhang and Bao Guo Zhang and related motion for reconsideration may warrant sanctions under my inherent powers.  Accordingly, Troy Law is ordered to show cause as to why it should not be sanctioned for these filings.

As discussed above, *supra* Part IV.B.1, the claims raised in both motions were devoid of legal merit from the outset, since neither the Troy Plaintiffs nor Troy Law had standing to oppose the settlements of Plaintiffs that Troy Law no longer represents.  Circuit precedent does not provide such standing, and Troy Law and John Troy made no attempt to direct me to any legal authority for their statement to the contrary, that "Troy Law has standing to assert challenges to the settlement agreement as the holder of a charging lien against their former clients."  (Doc. 203, at ¶ 15.)  Given the clear lack of legal support for Troy Law's motions, it strains credulity to suggest that these papers were filed for any reason other than to delay the

---

[14] For instance, Defendants assert that Troy Law needlessly moved the Court for an order that notice of pendency be resent to collective members, when it could have instead requested a meet and confer with Defendants' counsel to resolve the issue.  (Defs.' Sanctions Mem. 11.)  Although I will bear in mind previous dilatory conduct by Troy Law, since Defendants only ask me to consider awarding sanctions and attorneys' fees associated with Troy Law's opposition to the settlements of Chunlin Zhang and Bao Guo Zhang and motion for reconsideration, (Docs. 199 and 204), I will only assess whether these two applications are sanctionable.

current litigation.  *See Oliveri*, 803 F.2d at 1273 (noting that bad faith may be inferred from the meritlessness of an attorney's actions).

After I denied Troy Law's application for the first time, Troy Law, led by John Troy,[15] persisted in advancing the argument that it had standing to contest the settlements without raising "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," as is required under Local Rule 6.3.  Instead, in what appears a last-ditch attempt to carve itself an exception to the norm that nonparties to a settlement lack standing to raise objections to that settlement, *see Wyeth*, 2013 U.S. Dist. LEXIS 113658, at *4–5, Troy Law's motion for reconsideration cites inapposite cases to the standing issue, *see supra* Part IV.B.1.

Notwithstanding whether Troy Law and John Troy undertook these pleadings in bad faith, sanctions for these dilatory actions may be proper under my inherent powers.  While a finding of bad faith is required in most cases before a district court may impose inherent-power sanctions, this requirement is not required where the misconduct "involves [an] attorney's violation of a court order or other misconduct that is not undertaken for the client's benefit." *Seltzer*, 227 F.3d at 42; *Williams*, 776 F. App'x at 731.  Here, Troy Law does not launch its challenges on behalf of Plaintiffs Chun Lin Zhang and Bao Guo Zhang.  As I previously admonished, Troy Law no longer represents those Plaintiffs and can no longer purport to act on their behalf.  (Doc. 180.)  Nor is there any evidence suggesting that these actions were undertaken for the benefit of Troy Law's current clients, the Troy Plaintiffs.  Although Troy Law makes the perfunctory claim that it challenges the settlements on behalf of the Troy Plaintiffs,

---

[15] John Troy is the named partner of Troy Law and the attorney who signed the pleadings which form the basis for the sanctions under consideration today.  (*See* Doc. 203.)

(Troy Pls.' Recons. Mem. 1), the only standing argument that Troy Law advances is in service of its own ability to retrieve a charging lien in the settlement funds, rather than for the benefit of its clients, (*id.* at 1–3). Troy Law has not raised any claims as to why allowing Plaintiffs Chun Lin Zhang and Bao Guo Zhang to resolve their claims with Defendants outside of judicial review would impair the Troy Plaintiffs' positions in the current litigation. On the contrary, these extraneous pleadings merely prolong the litigation to the detriment of Troy Law's clients. Because I can discern no plausible legal reason or intention of serving clients behind Troy Law's motions, it appears that Troy Law pursued these actions with no other purpose than to attempt to compel its former clients into resolving the lien issue and thereby Troy Law has vexatiously multiplied the proceedings before me. Accordingly, I find that sanctions may be appropriate under my inherent powers "to police the conduct of attorneys as officers of the court, and to sanction attorneys for conduct not inherent to client representation." *Seltzer*, 227 F.3d at 42.

Troy Law and John Troy hereby ORDERED to show cause in writing within 30 days from the date of entry of this order why they should not be sanctioned for filing their objection to Chunlin Zhang's and Bao Guo Zhang's settlements and related motion for reconsideration. If Troy Law and John Troy fail to do so by such date, I may impose sanctions pursuant to 28 U.S.C. § 1927 or my equitable powers.

Defendants are further directed to submit an affidavit in writing within 30 days from the date of entry of this order concerning the time spent by their attorneys as a result of defending against Troy Law's opposition to the settlements of Chun Lin Zhang and Bao Guo Zhang and related motion for reconsideration. The affidavit should attach time records as support for the amount of attorneys' fees. Although I am not required to award the full extent of attorneys' fees, I will take these amounts into account in deciding on an appropriate sanction. *See Eastway*

*Const. Corp. v. City of New York*, 821 F.2d 121, 122 (2d Cir. 1987); *see also, e.g.*, *Novelty Textile Mills, Inc. v. Stern*, 136 F.R.D. 63, 76–78 (S.D.N.Y. 1991) (approving award of attorney fees in amount of $2,000 out of $6,414.50 requested for counsel's bad-faith filing of motion).

## V.   Conclusion

For the foregoing reasons, Defendants' motion to dismiss is GRANTED in part and DENIED in part.  The Troy Plaintiffs' motion for reconsideration is DENIED.  Troy Law and John Troy are ORDERED to show cause in writing within 30 days from the date of entry of this order as to why sanctions against them are not warranted in light of the discussion above. Defendants are directed to submit, in support of their motion for sanctions, sworn affidavits verifying time records and attorneys' costs associated with defending against Troy Law's opposition to the settlements of Chun Lin Zhang and Bao Guo Zhang and related motion for reconsideration.

The Clerk of Court is respectfully directed to terminate the open motions at Documents 169 and 202 and to terminate Defendants T & W Payroll, John Hwang, William Hwang, and Bin Hu.  The remaining Defendants—Shun Lee Palace, Shun Lee West, and Michael Tong—are directed to meet and confer with Plaintiffs regarding a proposed date for the remaining Defendants to file their answers as well as the scheduling of discovery.  The parties are directed

to submit a joint letter addressing these issues, as well as a proposed Case Management Plan and

Scheduling Order, on or before February 26, 2021.

SO ORDERED.

Dated: February 16, 2021
        New York, New York

Vernon S. Broderick
United States District Judge