UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GUOYI WANG, TONG WEI WU, ZHI QIANG LU, HAIPING WU, GUOLIANG XU, STEVEN CHEUNG, QUEK YEOW YAP, SHUDE ZHANG, KEEYEW FOO, TSUNMING FONG, MINGSUNG CHAN, LEUNGTACK CHOI, FONG YUE, BILLY QIN, MONALIZA WONG, WEIJUN ZHEN, CHENG XIA WANG, JUN QING ZHAO, and ZE JUN ZHANG a/k/a Zejun Zhang, *on behalf of themselves and others similarly situated*, <br><br> and <br><br> YA QIANG ZHANG, JUN LING ZHAO, HUI MIN ZHAO, JING GUAN, HUI LIANG ZHAO, and LI WENG, *on behalf of themselves and others similarly situated,* <br><br>     Plaintiffs, <br><br>     v. <br><br> SHUN LEE PALACE RESTAURANT, INC. D/B/A SHUN LEE PALACE; T&W RESTAURANT, INC. D/B/A SHUN LEE WEST; and MICHAEL TONG, <br><br>     Defendants. | Civil Case No. 17-cv-00840 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

        Eli Z. Freedberg
        Kevin K. Yam
        Maayan Deker
        **LITTLER MENDELSON, P.C.**

        *Attorneys for Defendants*

1

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT CONCERNING THE SECOND AMENDED COMPLAINT ................................................................................... 1

II. RELEVANT PLEADED FACTS ...................................................................... 3

III. LEGAL STANDARD ........................................................................................ 4

IV. LEGAL ARGUMENT ....................................................................................... 5

    A. THE FLSA AND NYLL MINIMUM WAGE AND OVERTIME CLAIMS REQUIRE INTERPRETATION OF THE CBA, AND THEREFORE, ARE PREEMPTED UNDER THE LMRA……………………………………………………………………5

    B. THE COURT SHOULD NOT EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' CLAIMS BROUGHT PURSUANT TO THE NYLL AND NEW YORK COMMON LAW, AND INSTEAD SHOULD DISMISS THEM……………………………………………………………………….9

V. CONCLUSION ................................................................................................ 11

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................... 4, 5

*Bell Atlantic v. Twombly*,
    550 U.S. 544 (2007) ......................................................................................................4

*Brass v. Am. Film Tech., Inc.*,
    987 F.2d 142 (2d Cir.1993) ...........................................................................................5

*Brown v. U.S. Postal Service*,
    No. 95–CV–1442, 1996 U.S. Dist. Lexis 19753 (S.D.N.Y. Oct. 28, 1996) ..................7

*Caterpillar, Inc. v. Williams*,
    482 U.S. 386 (1987) ......................................................................................................6

*Chen v. Major League Baseball*,
    6 F.Supp.3d 449 (S.D.N.Y. 2014) ...............................................................................10

*DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc.*,
    27 F.Supp.3d 313 (E.D.N.Y. 2014) .............................................................................10

*Dougherty v. American Tel. and Tel. Co.*,
    902 F.2d 201 (2d Cir.1990) ...........................................................................................6

*Electrical Workers v. Hechler*,
    481 U.S. 851 (1987) ......................................................................................................6

*Faulkner v. Beer*,
    463 F.3d 130 (2d Cir. 2006) ..........................................................................................3

*Finley v. United States*,
    490 U.S. 545 (1989) ......................................................................................................2

*Freeman v. River Manor Corp.*,
    No. 17CV05162RJDRER, 2019 WL 3578432 (E.D.N.Y. Aug. 5, 2019) ...................10

*Giles v. City of New York*,
    1998 U.S. Dist. LEXIS 5345 (S.D.N.Y. Apr. 13, 1998) ...............................................6

*Harris v. Mills*,
    572 F.3d 66 (2d Cir. 2009) ............................................................................................4

*Hoops v. KeySpan Energy*,
    794 F. Supp. 2d 371 (E.D.N.Y. 2011) ................................................................. *passim*

*Livadas v. Bradshaw*,
    512 U.S. 107 (1994)..................................................................................................6

*Lundy v. Catholic Hlth. Sys. of Long Island, Inc.*,
    711 F.3d 106 (2d Cir. 2013)......................................................................................9

*Matson v. Board of Educ. of the City Sch. Dist. of N.Y.*,
    631 F.3d 57 (2d Cir. 2011)........................................................................................4

*Ruiz v. Citibank, N.A.*,
    93 F.Supp.3d 279 (S.D.N.Y. 2015).........................................................................10

*Ruston v. Town Bd. for the Town of Skaneateles*,
    610 F.3d 55 (2d Cir. 2010)........................................................................................4

*Tand v. Solomon Schechter Day School*,
    324 F.Supp.2d 379 (E.D.N.Y. 2004) .......................................................................8

*United Mine Workers v. Gibbs*,
    383 U.S. 715 (1966)..................................................................................................2

*Vadino v. A. Valey Engineers*,
    903 F.2d 253 (3d Cir. 1990)..................................................................................6, 8

*Vera v. Saks & Co.*,
    335 F.3d 109 (2d Cir.2003)....................................................................................6, 8

*Volpe v. Am. Language Commc'n Ctr., Inc.*,
    200 F.Supp.3d 428 (S.D.N.Y. 2016).......................................................................10

*Wynn v. AC Rochester*,
    273 F.3d 153 (2d Cir.2001).......................................................................................6

**Statutes**

28 U.S.C. § 1367(a), (c)....................................................................................................9

29 U.S.C. § 185(a) ............................................................................................................6

Fair Labor Starndars Act ("FLSA")........................................................................ *passim*

Labor Management Relations Act ("LMRA") ....................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. Rule 12(b)(6) ................................................................................1, 3, 4, 5

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Shun Lee Palace Restaurant, Inc. ("Shun Lee Palace"), T & W Restaurant, Inc. ("Shun Lee West"), and Michael Tong (collectively, "Defendants") submit this memorandum of law in support of Defendants' Motion to Dismiss the Second Amended Complaint of Plaintiffs Steven Cheung (waiter), Quekyeow Yap (waiter), Shude Zhang (waiter), Keeyew Foo (waiter), Tsun Ming Fong (waiter), Terry Wong (waiter), Ming Sung Chan (waiter), Leung Tack Choi (waiter), Fong Yue (waiter), Billy Qin (waiter), Weijun Zhen (bartender), and Monaliza Wong (captain) (collectively, "Plaintiffs"), who are all covered by a collective bargaining agreement between Shun Lee Palace and the Hotel Employees & Restaurant Employees Union, Local 100 of New York ("Local 100"), dated April 1, 1998[1] (the "CBA"). *See* Declaration of Eli Z. Freedberg, dated May 3, 2021 ("Freedberg Decl."), at ¶ 4, Ex. B (the CBA Cover Page and Table of Contents and Article 7).[2]

## I.  PRELIMINARY STATEMENT CONCERNING THE SECOND AMENDED COMPLAINT

Plaintiffs, who are unionized employees at Shun Lee Palace and are represented by Local 100, filed a Second Amended Complaint on April 5, 2021. *See* Freedberg Decl., at ¶ 3, Ex. A (the "Complaint" or "Compl."). For the record, Defendants found out for the first time Plaintiffs' specific allegations against them when they reviewed this Complaint. In their Complaint, Plaintiffs

---

[1] Plaintiffs plead in Paragraph 464 of the Complaint as follows: "The waiter and bartender plaintiffs who worked at 155 E 55th St, New York, NY 10022 (to wit, STEVEN CHEUNG, QUEK YEOW YAP, SHUDE ZHANG, KEEYEW FOO, TSUNMING FONG, MINGSUNG CHAN, LEUNGTACK CHOI, FONG YUE, BILLY QIN, MONALIZA WONG, and WEIJUN ZHEN) are represented by Hotel Employees & Restaurant Employees Union, Local 100 of New York, New York and Vicinity, of the Hotel Employees and Restaurant Employees International Union affiliated with AFL-CIO (hereinafter "UNITE-HERE Local 100") and covered by a collective bargaining agreement between SHUN LEE PALACE RESTAURANT, INC. d/b/a Shun Lee Palace and UNITE-HERE Local 100." Quintessentially, Plaintiffs *admit* that they are covered by the CBA.

[2] The Court may take judicial notice of the CBA which is referred to and intrinsic to Plaintiff's claims, without converting Defendants' motion to dismiss into a motion for summary judgment.

assert nine federal and state wage-and-hour claims and related statutory and common law claims against Defendants, including that:

- Defendants failed to pay minimum wage and overtime in violation of the FLSA (**Counts 1, 3**) and in violation of the New York Labor Law ("NYLL") (**Counts 2, 4**); and

- Defendants violated the NYLL and its accompanying regulations when they failed to pay Plaintiffs spread-of-hours pay (**Count 5**) and failed to issue pay rate notices and wage statements (**Counts 8-9**).

- Defendants breached New York common law when they failed to pay and/or reimburse Plaintiffs for tools of the trade (**Counts 6-7**).

As the Court may observe, there are only two federal causes of action – the first for overtime wages under the FLSA and the second for minimum wages under the FLSA. There are also two parallel NYLL causes of action that allege overtime and minimum wage violations. However, these four causes of action must be dismissed because Plaintiffs' FLSA and NYLL claims for unpaid overtime and minimum wages are preempted by the Labor Management Relations Act ("LMRA"), which requires unionized employees, like Plaintiffs, to follow grievance procedures in their CBA as to the threshold question "of whether [Plaintiffs] w[ere] entitled to receive contractual shift differentials in [their] straight-time wage rate—a determination that requires interpretation of the CBA and therefore exhaustion of the CBA's grievance procedures" before seeking adjudication on their FLSA claims. *See Hoops v. KeySpan Energy*, 794 F. Supp. 2d 371, 377 (E.D.N.Y. 2011).

Finally, if the Court decides that Plaintiffs' FLSA and NYLL claims are preempted by the LMRA, then the Court should decline supplemental jurisdiction over Plaintiffs' remaining NYLL and New York common law claims because there will no longer be any operative federal claims which derive from the "same nucleus of operative facts" as those of the remaining state law claims.

*See Finley v. United States*, 490 U.S. 545, 549 (1989). quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

**II.      RELEVANT PLEADED FACTS**

It is undisputed that Plaintiffs were employed by Shun Lee Palace. *See generally* Compl. With respect to the FLSA and NYLL causes of action alleging unpaid overtime and minimum wages, Plaintiffs generally claim that: (1) they were not paid "overtime pay for all overtime work," *see* Compl. ¶ ¶ 297, 460, "not paid for all hours worked", *see* Compl. ¶ ¶ 296, 342, 361, and "not paid overtime pay for overtime work", *see* Compl. ¶ ¶ 327, 344, 363, 376, 390, 405, 418, 431, 444; (2) they were regularly paid only forty (40) hours each workweek, *see* Compl. ¶ ¶ 343, 362; and (3) they were not paid the minimum wage for all hours but do not go into any detail with respect to tip credits*, see* Compl. ¶ ¶ 489-97.

Nevertheless, the Complaint specifically cites to the CBA, and as such, the Court may consider the CBA on a Rule l2(b)(6) motion because it is integral to the Complaint and clear on the record that no dispute exists regarding its authenticity or accuracy. *Faulkner v. Beer*, 463 F.3d 130, 133-35 (2d Cir. 2006).

Significantly, Shun Lee is required, pursuant to the terms of the CBA, Article 7 (Hours & Overtime), to pay Plaintiffs a shift differential, or daily "overtime", for work performed over 8 hours daily.  In other words, if Plaintiffs worked more than "eight (8) hours per day", then Shun Lee was required to pay them "at the rate of time and one-half of the employee's regular wage." *See* CBA, Article 7(c).  Shun Lee determined when Plaintiffs may perform daily or weekly "overtime", but per Article 7(j) of the CBA, no Plaintiff "may be required to work more than three (3) hours of overtime in any one day." *See* CBA, Article 7(j).

Moreover, the CBA provides that Plaintiffs should "be guaranteed a full week's work in each week" (*i.e.*, five days per week), and that they should "be paid for a full day" (*i.e.*, 8 hours

per day), regardless of whether Plaintiffs *actually* worked those hours. *See* CBA, Article 7(a), (b), and (e). Stated differently, Plaintiffs were guaranteed payment of 40 hours of work every week even if they did not work 40 hours in any given week.

As another example of premium pay not guaranteed by the FLSA, Article 12 (Holidays) of the CBA also provides for holiday pay (at the "rate of double time") when Plaintiffs worked on Shun Lee-recognized holidays, which include New Year's Day, Lincoln's Birthday, Washington's Birthday, Passover, Memorial Day, Independence Day, Labor Day, Yom Kippur, Thanksgiving Day, and Christmas Day. *See* Freedberg Decl., ¶ 5, Exhibit C (CBA, Article 12).

Finally, the CBA also includes a grievance procedure, culminating in binding arbitration, which covers any "grievance arising out of the interpretation or application of any provisions of this [CBA]." *See* Freedberg Decl., ¶ 6, Exhibit D (CBA, Articles 33, 34).

### III. LEGAL STANDARD

In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Therefore, the complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Matson v. Board of Educ. of the City Sch. Dist. of N.Y.*, 631 F.3d 57, 63

(2d Cir. 2011).  Finally, while the Court on a motion to dismiss must accept all factual allegations in the Complaint as true and draw all reasonable inferences in favor of the Plaintiffs (*Ruston v. Town Bd. for the Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010)), the same is not true of the legal conclusions derived from those factual allegations. *See Iqbal*, 556 U.S. at 678.  Application of these well-established standards to the case at bar compels granting Defendants' motion to dismiss Plaintiffs' Complaint.

With respect to the Court's 12(b)(6) analysis, the Court may refer "to documents attached to the [C]omplaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Tech., Inc.,* 987 F.2d 142, 150 (2d Cir. 1993) (citation omitted).  Here, Plaintiffs' Complaint specifically identifies and admits that Plaintiffs are covered by the CBA. *See* Compl., ¶ 464.  Moreover, Plaintiffs do not dispute the accuracy or applicability of the CBA attached to the Freedberg Declaration. *See Id.*  Accordingly, the Court should find that the CBA was incorporated by reference into the complaint and may properly be considered for the instant Rule 12(b)(6) motion to dismiss. *Hoops*, 794 F. Supp. 2d at 376–77.

## IV.    LEGAL ARGUMENT

### A.    THE FLSA AND NYLL MINIMUM WAGE AND OVERTIME CLAIMS REQUIRE INTERPRETATION OF THE CBA, AND THEREFORE, ARE PREEMPTED UNDER THE LMRA

Plaintiffs' four federal and state causes of action purport to allege a violation of the FLSA and NYLL for unpaid minimum and overtime wages. *See* Compl. ¶¶ 489-510.  However, because resolution of those four FLSA and NYLL claims would require the Court to interpret the CBA, they are precluded by the LMRA. The grievance and arbitration procedure contained in the CBA, and not federal court, is the appropriate forum for adjudication of Plaintiffs' claims.

As the Court is well aware, Section 301 of the LMRA ("Section 301") provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties...." *Hoops*, 794 F. Supp. 2d at 378, citing 29 U.S.C. § 185(a). The section is accorded "unusual pre-emptive power." *Livadas v. Bradshaw,* 512 U.S. 107, 122 n. 16 (1994); *Vera v. Saks & Co.,* 335 F.3d 109, 114 (2d Cir.2003); *Wynn v. AC Rochester,* 273 F.3d 153 (2d Cir.2001).

Section 301 "governs claims founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective-bargaining agreement.'" *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 394 (1987) (quoting *Electrical Workers v. Hechler,* 481 U.S. 851, 859 n. 3 (1987)). In deference to the collective bargaining process, before bringing an action under Section 301, "the employee must exhaust grievance procedures provided by the relevant collective bargaining agreement." *Dougherty v. American Tel. and Tel. Co.,* 902 F.2d 201, 203 (2d Cir.1990).

In contrast, "the FLSA contains no language suggesting that an action filed thereunder would be an appropriate vehicle for the interpretation" of a collective bargaining agreement. *Giles v. City of New York*, 1998 U.S. Dist. LEXIS 5345, at *19 (S.D.N.Y. Apr. 13, 1998), quoting *Vadino v. A. Valey Engineers*, 903 F.2d 253, 265 (3d Cir. 1990). In *Vadino Court,* the Court held that the plaintiffs' FLSA claim was preempted by Section 301 of the LMRA and explained that "[w]e are not aware of ... any case where a court has resolved, as a threshold matter in a FLSA action, a dispute concerning the amount of wages that should have been paid under the terms of a collective bargaining agreement." *Vadino,* 903 F.2d at 266. The court stated:

6

> ***In short, while claims resting on the language of section 7(a) [of the FLSA] are clearly cognizable under that section, ... claims which rest on interpretations of the underlying collective bargaining agreement must be resolved pursuant to the procedures contemplated under the LMRA, specifically grievance, arbitration, and, when permissible, suit in federal court under section 301.***

*Id.* (emphasis added).

In the case at bar, in order to determine whether the Plaintiffs were properly paid "overtime" pay and minimum wages under the *FLSA and NYLL* as Plaintiffs allege under Counts 1 through 4 of the Complaint, the Court must *first* review, analyze and interpret provisions of the *CBA* governing weekly overtime, daily overtime, holiday premium, and weekly guarantee payments. *See* CBA, Articles 7, 12; s*ee also Brown v. U.S. Postal Service,* No. 95–CV–1442, 1996 U.S. Dist. Lexis 19753, at *7 (S.D.N.Y. Oct. 28, 1996) ("[t]he FLSA does not provide a remedy regarding what particular wage rate should be paid beyond minimum wage").

Moreover, any right that Plaintiffs may have to receive "overtime" not guaranteed by the FLSA, such as daily overtime or shift differentials for hours worked over 8 on a daily basis, *see* Compl. ¶ ¶ 297, 327, 344, 363, 376, 390, 405, 418, 431, 444, 460, and guaranteed payment of 40 hours on a weekly basis, in their straight-time wage rate is derived from the CBA. *See* Compl., ¶ 464 (stating that Plaintiffs were "covered" by the CBA); CBA, Article 7 (requiring Shun Lee to pay Plaintiffs shift differentials or daily "overtime", and guarantee Plaintiffs payment of 40 hours of pay on a weekly basis even if they did not work those 40 hours). Accordingly, a determination as to whether certain contractual shift differentials, such as daily "overtime" and guaranteed weekly wages, including payment for hours not actually worked, should have been included in Plaintiffs' straight-time wage rate and subsequent overtime wage rate is a factual question that requires an in-depth interpretation of the CBA, and therefore, is subject to the grievance procedures in the CBA and the LMRA. *Hoops*, 794 F. Supp. 2d at 378.

Before making any decision as to the calculation of Plaintiffs' alleged FLSA and NYLL minimum and overtime wage claims, the Court presumably must first determine: (a) which contractual provisions in the CBA apply to the particular "overtime pay" and "minimum wage" that Plaintiffs alleged that they did not receive; (b) whether Plaintiffs are entitled to shift differentials, such as daily overtime and double pay for holidays, under the CBA;  (c)  whether Shun Lee paid Plaintiffs a weekly guarantee for 40 hours of work regardless of whether they worked 40 hours as required under the CBA (*for example*, if Plaintiffs worked only 35 hours for a given week, but was still paid for a full 40 hours, then their straight wage and overtime rates of pay would be calculated differently, which would subsequently affect Plaintiffs' FLSA and NYLL overtime and minimum wage claims); (d) whether shift differentials, such as daily overtime and double pay for holidays, were paid under provisions of the CBA that would require them to be included in Plaintiffs' regular rate for purposes of calculating FLSA and NYLL overtime and minimum wages pay; and (e) whether Shun Lee is entitled to a credit or offset in that same workweek for any other overtime, premium, or other payments paid to Plaintiffs under particular provisions of the CBA.

Due to the extensive factual analysis and interpretation of the CBA required to determine whether Plaintiffs are owed any unpaid FLSA and NYLL overtime and minimum wages, Plaintiffs should bring their claims to their Union and pursue it as a grievance under the CBA's procedure. *See Vadino,* 903 F.2d at 266 ("[A]n employee cannot circumvent the necessity of complying with the LMRA procedure to get a determination of his or her right to the wages claimed."); *Tand v. Solomon Schechter Day School,* 324 F.Supp.2d 379, 384 (E.D.N.Y. 2004) ("Absent an express provision excluding a particular grievance from arbitration, only the most forceful evidence of a

purpose to exclude the claim will satisfy a party's substantial hurdle to rebut this presumption of arbitration.") (quoting *Vera v. Saks & Co.,* 335 F.3d at 118).

In short, the CBA's grievance and arbitration provisions (Articles 33 and 34) apply to the determination of the appropriate shift differentials, such as daily overtime and holiday double pay, as well as guaranteed weekly pay, including payment for hours not actually worked. Plaintiffs cannot dispute that. Moreover, Plaintiffs will need to determine what straight time and overtime wage rate they are entitled to be paid, incorporating the shift differentials and guaranteed weekly pay actually paid to Plaintiffs, and what those totals are on a weekly basis during their entire relevant employment period[3], *before* reaching the issue of whether Shun Lee Palace and/or Defendants are in violation of the FLSA and NYLL minimum and overtime wages claims. *Hoops*, 794 F. Supp. 2d at 379.

Accordingly, Plaintiffs must pursue their remedies, if any, under the contractual grievance process set forth in the CBA, and the Court should dismiss Plaintiffs' four FLSA and NYLL claims for unpaid overtime and minimum wages as they are preempted by the LMRA.

### B. THE COURT SHOULD NOT EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' CLAIMS BROUGHT PURSUANT TO THE NYLL AND NEW YORK COMMON LAW, AND INSTEAD SHOULD DISMISS THEM

Aside from the four FLSA and NYLL causes of action for minimum and overtime wages, as described in extensive detail above, the remaining five causes of action are strictly New York state claims. *See Compl.* ¶¶ 511-46. These claims include:

- NYLL claims for failure to pay Plaintiffs spread-of-hours pay (**Count 5**) and failure to issue pay rate notices and wage statements (**Counts 8-9, respectively**).

---

[3] It must be noted that Plaintiffs each worked for Shun Lee for many years, and the relevant time period to conduct this analysis begins in 2011, so this analysis is rather extensive and requires careful attention to detail.

- New York common law claims for failure to pay and/or reimburse Plaintiffs for tools of the trade (**Counts 6-7 – these two causes of action appear to be redundant of each other**).

This Court has the option whether to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(a), (c). The exercise of supplemental jurisdiction is within this Court's sound discretion, and requires consideration of "the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise supplemental jurisdiction." *Lundy v. Catholic Hlth. Sys. of Long Island, Inc.,* 711 F.3d 106, 118 (2d Cir. 2013). To the extent the federal predicate claims relating to state law claims have been dismissed, the balance of factors usually requires declination of supplemental jurisdiction. *See, e.g., Volpe v. Am. Language Commc'n Ctr., Inc.,* 200 F.Supp.3d 428 (S.D.N.Y. 2016); *Chen v. Major League Baseball,* 6 F.Supp.3d 449 (S.D.N.Y. 2014). Not surprisingly, as to NYLL claims, following a dismissal of predicate FLSA claims, courts in this Circuit routinely dismiss any remaining NYLL claims grounded upon similar theories of legal relief. *See, e.g., Ruiz v. Citibank, N.A.,* 93 F.Supp.3d 279, 300-01 (S.D.N.Y. 2015); *DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc.,* 27 F.Supp.3d 313, 329 (E.D.N.Y. 2014).

Further, "dividing [Plaintiffs'] claims between an arbitrator and the Court risks the possibility of inconsistent and conflicting results while also creating cumbersome administrative obstacles." *See Freeman v. River Manor Corp.*, No. 17CV05162RJDRER, 2019 WL 3578432, at *4 (E.D.N.Y. Aug. 5, 2019).

Accordingly, because Plaintiffs' overtime and minimum wage FLSA and NYLL causes of action should be dismissed as preempted by the LMRA, Defendants respectfully request that this Court decline to exercise supplemental jurisdiction over the remaining, related NYLL and New York common law causes of action and dismiss them from the instant lawsuit.

## V. CONCLUSION

WHEREFORE, based upon the foregoing, Defendants respectfully request that their Motion to Dismiss the Second Amended Complaint be granted in its entirety, together with such other and further relief as the Court deems just and proper.

Dated: May 3, 2021
      New York, New York

                */s/ Eli Z. Freedberg*
                Eli Z. Freedberg
                Kevin K. Yam
                Maayan Deker
                LITTLER MENDELSON, P.C.
                900 Third Avenue, 8th Floor
                212.583.9600
                efreedberg@littler.com
                kyam@littler.com
                mdeker@littler.com

                *Attorneys for Defendants*