UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
:
BAO GUO ZHANG, et al.,                                  :
:
                             Plaintiffs,   :
:       17-CV-00840 (VSB)
       - against -                              :
:       **OPINION & ORDER**
:
SHUN LEE PALACE RESTAURANT, INC.                        :
D/B/A SHUN LEE PALACE, et al.,                          :
:
                             Defendants.   :
:
--------------------------------------------------------X

Appearances:

John Troy
Aaron B Schweitzer
TROY LAW, PLLC
Flushing, NY

*Counsel for Plaintiffs Guoyi Wang, Tong Wei Wu, Zhi Qiang Lu a/k/a Zhiqiang Lu, Steven Cheung, Quekyeow Yap, Haiping Wu, Weijun Zhen, Shude Zhang, Keeyew Foo, Tsunming Fong, Terry Wong, Mingsung Chan, Leungtack Choi, Fong Yue, Guoliang Xu, Billy Qin, Monaliza Wong, and Weiting Zhao*

Jian Hang
Jiajing Fan
HANG & ASSOCIATES, PLLC
New York City, NY

*Counsel for Plaintiffs Cheng Xia Wang, Chunlin Zhang, Jun Qing Zhao, Bao Guo Zhang, Ze Jun Zhang a/k/a Zejun Zhang, Ya Qiang Zhang, Jun Ling Zhao, Hui Min Zhao, Jing Guan, Hui Liang Zhao, and Li Weng*

A Michael Weber
Eli Zev Freedberg
Huan Xiong
Kevin K. Yam
Maayan Deker
LITTLER MENDELSON, P.C.
New York City, NY

*Counsel for Defendants*

<u>VERNON S. BRODERICK</u>, United States District Judge:

Before me is the motion of Defendants Shun Lee Palace Restaurant, Inc. ("Shun Lee Palace"), T & W Restaurant, Inc. ("Shun Lee West"), and Michael Tong (collectively, "Defendants") for sanctions and attorneys' fees against Troy Law, PLLC ("Troy Law") and its named partner, John Troy ("Troy"), pursuant to 28 U.S.C. § 1927. (Doc. 205.) As I stated in a February 16, 2021 Opinion and Order ("February 16 Order"), Troy Law lacked standing to file an opposition to the settlements of Chunlin Zhang and Bao Guo Zhang, plaintiffs that it did not represent. *Zhang v. Shun Lee Palace Rest., Inc.*, 17-CV-00840 (VSB), 2021 WL 634717 (S.D.N.Y. Feb. 16, 2021).

After I denied Troy Law's application for judicial review over those settlements for the first time on September 14, 2020, (Doc. 201), Troy Law—through submissions signed by John Troy—persisted in prosecuting its objection to the settlements of the cases brought on behalf of those individuals, despite a clear lack of legal support for those claims. *See Zhang*, 2021 WL 634717, at *18. I accordingly ordered Troy Law and John Troy to show cause by March 18, 2021 why they should not be sanctioned for filing those objections to the settlements of Chunlin Zhang and Bao Guo Zhang. *Id.* at *19.

Because Troy Law and John Troy have not shown cause why they should not be sanctioned for (1) filing an objection to the settlements of plaintiffs that Troy Law did not represent and (2) filing a motion for reconsideration of my denial of their requests for judicial review of these settlements despite the absence of a reasonable belief in law or fact supporting these filings, Defendants' motion for sanctions is GRANTED.

I.    **Background and Procedural History**

The facts underlying the instant motion for sanctions are detailed in my February 16 Order. *Zhang*, 2021 WL 634717.  In short, I found that the claims raised in Troy Law's objection to Plaintiffs Chunlin Zhang's and Bao Guo Zhang's settlements, (Doc. 199), and its related motion for reconsideration, (Docs. 202–04), were devoid of legal merit from the outset, since neither the Troy Plaintiffs nor Troy Law had standing to oppose the settlements of Plaintiffs that Troy Law no longer represented.

On September 6, 2020, Troy Law filed an opposition to the settlement of the NYLL claims between Chunlin Zhang and Bao Guo Zhang and Defendants, and asked that I require the parties to submit their settlement agreement for judicial review.  (Doc. 199.)  As I had previously admonished, Troy Law no longer represented those Plaintiffs and could no longer purport to act on their behalf.  (Doc. 180.)  Nonetheless, after I denied Troy Law's application for the first time, (Doc. 201), Troy Law persisted in its objection to the settlements on the basis that it had standing to do so "as the holder of a charging lien against their former clients."  (Doc. 203, ¶ 15; *see also* Doc. 199, at 3.)  Given the lack of legal basis for Troy Law's motions, I noted that it "strains credulity to suggest that these papers were filed for any reason other than to delay the current litigation."  *Zhang*, 2021 WL 634717, at *18; *see Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986) (noting that bad faith may be inferred from the meritlessness of an attorney's actions).  Nor did Troy Law submit any evidence suggesting that these actions were undertaken for the benefit of Troy Law's current clients, and in fact, the delay caused by the firm's objections would only seem to accrue to those plaintiffs' detriment.  In light of the foregoing, I stated that:

> Because I can discern no plausible legal reason or intention of serving clients behind Troy Law's motions, it appears that Troy Law pursued these actions with

3

> no other purpose than to attempt to compel its former clients into resolving the lien issue and thereby Troy Law has vexatiously multiplied the proceedings before me. Accordingly, I find that sanctions may be appropriate under my inherent powers "to police the conduct of attorneys as officers of the court, and to sanction attorneys for conduct not inherent to client representation."

*Zhang*, 2021 WL 634717, at *18 (quoting *United States v. Seltzer*, 227 F.3d 36, 42 (2d Cir. 2000)).  I accordingly ordered Troy Law and John Troy to "show cause in writing within 30 days from the date of entry of this order why they should not be sanctioned for filing their objection to Chunlin Zhang's and Bao Guo Zhang's settlements and related motion for reconsideration." *Zhang*, 2021 WL 634717, at *19.  I warned that if Troy Law and John Troy failed to do so by such date, "I may impose sanctions pursuant to 28 U.S.C. § 1927 or my equitable powers." *Id*.  I also directed Defendants to submit an affidavit concerning the time spent by their attorneys as a result of defending against Troy Law's opposition to the settlements of Chun Lin Zhang and Bao Guo Zhang and related motion for reconsideration.  *Id*.

On March 18, 2021, Defendants timely submitted an affidavit, attaching relevant time records as support for the amount of attorneys' fees requested.  (Doc. 213.)  Troy Law and John Troy did not file its response on March 18—30-days from the date of my February 16 Order.  Instead, the next day, they filed their response to my order to show cause.  (Doc. 214.)

## II. **Discussion**

### A. *Propriety of Sanctions*

A court has the inherent power to sanction an attorney who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) (citation omitted); *Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013).  In addition to this inherent power, title 28 of U.S.C. § 1927 authorizes a court to require an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the

4

excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

To impose sanctions under either authority, the trial court must find "clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes." *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009).  Regarding the first prong, "[c]onduct is entirely without color when it lacks any legal or factual basis; it is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the attorney whose conduct is at issue." *Id.*  The second prong requires the district court to make a "clear showing of bad faith" with a high degree of factual specificity in most cases. *Oliveri*, 803 F.2d at 1273 (citation omitted); *Seltzer*, 227 F.3d at 41–42.  Under this requirement, sanctions are appropriate only "when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Oliveri*, 803 F.2d at 1273.

Moreover, "when the district court invokes its inherent power to sanction misconduct by an attorney that involves that attorney's violation of a court order or other misconduct that is not undertaken for the client's benefit, the district court need not find bad faith before imposing a sanction under its inherent power." *Seltzer*, 227 F.3d at 42; *see also, e.g.*, *Williams v. Lutheran Med. Ctr.*, 776 F. App'x 730, 731 (2d Cir. 2019) (holding that no showing of bad faith was required before finding an attorney in contempt where the conduct at issue was not inherent to client representation).  Under this exception, a court has the inherent power "to police the conduct of attorneys as officers of the court, and to sanction attorneys for conduct not inherent to client representation, such as, violations of court orders or other conduct which interferes with

5

the court's power to manage its calendar and the courtroom without a finding of bad faith." *Seltzer*, 227 F.3d at 42.

As I reasoned in my February 16 Order, incorporated herein by reference, the lack of plausible legal basis or putative benefit for Troy Law's clients underlying the firm's multiple objections to the settlements of Chunlin Zhang and Bao Guo Zhang bespeaks a lack of good faith for advancing those motions other than to cause improper delay. This weighs in favor of leveling sanctions against Troy Law and John Troy. Although I offered Troy Law and John Troy the opportunity to show cause for their pleadings, they failed to supply any legal authority or other explanation to that end by the deadline stipulated in that Order. An attorney's failure to comply with a filing deadline may be excusable under certain circumstances. *See, e.g.*, *FedEx TechConnect, Inc. v. OTI, Inc.*, No. 12 Civ. 1674(RJS), 2013 WL 5405699, at *3 (S.D.N.Y. Sept. 23, 2013) ("excusable neglect" includes "situations in which the failure to comply with a filing deadline is attributable to negligence" and "failure to file on time for reasons beyond the party's control") (citation omitted); *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997) ("failure to follow the clear dictates of a court rule will generally not constitute . . . excusable neglect"). Here, Troy Law and John Troy have not provided any explanation for their delay or even acknowledged that their submission was late.[1] In light of my explicit instruction to

---

[1] Troy Law's lack of diligence in the instant case is not an isolated incident but appears to be part of a pattern that has not gone unnoticed. The firm has repeatedly failed to comply with deadlines in this case and in others before courts in this Circuit. *See, e.g.*, *Jianshe Guo v. A Canaan Sushi Inc.*, 18-CV-4147 (JMF), 2019 WL 1507900, at *1 (S.D.N.Y. Apr. 5, 2019) (listing multiple occasions where Troy Law had failed to meet deadlines); *Yi Mei Ke v. J R Sushi 2 Inc.*, 19-CV-7332 (PAE) (BCM), 2021 WL 965037, at *1–2 (S.D.N.Y. Mar. 15, 2021) (admonishing Troy Law for failure to "attend to basic discovery obligations" in "brazen[] disregard of a deadline set by this Court"); *Guangqing Lin v. Teng Fei Rest. Grp. Inc.*, 17cv1774 (DF), 2020 WL 264407, at *3 (S.D.N.Y. Jan. 17, 2020) (sanctioning Troy Law and attorney Schweitzer for repeated "noncompliance with court-ordered deadlines"), *reconsideration denied*, 2020 WL 429128 (S.D.N.Y. Jan. 27, 2020); *Chun Lan Guan v. Long Island Bus. Inst., Inc.*, 15-CV-2215 (CBA) (VMS), 2019 WL 3807455, at *1 (E.D.N.Y. Aug. 13, 2019) (imposing monetary sanctions where Troy Law "failed three times to submit a draft joint pretrial order ('JPTO') to Defendants' counsel that complied with this Court's individual rules, in accordance with the deadlines set by Magistrate Judge Scanlon").

show cause by a date certain or risk incurring sanctions, their complete lack of justification for their delinquency counsels against consideration of their late filing, albeit just a day. *See, e.g.*, *Canfield*, 127 F.3d at 251 (affirming dismissal of party's claims where party failed to timely respond to motion by stipulated deadline, and "failure to do so was expressly described as consent to the dismissal of her claims, absent a showing of good cause").

Even taking into consideration their untimely filing, the response of Troy Law and John Troy fails on the merits, as they have yet to provide adequate justification for their unsubstantiated objections to the settlements of Chunlin Zhang and Bao Guo Zhang. Troy Law and John Troy present the following explanations: (1) they believed that Chunlin Zhang intended to substitute Troy Law for his current attorneys—since he had contacted them seeking to do so, but did not follow through on this intention before my dismissal of his claims—and had he done so, they would "not have advised him to take such a miniscule settlement," and (2) they had "a reasonable belief grounded in the law that the Court should not dismiss the [New York Labor Law (NYLL)] claims even after dismissal of the [Fair labor Standards Act (FLSA)] claims." (Doc. 214.) Neither explanation goes to the heart of the basis for the sanctions under consideration today, i.e., what was the basis for Troy Law's and John Troy's standing to challenge the settlements.

Despite being provided multiple opportunities, Troy Law and John Troy still have not established that they had a good faith belief that Troy Law had standing to oppose the settlements of plaintiffs that the firm no longer represented. For the reasons discussed above, the issue of standing is critical to the consideration of whether Troy Law had good cause to advance its arguments opposing those settlements. As I described in my February 16 Order, "[c]ircuit precedent does not provide such standing, and Troy Law and John Troy made no attempt to

7

direct me to any legal authority for their statement to the contrary." *Zhang*, 2021 WL 634717, at *18. Troy Law's and John Troy's most recent letter in response to my direction that they show cause does not make any attempt to address this issue, and their neglect to do so amounts to (1) a tacit admission that no basis exists and (2) a failure to show good cause for those filings.

 Regardless of whether Chunlin Zhang intended to retain Troy Law, the response makes clear that this intention was never actualized. The fact remains that Chunlin Zhang was not Troy Law's client at the time that Troy Law filed its opposition to his settlement with Defendants, and short of this happening, Troy Law had no basis to oppose a settlement on his behalf.[2] As for Bao Guo Zhang, the letter does not even mention whether Troy Law and John Troy had grounds to believe that they had standing to object to his settlement with Defendants. A review of the case history related to who represents certain plaintiffs makes clear that they did not: on July 10, 2019, Chunlin Zhang and Bao Guo Zhang each submitted affidavits seeking to replace Troy Law with Hang & Associates, PLLC as counsel in this action, (Docs. 113, 114), and on July 26, 2019, I granted those plaintiffs' motion for substitution of counsel, (Doc. 128; *see also* Doc. 158). At no time after this date was any application made to reinstate Troy Law as counsel for these two plaintiffs. In fact, on March 17, 2020, I admonished Troy Law that "Aaron Schweitzer and John Troy have been terminated from their representation of Bao Guo Zhang" and ordered them to submit a letter clarifying that the consolidated complaint they filed on December 17, 2019, and the opposition memorandum they filed on March 3, 2020, were "inaccurate to the extent these documents state that Aaron Schweitzer and John Troy represent Bao Guo Zhang." (Doc. 180.)

---

[2] Accepting the explanation related to the intentions of Chunlin Zhang, I also note that Troy Law and John Troy did not withdraw their application when it became clear that Chunlin Zhang was not going to retain Troy Law. Nor, in their response, do Troy Law and John Troy condition their defense of their decision to oppose the settlement of Chunlin Zhang on their representation of that plaintiff; instead, their response suggests that they continue to hold that decision justifiable despite knowing that they did not actually represent Chunlin Zhang during the relevant time period.

Troy Law's evident lack of standing to contest the settlements of plaintiffs it did not represent corroborates my previous statement that those claims were meritless from the get-go. *See Polaris Images Corp. v. CBS Interactive, Inc.*, No. 19-CV-3670 (VEC), 2019 WL 5067167, at *2 (S.D.N.Y. Oct. 9, 2019) (imposing sanction where counsel's "perfunctory explanation in response to the Court's show-cause order [was] inadequate and wholly unconvincing"). Whether or not Troy Law and John Troy had a reasonable belief that district courts may exercise judicial review over the settlements of NYLL claims in general does not change this conclusion.[3]

The continued lack of justification for Troy Law's actions to date reinforces my previous inclination to impose inherent-power sanctions against Troy Law and John Troy, and I now impose such sanctions. *See Seltzer*, 227 F.3d at 42.

### B.   *Amount and Form of Sanctions*

Having determined that sanctions are an appropriate rejoinder to Troy Law and John Troy's meritless filings, it remains to be determined in what form and amount. This decision lies squarely within my discretion. *See Saulpaugh v. Monroe Cmty. Hosp.*, 4 F.3d 134, 145 (2d Cir. 1993); *see also Chambers*, 501 U.S. at 57 (noting that it was within the district court's discretion to require a delinquent party to pay for all attorney's fees). With that being said, "[a] party who incurs expense by virtue of an attorney's violation may be reimbursed only for the 'excess costs'

---

[3] It bears repeating that *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), does not mandate the judicial review of settlements of NYLL claims only. *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 607 n.12 (2d Cir. 2020). Regardless of the accuracy of Troy Law's belief that courts in this district have nonetheless on occasion opted to review settlements of NYLL claims, as previously stated in my February 16 Order, the policy concerns compelling this sort of extended judicial review only apply to cases involving contemporaneous settlements of both FLSA and NYLL claims, thus raising "concerns that reviewing the plaintiffs' FLSA settlements without also reviewing the terms of their NYLL settlements would be unfair." *Zhang*, 2021 WL 634717, at *16. Such a settlement was not at issue here, as Plaintiffs Bao Guo Zhang and Chunlin Zhang explicitly stated that they agreed that "no federal wage claim exist[ed]" and accordingly did not oppose Defendants' motion to dismiss their FLSA claims. (Doc. 192.) Nor have Troy Law and John Troy shown that they had a reasonable belief otherwise: Troy Law conceded that Chunlin Zhang's and Bao Guo Zhang's FLSA claims were time-barred in its memorandum opposing Defendants' motion to dismiss filed March 2, 2020, that is, before its request for judicial review of the settlements of those Plaintiffs' NYLL claims and its motion for reconsideration thereto. (*See* Doc. 174, at 17.)

9

incurred as a result of the violation, not for the ordinary costs of litigation." *Novelty Textile Mills, Inc. v. Stern*, 136 F.R.D. 63, 76 (S.D.N.Y. 1991). "An appropriate sanction should also take into account the waste of judicial time and resources occasioned by the violation." *Id.* Bearing in mind the need for judicial restraint in meting out inherent-power sanctions, I will consider a measure that is "sufficient but no greater than necessary to secure compliance with the Court's orders and deadlines in the future." *Guo*, 2019 WL 1507900, at *4 (S.D.N.Y. Apr. 5, 2019).

      Defendants' counsel has submitted an affidavit attesting to the attorneys' fees incurred as a result of Troy Law's filings. Defendants were billed at a rate of $585 per hour for partner Eli Freedberg, a shareholder at Littler Mendelson, P.C. with over a decade of management-side labor and employment law experience, and $455 per hour for senior associate Kevin Yam, who has had seven years of management-side labor and employment law experience. (Doc. 213, ¶¶ 4–5, 7–8.) In preparing a response to Troy Law's opposition to the settlements of Chunlin Zhang and Bao Guo Zhang and reviewing Troy Law's motion for reconsideration after I denied Troy Law's application, Freedberg spent a total of 3.9 hours and Yam spent a total of 3.8 hours. (*Id.* ¶ 4; Ex. A.) In preparing an opposition to Troy Law's motion for reconsideration and Defendants' cross-motion for sanctions and attorneys' fees against Troy Law, Freedberg spent a total of 4.4 hours and Yam spent a total of 7.7 hours. (*Id.* ¶ 5, Ex. B.) Applying the rates above, Defendants state that they incurred a total of $10,088.00 in legal fees defending against Troy Law's opposition to the settlements of Chunlin Zhang and Bao Guo Zhang and its related motion for reconsideration. (*Id.* ¶ 6.)

      Having reviewed the time entries submitted by Defendants, I approve an award of 100% of the reasonable fees and costs incurred as a result of Troy Law's dilatory objections to the

settlements of Chunlin Zhang and Bao Guo Zhang, in the total amount of $10,088.00.  I find that Defendants would not have incurred those costs but for Troy Law's oppositions to the settlements of Chunlin Zhang and Bao Guo Zhang, which lacked legal support and were not made for the benefit of Troy Law's clients.  Such a monetary sanction would serve the purpose of reimbursing Defendants for the waste of time and resources occasioned by having to respond to these motions as well as deter future abuse of the judicial process by Troy Law and John Troy. *Hutto v. Finney*, 437 U.S. 678, 690 n.14 (1978) (noting that a court in equity has the "unquestioned power to award attorney's fees against a party who shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order"); *see also, e.g.*, *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 57 (2d Cir. 2018) (approving district court's award of attorneys' fees and costs pursuant to § 1927 for counsel's initiation of a frivolous motion); *Jianjun Chen v. 2425 Broadway Chao Rest., LLC*, No. 16-cv-5735-GHW (S.D.N.Y. June 28, 2019), ECF No. 209 (awarding defendants 100% of the reasonable fees and costs associated with their motion for sanctions, amounting to $49,920.00 against Troy Law).

      I elect to impose sanctions against John Troy rather than the firm as a whole, since John Troy is the named partner of Troy Law and the attorney who signed the declaration and memorandum in support of the firm's request for reconsideration, which forms considerable basis for the sanctions imposed today.  As John Troy had supervisory authority as principal of Troy Law and was responsible for much of the dilatory conduct at issue today, the imposition of sanctions against him alone better "serves the interests of personal and general deterrence." *Jianjun Chen v. 2425 Broadway Chao Rest., LLC*, 331 F.R.D. 568, 575 (S.D.N.Y. 2019) (imposing sanctions on John Troy rather than the whole firm for this reason).

### III.   Conclusion

For the reasons outlined above and in my February 16 Order, Defendants' cross-motion for sanctions in the form of $10,088.00 in attorneys' fees against John Troy is hereby GRANTED. John Troy is ordered to pay that sum to Defendants no later than ninety days following the date of this order. It is further ORDERED that John Troy shall file a status update, no later than August 27, 2021, certifying that he has complied with this order.

The Clerk of Court is respectfully directed to terminate the open motion at Document 205.

SO ORDERED.

Dated: June 11, 2021
     New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge