

Littler Mendelson, PC
900 Third Avenue
New York, NY 10022.3298

Eli Z. Freedberg
212.583.2685 direct
212.583.9600 main
212.954.5011 fax
efreedberg@littler.com

July 7, 2021

**VIA ECF**

Hon. Vernon S. Broderick
United States District Judge
United States District Court for the Southern District of New York
40 Foley Square
New York, New York 10007

**Re:** *Wang et al. v. Shun Lee Palace Restaurant, Inc. et al.*, Case No. 17-cv-840 (VSB)

Dear Judge Broderick:

We are counsel for Shun Lee Palace Restaurant, Inc. ("Shun Lee Palace"), T&W Restaurant, Inc. ("Shun Lee West"), and Michael Tong (collectively "Defendants") in the above-referenced action. We respectfully request that the Court *temporarily* stay all discovery of or concerning the twelve unionized workers[1] (the "Unionized Plaintiffs"), who are subject to Defendants' pending motion to dismiss that was fully briefed on May 24, 2021. *See* Dkts. 224-228.

As a general background, there are 29 total plaintiffs who filed consents to sue in this case. Eleven non-unionized delivery personnel plaintiffs represented by Hang & Associates, PLLC ("Hang Law") have entered into formal settlement agreements or have reached settlements-in-principle with Defendants, pending final approval from the Court under *Cheeks*. Therefore, at the present time, there are only 18 remaining non-settled plaintiffs, all of whom are represented by Troy Law, PLLC ("Troy Law"). Out of the remaining 18 non-settled plaintiffs, 12 are the Unionized Plaintiffs and 6 are non-unionized delivery personnel.

As this Court is aware, on May 3, 2021, Defendants filed a motion to dismiss against the Unionized Plaintiffs because their FLSA and NYLL overtime and minimum wage claims are preempted by the LMRA, and because following a dismissal of predicate FLSA claims, courts in this Circuit routinely decline supplemental jurisdiction and dismiss any remaining NYLL and New York commons law claims grounded upon similar theories of legal relief. *See* Dkts. 224-226. On May 17, 2021, the Unionized Plaintiffs filed their opposition to Defendants' motion to dismiss. *See* Dkt.

---

[1] These twelve unionized workers are: (1) Steven Cheung (waiter), (2) Quekyeow Yap (waiter), (3) Shude Zhang (waiter), (4) Keeyew Foo (waiter), (5) Tsun Ming Fong (waiter), (6) Terry Wong (waiter), (7) Ming Sung Chan (waiter), (8) Leung Tack Choi (waiter), (9) Fong Yue (waiter), (10) Billy Qin (waiter), (11) Weijun Zhen (bartender), and (12) Monaliza Wong (captain).

Hon. Vernon S. Broderick
July 7, 2021
Page 2

227. On May 24, 2021, Defendants filed their reply in further support of their motion to dismiss. *See* Dkt. 228.

A "district court may stay discovery during the pendency of a dispositive motion for 'good cause' shown." *Mulligan v. Long Island Univ.*, No. 18-cv-2885, 2018 WL 8014320, at *1 (E.D.N.Y. Dec. 13, 2018) (quotation omitted). This requires consideration of: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (quotation omitted).

Here, good cause supports Defendants' request for a temporary discovery stay. *First*, Defendants' motion to dismiss is premised entirely upon pure questions of law. In its pending motion to dismiss, Defendants explain that the Unionized Plaintiffs' FLSA and NYLL overtime and minimum wage claims are preempted by the LMRA and that the Court should decline supplemental jurisdiction over the remaining NYLL and New York common law claims. As these are purely legal issues, Defendants submit that the record contains all that is necessary to address and resolve the dispositive issues before the Court. And because Defendants' motion to dismiss is based entirely upon pure questions of law, for which no discovery against the Unionized Plaintiffs is required, a stay of discovery is appropriate. *See, e.g.*, *Hachette Distrib. v. Hudson County News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991) ("Discovery should be stayed … only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive.").

*Second,* any discovery, at this time, of the Unionized Plaintiffs would be potentially prejudicial and possibly wasteful. A temporary stay of discovery concerning the Unionized Plaintiffs will not result in any undue or unfair prejudice to the parties. On the other hand, requiring Defendants to incur substantial legal fees and costs in conducting discovery and depositions related to the Unionized Plaintiffs' individual and putative class claims (which may ultimately be dismissed from this case) would be inefficient, potentially wasteful, and unnecessarily burdensome on Defendants.

Since the outcome of Defendants' motion to dismiss may result in the twelve Unionized Plaintiffs being dismissed from this case completely and limit a potential putative class to only non-unionized delivery personnel representatives, Defendants respectfully request that the Court enter an order *temporarily* staying the fact discovery deadline of July 27, 2021 of or concerning the Unionized Plaintiffs. Staying this deadline will not prejudice Plaintiffs because even if the Court denies Defendants' motion to dismiss, the Unionized Plaintiffs will still be able to pursue their claims in court. On the other hand, if the Court agrees with Defendants, and finds that the Unionized Plaintiffs should be dismissed from this action, then Defendants will be substantially prejudiced because they would have already been forced to rack up significant attorneys' fees and discovery costs that they did not have to incur if the Unionized Plaintiffs were indeed dismissed.

Hon. Vernon S. Broderick
July 7, 2021
Page 3

Hang Law has stated that they have *no objection* to temporarily staying discovery of the Unionized Plaintiffs in this matter until such time as the Court resolves Defendants' pending motion to dismiss. On the other hand, Troy Law *opposes* Defendants' *temporary* stay request because "it [sic] didn't stay discovery automatically", and [Defendants] haven't moved the [C]ourt for a stay."

Accordingly, under these circumstances, it is in the interests of justice to *temporarily* stay discovery of or concerning the Unionized Plaintiffs until the Court resolves Defendants' pending motion to dismiss. Entry of such a stay will also be in keeping with Rule 1, which mandates that the federal rules "be construed and administered to secure the just, speedy and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1.

We appreciate Your Honor's consideration of Defendants' request.

Respectfully submitted,

Littler Mendelson, P.C.

*/s/ Eli Z. Freedberg*

Eli Z. Freedberg

cc:   All Counsel of Record (via ECF)