# HANG & ASSOCIATES, PLLC

ATTORNEYS AT LAW
136-20 38th Avenue, Suite 10G
Flushing, New York 11354

August 6, 2021

Jiajing Fan, Esq.
Tel : (718) 353-8588
Fax: (718) 353-6288
Email: jfan@hanglaw.com

**VIA ECF:**
The Honorable Vernon S. Broderick
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

> **Re: Wang et al. v. Shun Lee Palace Restaurant, Inc. et. al., 17-cv-840 (VSB)**
> Letter Motion for Settlement Approval

Dear Your Honor:

This firm is counsel of Plaintiffs Cheng Xia Wang, Bao Guo Zhang, Chunlin Zhang, Ze Jun Zhang, Jun Qing Zhao, Ya Qiang Zhang, Hui Liang Zhao, Jun Ling Zhao, Huimin Zhao, Jing Sheng Guan, Li Weng in the above-referenced case.

Together with Defendants, we respectfully submit this letter motion on behalf of **Ya Qiang Zhang, Huimin Zhao, and Hui Liang Zhao**, for approval of the Parties' negotiated settlement agreement herein attached as **Exhibit A**. We also submit this letter motion on behalf of **Li Weng, Jing Sheng Guan, and Jun Ling Zhao**, for approval of the Parties' negotiated settlement agreement herein attached as **Exhibit C**.  Both settlement agreements are hereinafter collectively referred to as the "Settlement Agreement".  Plaintiffs Ya Qiang Zhang, Huimin Zhao, Hui Liang Zhao, Li Weng, Jing Sheng Guan, and Jun Ling Zhao are hereinafter collectively referred to as "Plaintiffs".

For the reasons set forth below, the Parties respectfully request that the Settlement Agreement be approved pursuant to the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and be found to be fair and reasonable in accordance with the factors set forth in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-336 (S.D.N.Y. 2012).

## I.  **Plaintiffs' Allegations and Defendants' Responses**

1

This action was originally brought by Plaintiffs for alleged failure to pay minimum wages, overtime wages, unlawful retention of tips, spread of hours, failure to give a wage notice at time of hiring, and failure to provide paystubs, and unpaid "tools of trade" pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq., and the New York Labor Law ("NYLL").

**Shun Lee West Plaintiffs' Allegations:**

Plaintiff Ya Qiang Zhang alleges that he is a former employee of T & W Restaurant Inc. d/b/a Shun Lee West ("Shun Lee West"), a restaurant located at 43 West 65th Street, New York, NY 10023.  Plaintiff Ya Qiang Zhang was employed by Defendants as a deliveryman from in or around October 2016 to on or around March 24, 2019.

Plaintiff Ya Qiang Zhang alleges that from approximately October 2016 to in or around April 2018, there are two days he worked from 2:30 pm to 9:30 pm without a break, two days he worked from 4:00 pm to 10:30 pm without a break, and one day he worked from 5:30 pm to 11:00 pm without a break, and every week there was a workday Plaintiff Ya Qiang Zhang had to take off one hour late, because he was required to deliver late night orders and could not get back before the shift ended. Therefore, he allegedly worked about thirty-three and a half (33.5) hours per week in average in the stated period.

From approximately May 2018 to in or around March 2019, Plaintiff Ya Qiang Zhang worked five days per week with Tuesday and Thursday off. On Monday, he worked from 4:00 pm to 9:30 pm without a break. On Wednesday, Thursday and Friday, he worked from 4:00 pm to 10:30 pm without a break. On Sunday, he worked from 1:30 pm to 9:30 pm. Every week there was a workday Plaintiff Ya Qiang Zhang had to take off one hour late because he was required to deliver late night orders and could not get back before the shift ended. Therefore, Plaintiff Ya Qiang Zhang worked about thirty-four (34) hours per week in average during this period.

Besides working as a deliveryman, Plaintiff Ya Qiang Zhang alleges that he did side work for more than two hours for each workday, thus no tip credit should be taken when calculating his hourly rate.

Plaintiff Ya Qiang Zhang alleges that he did not received compensation from Defendants for the extra three and a half hours per week. He was not compensated for the tools of trade, and he did not receive accurate paystubs in each pay period.

Plaintiff Huimin Zhao alleges that he is a former employee of Shun Lee West, a restaurant located at 43 West 65th Street, New York, NY 10023. Plaintiff Huimin Zhao was employed by Defendants as a deliveryman from in or around July 3, 2017 to on or around April 20, 2018.

From approximately July 2017 to April 2018, Plaintiff Huimin Zhao allegedly worked five days per week with Monday and Thursday off. During the week he worked, there were three days that he worked from 2:30 am to 9:30 pm without a break, and there were two days that he worked 4:00 pm to 10:30 pm without a break. Sometimes he took off one hour late because he was required to deliver late night orders and could not get back before the shift ended. Therefore, Plaintiff Huimin Zhao allegedly worked about thirty-five (35) hours per week in average in the stated period.

2

Besides working as a deliveryman, Plaintiff Huimin Zhao alleges that he did side work for more than two hours for each workday, thus no tip credit should be taken when calculating his hourly rate.

Plaintiff Huimin Zhao alleges that he did not received compensation from Defendants for the extra three and a half hours per week. He was not compensated for the tools of trade.

Plaintiff Hui Liang Zhao alleges that he is a former employee of Shun Lee West, a restaurant located at 43 West 65th Street, New York, NY 10023. Plaintiff Hui Liang Zhao was employed by Defendants as a deliveryman from in or around January 25, 2016 to around April 30, 2018.

From approximately January 25, 2016 to April 30, 2018, Plaintiff Hui Liang Zhao worked five days per week with Monday and Thursday off. On Tuesday and Friday, he worked from 4:00 to 9:30 pm. On Wednesday and Saturday, he worked from 5:30 pm to 11:00 pm. On Sunday, he worked from 3:00 pm to 11:30 pm. He worked without break. Sometimes Plaintiff Hui Liang Zhao took off one hour late because he was required to deliver late night orders and could not get back before the shift ended. Therefore, Plaintiff Hui Liang Zhao worked about thirty-one and a half (31.5) hours per week in average in the stated period.

From approximately January 25, 2016 to April 30, 2018, Plaintiff Hui Liang Zhao was required to arrive thirty minutes earlier to do the side work before he punched the machine every day he worked. In addition, Plaintiff Hui Liang Zhao had to take off one hour late to do late night delivery orders every week he worked. Therefore, Plaintiff Hui Liang Zhao worked extra three and a half (3.5) hours in addition to his normal shifts every week.

Besides working as a deliveryman, Plaintiff Hui Liang Zhao alleged that he did side work for more than two hours for each workday, thus no tip credit should be taken when calculating his hourly rate.

Plaintiff Hui Liang Zhao alleges that he did not received compensation from Defendants for the extra three and a half hours per week. He was not compensated for the tools of trade.

Plaintiff Li Weng alleges that he is a former employee of Shun Lee West, a restaurant located at 43 West 65th Street, New York, NY 10023. Plaintiff Li Wengwas employed by Defendants as a deliveryman from in or around May 2008 to on or around March 24, 2019.

Plaintiff Li Weng alleges that from approximately January 2016 to in or around March 2019, Plaintiff Li Weng worked five days per week with Tuesday and Saturday off, sometimes with Tuesday and Friday off. On Monday, Wednesday, Thursday and Friday if Plaintiff worked, he worked from 10:30 am to 9:30 pm with a two-hour break (but was required to be back at least fifteen minutes earlier). On Sunday, Plaintiff Li Weng worked from 2:30 pm to 10:30 pm without a break. Every week there was a day Plaintiff Li Weng took off one hour late because he was required to deliver late night orders and could not get back before the shift ended. Therefore,

Plaintiff Li Weng worked about forty-six (46) hours per week in average in the stated period. Plaintiff Li Weng is entitled to the spread of hours for shifts that last over 10 hours per day.

During all relevant employment period, Plaintiff Li Weng was required to arrive one hour earlier for shift starting at 11:30 am, namely Plaintiff Li Weng would arrive at 10:30 am. In addition, every week there was a day Plaintiff Li Weng took off one hour late because he was required to deliver late night orders and could not get back before the shift ended.

During all relevant employment period, Plaintiff Li Weng was required to complete not only the delivery job but also other side work, including but not limited to: 1) typing the credit information into credit card machine for orders, 2) peeling string beans, 3) preparing sauce packages, dim sum packages, and rice as well as soup for delivery orders, 4) supplementing the delivery supplies, and other things required.

Plaintiff Li Weng alleges that he was not paid overtime and minimum wages under federal and state laws.

Plaintiff Jun Ling Zhao alleges that he was employed as a delivery person in Defendants' restaurant located at 43 West 65th Street, New York, NY 10023, from in or around July 2014 to on or around March 24, 2019,

Plaintiff Jun Ling Zhao alleges that from approximately July 2014 to December 2015, Plaintiff Jun Ling Zhao worked five days per week with Thursday and Friday off. On Tuesday and Sunday, Plaintiff Jun Ling Zhao worked from 10:00 am to 9:30 pm without a break. On Monday, Wednesday and Saturday, Plaintiff Jun Ling Zhao worked from 4:00 pm to 10:30 pm without a break. Every week there is workday that Plaintiff Jun Ling Zhao took off one hour late because he was required to deliver late night orders and could not get back before the shift ended. Therefore, Plaintiff Jun Ling Zhao worked about forty-three and a half (43.5) hours per week in average in the stated period.

Plaintiff Jun Ling Zhao alleges that from approximately January 2016 to in or around March 2019, Plaintiff Jun Ling Zhao worked five days per week with Thursday and Friday off. On Tuesday and Sunday, Plaintiff Jun Ling Zhao worked from 10:00 am to 9:30 pm with two-hour break but was required to come back at least fifteen minute earlier. On Monday, Wednesday and Saturday, Plaintiff Jun Ling Zhao worked from 4:00 pm to 10:30 pm without a break. Sometimes Plaintiff Jun Ling Zhao took off one hour late because he was required to deliver late night orders and could not get back before the shift ended. Therefore, Plaintiff Jun Ling Zhao worked about thirty-nine (39) hours per week in average in the stated period.

Plaintiff Jun Ling Zhao alleges that he was not paid overtime and minimum wages under state law and federal laws.

Plaintiff Jing Sheng Guan, listed as Plaintiff "Jing Guan" in the Complaint, alleges that he was employed from May 2008 to on or around March 24, 2019 as a delivery person in Shun Lee West, a restaurant located at 43 West 65th Street, New York, NY 10023.

4

Plaintiff Jing Sheng Guan alleges that from approximately July 2008 to December 2015, Plaintiff Jing Sheng Guan worked five days per week with Monday and Thursday off. On Tuesday Wednesday, Friday and Saturday, Plaintiff Jing Sheng Guan worked from 4:00 pm to 10:30 pm without a break. On Sunday, Plaintiff Jing Sheng Guan worked from 2:30 am to 9:30 pm without a break. Sometimes Plaintiff Jing Sheng Guan took off one hour late because he was required to deliver late night orders and could not get back before the shift ended.

Plaintiff Jing Sheng Guan alleges that from approximately January 2016 to March 2018, Plaintiff Jing Sheng Guan worked five days per week with Monday and Thursday off. On Tuesday and Wednesday, Plaintiff Jing Sheng Guan worked from 4:00 am to 10:30 pm without a break. On Friday, Plaintiff Jing Sheng Guan worked from 5:30 pm to 11:30 pm without a break. On Saturday, Plaintiff Jing Sheng Guan worked from 10:00 am to 9:30 pm with a two-hour break (but was required to be back at least fifteen minutes earlier). On Sunday, Plaintiff Jing Sheng Guan worked from 2:30 am to 9:30 pm without a break. Every week Plaintiff Jing Sheng Guan took off one hour late because he was required to deliver late night orders and could not get back before the shift ended. Therefore, Plaintiff Jing Sheng Guan alleged that he worked about thirty-seven (37) hours per week in average in the stated period.

Plaintiff Jing Sheng Guan alleges that he was not paid overtime and minimum wages under state law and federal laws.

**Defendants' Responses**:

Defendants deny the allegations asserted by Plaintiffs, and vehemently deny any potential liability. Among other matters, Defendants dispute Plaintiffs' claimed days and hours worked, and Plaintiffs' calculation of purported damages.  Significantly, Defendants have presented extensive wage-and-hour records that contradict Plaintiffs' claims.  For example, Defendants produced: (1) daily punch clock records of Plaintiffs during their employment with Shun Lee West, (2) Plaintiffs' WTPA-compliant paystubs, (3) Plaintiffs' WTPA-compliant wage notices; and (4) Plaintiffs' work schedules.  First, Defendants argue that the punch clock records show that Plaintiff was paid for all hours worked.  While Plaintiffs contend that the punch clock records do not align with their own recollection of their hours worked, Plaintiffs recognize the significant burden that they would need to overcome in order to prevail on such a contention.  Second, Defendants produced paystubs and wage notices which they assert are fully compliant with the requirements under the WTPA. Finally, Defendants provided work schedules for each Plaintiff, which are corroborated by numerous witnesses who worked with Plaintiffs during their employment at Shun Lee West. Witnesses are also able to testify that Plaintiffs worked very minimal side work and the tip credits were properly applied at all relevant times.

While Plaintiffs believe they could establish liability, this would require significant time and prolonged litigation, as Defendants expressly deny any violation of law or any liability to Plaintiffs. Furthermore, Defendants' argument that they acted in good faith at all times, if successful, would preclude Plaintiffs from recovering any liquidated damages.

Accordingly, Plaintiffs believe it to be in their best interest to receive an expedient settlement payment rather than escalate the costs, burdens, and risks of further litigation and trial. Plaintiffs believe that the settlement amount is a fair result, given the significant burdens and risks of trial.

## II.    Settlement Amount

### For the Settlement of Plaintiffs Ya Qiang Zhao, Huimin Zhao, Hui Liang Zhao

At the inception of the litigation, Plaintiffs Ya Qiang Zhao, Huimin Zhao, and Hui Liang Zhao submitted a settlement demand in the amount of approximately $28,147.44, exclusive of attorneys' fees and costs. The demand was wholly based on Ya Qiang Zhao's, Huimin Zhao's, and Hui Liang Zhao's total calculation of the maximum possible recovery of alleged back wages (an amount which was vehemently disputed by Defendants).

The Parties engaged informal discoveries and dispositive motions and engaged in good faith settlement discussions.  The Parties agreed on the settlement amount of $39,000.00 in order to avoid potentially significant and unanticipated burdens and expenses in establishing their respective positions in the litigation.

The gross settlement amount is $39,000.00, inclusive of Plaintiffs' counsel's fees and costs of $13,000.00 and settlement payments to Plaintiffs Ya Qiang Zhao, Huimin Zhao, and Hui Liang Zhao of $26,000.00. The attorney's fees and costs are allocated as follows:

| Shun Lee West Plaintiffs | |
|---|---|
| Ya Qiang Zhang | $12,000 |
| Huimin Zhao | $4,000 |
| Hui Liang Zhao | $10,000 |
| Attorney Fees for above Shun Lee West Plaintiffs | $13,000 |

### For the Settlement of Plaintiffs Li Weng, Jun Ling Zhao, Jing Sheng Guan

At the inception of the litigation, Plaintiffs Li Weng, Jun Ling Zhao, and Jing Sheng Guan submitted a settlement demand in the amount of approximately $71,702.99, exclusive of attorneys' fees and costs. The demand was wholly based on Li Weng's, Jun Ling Zhao's, Jing Sheng Guan's calculation of the maximum possible recovery of alleged back wages (an amount which was vehemently disputed by Defendants).

The Parties engaged informal discoveries and dispositive motions and engaged in good faith settlement discussions.  The Parties agreed on the settlement amount of 94,5000.00 in order to avoid potentially significant and unanticipated burdens and expenses in establishing their respective positions in the litigation.

6

The gross settlement amount is $ **94,500.00**, inclusive of Plaintiffs' counsel's fees and costs of $31,500.00 and settlement payments to Plaintiffs Li Weng, Jun Ling Zhao, and Jing Sheng Guan of $63,000.00. The attorney's fees and costs are allocated as follows:

| Shun Lee West Plaintiffs | |
|---|---|
| Li Weng | $15,300.00 |
| Jun Ling Zhao | $21,600.00 |
| Jing Sheng Guan | $26,100.00 |
| Attorney Fees for above Shun Lee West Plaintiffs | $31,500.00 |

Therefore, the attorney's fees and costs are one third of the total amount. Plaintiffs' counsel's attorney bills and invoices are herein attached as **Exhibit B**. This gross settlement amount reflects a reasonable compromise between the parties' dispute over Defendants' alleged failure to pay minimum wages, overtime wages, failure to compensate tools of trade, spread of hours, failure to give a wage notice at time of hiring, and failure to provide paystubs.

### III. **The Settlement Agreement is Fair and Reasonable**

Plaintiffs seek final approval of the Settlement Agreement reached in this case, pursuant to the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (holding that, "the FLSA falls within the 'applicable federal statute' exception under Rule 41" and therefore, "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect."). As set forth in further detail below, and in accordance with *Wolinksy v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012), the Parties are in agreement that this settlement is fair, reasonable, consistent with the underlying purposes of the FLSA, and is the product of equal bargaining.

As articulated in *Wolinksy*, when assessing the fairness of a settlement, a court should consider the totality of circumstances including but not limited to several factors such as: (1) the range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement "is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. *Wolinksy*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc.*, No. 10 Civ. 3214, 2010 U.S. Dist. LEXIS 75098 (S.D.N.Y. July 23, 2010)). Based on an analysis of these factors, the Parties are confident that the negotiation process was conducted at arm's length and should pass this Court's scrutiny.

### A. **The Range of Possible Recovery**

Based on damage calculations prepared by Plaintiffs' counsel relying on Plaintiffs' allegations, Plaintiffs contend that they are owed $277,844.96 in total damages, with $111,648.43 in back wages, exclusive of statutory penalties, liquidated damages and attorney's fees. Specifically, Plaintiff Ya Qiang Zhang claimed that he is owed $12,794.16 in back wages; Plaintiff Jun Ling Zhao claimed that he is owed $29,236.47 in back wages; Plaintiff Min Hui Zhao claimed

that he is owed $4,440.98 in back wages; Plaintiff Jing Sheng Guan claimed that he is owed $ 24,935.30 in back wages; Plaintiff Hui Liang Zhao claimed that he is owed $10,912.30; Plaintiff Li Weng claimed that he is owed $17,531.22 in back wages. These calculations, however, do not factor Defendants' defenses asserted in the litigation, the records presented, the long judicial proceedings and the inherent risks and uncertainties of proceeding with a jury trial. Notwithstanding, after formal discovery production and extensive settlement discussions, the Parties were able to negotiate a Settlement Agreement for: (1) $39,000.00 for Ya Qiang Zhao, Huimin Zhao, and Hui Liang Zhao, inclusive of attorneys' fees and costs; and (2) 94,500.00 for Li Weng, Jun Ling Zhao, and Jing Sheng Guan, inclusive of attorneys' fees and costs.

### B. The Seriousness of the Litigation Risks Faced by the Parties

Considering the risks and the uncertainty of trial, Plaintiffs' counsel believes that this settlement is a fair result and should thus be approved.   See e.g. *Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3, 11 Civ. 465 (KBF) (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.") (internal citations omitted).  In addition, the cost of the Settlement Amount is substantially less than the anticipated cost trial. By settling now rather than litigating further, Plaintiffs avoid the risk of losing at trial or, even if prevailing at trial, avoid the inability to collect due to the financial hardship faced by Defendants. Continued litigation therefore will negatively impact the Plaintiffs' chances at any recovery.  Most importantly, Plaintiffs understand the situation, are satisfied with the settlement amount, and voluntarily and willingly entered into the Settlement Agreement.

### C. The Settlement Negotiations Occurred at Arm's Length

From the onset of this case the Parties engaged in communications and discussions in an effort to settle this matter.  Defendants represented that Plaintiffs were paid for all hours worked and that they were supplied with all required notices and documents.  Defendants also provided over a thousand of pages of payroll and time records. The case has been in the Court for more than two years, the longer the time takes, Plaintiffs face more risks. Nonetheless, Parties through arm's length negotiations and were able to settle before a trial is scheduled.

### D. The Proposed Settlement Does Not Conflict with the *Cheeks* Admonitions

The settlement agreement does not contain any terms that would militate against the Court approving it. See *Nieto v. Izzo Construction Corp.*, No. 15 Civ. 6958, 2018 WL 2227989, at *2 (E.D.N.Y. May 14, 2018) (Levy, Mag.). For instance, the agreement does not contain a confidentiality or non-disparagement clause that may "run afoul of the purposes of the FLSA and the public's independent interest in assuring that employees' wages are fair." *Flood v. Carlson Restaurants Inc.*, No. 14 CIV. 2740 AT GWG, 2015 WL 4111668, at *1 (S.D.N.Y. July 6, 2015) (citing *Lopez v. Nights of Cabiria, LLC*, No. 14 Civ. 1274, 2015 WL 1455689, at *5 (S.D.N.Y. Mar. 30, 2015)); also compare *Ezpino v. CDL Underground Specialists, Inc*., No. 14CV3173DRHSIL, 2017 WL 3037483, at *2-3 (E.D.N.Y. June 30, 2017), report and recommendation adopted, No. CV143173DRHSIL, 2017 WL 3037406 (E.D.N.Y. July 17, 2017)

(citing *Cheeks*, 796 F.3d at 206) (approving settlement agreement where it did not "contain a confidentiality provision nor does it contain a non-disparagement clause"); with Gonzalez, 2015 WL 6550560, at *3 (citing *Cheeks*, 796 F.3d at 206) (declining to approve FLSA settlement containing a confidentiality provision).

### E.  Plaintiffs' Counsel Is Entitled to Reasonable Attorney's Fees and Costs

The Settlement Agreement also provides for reasonable attorney's fees.  Pursuant to our firm's agreement with the Plaintiffs, the firm will be reimbursed: (1) $13.000.00 for the settlement of Plaintiffs Ya Qiang Zhao, Huimin Zhao, and Hui Liang Zhao, retaining 1/3 of the total settlement amount of $39,000.00; and $31,500.00 for the settlement of Plaintiffs Li Weng, Jun Ling Zhao, and Jing Sheng Guan, retaining 1/3 of the total settlement amount of $94,500.00. The firm's usual practice is to get reimbursed from Plaintiffs for filing fees, service costs, and other costs, however, in this case, the firm decided to waive the costs. Based on my experience in handling FLSA and NYLL matters, this is a standard and acceptable arrangement for attorney's fees.

Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. See, e.g., *Calle v. Elite Specialty Coatings Plus, Inc*., 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). This case is distinguishable from the case cited in *Cheeks*, wherein that settlement agreement was denied because the attorneys' fees were set at between 40 and 43.6 percent of the total payment, without justification to support the higher fees. *Cheeks*, 796 F3d at 206 (citing *Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (SDNY 2015). Therefore, as 1/3 is standard practice in FLSA claims, it is a fair number for this matter as well.

Hang & Associates, PLLC ("Hang & Associates") represents both plaintiffs and defendants in litigating claims arising out of the employment relationship, including claims for employment discrimination, wage and hour issues, and contract disputes.  Jian Hang, Esq., principal attorney of Hang & Associates, has over ten years of experience in the field of employment law. His office currently represents plaintiffs with wage & hour claims in more than 100 lawsuits in federal and state courts and is well respected in the Flushing community. Prior to forming Hang & Associates Mr. Hang practiced labor law at Epstein, Becker & Green, P.C. Hang & Associates focuses exclusively on employment law. Given his years of experience, and the practice's specialized focus on employment law, Jian Hang typically charges an hourly rate of $350.

Ms. Keli, Liu, Esq. was a senior associate at Hang Law until December 2020. She received Juris Doctor Degree from the Syracuse University School of Law in 2013. Since joining Hang Law in late 2015, she has been practicing employment and labor litigation primarily. She has served as the first chair trial counsel in the jury trials in the Southern District of New York as well as Eastern District of New York.  Before she has left Hang Law, she has litigated over 150 cases in the Southern and Eastern Districts of New York. She has also handled several arbitration matters

in front of the American Arbitration Association, as well as discrimination-related matters with the EEOC. She has obtained favorable outcomes in numerous motion practices and also obtained favorable settlements in most of Hang Law's high-stake cases. In non-contingent fee structure matters, she charges $325.00 per hour to the clients. In the context of evaluating fairness of a settlement, she has been awarded $320.00 per hour in fees in 2018. See De Hui Mu v. Han Dynasty Nyu Corp., 2018 U.S. Dist. LEXIS 181110, at *6 (S.D.N.Y. Oct. 17, 2018). She only billed $300.00 per hour in this case.

I, Jiajing Fan, Esq., have been practicing in employment and labor laws since September 2018. I received LLM-Legal Institutions Degree from the University of Wisconsin Madison Law School in 2016. From 2016 to 2017, I was a part-time volunteer advocate in Unemployment Appeals Clinic in Wisconsin, I provided representation to low income unemployed workers in unemployment compensation hearings and Labor & Industry Review Commission (LIRC) appeals. Before I joined Hang & Associates, I had litigation assistance experience in housing laws litigations in Legal Actions of Wisconsin from December 2017 to May 2018. Since September 2018, I have had substantial experience litigating FLSA matters from pleading to trial representing both employees and employers. I have dedicated the majority of my time to FLSA matters including more than 30 cases in this District alone. In addition to FLSA cases, I have litigated employment matters arising under Title VII. In addition, I represent employers before federal and state agencies such as the National Labor Relations Board, Equal Employment Opportunity Commission, and New York State Human Rights Division, and Occupational Safety and Health Administration (OSHA). Hang Law has routinely billed my service to clients since January 2019, including FLSA matters, at $250 to $300 per hour.

Hang & Associates spent 178.7 hours on this matter, and had it been billing hourly, it would have incurred fees and costs of $59,755.00.

## IV.    <u>Conclusion</u>

For the foregoing reasons, counsel for all Parties respectfully submit that the Settlement Agreement is fair and reasonable, and therefore jointly request that the Court approve or so order the Settlement Agreement.

Respectfully submitted,

_/s/ Jiajing Fan_
Jiajing Fan, Esq.

cc: Defense Counsel (by ECF)

10