# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW

Tel: 718 762 1324   johntroy@troypllc.com   Fax: 718 762 1342

41-25 Kissena Blvd., Suite 103, Flushing, New York 11355

January 26, 2022

> Defendants' requests as to both disputes are GRANTED. Defendants may file a motion to dismiss the claims of Plaintiffs Wu and Zhao claims if they fail to appear for their depositions by February 4, or an agreement is reached for the depositions to occur at a later date.  Plaintiffs request to depose Defendants is DENIED.  I will issue a separate opinion explaining the reasons for my decisions.
>
> SO ORDERED: 01/31/22
>
> *[signature]*
> HON. VERNON S. BRODERICK
> UNITED STATES DISTRICT JUDGE

*Via ECF*
Honorable Vernon S. Broderick, U.S.D.J.
United States District Court
Southern District Court of New York
40 Foley Square
New York, NY 10007

**Re:  Joint Letter Motion Regarding Discovery Disputes**
**17-cv-00840** *Cheng Xia Wang et al. v. Shun Lee Palace Restaurant, Inc. et al.*

Your Honor,

Troy Law, PLLC represents Plaintiffs GUOYI WANG, TONG WEI WU, ZHI QIANG LU, STEVEN CHEUNG, QUEK YEOW YAP, HAIPING WU, WEIJUN ZHEN, SHUDE ZHANG, KEEYEW FOO, TSUNMING FONG, TERRY WONG, MINGSUNG CHAN, LEUNGTACK CHOI, FONG YUE, GUOLIANG XU, BILLY QIN, MONALIZA WONG, and WEI TING ZHAO (collectively "Troy Law Plaintiffs") in the above action. We write respectfully and jointly with Defendants pursuant to Your Honor's Individual Rule 3 regarding a couple of discovery disputes that have arisen regarding depositions.  On January 11, 2022, Tiffany Troy and John Troy for Troy Law Plaintiffs and Kevin K. Yam and Maayan Deker for Defendants met and conferred for around half an hour. The parties were unable to resolve their disputes and present this joint letter regarding their disputes to the Court.

## I.    Depositions of Plaintiffs in China

It has come to the parties' attention that two of the Plaintiffs, Weiting Zhao and Tong Wei Wu have gone back to China during the proceeding of this case. There is an issue of how the Plaintiffs who are in the Republic of China will be deposed.

### *Plaintiffs' Position*

Plaintiffs' position is that both of their clients are green card holders with the ability to travel back to the United States. However, because of COVID-19 pandemic related travel restrictions, the parties are unable to travel to the United States or outside of the People's Republic of China to attend their depositions.

Additionally, Plaintiffs' counsel had to deal with two similar issue regarding taking depositions outside the United States before. In *Cao v. Atami on 2nd Avenue, Inc.*, the court not only permitted Plaintiff Yi Cao to be deposed remotely by video in China, it permitted his

videorecorded deposition testimony to be used at trial in lieu of live testimony (in person or remote. *See Cao v. Atami on 2nd Avenue, Inc.*, No. 15-cv-05434 (PGG) (DCF), Dkt. No. 99, at *2 (S.D.N.Y. June 15, 2017) (explaining circumstances); *id.*, Trial Tr. 350:2–13 (S.D.N.Y. June 15, 2017) (Court permitting deposition excerpts to be played for the jury). In that case, Plaintiffs argued that having Plaintiff Yi Cao be deposed via videoconference in China would be no prejudice on Defendants, since the harm to Defendants involved in conducting a deposition via videoconference is "negligible". *See Usov v. Lazar*, No. 13-cv-00818 (RWS), 2015 U.S. Dist. LEXIS 113100, at *4 (S.D.N.Y. Aug. 22, 2015). Although this Court recognized the value of a party's ability to observe a deponent in person, the Court further stated that "the inability to do so is a problem with any remote deposition, and remote depositions are 'a presumptively valid means of discovery.'" *Id.* (citing *Robert Smalls Inc. v. Hamilton*, No. 09-cv-07171, 2010 U.S. Dist. LEXIS 59023, at *10 (S.D.N.Y. June 10, 2010)). Furthermore, this Court held that videoconference deposition, rather than telephonic deposition, "minimizes any prejudice by allowing the Defendant to view his demeanor during questioning." *Id*. (citing *Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 398 (S.D.N.Y. 2006) (declaring that "there is little prejudice to the defendants" in conducting depositions by telephone rather than requiring the parties to "travel to distant cities," but allowing defendants seeking to observe the deponents' demeanor to conduct the depositions by videoconference instead, if they were willing to bear the expense)); *see also RP Family, Inc. v. Commonwealth Land Title Ins. Co.*, No. 10-cv-01149 (DLI) (CLP), 2011 U.S. Dist. LEXIS 137334, at *11 (E.D.N.Y. Nov. 30, 2011).

Further in *Ji v. Jling, Inc.*, the Court permitted the more limited relief that we are seeking here: permitting plaintiff Junjiang Ji to travel to a location outside China (for instance, Hong Kong, Macau, or Taiwan) to be deposed. *See Ji v. Jling, Inc.*, No. 15-cv-04194 (SIL), Dkt. No. 122-16 (E.D.N.Y. Aug. 31, 2021) (copy of deposition transcript). The Court later accepted Ji's deposition transcript as an exhibit at a bench trial. *See id.* (deposition transcript admitted); *see also id.*, Dkt. No. 122-19, at *3 (trial transcript).

In this case, Plaintiff have already informed Defendants counsel that we can produce our clients via Zoom and that they can travel to either Macau or Hong Kong should they need to. Further, its not as if we are not producing our clients but we are trying to work with Defendants in trying to work out a solution to the situation at hand. As the court is aware this case has been going on since 2017, so in the time that the case has been proceeding it is normal for people to travel. Further, Plaintiff's counsel disclosed to Defendants as soon as they became aware that their clients were in fact in China. Plaintiffs only became aware that their clients were in China when they were contacting their clients for Depositions. When they were unable to get to their clients with the numbers that they had, they called the other clients to see if they could get in contact with them and it was here when we found out that those specific clients were in China. Plaintiffs though are trying to work here with Defendants with this issue and Defendants are being unreasonable in their position of the problem.

### ***Defendants' Position***

Plaintiffs' characterization of the issue completely misses the point. Defendants have no issue with conducting depositions by videoconference, as that has become the norm during the

Honorable Vernon S. Broderick, U.S.D.J.
January 26, 2022
Page 3

COVID-19 pandemic. Defendants also have no issue with Tong Wei Wu and Weiting Zhao traveling to Macau or Hong Kong to conduct their depositions because Chinese law prohibits them from being deposed "while they are within the borders of People's Republic of China without permission from the authority of the People's Republic of China." *Yan v. Zhou*, No. 18-CV-4673(GRB)(JMW), 2021 WL 4059478, at *3 (E.D.N.Y. Sept. 7, 2021) (citing Article 277 of Chinese Civil Law).

The principle issue is that Plaintiffs disclosed only for the first time to Defendants' counsel via email on January 10, 2022 (less than one month before the deadline to complete Plaintiffs' depositions) as follows: "By the way, there are two clients, [Weiting] Zhao and [Tong Wei] Wu, who are in China. Because of the coronavirus pandemic travel restrictions, they are unable to come back to the United States at the current moment for the deposition." That response is troubling for several reasons. First, on November 24, 2021, Defendants served amended notices of deposition on both Weiting Zhao and Tong Wei Wu that Defendants "will take the deposition upon oral examination of [them] via remote videoconferencing software." No objections were made by Plaintiffs at that time except for the logistics of selecting mutually convenient deposition dates. Indeed, on December 1, 2021, in a joint letter submitted to the Court requesting an extension of time to complete Plaintiffs' depositions only, Plaintiffs "represented that they will ***each*** be available to appear on one of the following days for their depositions: January 11, 12, 25, 26, 27, and 28, 2022." (*See* Dkt. 265). The next day, on December 2, 2021, Your Honor granted the parties' joint application, but noted that the "parties are also reminded that it is unlikely that they will get a fourth extension." (*See* Dkt. 266.) Essentially, Weiting Zhao and Tong Wei Wu, through Troy Law, committed to deposition dates that they never intended to honor.

During the meet and confer between counsel, Troy Law indicated that Plaintiffs Zhao and Wu would be able to travel to Macau or Hong Kong for depositions. However, despite repeated requests from Defendants, Weiting Zhao and Tong Wei Wu have not committed to definitive dates to appear for their depositions in Hong Kong or Macau before the current deadline to complete Plaintiffs' depositions on February 4, 2022, even though they made it known to Defendants on January 11, 2022 that they were willing to travel to Hong Kong or Macau to conduct their depositions. Nor have Plaintiffs requested an extension of time with the Court so that they can make the necessary arrangements to appear for their depositions in Hong Kong or Macau, if the extension of time is indeed necessary under the circumstances. Plaintiffs merely rely on the excuse that the COVID-19 pandemic prohibits them from appearing for their depositions, even though they know that the Court has set a firm date to complete their depositions by February 4, 2022. *See El-Yafi v. 360 E. 72nd Owners Corp.*, 164 F.R.D. 12, 18 (S.D.N.Y. 1995) ("The complaint should be dismissed with prejudice pursuant to Rule 37(d), Fed.R.Civ.P., by virtue of plaintiff Hassan El–Yafi's willful violation of the orders of April 19 and May 10, 1995, directing him to appear for his deposition by June 30, 1995. Defendants should be awarded the reasonable expenses of bringing this motion, in an amount to be determined.")

Finally, it must be noted that this litigation has been ongoing for close to five years. On January 11, 2022, during a meet and confer, Troy Law represented that Weiting Zhao left the United States for China in May 2019, many months before the COVID-19 pandemic, and that Tong Wei Wu returned to China on January 26, 2020. Arrangements could have been made well

in advance to prepare for depositions abroad had Defendants been made aware of Messrs. Zhao's and Wu's whereabouts. However, based on Troy Law's representation during the meet and confer, it appears that they have not had contact with Weiting Zhao for close to 3 years (between May 2019 and January 10, 2022), given that they only recently provided Weiting Zhao's allegations and damages calculations on January 10, 2022 (and the Second Amended Complaint is silent as to Weiting Zhao's claims). Similarly, it appears that Troy Law has not had contact with Tong Wei Wu for at least two years (between January 26, 2020 and January 10, 2022). Accordingly, if Weiting Zhao and Tong Wei Wu do not appear for their depositions by February 4, 2022, then their claims shall be deemed abandoned, or in the alternative, Defendants shall be provided with the opportunity to file a motion to dismiss for failure to prosecute. *See Shad v. Slow Dancing Music, Inc.*, 190 F.R.D. 638, 640 (S.D.N.Y. 2000) ("In sum, after examining the entire record, the Court concludes that dismissal for failure to prosecute is appropriate. Given the length of the delay, the prejudice to the defendant, the Court's responsibility to move its calendar in a fair and swift manner, and the lack of an effective lesser sanction, the defendant's motion to dismiss shall be granted.")

The current close of fact discovery is February 4, 2022. Because Plaintiffs have failed to confirm that Tong Wei Wu and Weiting Zhao will appear for their depositions before that date, Defendants would like the opportunity to file a motion to dismiss Wu's and Zhao's claims in this action pursuant to Federal Rules of Civil Procedure 37(b)(2)(A) and 41, if they indeed fail to appear for their depositions by February 4, 2022. *See El-Yafi*, 164 F.R.D. at 18; Shad, 190 F.R.D. at 640.

### II.     Plaintiffs' Deposition of Defendants

The second discovery dispute that has arisen in the matter is that Plaintiffs wish to depose Defendants in the above action before the discovery period closes on February 4, 2022. Plaintiffs have proposed to Defendants that out of the four days left that the parties blocked out for depositions, Defendants depose Plaintiffs one day and Plaintiff depose Defendants one day. Defendants oppose this on the grounds that it is their position that Plaintiff has waived their right to depose their clients as to the most recent scheduling order.

### *Plaintiffs' Position*

Plaintiffs position in this is that Plaintiffs should have a right to depose Defendants in the matter as to the Delivery claims because Plaintiffs has never previously been given the chance to depose Defendants in any capacity. Plaintiffs have not waived their right to depose Defendants in the action and the most recent scheduling order approved by Your Honor has not suggested this either. In the scheduling order, it states that, "Plaintiff's depositions shall be completed by February 4, 2022." Although it gives Defendants a time to complete their depositions as to Plaintiffs, Plaintiff's depositions as to Defendant's deposition would be unregulated due to the fact that there is no date given to complete depositions of Defendants in the action. Further, nowhere in the case management plan does it explicitly state that Plaintiffs cannot take the depositions of Defendants in the action. If Defense counsel is suggesting that Plaintiff has waived their right to depose their clients, they should have made it clear in their case management plan, but they have

failed to. Defendants' reliance that plaintiffs have waived their right has no grounds for there is no language in the Case Management Plan and Defendants failed to put any language in the case management Plan to suggest this. Further, Plaintiffs not having the chance to depose Defendants will prejudice Plaintiffs in the action for Plaintiffs will not be able to refute any of the allegations that Defendants make towards Plaintiffs. Plaintiffs wish to depose Defendants solely as to the deliveryman positions and practices to get a better understanding of Defendants practices. Plaintiffs have been reasonable in trying to plan depo dates for Defendants but Defendants are not being cooperative with Plaintiff's counsel and refuse to give dates as to depo dates.

### *Defendants' Position*

Plaintiffs' position on this issue also completely misses the mark. In the parties' joint letter to the Court on December 1, 2021 (Dkt. 265), only an extension of time to complete Plaintiffs' depositions, and not Defendants' depositions, was requested. Plaintiffs approved a draft of this letter prior to filing with the Court. In fact, in the updated case management plan approved by the Court on December 21, 2021 (Dkt. 270), only Plaintiffs' depositions are contemplated in Section 8(c) ("Plaintiffs' depositions shall be completed by February 4, 2022"), consistent with the December 1, 2021 joint letter, because Plaintiffs waived their rights to depose Defendants as to the delivery workers and did not proactively seek an extension of the discovery deadline to do so. *See Gao v. Savour Sichuan Inc.*, No. 19CV2515JPCKHP, 2021 WL 4892864, at *2 (S.D.N.Y. Oct. 20, 2021)[1] ("Plaintiff's arguments that discovery should be reopened is unavailing because Plaintiff fails to show why she could not complete discovery by the deadline set by this Court of July 30, 2021. The two additional Defendants noted in Plaintiff's letter were added in the Second Amended Complaint filed on January 6, 2021. (ECF No. 51). On March 23, 2021, Plaintiff filed her Third Amended Complain[t] because of a name correction, four months before the close of discovery, and almost a full seven months before this motion. (ECF No. 67.) Although, the Court granted (in part) Plaintiff's motion to certify class on August 11, 2021, after the close of discovery, Plaintiff did not request an extension based on the possibility of uncovering new information. Plaintiff had the relevant information to conduct further inquiries of deponents long before the close of discovery. Thus, Plaintiff was not diligent in obtaining the information it now seeks to obtain.")

Plaintiffs' rights to depose Defendants as to the delivery workers specifically expired on December 15, 2021, pursuant to the prior case management plan's deadline. (*See* Dkt. 256, Section 8(c)). At no point have Plaintiffs sought an extension of time of the discovery schedule to pursue Defendants' depositions they now want to take and instead are seeking to take depositions on dates that were specifically agreed to for Defendants to take Plaintiffs' depositions. Plaintiffs did not ask for an extension of time to take the depositions of Defendants as to the delivery workers and have therefore waived their rights to depose Defendants. Moreover, Plaintiffs never once pursued taking the depositions of Defendants during the parties' four prior extensions of time to complete fact discovery, until January 5, 2022, when their right to depose Defendants had already been waived.

---

[1] This is a case where Troy Law represents the plaintiff.

Honorable Vernon S. Broderick, U.S.D.J.
January 26, 2022
Page 6

                                                  Very Truly Yours,
                                                  TROY LAW, PLLC

                                                  /s/ John Troy_____
                                                  John Troy, Esq.
                                                  Attorney for Plaintiffs