

**Littler Mendelson, P.C.**
900 Third Avenue
New York, NY  10022.3298

Kevin K. Yam
212.583.2674 direct
917.623.5138 mobile
212.583.9600 main
kyam@littler.com

February 8, 2022

<u>**VIA ECF**</u>

The Honorable Vernon S. Broderick
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *Wang et al. v. Shun Lee Palace Restaurant, Inc. et. al.*, **Case No. 17-cv-840 (VSB)**

<u>**Letter Motion to Dismiss the Claims of Plaintiffs Tong Wei Wu and Weiting Zhao**</u>

Dear Judge Broderick:

This firm represents defendants Shun Lee Palace Restaurant, Inc., T & W Restaurant, Inc., and Michael Tong (collectively, "Defendants") in the above-referenced matter.  We write to respectfully request that the Court dismiss the claims of two plaintiffs Tong Wei Wu and Weiting Zhao (the "Delinquent Plaintiffs") based on their failure to timely appear for their depositions in direct violation of this Court's prior orders. (Dkt. Nos. 270, 285.)

**I.     Procedural History**

This action has been pending for more than five years and the deadline for the completion of fact discovery deadline recently lapsed. There had been at least four requests to extend the close of the fact discovery period and the final deadline was February 4, 2022. (Dkt. Nos. 49, 50, 234, 235, 254, 255, 265, 266, 270.)

Defendants first served a deposition notice on Tong Wei Wu on October 2, 2017. (*See* Exhibit A.) On November 24, 2021, Defendants served amended notices of deposition on both Delinquent Plaintiffs. (*See* Exhibit B.) No objections were made by the Delinquent Plaintiffs at that time.  On December 1, 2021, the parties submitted a joint letter to the Court seeking adjournment of the discovery schedule.  In that letter, Troy Law represented that [the delivery plaintiffs, including Wu and Zhao] will ***<u>each</u>*** be available to appear on one of the following days for their depositions: January 11, 12, 25, 26, 27, and 28, 2022." (*See* Dkt. 265.)  The next day, on December 2, 2021, Your Honor granted the parties' joint application, but noted that the "parties are also reminded that it is unlikely that they will get a fourth extension." (Dkt. 266.)  Despite Troy Law's representation that Tong Wei Wu and Weiting Zhao were available, willing, and ready to appear for their depositions, the Delinquent Plaintiffs ultimately failed to honor their

commitment by not appearing on any of those January dates or before the close of the fact discovery deadline of February 4, 2022.

On January 10, 2022 (less than one month before the deadline to complete Plaintiffs' depositions), Troy Law advised Defendants for the first time that "there are two clients, [Weiting] Zhao and [Tong Wei] Wu, who are in China. Because of the coronavirus pandemic travel restrictions, they are unable to come back to the United States at the current moment for the deposition." The parties held a meet and confer session on January 11, 2022 to discuss this and other issues and during that call Troy Law informed Defendants that Plaintiffs Zhao and Wu would be able to travel to Macau or Hong Kong for depositions because Chinese law prohibits them from being deposed "while they are within the borders of People's Republic of China without permission from the authority of the People's Republic of China." *Yan v. Zhou*, No. 18-cv-4673, 2021 WL 4059478, at *3 (E.D.N.Y. Sept. 7, 2021) (citing Article 277 of Chinese Civil Law). On January 31, 2022 Your Honor ruled that: "Defendants may file a motion to dismiss the claims of Plaintiffs Wu and Zhao [if] they fail to appear for their depositions by February 4, or an agreement is reached for the depositions to occur at a later date. Plaintiffs['] request to depose Defendants is [denied]." (*See* Dkt. No. 285.)

After the January 31, 2022 Order, Troy Law did not reach out to Defendants regarding the availability of the Delinquent Plaintiffs to appear for a deposition and have failed to commit to definitive dates to appear for their depositions in Hong Kong or Macau. In fact, the only communication Defendants received from Troy Law arrived on February 4, 2022 in which Plaintiffs' counsel stated:

> *We are aware that the judge has granted Defendant's ability to depose the clients in China and we have been in contact with our clients regarding when they can make arrangements to Hong Kong or Macau. We also understand that the discovery window is closing today, but the judge stated that we can agree on a later date for the depositions of the two Plaintiffs. We hope to get back to you by early next week on a date or a range of dates that the clients will be traveling to Hong Kong or [Macau] to conduct their depositions.*

To date Plaintiffs have not proposed a date or range of dates that the Delinquent Plaintiffs would be available for their depositions.

## II.     The Court Should Dismiss the Claims of the Delinquent Plaintiffs Under FRCP 37(b)(2)

Rule 37(b)(2) of the Federal Rule of Civil Procedure ("FRCP") allows a party to seek discovery sanctions against another party that has refused to cooperate in the discovery process. Such sanctions can include dismissal of claims. *See* F.R.C.P. § 37(b)(2)(A)(5). Dismissal of the Delinquent Plaintiffs' claims is warranted here.

The Honorable Vernon S. Broderick
February 8, 2022
Page 3

The Court has provided the Delinquent Plaintiffs with numerous opportunities to cure their failure to comply with their discovery obligations; nevertheless, Delinquent Plaintiffs and their counsel have violated two orders of this Court requiring the Delinquent Plaintiffs to appear for their depositions by a date certain. (*See* Dkt. Nos. 270, 285.) Indeed, the Delinquent Plaintiffs' counsel knowingly allowed the discovery window to close without requesting an extension of time from the Court to enable the Delinquent Plaintiffs to make the necessary arrangements to appear for their depositions in Hong Kong or Macau. Courts have dismissed plaintiffs' claims when they have ignored discovery deadlines in this manner. *See El-Yafi v. 360 E. 72nd Owners Corp.*, 164 F.R.D. 12, 18 (S.D.N.Y. 1995) ("The complaint should be dismissed with prejudice pursuant to Rule 37(d), Fed.R.Civ.P., by virtue of plaintiff Hassan El–Yafi's willful violation of the orders of April 19 and May 10, 1995, directing him to appear for his deposition by June 30, 1995. Defendants should be awarded the reasonable expenses of bringing this motion, in an amount to be determined."). These failures have not only flouted the authority of this Court, they have also prejudiced the Defendants' ability to obtain discovery regarding the claims of the Delinquent Plaintiffs within the time period set by the Court.  *See Burgie v. Euro Brokers, Inc.*, 2006 U.S. Dist. LEXIS 22433, at *48-49 (E.D.N.Y. Mar. 30, 2006) (defendant suffered significant prejudice in its ability to defend action based on plaintiff's non-compliance with discovery obligations).

Based on Rule 37(b)(2)(A)(i)-(iv) of the FRCP, this Court should dismiss the claims of the Delinquent Plaintiffs with prejudice.  *See Scott v. Chipotle Mexican Grill, Inc.* 2015 U.S. Dist. LEXIS 175727, at *229, 237-38 (S.D.N.Y. July 31, 2015) (recommending dismissal of 66 FLSA plaintiffs who failed to comply with discovery obligations and court orders); *Rates Tech, Inc. v. Mediatrix, Telecom, Inc.*, 2008 U.S. Dist. LEXIS 120288, at *58-59 (E.D.N.Y. Mar. 31, 2008) (recommending Rule 37 dismissal based on plaintiff's repeated failure to answer a key interrogatory request); *El-Yafi*, 164 F.R.D. at 18 ("The complaint should be dismissed with prejudice pursuant to [FRCP] Rule 37(d)" due to plaintiff's willful violations of court orders"). Finally, pursuant to Federal Rule of Civil Procedure 37(b)(2)(c), the Court should award the Defendants their reasonable attorney's fees and expenses incurred in connection with having to seek the Court's assistance in addressing this issue. *Valentini v. Citicorp Fin. Servs. Corp.*, 589 Fed. App'x 1, 2 (2d Cir. 2014) (affirming sanctions of almost $200,000 based on plaintiff's discovery delays and failures); *Mahoney v. Yamaha Motor Corp. USA,* 290 F.R.D. 363, 371-72 (E.D.N.Y. 2013) (awarding attorney's fees as sanction for failure to comply with discovery obligations).  At the Court's request, we can submit the detailed billing statements reflecting the fees and disbursements incurred by Defendants in connection with the failure of the Delinquent Plaintiffs to comply with their discovery obligations, including but not limited to, preparing Defendants' submission in the January 22, 2022 joint letter outlining the depositions dispute as well as the instant letter motion to the Court, requesting dismissal of the Delinquent Plaintiffs' claims.

### III.     The Court Should Dismiss the Claims of the Delinquent Plaintiffs Under FRCP 41(b)

Based on Troy Law's representations during the January 11, 2022 meet and confer, it appears that they have not had contact with Weiting Zhao for close to 3 years (between May

2019 and January 10, 2022), and Tong Wei Wu for at least two years (between January 26, 2020 and January 10, 2022). Troy Law represented that Weiting Zhao left the United States for China in May 2019, many months before the COVID-19 pandemic, and that Tong Wei Wu returned to China on January 26, 2020. The Delinquent Plaintiffs have done nothing to further this litigation, such as keeping in contact with their own counsel and providing testimony to Defendants, and as a result the Court should consider dismissing their claims for failure to prosecute. *See Shad v. Slow Dancing Music, Inc.*, 190 F.R.D. 638, 640 (S.D.N.Y. 2000) ("In sum, after examining the entire record, the Court concludes that dismissal for failure to prosecute is appropriate. Given the length of the delay, the prejudice to the defendant, the Court's responsibility to move its calendar in a fair and swift manner, and the lack of an effective lesser sanction, the defendant's motion to dismiss shall be granted.")

"[T]he Second Circuit consistently has identified the five factors as pertinent to the question whether dismissal is an appropriate remedy for failure to prosecute:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike a balance between alleviating court calendar congestion and protecting a party's right to due process and a chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*Dodson v. Runyon*, 957 F. Supp. 465, 469 (S.D.N.Y. 1997), *aff'd*, 152 F.3d 917 (2d Cir. 1998) (finding that the record "undeniably support[s] this Court's earlier conclusion that defendant's motion to dismiss for failure to prosecute should be granted.").

Here, with respect to the *first* factor the Delinquent Plaintiffs failed to take any actions to advance their claims for more than five years as they did not appear for their own depositions in violation of this Court's prior orders and failed to take the depositions of Defendants, essentially waiving their right to do so by not meeting discovery deadlines. *Dodson*, 957 F. Supp. at 469 ("Turning to the first factor, the duration of plaintiff's failures, the record is clear that plaintiff failed to take any action to advance his claims for nearly five years."); *see* Dkt. 285.

With respect to the *second* factor, the Delinquent Plaintiffs were on notice as early as December 2, 2021, when the Court warned that they were unlikely to receive another extension of the discovery deadline, and on January 22, 2022, when Defendants indicated that they would move to dismiss the Delinquent Plaintiffs' claims for failure to prosecute. Moreover, on January 31, 2022, Your Honor cautioned that if the Delinquent Plaintiffs do not appear for their depositions before February 4, 2022, Defendants may move to dismiss their claims. Despite these warnings that further delay may result in dismissal, the Delinquent Plaintiffs still failed to appear for their depositions or provide dates that they will be available. *Dodson*, 957 F. Supp. at

The Honorable Vernon S. Broderick
February 8, 2022
Page 5

470 ("this Court finds that plaintiff's delay in acting despite ample notice of defendant's intention to move for dismissal also supports the conclusion that defendant's motion be granted.")

With respect to the *third* factor, Defendants will be prejudiced by further delay because, for example, some of Tong Wei Wu's claims date back to February 2011, more than eleven years ago, and "[a]s the Second Circuit has found, a delay of this length makes likely the chance that memories have faded and, and that witnesses who might once have been available may well not be found." *Id.* ("prejudice to defendant may be presumed where a delay in prosecution is neither moderate not excusable" and "defendant's ability to defend the instant litigation has been compromised by plaintiff's protracted delay in prosecuting his case, and that it therefore would be unfair to require defendant to have to mount a defense to plaintiff's accusations. Accordingly, this Court finds that this factor also weighs in favor of granting defendant's motion to dismiss.")

With respect to the *fourth* and *fifth* factors, "any claim that [the Delinquent Plaintiffs'] due process rights were violated [cannot and should not] prevail because the delay [of the Delinquent Plaintiffs'] case are of [their] own making," as they failed to take Defendants' depositions and did not appear for their own before February 4, 2022, in direct violation of the Court's orders. *Id.* Moreover, given the Delinquent Plaintiffs' notice of potential dismissal of the claims and the unexplained length of their delays, this Court should find that no lesser sanction is appropriate. *Id.*

There is no dispute that the close of fact discovery was February 4, 2022 and the Delinquent Plaintiffs did not request the Court for an extension of time to appear for their depositions, nor have they provided any valid excuses for their delay. Accordingly, because the Delinquent Plaintiffs failed to appear for their depositions before February 4, Defendants respectfully request that the Court grant Defendants' motion to dismiss the Delinquent Plaintiffs' claims in this action under FRCP 41(b) for failure to prosecute. *See Dodson*, 957 F. Supp. at 469-470; *Shad*, 190 F.R.D. at 640.

We thank Your Honor for your attention and consideration in this matter.

Respectfully submitted,


*/s/ Kevin K. Yam*


cc: All Counsel of Record (via ECF)