UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
CHENG XIA WANG et al.,                                      :
                                                            :
                               Plaintiffs,                  :
                                                            :          17-CV-840 (VSB)
               - against -                                  :
                                                            :          **OPINION & ORDER**
                                                            :
SHUN LEE PALACE RESTAURANT, INC.                            :
d/b/a SHUN LEE PALACE et al.,                               :
                                                            :
                               Defendants.                  :
                                                            :
-----------------------------------------------------------X

<u>Appearances</u>:

Aaron B. Schweitzer, Tiffany Troy, Jian Hang, John Troy
Troy Law, PLLC
Flushing, NY

Jian Hang, Jiajing Fan
Hang & Associates, PLLC
Flushing, New York
*Counsels for Plaintiffs*

A Michael Weber, Eli Zev Freedberg, Huan Xiong, Kevin K. Yam, Maayan Deker
Littler Mendelson, P.C.
New York, NY
*Counsels for Defendants*

VERNON S. BRODERICK, United States District Judge:

Before me is Defendants' motion to dismiss the claims of Plaintiffs Tong Wei Wu and Weiting Zhao under Federal Rule of Civil Procedure 37,[1] or alternatively, under Federal Rule of Civil Procedure 41(b).  Because I find that Defendants have met their burden for dismissal under both Rule 37 and Rule 41(b), Defendants' motion to dismiss is GRANTED.

I.     **Background**

This case was filed on February 3, 2017.  (Doc. 1.)  Discovery began in late 2017, (*see* Doc. 43), and was interrupted by Plaintiffs' motion for conditional certification, (*see* Doc. 57 (postponing the deadline to finish discovery pending the motion for conditional certification)). Discovery resumed after I issued the Opinion & Order dated February 16, 2021, denying in part and granting in part Defendants' motion to dismiss Plaintiffs' amended complaint.  (*See generally* Doc. 209.)  The parties then filed a case management plan on March 1, 2021, under which the deadline to complete discovery was October 30, 2021.  (Doc. 212.)  Thereafter, the parties requested and were granted three extensions of time to complete discovery.  (*See* Docs. 234–35, 254–55, 265–66, 270.)  In my third letter endorsement, I reminded the parties that "it is unlikely that they will get a fourth extension."  (Doc. 266.)  Under the most recent case management plan, the deadline to complete discovery was March 4, 2022.  (Doc. 270.)

Defendants first served a deposition notice on Plaintiff Tong Wei Wu on October 2,

---

[1] Defendants seek dismissal under Rule 37(b), (*see* Doc. 286 at 2), which governs "Failure to Comply with a Court Order."  Fed. R. Civ. P. 37(b).  However, it seems that Rule 37(d), which governs "Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection," Fed. R. Civ. P. 37(d), is more pertinent to their motion, given that their ground for dismissal is Tong Wei Wu's and Weiting Zhao's failure to appear for their depositions, which were not court-ordered depositions.  Therefore, I will analyze their arguments under Rule 37(d).  *See Hurley v. Tozzer, Ltd.*, 15 Civ. 2785 (GBD)(HBP), 2017 WL 1318005, at *2 (S.D.N.Y. Feb. 10, 2017) (finding that the motion "is more properly analyzed under Rule 37(b)" even though the party cited Rule 37(d) only), *report and recommendation adopted*, 2017 WL 1064712 (S.D.N.Y. Mar. 21, 2017).  This decision will not prejudice either party as both Plaintiffs' and Defendants' arguments under Rule 37(b) apply equally to Rule 37(d).

2017.  (*See* Doc. 286 Ex. A.)  On November 24, 2021, Defendants served amended notices of deposition on both Plaintiff Tong Wei Wu and Plaintiff Weiting Zhao (together, the "Delinquent Plaintiffs").  (*See id.* Ex. B.)  No objections were made at the time.  In the parties' joint letter dated December 1, 2021, seeking an extension of time to complete discovery, "Plaintiffs [including the Delinquent Plaintiffs] represented that they will each be available to appear" for depositions on the selected dates in January 2022.  (Doc. 265 at 1.)

On January 10, 2022, Plaintiffs' counsel Troy Law, PLLC ("Troy Law") advised Defendants for the first time that the Delinquent Plaintiffs were in China and would not be able to come back to the United States for their February 4 depositions due to the COVID-19 travel restrictions.  (*See* Letter 3.)[2]  During the counsels' meeting on January 11, 2022, Troy Law disclosed that Weiting Zhao returned to China in May 2019, i.e., months before the COVID-19 pandemic started, and that Tong Wei Wu returned to China on January 26, 2020.  (MTD 4; *see also* Letter 3.)[3]  Troy Law further represented that the Delinquent Plaintiffs would be able to travel to Macau or Hong Kong for their depositions.  (MTD 2.)  On January 31, 2022, I issued an order granting Defendants leave to file a motion to dismiss the Delinquent Plaintiffs' claims "if they fail to appear for their depositions by February 4, or an agreement is reached for the depositions to occur at a later date."  (Doc. 285.)

On February 4, 2022, Defendants received a letter from Troy Law, which stated that Troy Law "underst[ood] that the discovery window is closing today . . . . [but] hope to get back to [Defendants] by early next week on a date or a range of [available] dates."  (MTD 2.)  As discussed below, despite this "hope," Defendants were met thereafter with "radio silence" from

---

[2] "Letter" refers to the parties' joint letter regarding their discovery disputes filed on January 26, 2022.  (Doc. 284.)

[3] "MTD" refers to Defendants' letter motion to dismiss the claims of the Delinquent Plaintiffs filed on February 8, 2022.  (Doc. 286.)

3

Troy Law on the issue of scheduling depositions for the Delinquent Plaintiffs.

On February 8, Defendants filed the instant motion to dismiss. (Doc. 286.) Plaintiffs filed their opposition on February 23, 2022. (Doc. 288.) Defendants filed their reply on March 2, 2022. (Doc. 290.) At the time this motion was filed, the Delinquent Plaintiffs still had not proposed "a date or a range of dates" for their depositions. (*Id.*) In fact, as of the filing of this Opinion & Order, I have not been notified that any new dates have been proposed.

## II.     Legal Standards

Federal Rule of Civil Procedure 37(d) authorizes sanctions whenever a party "fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Available types of sanctions are listed under Rule 37(b)(2)(A)(i)–(vi), which includes "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(d)(3); *see also Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) ("[A] district court may dismiss an action if a party fails to attend a deposition of that party."). Moreover, the court "must require the party failing to act, the attorney advising that party, or both" pay reasonable attorneys' fees and costs caused by the failure to appear. Fed. R. Civ. P. 37(d)(3). Factors that the court should consider in exercising its discretion to dismiss an action under Rule 37 include "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Agiwal*, 555 F.3d at 302 (quoting *Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)). Because the sanction of dismissal is "a drastic remedy that should be imposed only in extreme circumstances," the court should not dismiss the case unless the failure to comply with a pretrial production order is due to "willfulness, bad faith, or any fault of the deponent." *Shcherbakovskiy*

*v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135, 140 (2d Cir. 2007) (internal quotation marks omitted).

Further, a court may dismiss an action for failure to prosecute under Rule 41(b) if the plaintiff fails to meet his obligation to prosecute his case diligently. *See* Fed. R. Civ. P. 41(b); *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). Courts have identified that these factors "largely mirror" the standard of Rule 37. *Scott v. Chipotle Mexican Grill, Inc.*, 12-CV-08333 (ALC)(SN), 2015 WL 13745760, *6 (S.D.N.Y. July 31, 2015), *report and recommendation adopted in part, modified in part*, 2016 WL 397677 (S.D.N.Y. Feb. 1, 2016); *see also Hurley*, 2017 WL 1318005, at *3 ("The factors relevant to a motion . . . seeking dismissal pursuant to Rule 41 overlap substantially with the factors applicable to a motion to dismiss under Rule 37.").

### III.   Discussion

Plaintiffs argue that I should not grant the motion to dismiss because the Delinquent Plaintiffs "have not failed to appear for their deposition," but are simply "having trouble going to Hong Kong [or] Macau to complete their deposition due to the COVID 19 pandemic."  (MTD

5

Opp. 1.)[4]  In essence, Plaintiffs depict the whole incident as an unfortunate result of pandemic traveling restrictions.  (*Id.*)  This argument is unconvincing, and I find that the factors articulated in *Agiwal*, 555 F.3d at 302, favor dismissal here.

The Delinquent Plaintiffs' conduct, through their counsel Troy Law, suggests willful or reckless disregard for their duty to appear at their depositions.[5]  Both Delinquent Plaintiffs had been back in China for around two years when Troy Law represented to me that the Delinquent Plaintiffs would "each be available to appear" for their scheduled depositions.  (Doc. 265, at 1).  Troy Law notified Defendants of the Delinquent Plaintiffs' unavailability only one month before the scheduled depositions.[6]  At the time, I had already granted three extensions to complete discovery, which had been ongoing for nearly ten months; I had also warned the parties that they would not be able to obtain any further extensions.  (Doc. 266.)  Even after this warning, Troy Law still did not make any effort to schedule depositions, and it was not until February 4, 2022, the last day to complete the Delinquent Plaintiffs' depositions under the current case management plan, (*see* Docs. 270, 285), when Troy Law notified Defendants that it would provide some dates "by early next week," (MTD 2).  The Delinquent Plaintiffs attempt to avoid sanctions by arguing that the COVID-19 pandemic "is not their fault" and that the traveling restrictions are "out of their hands."  (MTD Opp. 2–3).  However, at this point in time, neither the pandemic nor the traveling restrictions are new or unexpected situations for which Troy Law and the Delinquent Plaintiffs could not have been prepared.  During the ten months of discovery

---

[4] "MTD Opp." refers to Plaintiff's opposition letter against Defendants' motion to dismiss.  (Doc. 288.)

[5] I refer to "Delinquent Plaintiffs" throughout this Opinion & Order, but, as will be explained later, the actual fault lies with their counsel Troy Law, who failed to timely communicate with their clients and with Defendants, thereby causing unreasonable delay in discovery.

[6] Troy Law did not specify when it came to know of their client's departure from the United States, but it seems that Troy Law either did not contact its clients for over two years, or it withheld this important information from Defendants and me for over two years, only to disclose it when the discovery deadline was a mere month away.

from March 2021 to January 2022, the Delinquent Plaintiffs had ample opportunities to notify Defendants of their unavailability, and "[a]rrangements could have been made well in advance to prepare for depositions abroad." (Letter 3–4.) The Delinquent Plaintiffs squandered those opportunities, making at best perfunctory efforts at the last minute, and dragging out this already five-year litigation still further. In the face of my warning that I would not grant further extensions to complete discovery, Plaintiffs stopped asking for any extensions, and instead merely offered their "hope" to schedule the depositions without committing to any dates or deadlines. (MTD Opp. 3.) Up to the date of the filing of this Opinion & Order, the Delinquent Plaintiffs still have not come forward with dates for their depositions despite the pendency of this motion. I find such behavior to be willful and in bad faith, and as such it warrants dismissal. *Shcherbakovskiy*, 490 F.3d at 135.

Plaintiffs suggest that "lesser sanctions," presumably under Rule 37(b)(2)(A)(i)–(vi), would be more appropriate, but they do not discuss or explain what the "lesser sanctions" should be. (MTD Opp. 2.) In any case, lesser sanctions short of dismissal are inadequate here because the Delinquent Plaintiffs willfully failed to appear at their depositions, and allowing them to proceed with their claims would cause significant delay in this case and prejudice Defendants.

The Delinquent Plaintiffs further argue that they were not on notice of the potential sanction of dismissal. (MTD Opp. 3.) They point to my order dated January 31, 2022, where I granted Defendants leave to file motion to dismiss "if [the Delinquent Plaintiffs] fail to appear for their deposition by February 4, 2022, or an agreement is reached for the deposition to occur at a later date." (Doc. 285.) The Delinquent Plaintiffs argue that they have followed my instruction by reaching out to Defendants on February 4, 2022 in an effort to set the depositions at a later date. (MTD Opp. 3.) Such last-minute effort only confirms the Delinquent Plaintiffs'

bad faith.  The correspondence was sent on the last day of discovery; the Delinquent Plaintiffs did not provide a date for their depositions or even engage Defendants in a meet and confer process, but instead only said that they "hope[d] to get back to [Defendants] by early next week on a date or a range of dates" that the Delinquent Plaintiffs would be available for their depositions.  (MTD 2.)  That their actions were in bad faith is further demonstrated by the fact that the Delinquent Plaintiffs have yet to commit to dates for their depositions.

Moreover, my order was clear that absent any agreement between the parties, the deadline for the depositions remained February 4, 2022.  The Delinquent Plaintiffs cannot argue that they did not know the consequences of failing to reach an agreement before the deadline.  If the Delinquent Plaintiffs had intended in good faith to reach an agreement to set the depositions at a later date, they would not have waited until the last minute to contact Defendants; such behavior smacks of gamesmanship and suggests bad faith.

In conclusion, I find that dismissal under Rule 37(d) is warranted.  I further find that dismissal under Rule 41(b) is also warranted for similar reasons:  the Delinquent Plaintiffs, by their own fault, missed their opportunity to schedule remote depositions despite being aware that failure to appear may result in dismissal.  Only dismissal of their claims will avoid prejudice to Defendants and further delay of the case.  It was Troy Law's responsibility to communicate with their clients and schedule the depositions in a timely manner, and it was also their responsibility to keep Defendants appraised of their efforts to secure dates for the depositions.  As a result, I find that Troy Law caused the delay and shall be responsible for the attorneys' fees and costs incurred by Defendants related to this issue.

### IV. **Conclusion**

For the reasons above, Defendants' motion to dismiss is GRANTED. It is further ORDERED that Defendants shall submit time records, supporting documentation, and other relevant information no later than thirty days from the issuance of this order, so that they may recover reasonable attorneys' fees and costs under Rule 37(b)(3).

The Clerk is respectfully directed to close the open motion at Doc. 286.

SO ORDERED.

Dated: July 13, 2022
New York, New York

Vernon S. Broderick
United States District Judge