UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                    :
Cheng Xia Wang et al.,                              :
                                                    :
                              Plaintiffs,           :
                                                    :          17-CV-840 (VSB)
          - against -                               :
                                                    :        **OPINION & ORDER**
                                                    :
SHUN LEE PALACE RESTAURANT, INC.                    :
D/B/A SHUN LEE PALACE, et al.,                       :
                                                    :
                              Defendants.            :
                                                    :
-------------------------------------------------------X

Appearances:

Aaron B. Schweitzer
Tiffany Troy
Jian Hang
John Troy
Troy Law, PLLC
Flushing, NY

Jian Hang
Jiajing Fan
Hang & Associates, PLLC
Flushing, New York

*Counsels for Plaintiffs*

A Michael Weber
Eli Zev Freedberg
Huan Xiong
Kevin K. Yam
Maayan Deker
Littler Mendelson, P.C.
New York, NY
*Counsels for Defendants*

VERNON S. BRODERICK, United States District Judge:

Before me are three settlement agreements reached between the parties in this Fair Labor Standards Act ("FLSA") case.  (Docs. 237, 238.)  The agreements related to (1) Plaintiffs Ya Qiang Zhang, Huimin Zhao, and Hui Liang Zhao; (2) Plaintiffs Li Weng, Jing Sheng Guan, and Jun Ling Zhao; and (3) Plaintiffs Cheng Xia Wang, Jun Qing Zhao, and Ze Jun Zhang.  Parties may not privately settle FLSA claims absent the approval of the district court or the Department of Labor.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015); *Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 807 (2d Cir. 2022).  In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable."  *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015).  After reviewing these settlement agreements, I find that the parties have met this standard and approve their settlements.

## I.     **Legal Standard**

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion."  *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs."  *Fisher v. SD Prot. Inc.*, 948 F.3d

593, 600 (2d Cir. 2020).  In requesting attorneys' fees and costs, "[t]he fee applicant must submit

adequate documentation supporting the [request]."  *Id*.  The Second Circuit has described a

presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake

the representation of a meritorious civil rights case."  *Restivo v. Hessemann*, 846 F.3d 547, 589

(2d Cir. 2017) (internal quotation marks omitted).  A fee may not be reduced "merely because

the fee would be disproportionate to the financial interest at stake in the litigation."  *Fisher*, 948

F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)).  An

award of costs "normally include[s] those reasonable out-of-pocket expenses incurred by the

attorney and which are normally charged fee-paying clients."  *Reichman v. Bonsignore, Brignati*

*& Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987) (internal quotation marks omitted).

"When a district court concludes that a proposed settlement in a FLSA case is

unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead

reject the agreement or provide the parties an opportunity to revise it."  *Fisher*, 948 F.3d at 597.

## II.   <u>Procedural History</u>

Eight Plaintiffs filed this case in February 3, 2017, who were then all represented by Troy

Law, PLLC ("Troy Law").  (Doc. 1.)  Defendants filed their answer on April 21, 2017.  (Doc.

21.)  On June 28, 2018, I conditionally certified a class of delivery persons and waitstaff

employed by Defendants Shun Lee Palace and Shun Lee West.  (Doc. 79.)  Defendants then filed

a motion to reconsider my order granting conditional class certification, (Doc. 80), which I

denied, (Doc. 86).

Beginning on or about June 12, 2019, five Plaintiffs sought to substitute their counsel

Troy Law with Hang & Associates, PLLC ("Hang & Associates").  (Docs. 101, 106, 109.)  Troy

Law filed an objection, (Doc. 118), but I ultimately allowed those Plaintiffs to substitute counsel,

(Doc. 128).

On November 7, 2019, I ordered this case be consolidated with *Zhang et al v. T & W Restaurant, Inc. trading as Shun Lee West et al*, Case No. 19-cv-3094, another FLSA case filed by Hang & Associates in this district against some individuals and entities that are also Defendants in this case.  (Doc. 142.)  On December 17, 2019, Plaintiffs filed a consolidated amended complaint, whereby Troy Law added several new plaintiffs to the case.  (Doc. 152.) On February 16, 2021, I issued an order partially dismissing some of the claims in the amended complaint.  (Doc. 209.)  On April 5, 2021, Plaintiffs filed their second amended complaint. (Doc. 220.)  On May 3, 2021, Defendants filed their motion to dismiss the second amended complaint, which is still pending.  On August 6, 2021, nine Plaintiffs filed their settlement agreements with the Defendants, attached to letters requesting my approval of the settlements. (Docs. 237, 238.)

### III.   Discussion

#### A.  *The Parties' Submissions*

I have reviewed the parties' letters, the settlement agreements, and the invoices attached to them.  (Docs. 237, 238.)  There are three settlement agreements before me, each with three Plaintiffs.

The Settlement Agreement for Ya Qiang Zhang, Huimin Zhao, and Hui Liang Zhao, (Doc. 237 Ex. 1 ("Agreement I")), provides for the distribution to Plaintiffs of $39,000.00, inclusive of attorneys' fees and costs of $13,000.00.  (Agreement I ¶ 1.)  Each of the three Plaintiffs is to receive approximately 90% of the amount they claimed to have been owed by Defendants.  (*Id*. ¶ 1.1–1.6; Motion I 7–8.)[1]

---

[1] "Motion I" refers to the parties' joint letter motion for settlement approval with regard to the claims of (1) Plaintiffs Ya Qiang Zhang, Huimin Zhao, and Hui Liang Zhao; and (2) Li Weng, Jing Sheng Guan, and Jun Ling

The Settlement Agreement for Li Weng, Jing Sheng Guan, and Jun Ling Zhao, (Doc. 237 Ex. Ex. 3 ("Agreement II")), provides for the distribution to Plaintiffs of $94,500.00, inclusive of attorneys' fees and costs of $31,500.00.  (Agreement II ¶ 1.)  Each of the three Plaintiffs is to receive approximately 70% to 90% of the amount they claimed to have been owed by Defendants.  (*Id*.; Motion I 7–8.)

The Settlement Agreement for Cheng Xia Wang, Jun Qing Zhao, and Ze Jun Zhang (Doc. 238 Ex. 1 ("Agreement III")), provides for the distribution to Plaintiffs of $107,250.00, inclusive of attorneys' fees and costs of $35,750.00.  (Agreement III ¶ 1.)  Each of the three Plaintiffs is to receive approximately 80% to 90% of the amount they claimed to have been owed by Defendants.  (*Id*.; Motion II 4.)[2]

The parties agree that these are fair and reasonable settlement amounts, especially considering the risks and uncertainty of trial.  (Motion I at 7; Motion II at 4.)  The parties further represent that the negotiations occurred at arm's length, and the agreements do not contain any terms that would militate against my approval.  (Motion I at 8–9; Motion II at 5.)  Lastly, Plaintiffs' counsel, Hang & Associates, claims that it is entitled to reasonable attorneys' fees and costs, given the amount of work they have put into this case and the qualifications of the lawyers on the team.  (Motion I at 9–10; Motion II at 6–7.)

### B. *Analysis*

First, I find that the amounts of the three settlements are supported by the risks faced by Plaintiffs and the litigation costs that both parties would have been exposed to had they proceeded with this litigation.  Specifically, Defendants have vehemently denied all allegations

---

Zhao.  (Doc. 237.)

[2] "Motion II" refers to the parties' joint letter motion for settlement approval with regard to the claims of Plaintiffs Cheng Xia Wang, Jun Qing Zhao, and Ze Jun Zhang.  (Doc. 238.)

and presented extensive records that contradict Plaintiff's claims.  (Motion I at 5; Motion II at 3.)
Moreover, this case has been litigated for nearly five years.  Proceeding with this litigation
would not necessarily result in a larger amount of recovery for Plaintiffs but would inevitably
drive up the costs further.

The terms of the three settlement agreements are also proper.  There are certain overly-
broad terms in FLSA settlements that courts in this District routinely reject.  For example, courts
will object "release provisions that 'waive practically any possible claim against the defendants,
including unknown claims and claims that have no relationship whatsoever to wage-and-hour
issues.'"  *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016)
(quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)).  The
release of claims provisions here are not overbroad, as they only apply to "causes of action
arising under the Fair Labor Standards Act, the New York Labor Law, and/or any federal, state
or local wage statute, code, or ordinance concerning wage and hour matters."  (Agreement I ¶ 4;
Agreement II ¶ 4; Agreement III ¶ 4.)  Similarly, "[c]ourts in this District routinely reject FLSA
settlement agreements that contain non-disparagement provisions with no carve-out for truthful
statements about the litigation."  *Reveliu v. 910 Seventh Ave Rest LLC*, 20-CV-1943(VSB), 2022
WL 566832, at *2 (S.D.N.Y. Jan. 7, 2022).  Here, the non-disparagement clauses in the
settlement agreements are proper, as they state that the clause "is not intended to prohibit the
Parties from making truthful statements about their experiences litigating this case."  (Agreement
I ¶ 7; Agreement II ¶ 7; Agreement III ¶ 7.)  *Cf. Reveliu*, 2022 WL 566832 at *2 (refusing to
approve settlement that contained non-disparagement provision without a truthful statement
carve-out); *Baikin v. Leadership Sheet Metal, Inc*., No. 16 Civ. 8194 (ER), 2017 WL 1025991, at
*1 (S.D.N.Y. Mar. 13, 2017) (same).

I further find that the attorneys' fees and costs here are reasonable.[3]  The settlement agreements provide attorneys' fees and costs in the amount of one-third of the settlement amount.  Courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.  *See Pinzon v. Jony Food Corp.*, No. 18-CV-105 (RA), 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) ("When using a 'percentage of the fund' approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'" (quoting *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015))).  Hang & Associates' billing record shows that attorneys Jiajing Fan and Keli Liu were billed at $325 per hour and $300 per hour, respectively, while Jian Hang, the "principal attorney of Hang & Associates [with] over ten years of experience in the field of employment law," (Motion I at 9), was billed at $400 per hour.  (Doc. 237 Ex. 2 ("Billing Record I"); Doc. 238 Ex. 2 ("Billing Record II").)  "Courts in this District have determined that $250 to $450 per hour is the range of appropriate fees for attorneys with significant wage and hour litigation experience." *Reinoso v. Cipriani*, No. 17-CV-8509 (VSB), 2019 WL 2324566, at *3 (S.D.N.Y. May 30, 2019).

Additionally, I find no basis to think that the settlement agreements were the result of fraud or collusion.  Therefore, based on the representations of the parties and my own analysis of the totality of the circumstances present here, I find that the settlement agreements are fair and reasonable, including the requested attorneys' fees.[4]

---

[3] Troy Law has filed two motions for attorneys' liens related to the three settlements.  (Docs. 216, 247.)  I address those motions in a separate decision filed simultaneously with this Opinion & Order.

[4] It appears that certain entries of the billing records submitted by Hang & Associates are related to their dispute with Troy Law.  (*See e.g.* Billing Record I at 12 (entries related to the evidentiary hearing for Hang & Associates' motion for an injunction and for sanctions against Troy Law).)  Such disputes between Plaintiffs' former and current counsel should not diminish Plaintiffs' settlement recovery from Defendants.  Further, the two billing records appear to contain some duplicative entries.  (*Compare* Billing Record I 2 ("Research and draft [sic] Affidavit of Jun Qing Zhao") *with* Billing Record II 1 "Research and draft [sic] Affidavit of Jun Qing Zhao").  Because the actual fees and costs recovered from the settlement amount ($80,250) is much less than the total fees based on the billing record

IV.   **Conclusion**

In light of the foregoing, the settlement agreements between Defendants and the

following three groups of Plaintiffs are hereby GRANTED:  (1) Ya Qiang Zhang, Huimin Zhao,

and Hui Liang Zhao, (2) Li Weng, Jing Sheng Guan, and Jun Ling Zhao, and (3) Cheng Xia

Wang, Jun Qing Zhao, and Ze Jun Zhang.

SO ORDERED.

Dated: August 17, 2022
        New York, New York

Vernon S. Broderick
United States District Judge

---

($111,212.50), I do not find these entries render unreasonable the lump sum fees and costs in the amount of $80,250.