UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                          :
Cheng Xia Wang et al.,                   :
                          :
                      Plaintiffs,       :
                          :             17-CV-840 (VSB)
          - against -               :
                          :           **OPINION & ORDER**
                          :
SHUN LEE PALACE RESTAURANT, INC. :
D/B/A SHUN LEE PALACE, et al.,      :
                          :
                      Defendants.   :
                          :
--------------------------------------------------------X

Appearances:

Aaron B. Schweitzer
Tiffany Troy
Jian Hang
John Troy
Troy Law, PLLC
Flushing, NY

Jian Hang
Jiajing Fan
Hang & Associates, PLLC
Flushing, New York

*Counsels for Plaintiffs*

A Michael Weber
Eli Zev Freedberg
Huan Xiong
Kevin K. Yam
Maayan Deker
Littler Mendelson, P.C.
New York, NY
*Counsels for Defendants*

VERNON S. BRODERICK, United States District Judge:

       Plaintiffs Guoyi Wang, Tong Wei Wu, Zhi Qiang Lu, Guoliang Xu, Steven Cheung,

Quek Yeow Yap, Shude Zhang, Keeyew Foo, Tsunming Fong, Mingsung Chan, Leungtack Choi, Fong Yue, Billy Qin, Monaliza Wong, and Weijun Zhen(the "Named Plaintiffs") bring the instant action seeking unpaid wages and overtime pay pursuant to the Fair Labor Standard Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 *et seq.*, against Defendants Shun Lee Palace Restaurant, Inc. ("Shun Lee Palace"), T&W Restaurant, Inc. ("Shun Lee West"), and Michael Tong, (the "Individual Defendant," and collectively with Shun Lee Palace and Shun Lee West, "Defendants").  Before me is Plaintiffs' Motion for Class Certification pursuant to Rule 23 to certify a class in the New York Labor Law claim and their Motion to Substitute Party.[1]  Because I find that Plaintiffs have not sustained their burden on any of the requirements necessary to certify a class, and that class counsel Troy Law has not met the adequacy requirement to be appointed class counsel, Plaintiffs' motion for class certification is DENIED.

## I.     FACTUAL BACKGROUND[2]

Eight Plaintiffs filed this instant action on February 3, 2017, all represented by Troy Law, PLLC ("Troy Law").  (Doc. 1.)  On June 28, 2017, I conditionally certified a class of delivery persons and waitstaff employed by Defendants Shun Lee Palace and Shun Lee West for the FLSA claim.  (Doc. 79.)  On July 12, 2018, Defendants filed a motion to reconsider my order granting conditional class certification, (Doc. 80), which I denied, (Doc. 86).

Beginning on or about June 12, 2019, five Plaintiffs sought to substitute their counsel Troy Law with Hang & Associate, PLLC ("Hang & Associates").  (Docs. 101, 106, 109.)  Troy

---

[1] The procedure to certify an opt-in collective action under FLSA is different from seeking Rule 23 class action certification, and this Opinion & Order only addresses the issue of Rule 23 class certification of the NYLL claim.

[2] Familiarity with the facts of this case is presumed.  However, I recount the facts relevant to the resolution of this motion are summarized below.

2

Law filed an objection to the motion to substitute on July 19, 2019.  (Doc. 118.)  I granted the five Plaintiffs' Motion to Substitute Attorney on July 26, 2019.  (Doc. 128.)  On July 23, 2020, Hang Law filed a Motion to Compel, moving for an injunction and sanctions against Troy Law on the basis that Troy Law violated the Model Rules of Professional Conduct and their ethical obligations by repeatedly calling and harassing Plaintiff Chunlin Zhang (represented by Hang Law) to solicit him to change counsel and to gain information about settlement positions.  (Doc. 187.)  Hang Law further alleged that Troy Law had invited Plaintiffs represented by Hang Law for a meeting at Troy Law's office.  (*Id*.)

On July 24, 2020, I granted the Motion to Compel and ordered Troy Law to directly solicit or contact plaintiffs represented by Jiajing Fan of Hang Law, and to submit a letter explaining why Troy Law should not be disqualified as counsel.  (Doc. 188.)  On September 6, 2020, Troy Law objected to a settlement agreement between Plaintiffs Bao Guo Zhang and Chunlin Zhang and Defendants.  (Doc. 199.)  Defendants opposed Troy Law's opposition on the basis that they had no standing to oppose the settlement, as Plaintiffs Chunlin Zhang and Bao Guo Zhang were represented by Hang Law, and not Troy Law.  (Doc. 200.)  I denied Plaintiffs' objection on September 14, 2020.  (Doc. 201.)  Plaintiffs moved for reconsideration on September 28, 2020.  (Doc. 202.)  In response, Defendants moved for sanctions and attorneys' fees and costs against Troy Law for their frivolous and bad-faith conduct stemming from this filing.  (Doc. 206.)  On February 16, 2021, I ordered Troy Law and John Troy to show cause within 30 days from the entry of my order as to why they should not be sanctioned for filing objections to the settlements of Chunlin Zhang and Bao Guo Zhang.  (Doc. 209.)  Troy Law and John Troy filed a letter in opposition on March 19, 2021, one day later than the March 18, 2021 deadline.  (Doc. 214.)  I granted Defendants motion for sanctions on June 11, 2021.  (Doc. 229.)

On February 8, 2022, Defendants moved to dismiss the claims of Plaintiffs Tong Wei Wu and Weiting Zhao on the basis of their failure to timely appear for their depositions in direct contravention to my orders, and requested that I grant reasonable attorneys' fees and expenses incurred for the discovery delays.  (Doc. 286.)  Plaintiffs filed their opposition on February 23, 2022.  (Doc. 288.)  I granted Defendants' motion on July 13, 2022, and imposed discovery sanctions on Troy Law, requiring them to pay Defendants' attorneys' fees and expenses incurred because of the discovery delays caused by Troy Law.  (Doc. 321.)

On November 17, 2021, Plaintiffs filed a motion to certify the class under Rule 23 for sixteen out of the eighteen Plaintiffs (except Terry Wong and Weiting Zhao) for the New York Labor Law claim.  That motion also sought to appoint Troy Law as class counsel.  (Doc. 258.) In support of their Motion to Certify Class, they filed fourteen affidavits, in contravention of my individual rules.[3]  *See,* Individual Rules & Practices in Civil Cases, Judge Vernon S. Broderick, Rule 4(D).  (Doc. 259.)  On November 19, 2021, Defendants filed a motion requesting that I strike some of Plaintiffs' extra declarations, which were submitted in contravention of my individual rules.[4]  (Doc. 263.)  On December 1, 2021, I ordered Plaintiffs to submit a letter showing good cause for filing fourteen affidavits, and asking them to propose which five affidavits they would like me to consider in case I did not find good cause.  (Doc. 264.)  On December 10, 2021, without explanation why they had initially filed fourteen affidavits, Troy

---

[3] One of the fourteen affidavits submitted was the affidavit of decedent Haiping Wu.  (Doc. 259-2.)  Mr. Haiping Wu signed a statement stating that on June 29, 2021, he made his statements to a translator, who had written out the affidavit in English and translated the English affidavit back to him in Mandarin, and that the statement was true and accurate.  His signature is not dated.  (Doc. 259-2.)  It appears that Aaron Schweitzer notarized the document, but it is unclear whether the notarization applies to the affidavit or to the declaration of the translator.  *Id.*  In John Troy's declaration in support of Plaintiff's Motion for Substitution, he states that Mr. Wu passed away on September 18, 2021.  (Doc. 298.)  The motion to certify class was filed on November 17, 2021.  (Doc. 258.)

[4] "Parties are limited to a total of five affidavits each in support of or in opposition to a motion.  Affidavits may not exceed ten double-spaced pages."  Parties*, Individual Rules & Practices in Civil Cases, Judge Vernon S. Broderick, Rule 4(D).

4

Law filed a request to keep five affidavits in support of their Motion to Certify Class; however, Troy Law did not address whether or why I should consider John Troy's declaration, which would bring the total to six affidavits. (Doc. 267.) Defendants filed their opposition to certify the class on January 7, 2022. (Doc. 275.) Plaintiffs filed their reply memorandum in support of their motion to certify the class on January 26, 2022. (Doc. 283.)

## II.     APPLICABLE LAW

"Plaintiffs seeking certification of a Rule 23(b)(3) damages class action must first establish numerosity, commonality, typicality, and adequacy of representation, and then predominance of common questions of law or fact and the superiority of a class action over other procedures." *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 512 (2d Cir. 2020) (citing Fed. R. Civ. P. 23(a), (b)(3)).

The "numerosity" inquiry focuses on whether the class is so large "that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Courts have long applied a presumption that a class of forty members is sufficiently numerous that joinder of all members would be impracticable. *See Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993).

The "commonality" inquiry depends upon there being "a common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). "[W]hat matters to class certification is not the raising of common questions . . . but rather, the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Barrows v. Becerra*, 24 F.4th 116, 131 (2d Cir. 2022) (quoting *Wal-Mart*, 564 U.S. at 350) (emphasis in original). "In wage cases, the commonality requirement is usually satisfied where the plaintiffs allege that

defendants had a common policy or practice of unlawful labor practices." *Zivkovic v. Laura Christy LLC*, 329 F.R.D. 61, 69 (S.D.N.Y. 2018) (internal quotation omitted).

The "typicality" requirement "is satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *Robidoux*, 987 F.2d at 936; *see also Barrows*, 24 F.4th at 131. "The commonality and typicality requirements tend to merge into one another, so that similar considerations animate analysis of Rules 23(a)(2) and (3). The crux of both requirements is to ensure that 'maintenance of a class action is economical and [that] the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" *Huang v. Shanghai City Corp,* No. 19-CV-7702 (LJL), 2022 WL 1468450, at *5 (S.D.N.Y. May 10, 2022) (quoting *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997)).

Under the Federal Rules, a class can only be maintained if the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To satisfy the adequacy requirement, plaintiffs must show that (1) there is an "absence of conflict and antagonistic interests between them and the class members", and (2) that "plaintiffs' counsel is qualified, experienced and capable." *Iglesias-Mendoza v. La Belle Farm, Inc*., 239 F.R.D. 363, 372 (S.D.N.Y. 2007); *see also In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285, 291 (2d Cir.1992); *Jin v. Shanghai Original, Inc*., 990 F.3d 251, 262–263 (2d Cir. 2021). In evaluating adequacy, courts consider whether "the class representatives are familiar with the action and whether they are of sufficient moral character to represent a class." *Zivkovic*, 329 F.R.D. at 71–72 (cleaned up.)

Two additional requirements must be satisfied before a class can be certified under Rule

23(b)(3). The first is the "predominance" requirement of Rule 23(b)(3), which asks whether "questions common to the class 'predominate over' other questions," *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 609 (1997), and whether the "proposed class[] [is] sufficiently cohesive to warrant adjudication by representation." *Scott*, 954 F.3d at 512 (quoting *Amchen,* 521 U.S. at 623). The requirement is satisfied only "if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof." *Moore v. PaineWebber, Inc*., 306 F.3d 1247, 1252 (2d Cir.2002). The key questions are whether the liability is common to the class, and whether a class-wide remedy will resolve the controversy. *See Iglesias-Mendoza,* 239 F.R.D. at 373. Cases where there are individualized claims or individualized defenses suggest that there is not a common issue predominating over individual ones. *Id*. Second, I must find that a "class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3).

Finally, "a court that certifies a class must appoint class counsel" at the time it certifies the class. Fed. R. Civ. P. 23(g)(1). In determining whether class counsel should be appointed, a court must address the "mandatory factors" set forth in Rule 23(g), which requires consideration of: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). A court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). To qualify under this standard,

class counsel is expected to represent the class in a "skilled and zealous" manner. *Jin*, 990 F.3d at 263. At a bare minimum, this requires class counsel litigate their case without unjustified delay, complete discovery, and obey Court orders and deadlines. *Id.* The Court's duty to ensure that class counsel adequately represents the class is a heavy one. Because of the *res judicata* effects of class action judgments – inadequate representation by class counsel risks significant prejudice to class members, who potentially lose the "chance to seek redress on their claims in the future". *Id.*

"Rule 23 does not set forth a mere pleading standard." *Dukes*, 564 U.S. at 350. "The party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met." *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010), *cert. denied*, 565 U.S. 930 (2011). Although "[t]he Second Circuit requires a liberal, rather than restrictive, interpretation of Rule 23 . . . [c]ourts have substantial discretion in determining whether to certify a class." *City of Westland Police & Fire Ret. Sys. v. MetLife, Inc.*, 2017 WL 3608298, at *2 (S.D.N.Y. Aug. 22, 2017).

### III.  APPLICATION

Here, Plaintiffs seek certification under Rule 23(b)(3), arguing that "common legal and factual issues predominate over any individual issues" and thus, that "a class action is superior to other available methods for a fair and efficient adjudication of this case." (Doc. 260, at 2.) The class they seek to certify consists of "[a]ll individuals who were employed or are currently employed by Defendants in any tipped or non-tipped positions that were not exempt from receiving overtime during the six years immediately preceding the initiation of his action up to the date of the decision on this motion." (Doc. 260, at 15.)[5]

---

[5] It should be noted that Plaintiffs have not provided a consistent definition of the putative class throughout their briefing. The definition provided in the class certification motion differs than the one provided in John Troy's

Plaintiffs argue that they have established the Rule 23(b)(3) threshold requirements of numerosity, commonality, typicality, and adequacy, and that the common legal and factual issues predominate over any individual issues making a class action suit the superior method to adjudicate this case.  Plaintiffs further argue that John Troy and Troy Law should be named class counsel and will provide adequate representation because they have "to this point . . . diligently investigated, prosecuted, and dedicated substantial resources to the investigation and prosecution of the claims at issue in the lawsuit." (*Id.*, at 10.)  Defendants oppose the motion on the grounds that Plaintiffs have not satisfied the requirements of Rules 23(a) and 23(b)(3).

### A.   *Numerosity*

Plaintiffs have not met their burden to establish numerosity.  Plaintiffs fail to include any documents or evidence that suggests that the putative class meets the numerosity requirements.  The record is devoid of anything like employment records, payroll records, declarations, affidavits, or any other evidence that might provide me with even a ballpark figure of how many individuals worked at each restaurant during the relevant class period.  Plaintiff relies on a single conclusory statement made by John Troy in his declaration that:

> While not able to establish a precise number of class members, Plaintiffs can show from available facts that the proposed class has at least 40 members and further have good reason to believe that given the typical employee turnover rate the class could include as many as 50 or more employees.  Further across defendants two restaurants' Plaintiffs can easily prove that there were more than forty employees at any one time working.

(Doc. 259, at 8.)  This conclusory statement alone is insufficient to make the showing that numerosity has been met.  John Troy does not have personal knowledge concerning the number of employees that meet the definition for class membership, nor does he cite any evidence

---

declaration, which also differs from the class proposed in the Second Amended Complaint.  *See,* Docs. 259, 220.

that might support his conclusory statement.  Other courts in this circuit have denied class certification where Plaintiffs provide no evidence to show or suggest that the class size exceeds 40 people.  *See Stewart v. Hudson Hall LLC*, No. 20CIV885PGGSLC, 2021 WL 6285227, at *11 (S.D.N.Y. Nov. 29, 2021) ("Here, there are no other named plaintiffs, and [plaintiff] offers no affidavits, deposition testimony, statistical data, or other concrete evidence on which to ground the inference that the Proposed Class exceeds 40 members."); *Chen v. Oceanica Chinese Rest., Inc.*, No. 13-CV-4623 FB VVP, 2014 WL 1338315, at *6 (E.D.N.Y. Apr. 2, 2014) (denying class certification motion and stating "[w]here the plaintiff's assertion of numerosity is based on pure speculation or bare allegations, the motion for class certification fails." (cleaned up)).  Because Plaintiff provides no evidence beyond two conclusory sentences in John Troy's declaration, they fail to meet the numerosity requirement set out in Rule 23(b).

> B. *Commonality and Typicality*

Plaintiffs have also failed to establish commonality and typicality within the class.  The class they have proposed includes individuals from both Shun Lee Palace and Shun Lee West, two separate restaurants with separate managerial staff and payroll systems.  (*See* Sai Tam Declaration, March 22, 2018, ("Tam Decl.") ¶ 8.)  Shun Lee Palace is a unionized restaurant, and Shun Lee West is not a unionized restaurant.  (Toon Decl. ¶ 4.)  Even within Shun Lee Palace restaurant, the staff were divided between unionized waiters and bartenders subject to a Collective Bargaining Agreement ("CBA") that established the terms and conditions of their employment, versus the delivery people, who were not members of the union.  (Freedberg Decl., Ex. D; Ho Decl. ¶ 9.)  There is no centralized control over employment relations between Shun Lee Palace and Shun Lee West, and no ability to transfer between the two restaurants.  (Ho Decl. ¶ 7; Tam Decl. ¶ 8.)  As in *Huang,* the affidavits from employees of Shun Lee Palace say nothing

10

about Shun Lee West, and vice versa.  There are no facts alleged that would support "the existence of a common policy across restaurants."  *Huer Huang v. Shanghai City Corp*, No. 19-CV-7702 (LJL), 2020 WL 5849099, at *7 (S.D.N.Y. Oct. 1, 2020).  Given that the three groups of employees are governed by different employment agreements and independently managed by two separate entities with separate management, it follows that the unionized members of Shun Lee Palace, the non-unionized delivery workers of Shun Lee Palace, and the employees of non-unionized Shun Lee West cannot claim that they have common employment claims that arise from a common policy or plan that violated the law.  *See Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 540 (2d Cir. 2016).  It follows too, that because of the separate management and employment agreements, the determination of the "truth or falsity" about the claim of an employee of a waiter at Shun Lee Palace is unlikely to resolve an issue that is central to the validity of the claims of an employee of Shun Lee West in one ruling, because the two individuals were managed by different individuals pursuant to different employment policies.  *See Wal-Mart*, 564 U.S. at 350.  The law is clear where individualized questions permeate litigation "'fatal dissimilarit[ies]' among putative class members 'make use of the class-action device inefficient or unfair.'"  *In re Petrobras Secs.*, 862 F.3d 250, 270 (2d Cir. 2017) (quoting *Amgen Inc. v. Conn. Retirement Plans & Trust Funds*, 568 U.S. 455, 470 (2013)).

For these reasons, I find that Plaintiffs have not met their burden of showing commonality and typicality of the class claim.

### C. *Adequacy of Class Counsel*

Lastly, Plaintiffs fail to show that Troy Law and John Troy are adequate to serve as class counsel.  Troy Law argues that they are adequate to serve as class counsel because they have "significant experience in complex litigation" and FLSA claims, and because they have

"diligently investigated, prosecuted, and dedicated substantial resources to the investigation and prosecution of the claims at issue in the lawsuit, and demonstrated their knowledge of the state and federal laws at issue."  (Doc. 260, at 10.)

The record suggests otherwise.  This case has been pending for close to five years, and has been significantly delayed due to Troy Law's conduct and dilatory litigation tactics.  Thus far, Troy Law has been sanctioned twice:  first, for contesting the settlement of two Plaintiffs it did not represent, (Doc. 209), and second, for failure to schedule depositions for Plaintiffs Tong Wei Wu and Weiting Zhao despite three extensions of time to complete discovery and repeated requests from Defendants, (Doc. 321).  Beyond the sanctioned conduct, Troy Law has also egregiously and prejudicially failed to represent the interests of the Plaintiffs they represent.  They have failed to take a single deposition in this four-year long wage and labor case, waived the right to depose Defendants, neglected to serve Request for Admissions ("RFAs"), failed to respond to Defendants' RFAs, thus leading to them all being deemed admitted, failed to provide any disclosures or discovery as to opt-in plaintiff Weiting Zhao despite repeated requests by Defendants, and have otherwise delinquently managed discovery.  Among other failures, Troy Law delayed the depositions of Weiting Zhao and Tong Wei Wu for close to three years, and their claims were ultimately dismissed pursuant to Rule 37(d) and Rule 41(b) for failure to prosecute because they were not made available for depositions.  (Docs. 284, 321.)  Further, Troy Law's delays in deposing the Defendants led to them waiving their ability to do so, even though Troy Law admits that "not having the chance to depose Defendants will prejudice Plaintiffs in the action".  (Doc. 284.)

Indeed, Troy Law's inability to produce Haiping Wu for deposition has now led to additional complications in this already unnecessarily complicated litigation, as Haiping Wu is

12

now deceased. These delays in discovery have delayed the resolution of this case, and prejudiced both the Defendants and Plaintiffs Troy Law represents. In proposing a class for class certification, they have put forth three different definitions in three different filings. (*See* Docs. 220, 259, and 260.) Further, they have missed numerous Court deadlines, wasted judicial resources by adjourning hearings at the eleventh-hour, and repeatedly failed to follow my individual rules on filings. The convoluted four-year long docket is replete with incidents where Troy Law's representation of the class falls "woefully short of the skilled and zealous representation expected of class counsel under Rule 23(g)," *Jin*, 990 F.3d at 263, and provides a long, documented record of counsel's repeated shortcomings in representing a group of individuals who by their own admission are especially vulnerable due to their status as "immigrants from China with poor knowledge of the English language. . . . a number of whom may be undocumented". (Doc. 260, at 6–7.)

Courts in this district have found that the fact that an attorney or law firm has been sanctioned is evidence that they are inadequate class counsel in any role. *Auscape Int'l v. Nat'l Geographic Enterprises Inc.*, No. 02 CIV. 6441 LAK HBP, 2003 WL 23531750, at *9 (S.D.N.Y. July 25, 2003). This is especially true if the attorney or law firm has been repeatedly criticized and sanctioned for their behavior in other actions. *Id.*; *see also Kingsepp v. Wesleyan Univ.,* 142 F.R.D. 597, 602 (S.D.N.Y.1992). Troy Law has been sanctioned in this action, as well as repeatedly in other actions in this Circuit. *See Shi Ming Chen v. Hunan Manor Enter., Inc.*, No. 17CIV802GBDGWG, 2021 WL 2282642, at *5 (S.D.N.Y. June 4, 2021).[6] In *Shi Ming Chen*,

---

[6] The court stated that it "suspects that the vast majority of litigating attorneys go their entire careers without ever being sanctioned by a court. The fact that Troy and Troy Law have been sanctioned more than once would by itself provide evidence of their lack of adequacy to represent a class." To bolster their point, the court lists out a plethora of other cases from S.D.N.Y. and E.D.N.Y. where Troy Law and John Troy have been sanctioned by the court and/or committed prejudicial lapses in their representation.

Troy Law and John Troy were sanctioned for discovery misconduct among other sanctions. *Id.* at *2. The court subsequently denied Troy Law's motion to be appointed as class counsel and for a class to be certified. *Id.* at *10. Here, Troy Law and John Troy have been sanctioned twice in this case as noted above. I could deny the motion to appoint Troy Law as class counsel based on the sanctions alone.

However, in addition to the sanctioned conduct, Troy Law has committed a litany of other misconduct that precludes them from being appointed as class counsel, including their failure to take depositions, respond to RFAs, or pose RFAs to the Defendants which has undoubtedly prejudiced the Plaintiffs that they represent by failing to build an evidentiary record from which I could have found the existence of Rule 23(a) and Rule 23(b)(3) factors. They did not even take the basic step of trying to determine or estimate how many individuals would have fallen into their proposed class. Further, Troy Law has repeatedly failed to comply with my Individual Rules. For example, Troy Law submitted 13 affidavits of Plaintiffs with its motion to certify a class, when my Individual Rules clearly state that a maximum of 5 affidavits can be attached, leading to additional briefing on the issue and causing further delay to the resolution of this case. (*See* Docs. 259, 263, 264, 267.)

Lastly, other judges in this district and circuit have raised concerns about Troy Law's "tendency towards prejudicial neglect of its clients' interests", and declined to certify a class for that reason. *Rodpracha v. Pongsri Thai Rest. Corp.*, No. 14CV02451 (DF), 2021 WL 1733515, at *2 (S.D.N.Y. Mar. 22, 2021); *see also Shi Ming Chen v. A Taste of Mao, Inc.,* No. 17CIV802GBDGWG, 2021 WL 3727093 (S.D.N.Y. Aug. 20, 2021) (denying class certification on the grounds that the court could not "find Troy or Troy Law will serve as adequate class counsel.); *Huang,* 2022 WL 1468450, at *20 (denying class certification because "Plaintiffs have

failed to satisfy the adequacy prong with respect to the Flushing Restaurant employees"). The Second Circuit upheld the decertification of a class due to "inadequate representation by John Troy and Troy Law. *See Jin,* 990 F.3d at 262. Although these other cases do not independently demonstrate that Troy Law is unfit to serve as class counsel, it demonstrates that the misconduct that Troy Law has demonstrated and been sanctioned for in this case is part of a pattern of serious dereliction of responsibility to clients in similar cases.

Competent representation by class counsel is crucial to the prosecution of a class action. *Jin*, 990 F.3d at 262. Competent representation by class counsel is especially crucial in cases like this, where, as Plaintiffs' counsel states, the proposed class are almost "exclusively immigrants from China with poor knowledge of the English language", some of whom may be undocumented. (Doc. 260, at 6–7.) The powerlessness of the putative class members and the *res judicata* effect of class action claims makes it all the more crucial that class counsel represent the best interests of the class and ensure that claims are adequately litigated on behalf of the class.

Given Troy Law's conduct and abundant shortcomings throughout the litigation of this claim, I cannot find that Troy Law or John Troy will serve as adequate class counsel. Accordingly, Plaintiffs' motion for Rule 23 class certification is DENIED on this basis as well.

## IV. **CONCLUSION**

For the reasons set forth above, Plaintiffs' motion to certify class is DENIED. The Clerk of Court is respectfully directed to terminate the motion at Doc. 258.

SO ORDERED.

Dated: March 31, 2023
 New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge