UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                :

Cheng Xia Wang et al.,                  :
                                :
                Plaintiffs,     :
                                :            17-CV-840 (VSB)
           - against -              :
                                :         **OPINION & ORDER**
                                :
SHUN LEE PALACE RESTAURANT, INC. :
D/B/A SHUN LEE PALACE, et al.,      :
                                :
               Defendants.  :
                                :
-------------------------------------------------------X

<u>Appearances</u>:

Aaron B. Schweitzer
Tiffany Troy
Jian Hang
John Troy
Troy Law, PLLC
Flushing, NY

Jian Hang
Jiajing Fan
Hang & Associates, PLLC
Flushing, New York

*Counsels for Plaintiffs*

A Michael Weber
Eli Zev Freedberg
Huan Xiong
Kevin K. Yam
Maayan Deker
Littler Mendelson, P.C.
New York, NY
*Counsels for Defendants*

VERNON S. BRODERICK, United States District Judge:

On April 5, 2021, Plaintiffs filed a second amended complaint ("Second Amended Complaint" or "SAC"), asserting, among other things, claims of the opt-in Plaintiffs who were employed as servers.  (Doc. 220.)  Currently before me is a motion to dismiss (the "MTD") the Twelve Unionized Plaintiffs[1] filed by Defendants Shun Lee Palace Restaurant, Inc. ("Shun Lee Palace"), T&W Restaurant, Inc. ("Shun Lee West"), John Hwang, Michael Tong, Bin Hu, and William Hwang (collectively, the "Individual Defendants," and collectively with Shun Lee Palace and Shun Lee West, "Defendants").  (Doc. 224.)  Because the Twelve Unionized Plaintiffs' Federal Labor Standards Act ("FLSA") claims are not preempted by Labor Management Relation Act, Defendants' motion to dismiss is DENIED.

## I.     **Background**

I assume familiarity with the factual background of this case recited in my previous decisions in this case.  (*See* Docs. 209, 322,330.)  Given this case's complicated procedural history and the fact that it has been ongoing for over six years, I will elaborate on the procedural history only to the extent relevant to the current motion.

The initial group of eight Plaintiffs, who at the time were represented by Troy Law, filed their complaint against Shun Lee Palace and Shun Lee West, as well as several individual Defendants, on February 3, 2017, alleging violations of the FLSA and the New York Labor Law ("NYLL").[2]  (Doc. 1.)  Defendants filed their answer on April 21, 2017.  (Doc. 21.)  Subsequently, fifteen more plaintiffs opted-in to the action by consenting to become party

---

[1] The "Twelve Unionized Plaintiffs" are:  Steven Cheung, Quekyeow Yap, Shude Zhang, Keeyew Foo, Tsun Ming Fong, Terry Wong, Ming Sung Chan, Leung Tack Choi, Fong Yue, Billy Qin, Weijun Zhen, and Monaliza Wong.

[2] The eight Plaintiffs are:  Cheng Xia Wang, Chunlin Zhang, Jun Qing Zhao, Bao Guo Zhang, Ze Jun Zhang, Guoyi Wang, Tong Wei Wu, and Zhi Qiang Lu.

plaintiffs under the FLSA.[3]  (Docs. 28–39, 48, 51, 52.)  After discovery, Plaintiffs filed a motion

to conditionally certify a collective action on February 8, 2018.  (Doc. 58.)  In my Opinion &

Order dated June 28, 2018, I granted the motion to conditionally certify the collective action as

to the delivery personnel and the waitstaff.  (Doc. 79.)  On July 12, 2018, Defendants filed a

motion for reconsideration of my Opinion & Order conditionally certifying the collective action,

(Doc. 80), which I denied on March 13, 2019, (Doc. 86).  On July 10, 2019, a group of five of

the initial eight Plaintiffs filed a motion to substitute their prior counsel, Troy Law, with their

new counsel, Hang & Associates, (Doc. 109), which I granted on July 26, 2019, (Doc. 128).[4]

On November 7, 2019, I ordered that this case be consolidated with *Zhang et al v. T & W

Restaurant, Inc. trading as Shun Lee West et al*, Case No. 19-cv-3094, another FLSA case filed

by Hang & Associates on behalf of six Plaintiffs against Shun Lee West only, as well as several

individual Defendants.[5]  (Doc. 142.)  On December 17, 2019, the Plaintiffs represented by Troy

Law and Hang & Associates filed a consolidated amended complaint.  (Doc. 152.)  On February

14, 2020, Defendants filed a motion to dismiss the Amended Complaint.  (Doc. 169.)

On February 16, 2021, I issued an Opinion & Order, in which I, among other things, (1)

dismissed claims against several Defendants against whom Plaintiffs failed to allege were

"employers" under FLSA and NYLL, leaving Michael Tong as the only individual Defendant;

(2) dismissed claims under N.Y. Lab. Law § 162, the Internal Revenue Code, New York General

Business Law Section 349; (3) dismissed the FLSA claims of Bao Guo Zhang, Guoyi Wang, and

---

[3] The fifteen Plaintiffs are:  Steven Cheung, Quekyeow Yap, Haiping Wu, Weijun Zhen, Shude Zhang, Keeyew Foo, Tsunming Fong, Terry Wong, Mingsung Chan, Leungtack Choi, Fong Yue, Guoliang Xu, Billy Qin, Monaliza Wong, and Weiting Zhao.

[4] The five Plaintiffs are:  Cheng Xia Wang, Bao Guo Zhang, Chunlin Zhang, Ze Jun Zhang, and Jun Qing Zhao.

[5] The six Plaintiffs are:  Ya Qiang Zhang, Jun Ling Zhao, Hui Min Zhao, Jing Guan, Hui Liang Zhao, and Li Weng. The individual Defendants are: John Hwang, Michael Tong, Bin Hu, and William Hwang.

Chunlin Zhang as time-barred, and declined to exercise supplemental jurisdiction over their New York state law claims.  (*See generally* Doc. 209.)

On April 5, 2021, Plaintiffs filed a Second Amended Complaint ("SAC"), asserting, among other things, the claims of the opt-in Plaintiffs who were employed as servers.  (Doc. 220.)  On May 3, 2021, Defendants filed the instant motion to dismiss the claims asserted by Twelve Unionized Plaintiffs in the SAC.  (Doc. 224.)  On July 8, 2021, I granted Defendants' request to stay discovery related to the Twelve Unionized Plaintiffs in light of the pending motion to dismiss.  (Doc. 233.)  On August 6, 2021, the remaining nine Plaintiffs represented by Hang & Associates filed their settlement agreement for me to review pursuant to *Cheeks*.[6] (Docs. 237–238.)  On August 17, 2022, I issued an Opinion & Order approving the settlement agreements between Defendants and the nine Plaintiffs represented by Hang & Associates.  (Doc. 326.)

On November 17, 2021, Troy Law filed a motion to certify the class under Rule 23 for sixteen of the Plaintiffs (eighteen Plaintiffs they are representing except Terry Wong and Weiting Zhao).  (Doc. 258.)  Defendants filed their opposition to certify the class on January 7, 2022.  (Doc. 275.)  Plaintiff filed their reply in support of their motion to certify class on January 26, 2022.  (Doc. 283.)  On March 31, 2023, I issued an Opinion & Order denying Plaintiffs' motion for class certification because (1) Plaintiffs "had not sustained their burden on any of the requirements necessary to certify a class," and (2) proposed class counsel Troy Law "had not met the adequacy requirement to be appointed class counsel."  (Doc. 330.)

Discovery related to the six non-unionized Plaintiffs represented by Troy Law has been

---

[6] The nine Plaintiffs are:  Ya Qiang Zhang, Huimin Zhao, Hui Liang Zhao, Li Weng, Jing Sheng Guan, Jun Ling Zhao, Cheng Xia Wang, Jun Qing Zhao, and Ze Jun Zhang.

completed.[7]  On January 7, 2022, Defendants informed me that, based upon information from

Troy Law, Plaintiff Haiping Wu died.[8]  (Doc. 281.)  On April 4, 2022, Plaintiffs' counsel filed a

Motion to Substitute Plaintiff Haiping Wu (deceased) with Xiaolin Zhang, as the administrator of

the Estate of Haiping Wu.  (Doc. 299.)  This motion was unopposed.  (Doc. 309.)  I issued an

Opinion & Order on March 16, 2023 denying the motion for substitution without prejudice on

the basis that Plaintiffs had provided me with a "paucity of information" to determine whether

Xiaolin Zhang was the proper party to substitute for the deceased plaintiff.  (Doc. 329.)

## II.  Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)).  "Plausibility . . . depends on a host of considerations:  the

full factual picture presented by the complaint, the particular cause of action and its elements,

and the existence of alternative explanations so obvious that they render plaintiff's inferences

unreasonable."  *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts

alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor.  *Kassner*

*v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).  A complaint need not make

"detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a

formulaic recitation of the elements of a cause of action."  *Iqbal*, 556 U.S. at 678 (internal

quotation marks omitted).  Finally, although all allegations contained in the complaint are

---

[7] The six Plaintiffs are:  Guoyi Wang, Tong Wei Wu, Zhi Qiang Lu, Haiping Wu, Guoliang Xu, and Weiting Zhao

[8] It is unclear why Troy Law, Haiping Wu's counsel, did not inform me of their client's death.

assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*  A complaint is "deemed

to include any written instrument attached to it as an exhibit or any statements or documents

incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.

2002).

III.     **Discussion**

A.     *Applicable Law*

Both FLSA and NYLL require employers to pay to their employees (1) minimum wages,

29 U.S.C. § 206(a); N.Y.Lab.Law § 652(1), and (2) overtime for hours worked over forty per

week at a rate "not less than one and one-half times the regular rate" of pay, 29 U.S.C. §

207(a)(1); 12 N.Y.C.R.R. § 142-2.2.  The "regular rate" of pay, which is the base to calculate an

employee's overtime pay, includes "all remuneration for employment." *Johnson v. D.M.

Rothman Co.*, 861 F. Supp. 2d 326, 331–32 (S.D.N.Y. 2012) (citing 29 U.S.C. § 207(e)); *see also

Scott v. City of New York*, 629 F. Supp. 2d 266, 269 (S.D.N.Y. 2009) (recognizing that regular

rate must reflect "all payments which the parties have agreed shall be received regularly during

the work period" (quoting *Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 468 (1948))).

"Courts apply the same analysis for FLSA and NYLL wage and hour violations, except that the

NYLL does not require plaintiffs to show a nexus with interstate commerce or a minimum

amount of annual sales." *Tackie v. Keff Enters. LLC*, No. 14-CV-2074 JPO, 2014 WL 4626229,

at *2 n. 2 (S.D.N.Y. Sept. 16, 2014) (citing *Alvarez v. Michael Anthony George Const. Corp.*, 15

F. Supp. 3d 285, 291 (E.D.N.Y. 2014)).

An employee's rights to receive minimum wage and overtime pay under NYLL and

FLSA are separate from the employee's contractual rights arising out of a collective bargaining

agreement ("CBA"). *Johnson*, 861 F. Supp. 2d at 331; *Polanco v. Brookdale Hosp. Med. Ctr.*,

819 F. Supp. 2d 129, 133 (E.D.N.Y. 2011).  Claims founded or dependent on rights created by

CBAs are governed by Section 301 of the Labor Management Relation Act ("LMRA"), and an

employee must exhaust the governing CBA's grievance procedures before bringing such claims.

*Johnson*, 861 F. Supp. 2d at 331; *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, No.

10 Civ. 2661, 2011 WL 321186, at \*4 (S.D.N.Y. Jan. 28, 2011) ("If any of the alleged [FLSA]

violations hinges on the [CBA's] definition of the terms of employment, they must be brought

under the LMRA and in accordance with the agreement's grievance and arbitration provisions."

(internal citation omitted)).  Importantly, LMRA preempts both state labor law and the FLSA to

the extent such claims require the interpretation of a CBA.  *Johnson*, 861 F. Supp. 2d at 331–32;

*Polanco*, 819 F. Supp. 2d at 133–34; *see also Ramirez v. RiverBay Corp.*, 35 F. Supp. 3d 513,

522 (S.D.N.Y. 2014).  This preemptive effect assures the uniform development of federal

common-law in interpreting the CBAs.  *See Livadas v. Bradshaw*, 512 U.S. 107, 122 (1994).

"However, not every dispute concerning employment, or tangentially involving a

provision of a collective-bargaining agreement, is pre-empted by § 301."  *Ramirez*, 35 F. Supp.

3d at 522–23 (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211).  The test for

determining whether a claim is preempted by § 301 is (1) "whether the claim implicates rights of

employers or employees independent of any right established by" the CBA, or, alternatively, (2)

"whether evaluation of the claim is inextricably intertwined with consideration of the terms of"

the CBA.  *Id.*  Under this test, a claim will be precluded if it involves interpretation of the

underlying CBA terms.  *Kaye v. Orange Reg'l Med. Ctr.*, 975 F. Supp. 2d 412, 420 (S.D.N.Y.

2013) ("Section 301 preempts . . . state-law actions that require interpretation of the terms of a

CBA."); *Johnson*, 861 F. Supp. 2d at 331–32 (same); *Ramirez*, 35 F. Supp. 3d at  522 (same, for

FLSA claims).  However, if the CBA is merely "consulted with" or "referred to," the claim will

not be precluded.  *See Livadas*, 512 U.S. at 124 ("[T]he bare fact that a [CBA] will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished."); *Vera v. Saks & Co.*, 335 F.3d 109, 115 (2d Cir. 2003)  (noting that a claim will not be preempted "if its application required mere referral to the CBA for information such as rate of pay and other economic benefits that might be helpful in determining the damages").

      **B.**    *Application*

      **1.**  **Considering the CBA in Connection with the Instant Motion**

      Defendants' main argument for dismissal is that the Twelve Unionized Plaintiffs' claims require the interpretation of the CBA between Defendants and these unionized Plaintiffs.  As an initial matter, because the CBA was not attached to Plaintiffs' SAC, I must first consider whether I can consider the CBA at all in connection with the current motion.  The Second Circuit has "made clear that it is inappropriate for a court to consider a CBA in evaluating a motion to dismiss claims not dependent on the CBA and where no facts about the CBA are alleged in a plaintiff's complaint."  *Kaye*, 975 F. Supp. 2d at 419 (citing *Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192, 202–03 (2d Cir. 2013)).  Here, Plaintiffs specifically reference the CBA in their SAC, (SAC ¶¶ 464–66), although without attaching the CBA itself to the SAC. Further, Plaintiffs do not object to me considering the CBA at this stage.  (*See, e.g.,* MTD Opp. 1 n.1 (acknowledging that the SAC "refers extensively" to the CBA)).  Therefore, although a court converts a motion to dismiss to a motion for summary judgement if it considers materials outside the pleading, *see* Fed. R. Civ. P. 12(c), I need not do so here because the CBA is referred to in the SAC, *Chambers*, 282 F.3d at 152 ("a complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference").[9]

---

[9] In any case, I have decided that even if I do not consider the CBA, Defendants' motion still must be denied.

## 2. The Twelve Unionized Plaintiffs' Claims are not Preempted by LMRA

Defendants argue that I should dismiss the Twelve Unionized Plaintiffs' FLSA minimum wage and overtime claims because they are preempted by the LMRA. Specifically, they point to the CBA terms "governing weekly overtime, daily overtime, holiday premium, and weekly guaranteed payments," and argue that I "must" refer to these terms in order to determine whether the Twelve Unionized Plaintiffs were properly paid overtime and minimum wages. (MTD 7.) Defendants rely heavily on *Hoops v. Keyspan Energy*, 794 F. Supp. 2d 371, 379 (E.D.N.Y. 2011), a case where a motion to dismiss a FLSA overtime claim was granted based on LMRA preemption because the claim required interpretation of the CBA. However, *Hoops* is distinguishable, and the claims do not require interpretation of the CBA.

Under 29 U.S.C. § 207(a)(1), in order to determine whether the Twelve Unionized Plaintiffs were properly paid overtime, I need to know their "regular rate" of pay; in order to determine the regular rate, I may need to consider the "weekly overtime, daily overtime, holiday premium, and weekly guaranteed payments" that they were paid pursuant to the CBA. However, this does not mean that their claims require interpretation of the CBA. First, the CBA terms mentioned by Defendants appear to be "straightforward and unambiguous," *Kaye*, 975 F. Supp. 2d at 424–25, and are apparently not disputed. Second, although I may need to "refer to" these terms to calculate Plaintiffs' regular rate of pay, "mere referral to the CBA for information such as rate of pay" are not sufficient to trigger LMRA preemption. *Vera*, 335 F.3d at 115 (internal citation and quotation marks omitted).

Further, Defendants' reliance on *Hoops* is misplaced. In *Hoops*, the court acknowledges that "if the Plaintiff has been receiving contractual shift differentials in his straight-time pay, and the issue is whether those shift differentials should have been included in his regular rate for

purposes of overtime compensation under the FLSA, the Plaintiff was not required by the LMRA to first follow the grievance procedures in the CBA." *Hoops*, 794 F. Supp. 2d at 379.  However, the *Hoops* court found that the issue was "what straight-time wage rate the Plaintiff was entitled to be paid (including night differential premium pay for hours worked during night shifts)," and the court had to resolve that issue "before reaching the issue of whether the shift differentials should have been included in his regular rate for overtime purposes." *Id*.  The court held that because the plaintiff's claim "would require the Court to interpret the CBA to determine whether it embodied an agreement between the parties to pay the Plaintiff contractual shift differentials for certain shifts and work," the claim was preempted by LMRA.  *Id*. (internal quotation marks omitted).  In other words, *Hoops* specifically differentiated between two types of issues:  (1) whether the employer should pay the employee certain benefits or compensation under CBA, like shift differentials, and (2) whether the regular rate of pay for purposes of FLSA overtime calculation should include those benefits or compensation.  The first issue usually requires interpretation of CBA, and will be preempted by LMRA, while the second issue is governed by FLSA.  *See id* (quoting 29 U.S.C. 207(a)(1)); *see also* 29 U.S.C. § 207(e) (defining "regular rate" as "all remuneration for employment paid to, or on behalf of, the employee," with eight enumerated exceptions.); *Berger v. N.Y. Univ.*, No. 19-CV-267 (JPO), 2019 WL 3526533, at *5 (S.D.N.Y. Aug. 2, 2019) (the plaintiff's claim that "certain premiums paid under the CBAs should factor in to the calculation of the rate of pay" for NYLL overtime did not render his claim preempted by LMRA).

Here, Defendants' argument—that I need to determine whether to include the miscellaneous benefits under CBA in the calculation of Plaintiffs' regular rate of pay—involves the second type of issues identified in *Hoops*, which should be governed by FLSA, not the CBA.

Indeed, whether to include certain compensation as part of an employee's regular rate of pay is a question that courts frequently consider under FLSA. *Foster v. City of N.Y.*, No. 14 CIV. 4142 (PGG), 2017 WL 11591568, at *34 (S.D.N.Y. Sept. 30, 2017) (finding that the employer should have included the meal allowances and night shift differentials in calculating the employee's overtime under FLSA). "FLSA provides a private cause of action for employees to recover unpaid overtime compensation in either federal or state court." *Scott v. City of New York*, 592 F. Supp. 2d 386, 399 (S.D.N.Y. 2008). To recover under FLSA, there are no exhaustion requirements, nor are parties required to exhaust grievance procedures outlined in a CBA absent a "clear and unmistakable waiver." *Id.* at 400.

Consistent with *Hoops*, many courts have found that FLSA overtime claims are not preempted by LMRA where there is no actual dispute over the rights and obligations as set out by CBA's terms. *See, e.g., Berger*, 2019 WL 3526533, at *5 (finding no CBA interpretation required in an NYLL overtime claim, because the parties agree as to the time period covered by the CBA that is eligible for contractual overtime and the only questions is whether the employer has "in fact paid"); *Ramirez*, 35 F. Supp. 3d at 523 (finding no CBA interpretation required where the employee claimed that the employer failed to include shift differential into his FLSA overtime calculation, because the parties agree as to the amount of the shift differential pay); *Cf. Johnson*, 861 F. Supp. 2d at 331 (finding CBA interpretation required where the employee alleges that the employer fails to include grandfather and hi-lo differentials, because the parties disagree as to whether the employees are entitled to such differentials in the first place). The allegations of the Twelve Unionized Plaintiffs in the SAC do not allege that they did not receive payments they were entitled to under the CBA but rather that they were not paid. Therefore, Defendants' argument of LMRA preemption is incorrect, or at least premature at this point

where there is no dispute concerning the amount of payments to which Plaintiffs were entitled to under the CBA.[10]

The same applies to the Twelve Unionized Plaintiffs' minimum wage claims.  "For minimum-wage recovery under the FLSA, the pertinent question is whether the amount of compensation received by an employee results in a straight-time hourly rate that is less than the applicable federal minimum wage."  *Cruz v. AAA Carting & Rubbish Removal, Inc.*, 116 F. Supp. 3d 232, 242–43 (S.D.N.Y. 2015) (internal quotation marks omitted).  The calculation of straight-time hourly rate is governed by the regulation under FLSA, where an employee's "total remuneration for employment . . . in any workweek [is divided] by the total number of hours actually worked by him in that workweek for which such compensation was paid."  29 C.F.R. § 778.109.  Therefore, I look to the FLSA, not CBA, to decide whether the payments under the CBA should have been included in Plaintiffs' "total remuneration," and no interpretation of the CBA terms is required.  Accordingly, the Twelve Unionized Plaintiffs' FLSA claims are not preempted by LMRA.

I further determine that it is appropriate for me to exercise supplemental jurisdiction over the Twelve Unionized Plaintiffs' NYLL claims.  *See* 28 U.S.C. § 1367(a) (allowing the district courts to have supplemental jurisdiction over state law claims "that are so related to" the federal claims "that they form part of the same case or controversy"); *Yong Kui Chen v. Wai ? Cafe Inc.*, No. 10 CIV. 7254 (JCF), 2017 WL 3311228, at *3 (S.D.N.Y. Aug. 2, 2017) ("In wage and hour cases, typically, supplemental jurisdiction is appropriate for NYLL claims during the employment relationship because those claims arise from the same underlying factual basis as

---

[10] If such a dispute materializes at later stages of this litigation, Defendants may file dispositive motions accordingly based on LMRA preemption.

FLSA claims.") (internal alterations and quotation marks omitted).

**IV.**     <u>**Conclusion**</u>

For the reasons above, Defendants' motion to dismiss is DENIED.  The Clerk is

respectfully directed to close the open motion at Doc. 224.

SO ORDERED.

Dated: July 7, 2023
        New York, New York

_____
Vernon S. Broderick
United States District Judge