UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
                                                  :
Cheng Xia Wang et al.,                            :
                                                  :
                              Plaintiffs,         :
                                                  :          17-CV-840 (VSB)
              - against -                         :
                                                  :          **OPINION & ORDER**
                                                  :
SHUN LEE PALACE RESTAURANT, INC.  :
D/B/A SHUN LEE PALACE, et al.,                    :
                                                  :
                              Defendants.  :
                                                  :
---------------------------------------------------------X

<u>Appearances</u>:

Aaron B. Schweitzer
Tiffany Troy
Jian Hang
John Troy
Troy Law, PLLC
Flushing, NY
*Counsel for Plaintiffs*

A Michael Weber
Eli Zev Freedberg
Kevin K. Yam
Maayan Deker
Littler Mendelson, P.C.
New York, NY
*Counsel for Defendants*

<u>VERNON S. BRODERICK</u>, United States District Judge:

        Before me are the declaration in support of Defendants' motion for sanctions and

attorneys' fees of Defendants Shun Lee Palace Restaurant, Inc., T&W Restaurant, Inc., and

Michael Tong (collectively, "Defendants"), Troy Law's letter in opposition, and Defendants'

reply.  Because I find that the hourly rate and time billed by Defendant is reasonable and relevant

to Troy Law's sanctioned conduct, I award the full sum of $29,211.5 to Defendants' counsel.

## **Background**

The Court presumes familiarity with the factual background and lengthy procedural

history of this case, and with the discovery delinquencies that form the basis for this award of

attorney's fees (which are set forth in this Court's July 13, 2022 Order).  (Doc. 321.)

Nonetheless, I will provide a brief overview of relevant facts.  Plaintiffs initiated this case by

filing a complaint on February 3, 2017.  (Doc. 1.)  Discovery began in late 2017, and was

continuously delayed.  (*See* Docs. 57, 209, 212, 234-35, 254-55, 265-55, 270, 270.)  Defendants

first served a deposition notice on now dismissed Plaintiff Tong Wei Wu ("Wu") on October 2,

2017. (*See* Doc. 286.)  Defendants served an amended deposition notice on Plaintiff Tong and

Weiting Zhao ("Zhao", together, the "Delinquent Plaintiffs") on November 24, 2021.  (Doc.

286.)  On December 1, 2021, the parties filed a joint letter stating that, "Plaintiffs represented

that they will each be available to appear" for depositions on the select dates in January 2022.

(Doc. 265 at 1.)  On December 1, 2021, I approved an extension of time to complete the

depositions of the "remaining six" plaintiffs through February 4, 2022.  (Doc. 266.)

Subsequently, Plaintiffs' Counsel Troy Law notified Defendants that now dismissed

Plaintiffs Zhao and Wu were in China, and would not be available to be deposed in the United

States on the agreed-upon February 4, 2022 date.  (Doc. 284.)  On January 31, 2022, I issued an

order granting Defendants leave to file a motion to dismiss the claims of Plaintiffs Zhao and Wu

if they failed to appear for their depositions by February 4, 2022.  (Doc. 285.)  On February 4,

Defendants received a letter from Troy Law stating that Troy Law understood the discovery

window closed that day, but that they "hope[d] to get back" to Defendants with available dates

for the deposition by "early next week".  (Doc. 286.)  They never did.  (*Id.*)

On February 8, 2022, Defendants filed a motion to dismiss, (*id.*), moving for the dismissal of the claims of Plaintiffs Zhao and Wu's with prejudice and for "reasonable attorney's fees and expenses incurred" due to Plaintiffs' failure to comply with discovery obligations.  (*Id.*)  On July 13, 2022, I granted Defendants' motion to dismiss and awarded Defendants reasonable attorneys' fees and costs incurred from delays due to Troy Law and John Troy's failure to schedule depositions and obey my orders pursuant to Rule 37(b)(3).  (Doc. 321.)  I ordered Defendants to submit time records, supporting documentation, and other relevant information to support calculation of "reasonable attorneys' fees and costs incurred".  (*Id.*)

On August 12, 2022, Defendants filed a declaration in support of their motion for sanctions and attorneys' fees against Troy Law and John Troy, including redacted invoices for legal services rendered related to Troy Law and John Troy's sanctioned conduct.  (Doc. 324.)  In their declaration, Defendants include time for "evaluating a motion to dismiss for failure to prosecute and obey Court orders, preparing for depositions of the Delinquent Plaintiffs, following up on the Delinquent Plaintiffs' deficient interrogatory and discovery responses, scheduling their depositions, and demanding that the Delinquent Plaintiffs sign their non-verified interrogatory responses."  (*Id.*)  They also include time for preparing for and attending a meet and confer with Troy Law regarding outstanding discovery from the Delinquent Plaintiffs, and evaluating their deficient responses.  (*Id.*)  On August 19, 2022, Plaintiffs' counsel Troy Law filed a response, arguing that the number of hours spent by Defendants' counsel and requested hourly rates were unreasonable.  (Doc. 327.)  On August 25, 2022, Defendants submitted a reply declaration providing support for their motion.  (Doc. 238.)

In total, Defendant seeks $29,211.50 in attorneys' fees.

**Legal Standards**

Federal Rule of Civil Procedure 37(b)(2) authorizes sanctions if a witness fails to obey an order to provide or permit discovery.  Upon a finding that a party has failed to produce a person for examination, I may issue any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).  Fed. R. Civ. P 37(b)(2).  I must also order the "disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P 37(b)(2)(C).  Under Rule 37(b), the burden is on the disobedient party to "'avoid expenses by showing that his failure is justified or that special circumstances make an award of expenses unjust.'"  *GTFM, Inc. v. Solid Clothing, Inc*., No. 01 CIV.2629 DLC, 2002 WL 31886349, at *1 (S.D.N.Y. Dec. 26, 2002) (quoting *Selletti v. Carey*, 173 F.3d 104, 110 (2d Cir.1999)).

A party applying for fees under Rule 37 is allowed to recover reasonable costs and expenses caused by the discovery violation.  *See John Wiley & Sons, Inc. v. Book Dog Books, LLC,* 298 F.R.D. 145, 149 (S.D.N.Y. 2014).  To determine how much of a plaintiff's requested fee award is reasonable under Rule 37, courts traditionally employ the "lodestar" method of calculation, by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for attorneys and paralegals.  *GTFM, Inc*., 2002 WL 31886349, at *2.  A court may also consider "'(1) what hourly rate would normally be charged in the pertinent legal community for similar cases by attorneys [with comparable] training and experience' and (2) 'how many hours were reasonably required for the prosecution of [the] claims.'"  *Alvarado v. Manhattan Worker Career Ctr*., No. 01 CIV. 9288 (CBM), 2003 WL 194203, at *2 (S.D.N.Y. Jan. 28, 2003) (quoting *Orchano v. Advanced Recovery, Inc*., 107 F.3d 94, 99 (2d Cir. 1997)).

**Discussion**

      **A.**     *Defendant Counsel's Hourly Rates are Reasonable*

Defendant's counsel requests an hourly rate of $545 for senior associate Kevin K. Yam, $555 for senior associate Maayan Deker, and $610 for shareholder Eli Z. Freedberg.  Counsel Kevin Yam is a graduate of SUNY Buffalo Law School and is a senior associate at Littler Mendelson.  He was admitted to practice in New York in 2015, has 8 years of management-side labor and employment law experience.  (Doc. 324.)  Maayan Deker is a graduate of American University, Washington College of Law and is a senior associate at Littler Mendelson.  She was admitted to practice in 2011, and has over a decade of management-side and employment law experience.  (Doc. 328.)  Eli Freedberg is a graduate of Yeshiva University Benjamin N. Cardozo School of Law, and is a shareholder at Littler Mendelson.  He was admitted to practice in 2003, and has over a decade of management-side labor and employment law experience.  He has litigated dozens of FLSA/NYLL cases throughout his career.  (Doc. 328.)

 In my June 11, 2021, order awarding attorneys' fees as sanctions against Troy Law and John Troy in this action, I found that an hourly rate of $585 for Eli Freedberg and $455 for Kevin Yam was reasonable of someone of their experience and expertise.  Defendants' counsel explains that this previous rate reflected 2020 billing rates, and that the higher rates reflected in this round of sanctions briefing reflects 2021 and 2022 billing rates.  Given that two calendar years have passed between the first instance of sanctioned behavior and the currently discussed behavior, and that annual increases in billing rates are customary at many law firms, a rate increases of $585 to $635 for Mr. Freedberg, from $455 to $540 for Mr. Yam and to $555 Ms. Deker is reasonable.

Indeed, Plaintiffs' own letter in opposition states that "[t]he billing rates at issue here are

within the range of rates that have been approved by courts in this District" and cites numerous cases which note that recent fee awards within district "reflect hourly rates in the range of 450-600 for experienced partners, $350 for senior associates." *Sidley Holding Corp. v. Ruderman*, No. 08CIV.2513(WHP)(MHD), 2009 WL 6047187, at *26 (S.D.N.Y. Dec. 30, 2009), *report and recommendation adopted,* No. 08 CIV. 2513 (WHP), 2010 WL 963416 (S.D.N.Y. Mar. 15, 2010).  In *Sidley Holding Corp.,* cited by Plaintiff, the court awarded the partner on the case $600 and the two "of counsel" $400 per hour of work on the federal court proceeding.  *Id.*  Given the time elapsed between 2009 and now, the rates proposed by Defendants is well within the range of rates that have been approved by courts in this district.

Given Mr. Freedberg, Ms. Deker, and Mr. Yam's experience and expertise in relevant wage and labor litigation and the prevailing rates in this district, I find Defendant's submitted hourly rate to be reasonable.

### B.     *Number of Hours*

In sum, Defendants spent 53.4 hours litigating various discovery issues created by Troy Law and John Troy's dilatory conduct necessitating the preparation of a to dismiss.  (Doc. 328.) Senior associates Mr. Yam and Ms. Deker spent 43.6 hours litigating the discovery issue, inclusive of the 4.5 hours Mr. Yam attests he spent preparing the declaration in support for the motion for sanctions, while Mr. Freedberg spent 6.8 hours on the matter.

Having reviewed the time entries submitted by Defendants, I find the number of hours billed to be reasonable and relevant to the sanctioned conduct.  The billing entries are all relevant to Plaintiff's discovery misconduct and Plaintiff's motion to dismiss, and thus within the scope of the Rule 37 sanctions I granted on July 13, 2022.  (Doc. 321.)  Further, Mr. Yam and Ms. Deker billed the bulk of the time spent on this issue, with Mr. Freedberg billing minimally and

for tasks appropriate for a shareholder.  (Doc. 328.)  I do not find that Defendants' bill is "replete

with block billing.", and billing of "non-legal tasks" by attorneys, as alleged by Troy Law and

John Troy.  (Doc. 327.)  Plaintiffs allege that Defendants' billing of tasks "researched case law

dismissing the plaintiffs" and "email[ing] opposing counsel" could have been done by a

paralegal or an intern, and thus should be discounted.  Researching case law and contacting

opposing counsel are well within the scope of work for which lawyers appropriately bill.  *Harrell

v. City of New York*, No. 14CV7246 (VEC) (DF), 2017 WL 9538163, at *9 (S.D.N.Y. July 20,

2017), report and recommendation adopted as modified sub nom. *Calvo v. City of New York*, No.

14-CV-7246 (VEC), 2017 WL 4119280 (S.D.N.Y. Sept. 15, 2017) (finding that legal research is

work appropriately performed by junior attorneys, though it should not be billed at partner-level

rates.)

The detail in the billing entries puts them well within the specificity required for the court

to evaluate whether the work completed was appropriate and relevant.  *See Raja v. Burns*, 43

F.4th 80, 87 (2d Cir. 2022) (finding that block billing is permissible "as long as the district court

is still able to conduct a meaningful review of the hours for which counsel seeks

reimbursement.")  For these reasons, I approve an award of the full $29,211.50 requested

attorneys' fees incurred by Defendants as a sanction as a result of Troy Law and John Troy's

IV.

delinquent behavior.

### Conclusion

For the reasons outlined above and in my July 13, 2022 Order (Doc. 321), Defendants'

cross-motion for sanctions in the form of $29,211.50 in attorneys' fees and costs against Troy

Law and John Troy is hereby GRANTED.  Troy Law and John Troy are ordered to pay that sum

to Defendants no later than August 4, 2023.  It is further ORDERED that John Troy shall file a

status update no later than August 11, 2023, certifying that he has complied with this order.

SO ORDERED.

Dated:      July 24, 2023
            New York, New York

                                            Vernon S. Broderick
                                            United States District Judge