UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
    Wang et al.,

                             Plaintiffs,

                         -against-

    Shun Lee Palace Restaurant, Inc. et al.,

                            Defendants.
----------------------------------------------------------X

17-cv-840 (VSB)

**ORDER**

VERNON S. BRODERICK, United States District Judge:

    I held a conference in this matter on July 21, 2023.  It is hereby:

    ORDERED that the parties meet and confer regarding the issue of substitution, discovery Defendants believe they are owed related to deceased Plaintiff Haiping Wu, the ability of the substituted party—Xiaolin Zhang, the administrator of the estate of Haiping Wu—to provide or assist in obtaining such discovery, and factors that I should consider in determining whether substitution is appropriate.

    IT IS FURTHER ORDER that Plaintiffs shall submit their motion to renewed motion to substitute on or before July 28, 2023, including a declaration describing the step Plaintiffs' counsel took between March 13, 2023 and July 21, 2023 to cure the deficiencies in the substitution paperwork and the dates such steps were taken.  Defendants are shall submit their opposition by August 4, 2023.

    IT IS FURTHER ORDERED that the parties' request to vacate the stay of discovery related to Steven Cheung, Quekyeow Yap, Weijun Zhen a/k/a Sam Zhen, Shude Zhang, Kee Yew Foo, Tsunming Fong, Terry Wong, Mingsung Chan, Leungtack Choi, Fong Yue, Billy Qin,

and Monaliza Wong (the "Waitstaff Employees") is GRANTED.  The parties are ORDERED to submit a revised Case Management Plan by July 31, 2023.

      IT IS FURTHER ORDERED that Defendants shall move for summary judgment with regard to the delivery workers and Waitstaff Employees at the same time.

      IT IS FURTHER ORDERED that the parties shall jointly submit a briefing schedule for summary judgment motions within 5 business days of the completion of discovery.

      IT IS FURTHER ORDERED that Plaintiffs' request to refile a second class certification motion at the close of discovery for the Waitstaff Employees is DENIED.  Plaintiffs offer no legal authority or basis concerning why I should permit them to renew their motion for class certification after further discovery has been conducted in this action.  This case has been pending since 2017, and Plaintiffs had plenty of opportunities to engage in discovery in support of their Rule 23 motion.  Allowing Plaintiffs to file a second class certification motion after yet more discovery would be unfair and prejudicial to the Defendants.  *Callari v. Blackman Plumbing Supply, Inc.*, 307 F.R.D. 67, 83 (E.D.N.Y. 2015) (denying Plaintiff's request to renew its motion for class certification after further discovery in a FLSA collective action on the basis that the case was four years old and that Plaintiff had had ample opportunity to engage in discovery in support of his Rule 23 motion.)  I note that in my Opinion & Order denying Plaintiffs' class certification motion I found that Plaintiffs' failed to sustain their burden with regard to any of the requirements necessary to certify a class, and that proposed class counsel Troy Law did not meet the adequacy requirement to be appointed class counsel.  In other words, it was not a close call, and no amount of discovery is likely to alter my conclusions.

SO ORDERED.

Dated:  July 25, 2023
        New York, New York

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Vernon S. Broderick
　　　　　　　　　　　　　　　　　　　　United States District Judge