# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW

Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 110, Flushing, NY 11355

February 27, 2024

**Via ECF**
Hon. Vernon S. Broderick, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

> Application Granted
> _____
> Valerie Figueredo, U.S.M.J.
> DATED: 3-1-2024
>
> The extension requested herein is granted. Plaintiffs' counsel is directed to submit a status update by April 27, 2024 if no motion for substitution of Plaintiff Weijun is submitted by that date. The Clerk of Court is directed to terminate the motion at ECF No. 380.

Re:  Second Motion for Extension of Time to Move for Substitution of Weijun Zhen
*Wang et al v. Shun Lee Palace Restaurant Inc, et al.,* 17-cv-00840

Your Honor,

    We represent the Plaintiffs in the above-referenced matter. Plaintiffs write respectfully to request an additional extension of sixty (60) days to move for the substitution of Plaintiff Weijun Zhen due to the continued pendency in the Queens County Surrogate's Court of a petition for administration of his estate. This would extend Plaintiffs' time to move from February 27, 2024, to April 27, 2024. Plaintiffs have asked defendants if they consent to the above request and defendants state that they do not consent to the request. This is plaintiffs second request with the court granting the first request and such granting will not prejudice any party in the matter.

    Since the last extension request that plaintiff filed, plaintiff can report that they are still waiting on the Surrogates Court for the Letters of administration of Weijun Zhen's estate. As plaintiff stated in their last letter to the court, plaintiff's counsel was waiting on a couple of extra documents from Weijun Zhen's widow to file to the Surrogates Court. Plaintiff received those documents and filed them on January 8, 2024, to the Surrogates Court. Since then, plaintiff has not received any information from the Surrogates Court regarding the next steps or the issuance of the Letters of administration of Weijun Zhen's estate. Plaintiff has reached out the Surrogates Court to see what the time frame would look like so they can report an accurate estimate to the court but they have not received a response from the Surrogates Court.

    Plaintiff's request for extension of time is merely because they do not have the papers yet and have worked as fast as possible to receive the papers but have not been able to obtain the paperwork from the court necessary to draft their motion for substitution. A court may extend the deadline to file a motion to substitute if good cause is shown pursuant to Rule 6(b). Fed. R. Civ. P. 25(a)(1). Rule 6(b) "is a rule of general application giving discretion to the trial court to enlarge time limits whether before or after they have expired." *Kernisant v. City of New York*, 225 F.R.D. 422, 431 (E.D.N.Y. 2005) (citing *Wesolek v. Canadair Limited*, 838 F.2d 55, 58 (2d Cir. 1988) ("The granting or denial of a motion to extend time . . . lies within the discretion of the district court"). "Because this Court may exercise its discretion under Rule 6(b)(1) only for 'cause shown,' a party must demonstrate some justification for the issuance of the enlargement order." *Kernisant*, 225 F.R.D. at 431. (*Gass v Target*, 2023 US Dist LEXIS 50595 [EDNY Mar. 24, 2023, No. 22-CV-01152 (ARR) (JMW)]).

Hon. Verson S Broderick, U.S.D.J.
February 27, 2024
*Weng v. Shun Lee Palace Restaurant Inc*, No. 17-cv-00840 (VSB)(VF), (S.D.N.Y.)
Page 2 of 2

    The court should find that the plaintiff has shown sufficient cause as to why the extension should be requested. Plaintiff's counsel has tried to move as fast as possible in obtaining the Letters of Administration for plaintiff Weijun Zhen but the court has taken longer than usual to process plaintiffs request. Plaintiff has filed all the papers they needed to file to the court and are now just waiting on the Surrogates Court to either provide the necessary paperwork or provide a status on when plaintiff's counsel should be receiving the necessary paperwork. The ninety days under Rule 25 though have come to an end and plaintiff does not have the documents needed for the Motion to Substitute and as a result plaintiff's counsel need an extension to obtain the documents for their Motion to Substitute. The sixty days that plaintiff's request should give the Surrogates Court enough time to provide plaintiffs with the Letter of Administration for their Motion to Substitute for plaintiff Weijun Zhen.

    For the reasons stated above, plaintiff respectfully request for an extension of time of sixty (60) days to file their Motion for Substitution for plaintiff Weijun Zhen, meaning the new date to file the Motion for Substitution be extended from February 27, 2024, to April 27, 2024.

    I thank the Court for its attention to and consideration of this matter.

                                         Respectfully submitted,
                                         Troy Law, PLLC

                                         */s/ John Troy*
                                         John Troy
                                         *Attorney for Plaintiffs*

cc:  via ECF
     all counsel of record

*JT/gd*