**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

GUOYI WANG *et al.*,

                           Plaintiffs,

              -against-

SHUN LEE PALACE RESTAURANT, *d/b/a/ Shun
Lee Palace*, T&W RESTAURANT, *trading as Shun
Lee West*, & MICHAEL FONG,

                           Defendants.

-----------------------------------------------------------------X

**17-CV-840 (VSB) (VF)**

**<u>OPINION & ORDER</u>**

**VALERIE FIGUEREDO, United States Magistrate Judge**.

On February 3, 2017, Plaintiffs Cheng Xia Wang, Chunlin Zhang, Jun Qing Zhao, Ze Jun

Zhang, Bao Guo Zhang, Guoyi Wang, Tong Wei Wu, and Zhi Qiang Lu[1] filed the instant action

against Defendants Shun Lee Palace Restaurant, Inc., T&W Restaurant, Inc., T&W Payroll

Services, Inc., John Hwang, Bin Hu, William Hwang, and Michael Tong ("Defendants"),

asserting wage-and-hour claims under the FLSA and the NYLL.[2] <u>See</u> ECF No. 1. On September

---

[1] On December 17, 2019, Plaintiffs filed an amended complaint adding the following
Plaintiffs: Ya Qiang Zhang, Jun Ling Zhao, Hui Min Zhao, Jing Guan, Hui Liang Zhao, and Li
Weng. <u>See</u> ECF No. 152 at 1. On April 5, 2021, Plaintiffs filed a second amended complaint
adding more Plaintiffs: Haiping Wu, Guoliang Xu, Steven Cheung, Quek Yeow Yap, Shude
Zhang, Keeyew Foo, Tsunming Fong, Mingsung Chan, Leungtack Choi, Fong Yue, Billy Qin,
Monaliza Wong, and Weijun Zhen. <u>See</u> ECF No. 220 at 1. With the filing of the second amended
complaint, Bao Guo Zhang and Chunlin Zhang were no longer plaintiffs in this case. <u>Id.</u>
Plaintiffs Tong Wei Wu and Weiting Zhao were dismissed from the action on July 13, 2022. <u>See</u>
ECF No. 321 at 9. Plaintiffs Ya Qiang Zhang, Hui Min Zhao, Hui Liang Zhao, Li Weng, Jing
Guan, Jun Ling Zhao, Cheng Xia Wang, Jung Qing Zhao, and Ze Jun Zhang settled their claims
against Defendants. ECF No. 326 at 8. As such, the current Plaintiffs in this action are: Guoyi
Wang, Bao Guo Zhang, Zhi Qiang Lu, Steven Cheung, Quekyeow Yap, Haiping Wu, Weijun
Zhen, Shude Zhang, Keeyew Foo, Tsunming Fong, Terry Wong, Mingsung Chan, Leungtack
Choi, Fong Yue, Guoliang Xu, Billy Qin, and Monaliza Wong.

[2] On December 17, 2019, Plaintiffs filed an amended complaint adding T&W Payroll
Services as a defendant. ECF No. 152 at 1-2. On February 16, 2021, the Court dismissed all
claims against T&W Payroll Services, John Hwang, William Hwang, and Bin Hu. ECF No. 209

27, 2023, Plaintiff Weijun Zhen passed away. ECF No. 384 at ¶ 3. Zhen's spouse, Xiao Xu Li

now seeks to substitute herself as a plaintiff in this action pursuant to Rule 25(a)(1) of the

Federal Rules of Civil Procedure.

## BACKGROUND[3]

Plaintiffs—current and past employees of Defendants who worked as delivery persons or

waitstaff—initiated this case by filing a complaint on February 3, 2017. See ECF No. 1 at ¶¶ 31-

170. Defendants are restaurants located in Manhattan and their owners and operators. Id. at ¶¶ 7-

30. Zhen worked as a bartender at Shun Lee Palace from 1998 to July 2019. See ECF No. 220 at

¶ 450.

Zhen joined this suit on April 5, 2021. See id. at ¶¶ 450-63. Zhen passed away on

September 27, 2023. ECF No. 384 at ¶ 3. On September 30, 2023, Defendants filed a Notice of

Suggestion of Death. ECF No. 357. On December 27, 2023, Plaintiffs' counsel requested a 60-

day extension of time to file a motion for substitution, because Zhen's wife, Li, was still awaiting

letters of administration for Zhen's estate from Queens County Surrogate's Court. See ECF No.

369 at 1. The Court extended Plaintiff's deadline to file a motion until February 27, 2024. ECF

No. 372 at 1. Plaintiff subsequently sought a second extension of time, until April 27, 2024,

because Li had still not received the letters of administration from Surrogate's Court. See ECF

No. 380 at 1. The Court granted the extension on March 1, 2024. See ECF No. 382 at 1. On April

---

at 40. Presently, the Defendants in this action are: T&W Restaurant, Inc., Shun Lee Palace
Restaurant, Inc., and Michael Fong.

[3] I recount herein only the factual and procedural background that is relevant to the
instant motion. A fuller recitation of the factual and procedural background of this case is
recounted in the Court's previous Report & Recommendation, familiarity with which is
presumed. See ECF No. 375 at 2-6.

27, 2024, Li filed the instant motion to substitute herself for Zhen as a plaintiff in this case. ECF

Nos. 383-85. Defendants opposed the motion on May 13, 2024. ECF No. 386.

## LEGAL STANDARD

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). As is plain from the rule, "a motion for substitution must be made

within 90 days after the service of a statement noting the death." Chassman v. Zerihun, No. 15-

CV-4869 (GHW), 2017 WL 892346, at *2 (S.D.N.Y. Mar. 6, 2017). In addition to being timely,

to obtain substitution under Rule 25(a)(1), "the claims must survive the decedent's death" and

"the party sought to be substituted for the decedent must be a proper party." Biatiu v. Specialized

Loan Servicing LLC, No. 19-CV-822 (RA), 2019 WL 5448702, at *1 (S.D.N.Y. Oct. 24, 2019)

(citation and internal quotation marks omitted); Honeedew Investing LLC v. Abadi, No. 19-CV-

8951 (JPC) (VF), 2024 WL 3409026, at *1 (S.D.N.Y. July 15, 2024) (same). Under Rule 25, a

proper party for substitution "is either (1) a successor of the deceased party—a distributee of an

estate if the estate of the deceased has been distributed at the time the motion for substitution has

been made, or (2) a representative of the deceased party—a person lawfully designated by state

authority to represent the deceased's estate." Herrera-Castro v. Trabajamos Cmty. Head Start,

Inc., No. 15-CV-9286 (HBP), 2017 WL 549584, at *1 (S.D.N.Y. Jan. 30, 2017) (citation and

internal quotation marks omitted). If the motion is timely, the claims survive the decedent's

death, and the party sought to be substituted is a proper party, then "it is within the Court's

discretion to grant the motion" for substitution. Biatiu, 2019 WL 5448702, at *1 (citations

omitted).

**DISCUSSION**

1.  Timeliness of Plaintiff's Motion

To trigger the 90-day period, the statement of death must be formally served on the relevant parties. See Perlow v. Comm'r of Soc. Sec., No. 10-CV-1661 (SLT), 2010 WL 4699871, at *1 (E.D.N.Y. Nov. 10, 2010). On September 30, 2023, Plaintiffs filed a suggestion of death as to Zhen, which began the 90-day period to file the underlying motion for substitution. ECF No. 357; see Fed R. Civ. P. 25(a)(1); Lai Yoong Low v. Tian Yu Inc., No. 12-CV-7237 (HBP), 2015 WL 1011699, at *2 (S.D.N.Y. Mar. 9, 2015). Before the 90 days ran, Plaintiffs' counsel requested an extension of time to file the substitution motion, which the Court granted, until February 27, 2024. See ECF Nos. 369, 372. Before February 27, 2024, Plaintiffs' counsel sought, and the Court granted, a second extension of time, until April 27, 2024. See ECF Nos. 380, 382. Plaintiffs subsequently filed the instant motion for substitution on April 27, 2024. ECF No. 383.

A court has discretion to extend the deadline by which a party can file a timely motion for substitution after the filing of a suggestion of death, including when "a request is made, before the original time or its extension expires." O'Rourke v. Ehsan Food Corp., No. 19-CV-6162 (LJL), 2020 WL 6894663, at *2 (S.D.N.Y. Nov. 24, 2020) (quoting Fed R. Civ. P. 6(b)); see also Unicorn Tales v. Banerjee, 138 F.3d 467, 470 (2d. Cir. 1998) (explaining that a movant may bring a motion under Rule 6(b) to "enlarge the time in which to file [a] motion for substitution"). Defendants do not contend that the motion here was untimely. See ECF No. 386. Plaintiffs' counsel argues that good cause exists for the delay in filing the substitution motion and, alternatively, that excusable neglect under Federal Rule of Civil Procedure 6 excuses the delay. See ECF No. 385 at 4-7. But both arguments are misplaced, as Plaintiffs timely sought an extension of time to file the substitution motion, before the 90-day period after the filing of the

4

notice of death on September 30, 2023 had run. And, as discussed, the Court can extend the 90-day period, as it did here. Accordingly, the motion for substitution is timely under Rule 25(a)(1).

2. <u>Survival of Plaintiff's Claims</u>

A party can be substituted only where the deceased plaintiff's claim has "not been extinguished" by death. Fed. R. Civ. P. 25(a)(1). Zhen's FLSA and NYLL claims were not extinguished by his death.

Zhen asserts claims under the FLSA and the NYLL for unpaid minimum wages, unpaid overtime wages, unpaid spread-of-hours pay, and violation of the wage-notice and wage-statement provisions of the NYLL. <u>See</u> ECF No. 220 at ¶¶ 489-513, 538-46. "In the absence of a specific saving statutory provision, federal common law governs the survival of a federal claim upon the death of a party." <u>Locurto v. AT&T Mobility Servs. LLC</u>, No. 13-CV-4303 (AT) (KNF), 2017 WL 4736715, at *1 (S.D.N.Y. Sept. 25, 2017). Under federal common law, a federal cause of action "survives the death of a party if it is remedial and not penal in nature." <u>Martinez v. 35-50 81st St. Realty LLC</u>, No. 20-CV-3167 (MKB) (SJB), 2021 WL 2877415, at *1 (E.D.N.Y. June 21, 2021) (citation omitted). The FLSA is a remedial statute. <u>See</u> <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199, 206-07 (2d Cir. 2015). As such, Zhen's FLSA claims for unpaid minimum and overtime wages survived his death. <u>See</u> <u>Locurto</u>, 2017 WL 4736715, at *1 (concluding that FLSA claims survived the death of a litigant); <u>Lai Yoong Low</u>, 2015 WL 1011699, at *3 (same).

Likewise, Zhen's claims under the NYLL also survived his death. Whether a state-law claim survives the death of a plaintiff is governed by state law. <u>Roe v. City of New York</u>, No. 00-CV-9062 (RWS), 2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003) ("The Second Circuit has held that a claim survives the injured party's death if applicable state law creates a right of

survival.") (internal citation and quotation marks omitted). New York's survival statute provides that "[n]o cause of action for injury to person or property is lost because of the death of the person in whose favor the cause of action existed." N.Y. Est. Powers & Trusts § 11-3.2(b). Claims for wage-and-hour violations under the NYLL are claims for "injury to person or property." Consequently, Zhen's NYLL claims also survived his death. See e.g., Weng v. Kung Fu Little Steamed Buns Ramen, Inc., No. 17-CV-273 (LAP), 2021 WL 4429404, at *1, *2 n.3 (concluding that plaintiff's claims under "various provisions" of the NYLL survived death) (S.D.N.Y. Sept. 27, 2021); Jipeng Du v. Wan Sang Chow, No. 18-CV-1692 (ADS) (AKT), 2019 WL 3767536, at *1, *6 (E.D.N.Y. Aug. 9, 2019) (concluding that NYLL claims for unpaid wages, unpaid overtime, and failure to provide wage notices survived plaintiff's death).

3. Proper Party for Substitution

A "proper party" for substitution may be either "'a representative of the deceased party's estate' or a 'successor of the deceased party.'" Adler v. Bank of America, N.A., No. 13-CV-4866 (VB), 2015 WL 2330171, at *2 (S.D.N.Y. Mar. 24, 2015) (quoting Garcia v. City of N.Y., No. CV 8-2152 (RRM) (MDG), 2009 WL 261365, at *1 (E.D.N.Y. Feb. 4, 2009)). Courts typically look to state law to determine whether a proposed party for substitution is a proper "successor or representative" of the decedent. See Garcia, 2009 WL 261365, at *1 ("Whether a person is a proper 'successor or representative' of the decedent is determined by New York law."). As is relevant here, a representative of the deceased party is a person "lawfully designated by state authority to represent the deceased's estate." Roe, 2003 WL 22715832, at *2. "Under New York law, a 'representative is a person who has received letters to administer the estate of a decedent.'" Thomas v. Ortiz, No. 14-CV-7513 (ARR) (JLC), 2024 WL 2816000, at *2 (E.D.N.Y. June 3, 2024) (quoting N.Y. Est. Powers and Trusts § 1-2.13). A representative is

6

"usually the appointed administrator or executor of the decedent's estate." Greis v. Comm'r of Soc. Sec., No. 19-CV-815, 2019 WL 6211088, at *1 (W.D.N.Y. Nov. 21, 2019).

Li seeks to be substituted in as a plaintiff because she is the representative of Zhen's estate. See ECF No. 385 at 8. In support of her application, Li submitted a copy of the "Limited Letters of Administration" she obtained from the Queens County Surrogate's Court. See ECF No. 384-1. The Limited Letters of Administration authorizes "Xiao Xu Li" to "perform all acts requisite to the proper administration and disposition of the estate/trust of [Weijun Zhen]," subject to the limitation that Li "is prohibited and restrained from compromising any cause of action or enforcing any judgment recovered thereon" absent further order from the court. Id. The Limited Letters of Administration submitted by Li suffice to establish that she is a proper representative of Zhen's estate. See Nachshen v. BPP ST Owner LLC, No. 18-CV-10994 (JPC), 2021 WL 5042855, at *2 (S.D.N.Y. Oct. 29, 2021) (finding that proposed substituting party was "proper" where she submitted Limited Letters of Administration from Surrogate's Court).

Defendants argue that Li has failed to attach required documentation, such as a death certificate, marriage certificate, or obituary for Zhen, to establish that Li is a representative of the estate. See ECF No. 386 at 1. But Defendants cite to no case that required such supporting documentation when the Court was presented, as it has been here, with Limited Letters of Administration, issued by a Surrogate's Court, authorizing the substituting party to act as administrator of the deceased party's estate. Defendants' reliance on the Court's prior decision concerning the motion for substitution of Plaintiff Haiping Wu (see ECF No. 329 at 1-2) is misplaced. In Wu's case, the substituting party did not submit court-ordered Limited Letters of Administration. Instead, the substituting party submitted a certificate that, rather than name the

substituting party as administrator of the deceased party's estate, permitted the substituting party to "collect and receive" certain personal property of the deceased. See ECF No. 298-1.

      Defendants further argue that the Letters of Administration submitted here is insufficient because it does not contain the raised seal of the Surrogate's Court. ECF No. 386 at 1. Defendants are correct that the copy of the Limited Letters of Administration submitted by Li to the Court does not appear to display the raised seal of the Queens County Surrogate's Court. See ECF No. 384-1. And the document itself indicates that "[t]hese letters are not valid without the raised seal of the Queens County Surrogate's Court." Id. Accordingly, although the Letters of Administration establish that Li is a representative of Zhen's estate, the Court hereby directs Li to provide the Court with a copy of the Letters of Administration that contains the raised seal of the Surrogate's Court.

## **CONCLUSION**

For the reasons discussed herein, Xiao Xu Li's motion to substitute herself as Plaintiff in this action is **DENIED** without prejudice. Li is directed to submit to the Court by **January 17, 2025**, a copy of the Limited Letters of Administration that contain the Surrogate Court's raised seal. Upon review of such a letter, the Court will substitute Li for Plaintiff Zhen. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 383.

**SO ORDERED.**

DATED:         New York, New York
               January 3, 2025

VALERIE FIGUEREDO
United States Magistrate Judge

9